**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

-and-

John R. Luze (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and*
*Texas; Not admitted to practice in DC, supervised by*
*members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice in*
*DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCENA RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES, AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

respectfully state as follows in support of this motion (this "Motion"):

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of Debtor Ascena
Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933
MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]   On July 23, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title
11 of the United States Code (the "Bankruptcy Code").  A detailed description of the Debtors, their business,
and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of Carrie W.
Teffner, Interim Executive Chair of Ascena Retail Group, Inc., in Support of Chapter 11 Petitions and First Day
Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not
defined herein shall have the meanings given to them in the First Day Declaration.

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (a) establishing certain notice, case management, and administrative procedures, attached as **Exhibit 1** to the Order (the "Case Management Procedures"), which include the following:  (i) direct that matters requiring notice under rule 2002(a)(2)–(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") will be served only to individuals and entities identified on a shortened mailing list and those creditors who, in accordance with Rules 2002-1 and 9013-1(M) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), file with the Court a request that they receive such notice pursuant to Bankruptcy Rule 2002; (ii) allow electronic service of all documents (except complaints and summonses) for the 2002 List (as defined in the Case Management Procedures); and (iii) direct that all matters be heard at periodic omnibus hearings to be scheduled in advance by the Court, (b) approving the notice of commencement substantially in the form of **Exhibit 2** to **Exhibit A** attached hereto, and (c) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984.  The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 102(1) and 105(a) of the

Bankruptcy Code, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 5005-2

and 9013-1(M).

## Case Management Procedures

5.      The Debtors have thousands of potential creditors who, along with other parties in

interest in these chapter 11 cases, may file requests for service of filings pursuant to Bankruptcy

Rule 2002 (the "2002 List").[3]  The Debtors also expect that numerous motions and applications

will be filed in these chapter 11 cases in pursuit of various forms of relief.

6.      As contemplated by the Case Management Procedures, with the advance

scheduling of periodic omnibus hearings, parties in interest—as well as the Debtors—will be

better able to plan for and schedule attendance at hearings.  Such forethought will reduce the

need for emergency hearings and requests for expedited relief and will foster consensual

resolution of important matters.  Moreover, by directing that certain notices be mailed only to

recipients named on a shortened mailing list and those creditors who file a request with the Court

to receive such notices, all parties in interest will be assured of receiving appropriate notice of

matters affecting their interests and ample opportunity to prepare for and respond to such

matters.

7.      Further, a shortened mailing list will significantly reduce the substantial

administrative and financial burden that would otherwise be placed on the Debtors' estates and

other parties in interest who file documents in these chapter 11 cases.  Similarly, allowing

---

[3]   Bankruptcy Rule 2002(i) provides, in pertinent part:  "[T]he court may order that notices . . . be transmitted to
the United States trustee and be mailed only to the committees elected under § 705 or appointed under § 1102 of
the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee
or debtor in possession and file a request that all notices be mailed to them."

electronic service of documents to those parties listed on the 2002 List in accordance with the Case Management Procedures will further reduce the administrative and financial burden on the Debtors' estates, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents.

8.      Finally, the Debtors' proposed notice and claims agent, Prime Clerk LLC (the "Notice & Claims Agent"),[4] intends to establish a case website available at http://cases.primeclerk.com/ascena (the "Case Website"), where, among other things, electronic copies of all pleadings filed in these chapter 11 cases will be posted as soon as practicable, but in any event within three business days of filing, and may be viewed free of charge.

9.      As noted above, the Case Management Procedures proposed herein are set forth in detail and attached as **Exhibit 1** to **Exhibit A** hereto.  The Case Management Procedures will be (a) distributed to the Core Group (as defined in the Case Management Procedures) and the 2002 List with the *Notice of Commencement of the Chapter 11 Cases* (to save mailing costs) and (b) available at all times by accessing the Case Website.  Moreover, the Debtors will re-distribute the Case Management Procedures to the 2002 List in the event the Case Management Procedures are modified hereafter.

**I.      Notice Procedures.**

10.      Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in these chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) be limited in accordance with the Case Management Procedures.

---

[4]   Contemporaneously herewith, the Debtors filed with the Court the *Debtors' Application for Entry of an Order (I) Authorizing the Debtors to Employ and Retain Prime Clerk LLC as Claims and Noticing Agent, and (II) Granting Related Relief*, seeking approval to retain Prime Clerk LLC as notice and claims agent.

11.      The Case Management Procedures will not, however, affect the Debtors'
obligation to give notice to all creditors, parties in interest, and, where applicable, equity security
holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11
cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a
chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing
objections to and the hearing on the disclosure statement and confirmation of the chapter 11 plan
(which may incorporate sales of assets), or (f) entry of an order confirming a chapter 11 plan.  In
addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy
Rules 2002(d), 4006, and 4007(a)–(c), and Local Bankruptcy Rule 2002–1(E).

## II.    Electronic Service.

12.      The Debtors also request that the Court allow electronic service (where available)
of documents to the 2002 List to further reduce the administrative and financial burden of
providing notice to the Debtors' creditors and other parties in interest.  The Case Management
Procedures contain provisions that the Debtors believe will ensure that electronic service is
efficient and effective.  Accordingly, the Debtors request that the Court implement certain
procedures  (the "Administrative Procedures") in accordance with  (a)  Local Bankruptcy
Rule 5005-2, and (b) the Court's Case Management/Electronic Case Files Policy (the "CM/ECF
Policy").

13.      Further, the Debtors request that the filing deadlines should not require
three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure
(indirectly made applicable to contested matters by Bankruptcy Rule 9014(b) and to adversary
proceedings by Bankruptcy Rule 7005(b)(2)(D) and Bankruptcy Rule 9006(f).

### III.    Periodic Omnibus Hearings.

14.    Given the number of parties in interest and the size and complexity of these chapter 11 cases, the Debtors respectfully request entry of an order scheduling periodic omnibus hearings (the "Omnibus Hearings"), to be determined in consultation with the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") in accordance with the Case Management Procedures and subject to the Court's schedule.  The Debtors will send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearings on a periodic basis with the Court.

### Basis for Relief

15.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules provide the Debtors with the authority to establish notice, case management, and administrative procedures.  In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest. Fed. R. Bankr. P. 2002(a).  The Bankruptcy Rules further provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

16.    In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under

specific statutes or under equitable common law principles.  Specifically, section 105(a) of the

Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title.
> No provision of this title providing for the raising of an issue by a
> party in interest shall be construed to preclude the court from, *sua*
> *sponte*, taking any action or making any determination necessary
> or appropriate to enforce or implement court orders or rules, or to
> prevent the abuse or process.

11 U.S.C. § 105(a).

17.    Section 102(1) of the Bankruptcy Code states that where the Bankruptcy Code

provides for an action to occur "after notice and a hearing," such action may occur "after such

notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is

appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A).

18.    As explained above, these chapter 11 cases are large, complex, and involve

thousands of creditors and parties in interest, many of whom will have multiple concerns that

may result in the filing of numerous pleadings, notices pursuant to Bankruptcy Rule 2002, and

requests for service that could very well lead to numerous, fragmented hearings.  The costs and

burdens associated with multiple hearings per month, plus the costs associated with copying,

mailing, overnighting, or otherwise serving paper copies of all filings, will impose economic and

administrative burdens on the Debtors' estates, the Court, and all other parties in interest.

Moreover, constant mass mailings will require the Debtors and their advisors to divert their

limited resources away from reorganizing their businesses.  Therefore, the Debtors submit that

electronic notice, whenever possible, should be permitted to alleviate this burden.

19.    Further, pursuant to the Court's CM/ECF Policy, a registered CM/ECF user is

obligated  to  file,  among  other  things,  all  pleadings  using  the  CM/ECF  system.

*See* CM/ECF Policy 1.  In addition, "[t]he Notice of Electronic Filing that is automatically

7

generated by the Court's ECF System constitutes notice and service of the filed documents on an attorney User." *See* CM/ECF Policy 9. In addition, Rule 9036 provides that whenever service by mail is required, filing such documents with the court's electronic-filing system shall satisfy such requirements. The terms of the CM/ECF Policy and Rule 9036 are incorporated into the Case Management Procedures such that a registered CM/ECF user consents to receive notice and service by electronic means, which service is deemed to constitute proper service. In addition, pursuant to the Case Management Procedures, all parties in these cases who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a filing is effected, which will provide additional notice to such parties. Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies. Therefore, no party will be adversely affected by the proposed email service set forth herein.

20. The Debtors respectfully submit that adopting the Case Management Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtors' estates because of the reduction of time and money the Debtors will have to expend. Pursuant to the Case Management Procedures, all parties in interest that may be directly affected by a request for relief, response, objection, or adversary proceeding filed with the Court will receive notice thereof directly from the entity submitting such documents to the Court well in advance of the relevant hearing. Thus, no party in interest will be adversely affected.

21. Courts in this district have routinely granted similar case management procedures to reduce the expense of administering large chapter 11 cases. *See, e.g.*, *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (granting case management procedures);

*In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 24, 2020) (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2017) (same); *In re The Gymboree Corp.*, No. 17-32986 (KLP) (Bankr. E.D. Va. June 12, 2017) (same); *In re Penn Virginia Corp.*, No. 16-32395 (KLP) (Bankr. E.D. Va. May 16, 2016) (same).[5]

22.     The establishment of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases.  Indeed, authorizing the Debtors to serve their documents on a limited mailing matrix will ease the administrative and economic burdens on the Court and the Debtors' estates.  Authorizing electronic service in these chapter 11 cases for the 2002 List also will allow for efficient and effective service at a significantly reduced cost to the Debtors' estates and other serving parties.  Early notice of Omnibus Hearings to all parties in interest will enable these parties to plan efficiently for the use of hearing time, will avoid the need for numerous hearings within each month, and will lessen the burden on the Court and on the Debtors' estates.  Additionally, parties in interest will still have the opportunity to bring true emergency matters before the Court on an expedited basis pursuant to the Local Bankruptcy Rules and the Case Management Procedures.

23.     Accordingly, for the reasons stated herein, the Debtors believe the Case Management Procedures are appropriate and should be approved and implemented in the chapter 11 cases.

### Waiver of Memorandum of Points and Authorities

24.     The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## **Notice**

25.     The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to:  (a) the United States Trustee for the Eastern District of Virginia; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agents and their respective counsel thereto; (e) counsel to the Ad Hoc Group; (f) the United States Attorney's Office for the Eastern District of Virginia; (g) the Internal Revenue Service; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the Securities and Exchange Commission; (j) the National Association of Attorneys General; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Richmond, Virginia
Dated:   July 23, 2020

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                steven.serajeddini@kirkland.com

**-**and-

John R. Luze (*pro hac vice* pending)

300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          john.luze@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

/s/ Cullen D. Speckhart
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and*
*Texas; Not admitted to practice in DC, supervised by*
*members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice*
*in*
*DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899
Email:          cspeckhart@cooley.com
                oantle@cooley.com-

## Exhibit A

**Proposed Order**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

-and-

John R. Luze (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

COOLEY LLP
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and*
*Texas; Not admitted to practice in DC, supervised by*
*members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice in*
*DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCENA RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in

possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) authorizing the

Debtors to establish certain notice, case management, and administrative procedures, and

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order of Reference from the United States District Court for the*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at http://cases.primeclerk.com/ascena.   The location of Debtor Ascena
Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933
MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

*Eastern District of Virginia*, dated August 15, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Case Management Procedures attached as **Exhibit 1** hereto are hereby approved and shall govern all applicable aspects of the chapter 11 cases, including, among other things, establishing the following deadlines:

    a.      ***Objections***.  Unless otherwise ordered by the Court, objections to matters scheduled to be heard on an Omnibus Hearing shall be filed no later than seven calendar days before the applicable hearing date if the filing is served at least 21 calendar days prior to the applicable hearing date, or three calendar days before the applicable hearing date if the filing is served less than 21 calendar days but at least fourteen calendar days prior to the applicable hearing date; *provided* that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

    b.      ***Agendas***.  The Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing no later than two calendar days prior to each Omnibus Hearing.

3.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors' obligations to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) a proposed sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code by motion filed with the Court, (c) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (d) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (e) the time fixed for filing proofs of claim, (f) the time fixed for filing objections to and the hearing on the disclosure statement and the confirmation of a chapter 11 plan (which includes any sale of assets), or (g) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5.      The form of notice of commencement of the chapter 11 cases, attached hereto as **Exhibit 2**, is hereby approved.  Such notice shall be served on all known creditors by Prime Clerk by first class U.S. mail, postage prepaid, no later than five business days after the date of entry of this Order.

6.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  _____
Richmond, Virginia                          _____
                                            United States Bankruptcy Judge

4

WE ASK FOR THIS:

|  |  |
|---|---|
| | /s/ Cullen D. Speckhart |
| **KIRKLAND & ELLIS LLP** | **COOLEY LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Cullen D. Speckhart (VSB 79096) |
| Edward O. Sassower, P.C. | *Admitted to practice in New York, Virginia, Missouri and* |
| Steven N. Serajeddini, P.C. (*pro hac vice* pending) | *Texas; Not admitted to practice in DC, supervised by* |
| 601 Lexington Avenue | *members of DC bar* |
| New York, New York 10022 | Olya Antle (VSB 83153) |
| Telephone:        (212) 446-4800 | *Admitted to practice in Virginia; Not admitted to practice in* |
| Facsimile:        (212) 446-4900 | *DC, supervised by members of DC bar* |
| -and- | 1299 Pennsylvania Avenue, NW, Suite 700 |
| John R. Luze (*pro hac vice* pending) | Washington, DC 20004-2400 |
| 300 North LaSalle | Telephone:        (202) 842-7800 |
| Chicago, Illinois 60654 | Facsimile:        (202) 842-7899 |
| Telephone:        (312) 862-2000 | |
| Facsimile:        (312) 862-2200 | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Cullen D. Speckhart

## Exhibit 1

**Case Management Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

John R. Luze (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and*
*Texas; Not admitted to practice in DC, supervised by*
*members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice in*
*DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 842-7800
Facsimile:     (202) 842-7899

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCENA RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* entered on [_____], 2020.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Bankruptcy Rules</u>") shall govern all matters in the chapter 11 cases except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

## I.    Access to Documents.

1.     Prime Clerk LLC, the Debtors' proposed notice and claims agent, maintains a case-specific website at http://cases.primeclerk.com/ascena (the "<u>Case Website</u>"), where, among other things, electronic copies of all pleadings filed in the chapter 11 cases shall be posted as soon as practicable, but not later than within three business days of filing and may be viewed free of charge.  Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.vaeb.uscourts.gov.  Finally, paper copies of all pleadings filed in the chapter 11 cases may be available from the Court.

## II.    Master Service List and Electronic Mail Service.

2.     ***Procedures Established for Notices***.  All (a) notices, motions, applications, and other requests for relief, (b) briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"), and (c) all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and, together with the Requests for Relief and all other filed documents, the "<u>Rule 2002 Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "<u>Notice Procedures</u>").

3.     ***Definition of Entities Entitled to Service***.  All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and

4

collectively, the "Service List") according to the Notice Procedures.  A Rule 2002 Court Filing is

deemed not to have been properly served until served, at a minimum, on all of the parties in the

Core Group.

> a. ***Core Group***.   The following entities shall comprise the core group of
> entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):
>
>> (i) the United States Trustee for the Eastern District of Virginia
>> (the "U.S. Trustee"), 701 East Broad Street, Suite 4304,
>> Richmond, Virginia 23219, Attn:  Kathryn Montgomery;
>>
>> (ii) the Debtors, Ascena Retail Group, Inc., 933 MacArthur Boulevard,
>> Mahwah, New Jersey 07430, Attn:  Michael Veitenheimer;
>>
>> (iii) proposed co-counsel for the Debtors, Kirkland & Ellis LLP, 601
>> Lexington Avenue, New York, New York 10022, Attn:  Steven N.
>> Serajeddini, P.C., and Kirkland & Ellis LLP, 300 North LaSalle
>> Street, Chicago, Illinois 60654, Attn: John Luze and Jeff
>> Michalik;
>>
>> (iv) proposed co-counsel for the Debtors, Cooley LLP, 1299
>> Pennsylvania Avenue, NW, Suite 700, Washington, D.C.
>> 20004-2400, Attn: Cullen D. Speckhart and Olya Antle;
>>
>> (v) counsel for any committee appointed pursuant to section 1102 of
>> the Bankruptcy Code;[2]
>>
>> (vi) agents under the Debtors' prepetition credit facilities and counsel
>> thereto;
>>
>> (vii) counsel to the administrative agent (the "DIP Term Loan Agent")
>> under the Debtors' (i) prepetition term loan facility and
>> (ii) debtor-in-possession term loan facility, (a) Latham & Watkins,
>> 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn:
>> Peter P. Knight, (b) Latham & Watkins, 355 South Grand Avenue,
>> Suite 100, Los Angeles, CA 90071-1560, Attn: Greg Robins,
>> Jeffrey R. Senac;
>>
>> (viii) counsel to the administrative agent (the "ABL Agent") under the
>> Debtors' (i) prepetition asset-based lending credit facility and
>> (ii) debtor-in-possession asset-based lending credit facility,
>> (a) Morgan Lewis & Bockius LLP, One Federal Street, Boston,

---

[2]    Before the appointment of an official committee of unsecured creditors and its counsel, service shall be made
upon the holders of the Debtors' 50 largest unsecured claims pursuant to Bankruptcy Rule 1007(d).

Massachusetts 02110, Attn: Matthew F. Furlong, Julia Frost-Davies and Christopher L. Carter, and (b) Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown;

(ix) counsel to the ad hoc group of term loan lenders (the "Ad Hoc Group"), Milbank LLP, 55 Hudson Yards, New York, New York 1001, Attn: Evan R. Fleck, Esq.; and

(x) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Updated Core Group lists will be provided on the Case Website from time to time.

b. **2002 List**. This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

(i) **Filing Requests for Documents Requires Email Address**. A request for service of papers pursuant to Bankruptcy Rules 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request: (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) electronic mail (or email) address.

(ii) **Certification Opting Out of Email Service**. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address, and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii) **2002 Notice List**. The Debtors or Prime Clerk LLC shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

c. **Affected Entities**. This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "Affected Entity").

6

4.      At least every fifteen days during the first 60 days of the chapter 11 cases, and thereafter at least every 30 days, until confirmation of a proposed chapter 11 plan or conversion of the Debtors' cases to another chapter under the Bankruptcy Code, the Debtors' counsel shall maintain and update the 2002 List by:  (a) making any additions and deletions; (b) serving the updated 2002 List on the parties listed thereon; (c) filing a proof of service; and (d) simultaneously, with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

5.      ***Waiver of Memorandum of Points and Authorities***.  Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and authorities shall be deemed to include a request for a waiver of a separate memorandum or deemed a single memorandum and motion as allowed by Local Bankruptcy Rule 9013-1(G).

6.      ***Service of Motions***.  With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2)–(6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the Service List by email or by paper copy if an exemption is granted, and in accordance with the following procedures, unless otherwise ordered by the Court:

a.      in the case of the use, sale, or lease of substantially all of the Debtors' property pursuant to section 363 of the Bankruptcy Code, on all creditors, parties in interest and, where applicable, equity security holders;

b.      in the case of abandonment of property, on each entity asserting an interest in that property;

c.      in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

d.      in the case of a motion relating to the use of cash collateral or obtaining credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

7

e.      in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

f.      in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

g.      any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity who filed such document; and

h.      all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

7.      Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(2) (a proposed use, sale, or lease of substantially all of the Debtors' property pursuant to section 363 of the Bankruptcy Code);

c.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

d.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

e.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

f.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

g.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

h.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

i.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

      j.       Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

      k.       Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

      l.       Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

8.    ***Notice a Matter for Hearing***.  Parties should consult Local Bankruptcy Rule 9013-1(M) regarding the form and content of notices and visit https://www.vaeb.uscourts.gov/wordpress/?page_id=690 for sample notices.

9.    ***Certificates of Service***.  Notwithstanding Local Bankruptcy Rule 5005-1(C)(8), certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed by the party seeking relief with the Court within seven days of the completion of noticing any particular matter; *provided* that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

10.    ***Serving Adversary Proceedings.***  All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

## III.    Service by Electronic Mail.

11.    ***Service by Electronic Mail***.  All Rule 2002 Court Filings shall be electronically served on the Court's electronic filing system, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with

"CM/ECF Policy 9 - Service of Documents" of the Case Management/Electronic Case Files Policy ("CM/ECF Policy").  A party filing a Rule 2002 Court Filing that is served on entities via the Court's electronic filing system has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

12.     If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

13.     The filing deadlines do not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic or overnight mail, including service, via the Court's electronic filing system.

14.     ***Identification of Attorney***.  As set forth in Local Bankruptcy Rule 5005-1(C)(5), on the first page of every Rule 2002 Court Filing, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number, and the name of the party whom the attorney represents.

## IV.    Omnibus Hearing Dates.

15.     First Omnibus Hearings.  Periodic omnibus hearings will occur as may be scheduled by the Court (the "Omnibus Hearings").  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings:

a.        _____, 2020, at __:__ _.m.;

b.        _____, 2020, at __:__ _.m.;

c.        _____, 2020, at __:__ _.m.;

d.        _____, 2020, at __:__ _.m.; and

e.        _____, 2020, at __:__ _.m.

16.    ***Future Omnibus Hearings***.  Throughout the chapter 11 cases, the Debtors shall periodically request that future Omnibus Hearings be scheduled as necessary.  The Debtors, in consultation with the U.S. Trustee, shall send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may visit the Case Website, or contact the Clerk of the Court at 701 Broad Street, Suite 4000, Richmond, Virginia 23219 or by visiting www.vaeb.uscourts.gov.

17.    All matters requiring a hearing in the chapter 11 cases shall be set forth and be heard on an Omnibus Hearing unless otherwise ordered by the Court for good cause shown.  All Requests for Relief and Objections thereto and all other matters will be considered or heard only at Omnibus Hearings, unless the Court orders otherwise, in accordance with the following:

a.    In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; *provided* that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

b.    In the event that a party files a Request for Relief less than 21 calendar days but at least fourteen calendar days prior to the next scheduled

11

Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; *provided* that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

c.     In the event that a party files a Request for Relief less than fourteen calendar days prior to the next scheduled Omnibus Hearing, unless the Court orders otherwise, the matter shall be set for a date other than the next Omnibus Hearing date in accordance with paragraphs (a) and (b) herein.

d.     Notwithstanding any procedure herein, nothing herein shall restrict any entity from requesting an emergency hearing pursuant to the Local Bankruptcy Rules.

18.    ***Procedures Regarding the Omnibus Hearings***.  The following procedures will apply unless the Court orders otherwise:

a.     Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

b.     Any notice of an Omnibus Hearing shall conspicuously contain the date and time that the hearing will be held in the event that an Objection is filed in accordance with the applicable rules.

c.     Deadlines for responding to a Request for Relief shall be governed by these Case Management Procedures and the Local Bankruptcy Rules, except to the extent the Local Bankruptcy Rules conflict with these Case Management Procedures, in which case the Case Management Procedures shall govern.  A reply to any responsive pleading must be received no later than 12:00 p.m. (prevailing Eastern Time) on the date that is one business day before the applicable hearing date.

d.     Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

e.     If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent

known, shall state on the hearing agenda above that a different order will be presented for entry or file such proposed order with the Court in advance of the Omnibus Hearing.

f.    Notwithstanding Local Bankruptcy Rule 9013-1(J), the Debtors' counsel may, without leave of the Court and, unless upon the objection of another non-Debtor party the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing.  If a matter is adjourned, the Debtors' counsel shall update the hearing agenda accordingly.

g.    For the avoidance of doubt, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

h.    Upon request, the Court may allow counsel to participate in any hearing by telephone.

i.    With the consent of the Court, the Debtors may delay the start time of any previously scheduled Omnibus Hearing to accommodate potential resolution of any matters scheduled for such Omnibus Hearing.

19.    ***Proposed Omnibus Hearing Agenda.***    The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

a.    No later than two calendar days prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard on such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

b.    The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel:  (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

20.    ***Granting the Request for Relief Without a Hearing***.  Provided that the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is made, after the Objection

deadline had passed, and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity who has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief and submit an order granting the relief requested.

21.    *List*.   Notwithstanding Local Bankruptcy Rule 9022-1(B), a proponent of a Request for Relief shall serve an order granting such relief on the Core Group and 2002 List no later than five business days after such order was entered and no service list need be submitted with the proposed order.

**V.     Foreign Attorneys.**

22.    All attorneys shall carefully review the Local Bankruptcy Rules and, in particular, Local Bankruptcy Rule 2090-1 regarding the procedure for appearing and practicing before the Court, which is available on the Court's website at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=793.

23.    Pursuant to Local Bankruptcy Rule 2090-1(E)(2), attorneys from other states and the District of Columbia (each, a "Foreign Attorney") may appear and practice in the chapter 11 cases upon the motion of a member of the bar of the Court; *provided* that in all appearances, a Foreign Attorney must be accompanied by a member of the bar of the Court.  Further, the Eastern District of Virginia does not allow Foreign Attorneys to electronically file pleadings on CM/ECF, but does allow Foreign Attorneys to register to become limited participants on its system by following the procedures set forth in the administrative procedures for CM/ECF cases. Any government attorney shall appear and practice in the chapter 11 cases pursuant to Local Bankruptcy Rule 2090-1(E)(4).

14

## VI.    Motions for Relief from the Automatic Stay.

24.    The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

## VII.    Evidentiary Hearings.

25.    Pursuant to Bankruptcy Rule 9014 and in compliance with Local Bankruptcy Rule 9014-1, in the event that a timely Objection is made to a Request for Relief (each a "Contested Matter"), the hearing on such a Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such; *provided* that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

26.    With respect to a timely filed Objection to a Request for Relief and unless otherwise agreed to by the parties, such Objection must specify whether such opposing party intends to introduce evidence or witnesses at the hearing on the Request for Relief that is the subject of the Objection.  In addition to specifying whether such party intends to introduce evidence or witnesses at the hearing on the Objection, the party must also submit to the adverse

party, contemporaneously with the filing of the Objection, a draft scheduling order setting forth the deadlines for the parties to identify, with reasonable particularity, and serve on the adverse party, its proposed evidentiary exhibits and witnesses in a written disclosure (each a "Disclosure"), which Disclosures shall be served only on the adverse party.  Such notices must be received by the adverse party, in writing, immediately upon the filing of such Objection and in any event, no later than three calendar days prior to the scheduled hearing (unless such matter is scheduled on an expedited basis, in which case the parties shall cooperate to exchange the appropriate information as quickly as is feasible).  Failure to provide timely notices as set forth in this paragraph, in the discretion of the Debtors, may result in the exclusion of such evidence. In the event the parties cannot reach an agreement regarding deadlines for Disclosure, either party may seek appropriate relief from the Court.

27.    Upon reasonable request, the parties subject to a Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

28.    Parties shall comply with the Court's *Instructions for Preparing Exhibit List and Pre-Marking Exhibits*, available at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=250.

29.    Any party subject to a Contested Matter who fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from presenting such evidentiary exhibits or witnesses at the hearing on the matter or alternatively, the hearing shall be adjourned.

30.　　Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.

## **EXHIBIT 2**

**Notice**

**Information to identify the case:**

**Debtor:  Ascena Retail Group, Inc.          EIN:  30-0641353**
**United States Bankruptcy Court for the Eastern District of Virginia**
**Case Number: 20-33113 (KRH)**
**Official Form 309F (For Corporations or Partnerships)**
**Notice of Chapter 11 Bankruptcy Case                                    12/15**

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.  This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.  Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office before the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.  Do not file this notice with any proof of claim or other filing in the case.**

1.      **Debtors' full name: See Chart Below**
2.      **All other names used in the last 8 years: See Chart Below**

| DEBTOR | OTHER NAMES | CASE NO. | EIN # |
|---|---|---|---|
| Ascena Retail Group, Inc. | N/A | 20-33113 (KRH) | 30-0641353 |
| 933 Inspiration LLC | N/A | 20-33117 (KRH) | 45-5138910 |
| ANN Card Services, Inc. | N/A | 20-33120 (KRH) | 46-1273502 |
| ANN, Inc.. | N/A | 20-33122 (KRH) | 13-3499319 |
| AnnCo, Inc. | N/A | 20-33125 (KRH) | 06-1565136 |
| AnnTaylor Distribution Services, Inc. | N/A | 20-33126 (KRH) | 61-1274547 |
| AnnTaylor of Puerto Rico, Inc. | N/A | 20-33130 (KRH) | 66-0568835 |
| AnnTaylor Retail, Inc. | N/A | 20-33132 (KRH) | 06-1415434 |
| AnnTaylor, Inc. | N/A | 20-33134 (KRH) | 51-0297083 |
| Ascena Retail Holdings, Inc. | N/A | 20-33136 (KRH) | 82-5323435 |
| Ascena Trade Services, LLC | N/A | 20-33140 (KRH) | 47-1096647 |
| ASNA Plus Fashion, Inc. | N/A | 20-33141 (KRH) | 82-2505755 |
| ASNA Value Fashion LLC | Maurices Procurement, LLC | 20-33142 (KRH) | 81-3580343 |
| BackingBrands Buying Agent, LLC | N/A | 20-33143 (KRH) | 83-4537194 |
| BackingBrands Solutions, LLC | Allynium Brand Solutions, LLC | 20-33146 (KRH) | 83-1072376 |
| C.S.F. Corp. | N/A | 20-33147 (KRH) | 23-2559339 |
| Catalog Receivables LLC | N/A | 20-33148 (KRH) | 20-2776707 |
| Catalog Seller LLC | N/A | 20-33149 (KRH) | 20-2776763 |
| Catherines #5124, Inc. | N/A | 20-33151 (KRH) | 41-2057508 |
| Catherines #5147, Inc. | N/A | 20-33153 (KRH) | 33-1027890 |
| Catherines Stores Corporation | N/A | 20-33155 (KRH) | 62-1350411 |
| Catherines, Inc. | N/A | 20-33158 (KRH) | 51-0297099 |
| CCTM, Inc. | N/A | 20-33160 (KRH) | 20-5677183 |
| Charming Sales Co. Four, Inc. | Figi's Gift Box, Inc. | 20-33162 (KRH) | 41-1950727 |
| Charming Sales Co. One, Inc. | Figi's Inc. | 20-33164 (KRH) | 93-0791385 |

| DEBTOR | OTHER NAMES | CASE NO. | EIN # |
|---|---|---|---|
| Charming Sales Co. Three, Inc. | Figi's Gifts, Inc. | 20-33166 (KRH) | 39-1389176 |
| Charming Sales Co. Two, Inc. | Figi's Business Services, Inc.; Figi's Fulfillment Services, Inc.; Family Farm Gifts, Inc.; Family Farms Gifts, Inc. | 20-33173 (KRH) | 39-1414983 |
| Charming Shoppes of Delaware, Inc. | N/A | 20-33174 (KRH) | 23-1624093 |
| Charming Shoppes Receivables Corp. | N/A | 20-33175 (KRH) | 51-0383871 |
| Charming Shoppes Seller, Inc. | N/A | 20-33176(KRH) | 23-3005349 |
| Charming Shoppes Street, Inc. | N/A | 20-33114 (KRH) | 23-3005350 |
| Charming Shoppes, Inc. | N/A | 20-33115 (KRH) | 23-1721355 |
| Chestnut Acquisition Sub Inc. | N/A | 20-33116 (KRH) | 26-0115759 |
| Crosstown Traders, Inc. | N/A | 20-33118 (KRH) | 05-0535617 |
| CS Holdco II Inc. | N/A | 20-33119 (KRH) | 45-2874632 |
| CSGC, Inc. | N/A | 20-33121 (KRH) | 46-0512649 |
| CSI Industries, Inc. | N/A | 20-33123 (KRH) | 23-2446257 |
| CSPE, LLC | N/A | 20-33124 (KRH) | 20-4900521 |
| DBCM Holdings, LLC | Dress Barn Credit Management. LLC | 20-33112 (KRH) | 34-1988040 |
| DBI Holdings, Inc. | The Dress Barn Inc. | 20-33127 (KRH) | 06-0812960 |
| DBX, Inc. | N/A | 20-33128 (KRH) | 13-3747455 |
| Duluth Real Estate LLC | N/A | 20-33129 (KRH) | 36-4797417 |
| Etna Retail DC, LLC | N/A | 20-33131 (KRH) | 46-4866008 |
| Fashion Apparel Sourcing LLC | Fashion Apparel Sourcing, Inc. | 20-33133 (KRH) | 46-5005271 |
| Fashion Service Fulfillment Corporation | N/A | 20-33135 (KRH) | 90-0124559 |
| Fashion Service LLC | N/A | 20-33137 (KRH) | 23-2536983 |
| GC Fulfillment, LLC | FB Distribution, Inc.; FB Distribution Center, LLC; FB Distro Distribution Center, LLC | 20-33139 (KRH) | 20-5913907 |
| Lane Bryant #6243, Inc. | N/A | 20-33144 (KRH) | 52-2153729 |
| Lane Bryant of Pennsylvania, Inc. | N/A | 20-33145 (KRH) | 20-5163249 |
| Lane Bryant Outlet 4106, Inc. | N/A | 20-33150 (KRH) | 20-4885336 |
| Lane Bryant Purchasing Corp. | N/A | 20-33152 (KRH) | 20-3186128 |
| Lane Bryant, Inc. | N/A | 20-33154 (KRH) | 13-3118358 |
| PSTM, Inc. | N/A | 20-33156 (KRH) | 20-3955974 |
| Sonsi, Inc. | N/A | 20-33157. (KRH) | 27-1726857 |
| Spirit Of America, Inc. | Spirit of America Servicing; Spirit of America Servicing, Inc. | 20-33159 (KRH) | 52-2177250 |
| Too GC, LLC | N/A | 20-33161 (KRH) | 31-1812510 |
| Tween Brands Agency, Inc. | N/A | 20-33163 (KRH) | 31-1694590 |
| Tween Brands Direct Services Inc. | N/A | 20-33165 (KRH) | 31-1694594 |
| Tween Brands Investment, LLC | N/A | 20-33167 (KRH) | 04-3609377 |
| Tween Brands Marketing, Inc. | N/A | 20-33168 (KRH) | 82-2877804 |
| Tween Brands Service Co. | N/A | 20-33169 (KRH) | 30-0048148 |
| Tween Brands, Inc. | N/A | 20-33170 (KRH) | 31-1333930 |
| Winks Lane, Inc. | N/A | 20-33171 (KRH) | 23-2411389 |
| Worldwide Retail Holdings, Inc. | N/A | 20-33172 (KRH) | 30-0639445 |

3.      **Address: 933 MacArthur Boulevard, Mahwah, NJ 07430**

**4.**      **Debtors' attorneys:**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
-and-
John R. Luze (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia,*
*Missouri and Texas; Not admitted to practice in DC,*
*supervised by members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to*
*practice in DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

**5.**

| | | |
|---|---|---|
| **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | **U.S. Bankruptcy Court** **701 East Broad Street, Suite 4000** **Richmond, Virginia 23219** | **Hours open: Monday − Friday** **9:00 AM − 4:00 PM ET** **Contact phone  804−916−2400** |

**6.**

| | | |
|---|---|---|
| **Meeting of creditors (if any)** The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **Time and Date To be Determined** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:** **[_____]** **[_____]** |

**7. Proof of claim deadline**

> **Deadline for filing proof of claim: Not yet set. If a deadline is set, notice will be sent at a later time.**
> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
>
> Your claim will be allowed in the amount scheduled unless:
> - ☐   Your claim is designated as *disputed*, *contingent*, or *unliquidated*;
> - ☐   You file a proof of claim in a different amount; or
> - ☐   You receive another notice
>
> If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.
>
> You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.
>
> Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**8. Exception to discharge deadline**

| | |
|---|---|
| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A). **Deadline for filing the complaint:  To be Determined** |

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**10. Filing a Chapter 11 bankruptcy case**

    Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11. Discharge of debts**

    Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.