**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and Texas; Not admitted to practice in DC, supervised by members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice in DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ASCENA RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| Debtors. | ) | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing the Debtors to (a) pay all prepetition and postpetition obligations on account of the Employee Compensation and Benefits Programs in the ordinary course of business, and (b) continue to administer the Employee Compensation and Benefits Programs, including

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

payment of prepetition obligations related thereto, and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) continue and/or modify, change, or discontinue the Employee Compensation and Benefits Programs, including the Workers' Compensation Program,[3] in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable non-bankruptcy law; and (b) pay and honor prepetition amounts arising under or related to the Employee

[3] For the avoidance of doubt, the term Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto.

Compensation and Benefits Programs, including the Workers' Compensation Program and the Workers' Compensation Audits, in the ordinary course of business; *provided* that, pending further order from the Court, the Debtors are not authorized to make any payments during these chapter 11 cases on account of the Non-Insider Quarterly Incentive Program or the Non-Insider Retention Bonus Program; *provided further* that, pending further order from the Court, the Debtors are not authorized to many any payments during these chapter 11 cases on account of the 2020 Guaranteed Incentive Compensation Program to any Employees with the title of Executive Vice President or more senior.

3. Section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted to permit (a) current and former employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Program in the appropriate judicial or administrative forum; (b) insurance carriers and third party administrators to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims; and (c) any insurance carriers and third party administrators providing coverage for or handling any workers' compensation claims or direct action claims to draw on any and all collateral, provided by or on behalf of the Debtors therefor without further order of the Court if and when the Debtors fail to pay and/or reimburse any insurance carriers and third party administrators for any amounts in relation thereto. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and direct action claims

4. Nothing herein shall be deemed to authorize the payment of any amounts which violates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

5. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of any obligations owed under any Employee Compensation and Benefits Program.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized to pay outstanding balances, charges and fees due with respect to the Corporate Credit Cards and to continue to maintain cash collateral in support of the obligations thereunder. Bank of America, N.A., is authorized to make advances under the Corporate Credit Cards from time to time to the Debtors, with a maximum exposure at any time up to $750,000. Bank of America, N.A., may rely on the representations of the Debtors with respect to their use of the Corporate Credit Card, and Bank of America, N.A. shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

8. Notwithstanding anything contained in the Motion or this Final Order, any payment to be made, and any relief or authorization granted herein, shall be subject to the terms and conditions contained in any interim or final orders entered by this Court authorizing the Debtors to obtain debtor-in-possession financing and/or authorizing the use of cash collateral (each such order, a "DIP Order"), the documentation in respect of any such debtor-in-possession financing or use of cash collateral, and any budget in connection with any such debtor-in-

possession financing and/or use of cash collateral. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim on any grounds; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. Nothing in this Final Order or the Motion (a) alters or amends the terms and conditions of the Workers' Compensation Program, including, but not limited to, (i) the obligation, if any, of any insurer or third party administrator to pay any retentions or any

amounts within a deductible and the right, if any, of an insurer or third party administrator to seek reimbursement from the Debtors therefor, (ii) the obligation, if any, of the Debtors to reimburse any insurer or third party administrator for defense costs, and (iii) the right, if any, of any insurer or third party administrator to draw on and apply any collateral to the obligations, if any, under the Workers' Compensation Program to the extent that the Debtors fail to reimburse the insurer or third party administrator therefor (and, if and to the extent applicable, the automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) creates or permits a direct right of action against an insurer carrier or third party administrator; or (d) precludes or limits, in any way, the rights of any insurance carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program.

12. Notwithstanding anything to the contrary in this Final Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Final Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility (in either case, the "Cash Collateral Order"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the term of the Cash Collateral Order and this Final Order, the terms of the Cash Collateral Order shall control.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: Aug 27 2020
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket:Aug 27 2020

WE ASK FOR THIS:

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
-and-
John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

/s/ *Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
*Admitted to practice in New York, Virginia, Missouri and Texas; Not admitted to practice in DC, supervised by members of DC bar*
Olya Antle (VSB 83153)
*Admitted to practice in Virginia; Not admitted to practice in DC, supervised by members of DC bar*
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Cullen D. Speckhart*