| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Steven N. Serajeddini, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900 | **COOLEY LLP**<br>Cullen D. Speckhart (VSB 79096)<br>Olya Antle (VSB 83153)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:     (202) 842-7800<br>Facsimile:      (202) 842-7899 |

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

## ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This Order (the "Order") is entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and with respect to the Motion (as defined below) filed by Diane Hoffman ("Hoffman") in these chapter 11 cases, with the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; (b) the Court may enter a final order consistent with Article III of the United States Constitution; and (c) venue of this proceeding and the Motion in

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this Court having reviewed the Motion and having heard the statements in support of and against the relief requested therein at a hearing before this Court.

**WHEREAS**, on April 27, 2020, Hoffman filed a complaint against Tween Brands, Inc. d/b/a Justice ("Tween") alleging a personal injury cause of action in the Circuit Court of the Twelfth Judicial Circuit Will County, Illinois (the "State Court Action") to recover, among other things, damages related to an injury allegedly sustained by Hoffman.

**WHEREAS**, on July 23, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), commencing these chapter 11 case (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**WHEREAS**, upon the Debtors' filing of their chapter 11 petitions, the State Court Action was stayed automatically pursuant to section 362 of the Bankruptcy Code (the "Stay"). On November 3, 2020, Hoffman filed a *Motion for Relief from 11 U.S.C. § 362 Stay* (the "Motion") [Docket No. 1065] seeking to adjudicate, liquidate, and obtain a judgment as to Debtors in the State Court Action and recover from Debtors' insurance policies.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1.  The Stay is modified to permit Hoffman to (a) continue the State Court Action (and/or re-commence a similar state court action on the same claim as the State Court Action) against Debtors to final judgment or disposition as to Debtors and (b) execute, levy, and collect upon any judgment rendered in the State Court Action from applicable insurance carriers, if any,

only, and not from the Debtors, their estates, their successors, including any trust or fund established pursuant to a plan to pay the claims of unsecured creditors, or their property.

2. The Stay is modified solely to the extent that applicable insurance carriers provide for coverage and/or defense and that any amounts due in connection with defense costs, including attorneys' fees and expenses, with respect to the State Court Action and/or pursuant to a verdict, judgment, or settlement agreement in connection with the claims, including any related claims for equitable relief, in the State Court Action are paid by applicable insurance carriers, if any, and not by the Debtors, their estates, or their successors, including any trust or fund established pursuant to a plan to pay the claims of unsecured creditors.

3. The Debtors, their estates, or their successors shall not be required to fund costs associated with (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any insurance carrier pursuant to the terms of an applicable insurance policy, if any, or (c) any other costs of any kind in connection with the State Court Action, including, without limitation, attorneys' fees and expenses or amounts due for insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any, against the Debtors, their estates, or their successors, including any trust or fund established pursuant to a plan to pay the claims of unsecured creditors, in the State Court Action.

4. This Order has no effect on any parties' rights to assert or dispute the applicability and enforceability of the Debtors' insurance policies and all parties' rights are reserved with respect thereto.

5. Nothing herein (a) alters or amends the terms, conditions, exclusions, and limitations contained in any applicable insurance agreements as construed by applicable law; (b) creates a direct right of action for Hoffman against any applicable insurers that does not

otherwise exist under applicable law, (c) alters or modifies the duty, if any, that any applicable insurer or third-party administrator has to pay claims covered by any alleged applicable insurance policy., or (d) precludes or limits, in any way, any insurer's rights or ability to contest and/or litigate the existence, primacy, and/or scope of available coverage under the applicable policy.

6. Any recovery arising from the State Court Action (whether by mediation, arbitration, trial, or otherwise) with respect to the Debtors, their estates, their successors, or their property is limited to funds made available from applicable insurance policies, if any, and not from the Debtors, their estates, their successors, including any trust or fund established pursuant to a plan to pay the claims of unsecured creditors, or their property, and, to the extent that an applicable insurance policy, if any, does not satisfy a judgment, settlement, or other disposition with respect to the State Court Action, for any reason, neither the Debtors, their estates, their successors, including any trust or fund established pursuant to a plan to pay the claims of unsecured creditors, or their property shall be required to pay any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Chapter 11 Cases.

7. Notwithstanding the foregoing, Hoffman shall be authorized to seek such further and additional relief from this Court and nothing herein shall be construed as a waiver thereof, and Debtors shall be authorized to oppose any such further relief that Hoffman may request.

8. Nothing contained in this Order shall be deemed a waiver of the rights or remedies of Hoffman with respect to any available insurance coverage.

9. No party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the State Court Action.

10. Except as provided in this Order, the Stay shall remain in full force and effect.

11. The Debtors are authorized to take all actions necessary to effectuate the relief provided by this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Order.

**IT IS SO ORDERED.**

Dated: Feb 1 2021
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

ENTERED: Feb 2 2021

I ASK FOR THIS:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | */s/ Cullen D. Speckhart* |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **COOLEY LLP** |
| Edward O. Sassower, P.C. | Cullen D. Speckhart (VSB 79096) |
| Steven N. Serajeddini, P.C. (admitted *pro hac vice*) | Olya Antle (VSB 83153) |
| 601 Lexington Avenue | 1299 Pennsylvania Avenue, NW, Suite 700 |
| New York, New York 10022 | Washington, DC 20004-2400 |
| Telephone:   (212) 446-4800 | Telephone:   (202) 842-7800 |
| Facsimile:   (212) 446-4900 | Facsimile:   (202) 842-7899 |

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

**SEEN AND OBJECTED TO:**

*/s/ Jonathan B. Vivona*
**VIVONA PANDURANGI, PLC**
Jonathan B. Vivona, Esq.
211 Park Avenue
Falls Church, Virginia 22046
Telephone:   (703) 739-1353
Facsimile:   (703) 337-0490

*Counsel for Diane Hoffman*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

  */s/ Cullen D. Speckhart*