Kimberly A. Taylor, VSB #29823
James D. Kepley, Jr., VSB #30603
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Henrico, VA 23233
(804) 741-0400 x1
jkepley@kbbplc.com

COUNSEL FOR AMERCO REAL ESTATE COMPANY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re | ) |
| | ) |
| RETAIL GROUP, INC., *et al.*, | )     Case No. 20-33113-KHR |
| | )     Chapter 11 |
| Debtors. | )     Jointly Administered |
| | ) |

### AMERCO REAL ESTATE COMPANY'S
### RESPONSE TO DEBTORS' FOURTEENTH
### OMNIBUS OBJECTION TO CLAIMS

Amerco Real Restate Company, a Nevada corporation ("AREC"), by counsel, states the following in response to the Debtors' Fourteenth Omnibus Objection to Claims [Docket No. 1477]:

1.     AREC filed a proof of claim in this case [Claim No. 4566] for lease-related amounts due it totaling $87,878.20, including post-petition rent due of $3,951.61 entitled to an administrative expense priority (such portion to be referred to as the "AREC Priority Rent Claim").

2.     AREC's proof of claim included a copy of the lease upon which the claim is based and a calculation of the claim amount, thereby constituting

1

prima facie evidence of the validity and amount of AREC's claim (including the AREC Priority Rent Claim) under Rule 3001(f).

3.      The Debtors have objected to and are seeking to disallow the AREC Priority Rent Claim (and similar claims of over 300 other creditors in this case) by declaring that it was somehow "satisfied during these chapter 11 cases" without explaining what that means.  The Debtors did not provide any evidence of how the post-petition rent due AREC was satisfied.  The obvious way to "satisfy" this claim would have been to pay it, and the Debtors did not allege payment.  The Debtors did not (and could not) allege a waiver of the claim because there has been no such waiver.

4.      As reflected in AREC's proof of claim, AREC has no record of having received payment of the $3,951.61 in post-petition rent due it.

5.      The Debtors cannot overcome the prima facie evidentiary value of AREC's proof of claim by attaching a declaration that merely recites a legal conclusion, namely, that a post-petition obligation owed AREC was somehow satisfied.  Neither the declaration nor the objection contains evidence of facts which—if true—could establish satisfaction of AREC's claim.

6.      If the Debtors provide evidence that they, in fact, paid the AREC Priority Rent Claim amount, AREC would withdraw this response.

**WHEREFORE**, AREC respectfully requests that the Court deny the objection as it pertains to the AREC Priority Rent Claim, enter an order

2

allowing the AREC Priority Rent Claim in its entirety, and grant such further

relief as the Court deems appropriate.

Date: February 4, 2021                    Respectfully submitted,

                                          AMERCO REAL ESTATE COMPANY

                                                    /s/ James D. Kepley, Jr.
                                          By_____
                                              Counsel

James D. Kepley, Jr., VSB #30603
Kimberly A. Taylor, VSB #29823
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Henrico, VA 23233
(804) 741-0400 x1
jkepley@kbbplc.com

COUNSEL FOR AMERCO REAL ESTATE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, the foregoing Response will be filed using the Court's ECF System which causes electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in this bankruptcy proceeding, including the Debtors' counsel and the United States Trustee.

                                                    /s/ James D. Kepley, Jr.
                                          _____
                                              James D. Kepley, Jr.