**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RETAIL GROUP, INC., *et al.*,[1] | Case No.: 20-33113 (KRH) |
| Debtors. | (Jointly Administered) |

**DAKOTA UPREIT LIMITED PARTNERSHIP'S RESPONSE TO THE DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (PARTIALLY SATISFIED CLAIMS)**

Dakota UPREIT Limited Partnership ("Dakota"), by and through its undersigned counsel, hereby responds (the "Response") to the Debtors' Fourteenth Omnibus Objection to Claims (Partially Satisfied Claims), [Docket No. 1477] (the "Fourteenth Omnibus Objection"). In support of its Response, Dakota respectfully states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

---

Nisha R. Patel, Esquire (VSB #83302)
DUNLAP LAW, PLC
211 Rocketts Way, Suite 100
Richmond, VA 23231
Tel: 804-931-1158
npatel@dunlaplawplc.com
*Counsel for Dakota UPREIT Limited Partnership*

**BACKGROUND**

A.  **DAKOTA'S RELATIONSHIP WITH THE DEBTORS.**

1.  Dakota is a real estate investment trust that owns and operates commercial and multi-family residential properties throughout the Upper Midwest.  Prior to the Debtors' bankruptcy filings, Dakota's predecessor, CNLRS Bismarck ND, LLC, and Lane Bryant #4571, LLC entered into and were parties to a certain lease agreement dated September 14, 2006, a true and correct copy of which is attached as **Exhibit A**.

2.  On June 2, 2020, Dakota and Lane Bryant, Inc. entered into a certain lease amendment (together with the September 14, 2006 lease agreement, the "Lease Agreement").  A true and correct copy of the lease amendment is attached as **Exhibit B**.

3.  Under the Lease Agreement, Dakota, as landlord, agreed to lease certain real property located at Pinehurst Square Shopping Center, Interstate 94 and Tyler Parkway, Bismarck, North Dakota 58503 (the "Property") to Lane Bryant, Inc., as tenant.  The Debtors operate the Property as Lane Bryant Store #4571.

4.  As of the Petition Date (as defined below), a total of at least $31,679.44 remained outstanding under the Lease Agreement.

5.  Dakota has continued to lease the Property post-petition to the Debtors pursuant to the Lease Agreement.  As of the date of this Response, the post-petition unpaid amount totals at least $11,986.62, which is the cost of base rent under the Lease Agreement for the post-petition period.

6.  Overall, as of the date of this Response, a total of $43,666.06 remains outstanding under the Lease Agreement. The statement dated December 31, 2020 breaks down this total and

is attached to this Response as **Exhibit C**.[2] Dakota continues to lease the Property to the Debtors pursuant to the terms of the Lease Agreement.

**B.     DEBTORS' BANKRUPTCY CASE.**

7.      On July 23, 2020 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division). The Debtors' bankruptcy cases are jointly administered under the above-captioned case.

8.      On August 12, 2020, the Debtors moved the Court for authorization to reject the Lease Agreement effective as of August 19, 2020 [Docket No. 237]. The Court granted the Debtors' motion at the hearing on September 21, 2020, and entered an order authorizing the rejection of the Lease Agreement on October 1, 2020 [Docket No. 728].

9.      On January 14, 2021, the Debtors filed the Fourteenth Omnibus Objection, objecting to the administrative portion of allegedly partially satisfied claims. In the Fourteenth Omnibus Objection, the Debtors acknowledged the allowed amount of Dakota's pre-petition unsecured claim totaled $31,679.44, but contested the administrative portion of Dakota's claim. The sole information the Debtors offered in support was that "[a]ll administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection."

---

[2] Dakota has filed a prima facie valid proof of claim, Claim #2497, as part of these cases. Out of an abundance of caution, Dakota additionally filed an administrative proof of claim, Claim #5295 (together, with Claim #2497, the "Claim"), reiterating its administrative claim. True and correct copies of these claims are attached to this Response as **Exhibits D and E**, respectively. Within these claims, Dakota asserted an administrative claim of $19,508.57. However, as shown in Exhibit C, Dakota received a payment of $7,521.95 post-petition, reducing its outstanding administrative claim to $11,986.62.

[Docket No. 1477 at 29.]  To the contrary, Dakota's current administrative expense claim of $11,986.62 remains unpaid and outstanding.

### DAKOTA'S RESPONSE TO THE FOURTEENTH OMNIBUS OBJECTION

10. Dakota asserted a valid claim against the Debtors, including an administrative claim for post-petition rent and expenses, by filing its proofs of claim in this bankruptcy case.  11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).  In response, the Debtors have failed to introduce any evidence rebutting the presumptive validity of Dakota's Claim as required under the Bankruptcy Code. 11 U.S.C. § 502(b); *see also* Fed. R. Bankr. P. 9017; Fed. R. Evid. 301.

11. Dakota's administrative expense claim of $11,986.62 relates to amounts due Dakota post-petition and before the effective date of the rejection of the Lease Agreement.  As of the date of this Response, Dakota has no record of receiving any payment of the outstanding administrative portion of its valid Claim and has neither seen nor received any proof of payment from the Debtors in the ordinary course of business or as included in the Fourteenth Omnibus Objection.  Instead, the administrative portion of Dakota's Claim remains outstanding and Dakota's Claim remains fully valid and enforceable by this Court.

12. Dakota reserves all rights to supplement or amend this Response and raise further or other responses to the Fourteenth Omnibus Objection.  Dakota further reserves all rights, claims, causes of actions, and defenses to the Fourteenth Omnibus Objection.

### CONCLUSION

WHEREFORE, Dakota respectfully requests that the Court enter an Order overruling the Fourteenth Omnibus Objection with respect to Dakota's Claim on the basis that it has neither been satisfied or otherwise discharged, and is therefore allowed as filed.

Dated: February 4, 2021 **/s/ Nisha R. Patel**
Nisha R. Patel, Esquire (VSB #83302)
DUNLAP LAW, PLC
211 Rocketts Way, Suite 100
Richmond, VA 23231
Tel: (804) 931-1158
npatel@dunlaplawplc.com

and

Ryan T. Murphy (MN #0311972)
Samuel M. Andre (MN #0399669)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
rmurphy@fredlaw.com
sandre@fredlaw.com

**ATTORNEYS FOR DAKOTA UPREIT LIMITED PARTNERSHIP**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, a true copy of the foregoing Response was filed via CM/ECF, which caused the same to be served upon Counsel for the Debtors and all other parties registered to receive CM/ECF notice in the above-captioned case.

**/s/ Nisha R. Patel**
Nisha R. Patel, Esquire

72007068