**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>ASCENA RETAIL GROUP, INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 20-33113 (KRH)<br><br>(Jointly Administered) |

**RESPONSE OF LEGACY PLACE PROPERTIES LLC, ROUTE 146 MILLBURY PROPERTY LLC, MARKET STREET RETAIL SOUTH LLC AND ASHEVILLE RETAIL ASSOCIATES LLC TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (PARTIALLY SATISFIED CLAIMS)**

Legacy Place Properties LLC, Route 146 Millbury Property LLC, Market Street Retail South LLC and Asheville Retail Associates LLC (collectively, the "Landlords") hereby file this response (this "Response") to the *Debtors' Fourteenth Omnibus Objection to Claims (Partially Satisfied Claims)* [Docket No. 1477] (the "Claim Objection"), filed on January 14, 2021 by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). In further support of this Response, the Landlords state as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254)<br>Michael D. Mueller, Esquire (VSB No. 38216)<br>Jennifer M. McLemore, Esquire (VSB No. 47164)<br>Bennett T. W. Eastham, Esquire (VSB No. 93484)<br>WILLIAMS MULLEN<br>200 South 10th Street, Suite 1600<br>Richmond, Virginia 23219<br>Telephone: (804) 420-6000<br>Facsimile: (804) 420-6507<br>Email:   aepps@williamsmullen.com<br>             mmueller@williamsmullen.com<br>             jmclemore@williamsmullen.com<br>             beastham@williamsmullen.com | Douglas B. Rosner, Esq.<br>Vanessa P. Moody, Esq.<br>GOULSTON & STORRS PC<br>400 Atlantic Avenue<br>Boston, MA 02110<br>Telephone: (617) 574-1776<br>Email: drosner@goulstonstorrs.com<br>          vmoody@goulstonstorrs.com<br><br>*Counsel to the Landlords* |

*Counsel to the Landlords*

## The Leases

1. Each of the Landlords is party to a rejected nonresidential real property lease with Tween Brands, Inc. ("Tween"), one of the Debtors (as detailed below, each a "Lease" collectively, the "Leases"):

   a. Legacy Place Properties LLC and Tween were parties to that certain Lease for a Justice retail store located within the shopping center known as Legacy Place in Dedham, Massachusetts (the "Dedham Lease"), which Lease was rejected by the Debtors effective as of August 13, 2020;

   b. Route 146 Millbury Property LLC and Tween were parties to that certain Lease for a Justice retail store located within the shopping center known as The Shoppes at Blackstone Valley located in Millbury, Massachusetts (the "Millbury Lease"), which Lease was rejected by the Debtors effective as of August 13, 2020;

   c. Market Street Retail South LLC and Tween were parties to that certain Lease for a Justice retail store located within the shopping center known as MarketStreet located in Lynnfield, Massachusetts (the "Lynnfield Lease"), which Lease was rejected by the Debtors effective as of August 15, 2020; and

   d. Asheville Retail Associates LLC and Tween were parties to that certain Lease for a Justice retail store located within the shopping center known as Asheville Outlets located in Asheville, North Carolina (the "Asheville Lease"), which Lease was rejected by the Debtors effective as of August 15, 2020.

## Response to Claim Objection

2. Section 502(a) of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., provides that the filing of a proof of claim constitutes prima facie evidence of the amount and validity of such claim. 11 U.S.C. § 502(a). Once a claim is filed, the burden shifts to the debtor to rebut the presumptive validity and amount of such claim, and to prove the amount and validity of such claim by a preponderance of evidence. In re Hartford Sands Inc., 372 F.3d 637, 640-41 (4th Cir. 2004) (citations omitted).

3. On September 28, 2020, each Landlord filed a claim for rejection damages under its Lease with Tween (each a "Claim" and, collectively, the "Claims"), which Claims all include amounts owed for the so-called stub rent (the "Stub Rent") attributable to the postpetition period

from July 23, 2020 through July 31, 2020. The Claim numbers and amount of Stub Rent asserted in each is as follows:

| Lease: | Claim Number: | Stub Rent Amount: |
|---|---|---|
| Dedham Lease | 2859 | $7,150.14 |
| Millbury Lease | 3022 | $6,232.16 |
| Lynnfield Lease | 2811 | $6,498.40 |
| Asheville Lease | 2806 | $3,916.23 |

4.  The Debtors filed the Claim Objection to reduce each claim by the amount of the Stub Rent included therein, on the asserted grounds that Stub Rent has been paid under each of the Leases. However, based on the Landlords' respective books and records, Stub Rent remains unpaid under each of the Leases.

5.  On January 18, 2021, each of the Landlords filed an administrative expense claim for postpetition/pre-rejection rent, which amounts remain due and owing as of the date hereof (each an "Administrative Expense Claim" and, collectively, the "Administrative Expense Claims").[2] The Stub Rent owed under each Lease is included in the Administrative Expense Claim filed under the same Lease; however, the Landlords hereby file this objection so as not to prejudice their rights and claims under their respective Administrative Expense Claims because the Stub Rent remains unpaid and, therefore, has not been satisfied by the Debtors or their estates, contrary to the assertions made by the Debtors in the Claim Objection, and such amounts should be promptly paid to the Landlords.

---

[2] Claim No. 5512 is the Administrative Expense Claim filed under the Dedham Lease; Claim No. 5485 is the Administrative Expense Claim filed under the Millbury Lease; Claim No. 5510 is the Administrative Expense Claim filed under the Lynnfield Lease; and Claim No. 5471 is the Administrative Expense Claim filed under the Asheville Lease.

WHEREFORE, the Landlords respectfully request that the Court (i) denying the Claim Objection as it relates to the Landlords' Claims, and (ii) granting to the Landlords such other and further relief as the Court deems just and proper.

Dated: February 4, 2021

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr. Esquire
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Bennett T. W. Eastham, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: aepps@williamsmullen.com
      mmueller@williamsmullen.com
      jmclemore@williamsmullen.com
      beastham@williamsmullen.com

-and-

Douglas B. Rosner, Esq.
Vanessa P. Moody, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
Telephone: (617) 574-1776
Email: drosner@goulstonstorrs.com
      vmoody@goulstonstorrs.com

*Counsel to the Landlords*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on this 4th day February 2021, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by mail and email on the following Notice Parties:

> Kirkland & Ellis LLP
> 300 North LaSalle
> Chicago, Illinois 60654
> Attn: John R. Luze and Jeff Michalik
> john.luze@kirkland.com
> jeff.michalik@kirkland.com
>
> Cooley LLP
> 1299 Pennsylvania Avenue, NW, Suite 700
> Washington, D.C. 20004-2400
> Attn: Cullen D. Speckhart and Olya Antle
> cspeckhart@cooley.com
> oantle@cooley.com

        /s/ Jennifer M. McLemore
        Jennifer M. McLemore

44411939_1