Michael S. Etkin (admitted *pro hac vice*)
Andrew Behlmann (admitted *pro hac vice*)
John P. Schneider (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile:  (973) 597-2333

Ronald A. Page, Jr. (VA 71343)
**RONALD PAGE, PLC**
P.O. Box 73087
N. Chesterfield, Virginia 23235
Telephone: (804) 562-8704
Facsimile:  (804) 482-2427

*Bankruptcy Counsel to the Lead Plaintiffs and the
Proposed Class*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re:<br><br>RETAIL GROUP, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-33113 (KRH)<br><br>(Jointly Administered) |

## SECURITIES LEAD PLAINTIFFS' SUPPLEMENTAL OBJECTION TO CONFIRMATION OF THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ASCENA RETAIL GROUP, INC. AND ITS DEBTOR AFFILIATES

Joel Patterson and Michaella Corporation ("Lead Plaintiffs"), the court-appointed lead plaintiffs in the securities fraud class action captioned as *In re Ascena Retail Group, Inc. Securities Litigation,* Case No. 2:19-cv-13529-KM-JBC (the "Securities Litigation"), pending in the United States District Court for the District of New Jersey (the "District Court"), for themselves and the putative class they seek to represent in the Securities Litigation (the "Proposed Class"), hereby submit this supplemental objection (the "Supplemental Objection") to confirmation of the *Third Amended Joint Chapter 11 Plan of Reorganization of Ascena Retail*

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

*Group, Inc. and its Debtor Affiliates* (as amended, the "Plan") [Docket No. 1403] proposed by

the above-captioned debtors and debtors-in-possession (the "Debtors").   In support of their

Supplemental Objection, Lead Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT[2]

1.     As set forth in the initial Objection, the Third-Party Release is illegal and

fundamentally unjust because it threatens to gratuitously and unjustifiably release the claims of

Lead Plaintiffs and the Proposed Class against the Non-Debtor Defendants in the Securities

Litigation.   In fact, the Debtors are attempting to obtain relief for the Non-Debtor Defendants

that, as a matter of law, the Non-Debtor Defendants could not obtain even if they filed

bankruptcy themselves.   *See* 11 U.S.C.  § 523(a)(19) (liabilities of an individual debtor for

violations of securities laws are categorically nondischargeable).

2.     Members of the Proposed Class are receiving nothing under the Plan, are deemed

to reject the Plan, and thus have no reason whatsoever to believe these Chapter 11 Cases will or

should impact them.   Under those circumstances, no informed member of the Proposed Class

would ever voluntarily grant the Third-Party Release.   Yet, the Debtors seek to foist upon them

the obligation to affirmatively opt *out* of the Third-Party Release, on peril of being deemed to

have "consented" to forfeit their claims against the Non-Debtor Defendants in exchange for

absolutely nothing.   That is not consent.   It is nothing more than a legal fiction engineered to

create the illusion of consent by default.

3.     Stripping Lead Plaintiffs and the Proposed Class of their valuable claims against

the Non-Debtor Defendants (and likely their only remaining source of recovery on their ill-fated

investment) would be particularly inequitable where the Non-Debtor Defendants are covered by

---

[2]     Capitalized terms used but not otherwise defined in the Preliminary Statement have the meanings ascribed to
them either in the Plan or below.

substantial D&O liability insurance.  The Third-Party Release would provide no benefit whatsoever to the Debtors, their estates, or any class of creditors.  The only economic beneficiaries of the Third-Party Release in its current form are the Debtors' D&O insurance carriers, who would effectively receive a free policy release, and the Non-Debtor Defendants, who are no longer employed by the Debtors, played no role whatsoever in the Debtors' bankruptcy efforts, and, in fact, ceased to be employed by the Debtors *before the Debtors ever filed for bankruptcy protection*.

4.      The impropriety and injustice of the Third-Party Release is now magnified by the fact that the Debtors are no longer reorganizing but have sold all their brands and substantially all their assets and are liquidating.  The Debtors nevertheless remain unfazed in their efforts to completely disenfranchise members of the Proposed Class.  However, the Debtors have not pointed, and cannot point, to *any* potential impact that the continued prosecution of the Securities Litigation against the Non-Debtor Defendants might have on their estates or any class of creditors.  In their Omnibus Response, the Debtors fail to even address, much less overcome, Lead Plaintiffs' arguments against the Third-Party Release or otherwise articulate why this Court should approve the Third-Party Release, to the detriment of disenfranchised investors.

5.      The Debtors do not even attempt to offer a factual or legal justification for the proposed gratuitous release of the Non-Debtor Defendants – two of the Debtors' *former* executives, who oversaw the Debtors' financial downfall – because there is none.  This is clear where the Debtors seemingly acknowledge that such "far-removed parties" are merely related to other parties that "have made the most significant contributions" to the Debtors' reorganization efforts (efforts that, in any event, have been abandoned in favor of liquidation).[3]  However, the

---

[3]    Omnibus Response, ¶ 23.

Non-Debtor Defendants have made no contribution whatsoever to the Debtors' estates and are

not providing any consideration or other value for the Third-Party Release.  On that basis alone,

under well-settled Fourth Circuit law, the Plan cannot be confirmed.

6.      In addition, the Plan cannot be confirmed because it (a) contains no mechanism

for preserving the Debtors' books, records, and other evidence potentially relevant to the

Securities Litigation after the effective date of the Plan and (b) does not preserve the claims of

Lead Plaintiffs and the Proposed Class against the Debtors to the extent of any available

insurance coverage for such claims.

## BACKGROUND[4]

### A.      The Securities Litigation

7.      The Securities Litigation is a federal securities class action filed in June 2019.  By

order entered August 23, 2019, (the "Stipulated Order") [Securities Litigation Docket No. 26],

the District Court appointed Lead Plaintiffs as lead plaintiffs and Robbins Geller Rudman &

Dowd LLP and Pomerantz LLP as lead counsel in the Securities Litigation.

8.      Lead Plaintiffs filed their *Consolidated Amended Complaint for Violations of the*

*Federal Securities Laws* (the "Amended Complaint") on November 21, 2019, against Ascena

Retail Group, Inc. ("Ascena")[5] and Messrs. David R. Jaffe and Robert Giammatteo (the "Non-

Debtor Defendants"), two former officers and directors of one of the Debtors, Ascena Retail

Group, Inc. ("Ascena" and collectively with the Non-Debtor Defendants, the "Defendants").[6]

The Amended Complaint asserts claims on behalf of a proposed class comprised of all persons,

---

[4]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed thereto in the Debtors'
       Plan and the operative disclosure statement.

[5]    Prior to its incorporation in 2011, Ascena was known as The Dress Barn, Inc.  All references herein to Ascena
       include its predecessor, The Dress Barn, Inc.

[6]    Following the final sale of substantially all of its remaining assets, Ascena Retail Group, Inc. was renamed
       Retail Group, Inc. and the caption of the lead chapter 11 case changed accordingly.  *See* Docket No. 1295, ¶ 67.

other than the Defendants, who purchased or otherwise acquired Ascena common stock between December 1, 2015 and May 17, 2017 (the "Proposed Class").

9.     The Amended Complaint generally alleges that the Defendants engaged in a deceptive scheme and made false and misleading statements and omissions of material fact, which artificially inflated and/or maintained artificial inflation in the price of Ascena's common stock between December 1, 2015 and May 17, 2017 (the "Class Period"), in violation of Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and United States Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

## B.     Relevant Bankruptcy Proceedings

10.     On July 23, 2020, the Debtors commenced these voluntary chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").  No trustee or examiner has been appointed in these Chapter 11 Cases.  The Debtors filed the original version of the Plan on July 31, 2020 [Docket No. 154].

11.     On October 13, 2020, the Lead Plaintiffs filed their *Objection to Confirmation of the Amended Joint Chapter 11 Plan of Reorganization of Ascena Retail Group, Inc. and its Debtor Affiliates* (the "Objection") [Docket No. 889].

12.     On November 20, 2020, the Debtors filed an omnibus response to various objections to confirmation of the Plan (the "Omnibus Response") [Docket No. 1163].

13.     After adjourning the confirmation hearing several times, the Debtors ultimately announced in late November 2020 that they no longer intended to reorganize, but rather, planned to sell their remaining brands and related assets and liquidate.  To that end, on December 30, 2020, the Debtors filed the third amended (and current) version of the Plan [Docket No. 1403], providing for the liquidation of the Debtors' remaining assets.

**C.      The Plan and Third-Party Release**

14.      Article VIII.F of the Plan contains, as did prior versions of the Plan, a deemed

release (the "Third-Party Release") of claims by numerous non-Debtor "Releasing Parties"

against the Debtors and myriad other non-Debtors.  The "Releasing Parties" deemed to grant the

Third-Party Release includes, among a vast array of others:

> *. . . **(o) all holders of Impaired Claims who abstained from voting on the
> Plan or voted to reject the Plan but did not timely opt out of or object to
> the applicable release . . .  (q) all holders of Interests** . . . **provided that,
> in each case, an Entity shall not be a Releasing Party if it: (x) elects to
> opt out of the releases contained in the Plan;** or (y) timely objects to the
> releases contained in the Plan and such objection is not resolved before
> Confirmation[.]*

Plan, Art. I.A.131 (emphasis added).

15.      The "Released Parties" benefitting from the Third-Party Release comprise a

similarly sweeping universe including, among numerous others, the Debtors, their current and

former Affiliates, and the Debtors and their Affiliates' current and former directors, managers,

officers, equity holders, and employees.  *See* Plan, Art. I.A.130.  Through a convoluted web of

interconnected provisions that a creditor or interest holder is compelled to navigate and the lists

of categories of parties, related parties, and related parties' related parties that the Plan defines as

a Released Party, it appears that each of the Non-Debtor Defendants may be a Released Party

deemed to be released by the Releasing Parties from "any and all Causes of Action, whether

known or unknown, including any derivative claims, asserted or assertable on behalf of any of

the Debtors . . . based on or relating to, or in any manner arising from, in whole or in part, the

Debtors (including the management, ownership or operation thereof), the purchase, sale, or

rescission of any Security of the Debtors . . . or upon any other act, omission, transaction,

agreement, event, or other occurrence (in each case, related to any of the foregoing) taking place

on or before the Effective Date."  *See* Plan, Art. VIII.F.  As Lead Plaintiffs pointed out in their

initial Objection, the Third-Party Release does not even include a customary exclusion of acts constituting fraud, willful misconduct, or gross negligence.

16.    The Plan also contains an injunction barring, among other things, "(i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests or Causes of Action" against any Released Party by "all Entities that held, hold, or may hold claims or interests or Causes of Action" (the "Plan Injunction"). *See* Plan, Art. VIII.H.

**D.    Treatment of the Class Claims Under the Plan**

17.    On September 30, 2020, Lead Plaintiffs filed a proof of claim [Claim No. 3543] asserting claims against Ascena on behalf of themselves and the Proposed Class and its members, individually and/or as a group (the "Class Claims").   Because the Class Claims arise from the purchase and sale of securities of Ascena, they are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

18.    The Plan does not classify the Class Claims or any other claims subordinated pursuant to section 510(b).  However, it does define "Interest" to include, in addition to equity securities, "any claim against . . . the Debtors subject to subordination pursuant to section 510(b) of the Bankruptcy Code" arising from the purchase of the Debtors' equity securities.  Plan, Art. I.A.101.  Thus, the Class Claims fall within the definition of "Interests" under the Plan.

19.    Interests are classified in Class 8 under the Plan, and will be "cancelled, released, and extinguished without any distribution." *See* Plan, Art. III.B.8.  Because Class 8 is receiving nothing under the Plan, holders of claims in Class 8, including Lead Plaintiffs and the Proposed Class, are deemed to reject the Plan and were not entitled to vote. *Id.*  As discussed below, pursuant to Articles I.A.131 and VIII.F of the Plan, holders of claims in impaired, non-voting classes (such as Proposed Class members) would be deemed to grant the Third-Party Release

unless they take affirmative steps to opt out – even though they are receiving nothing under the Plan and are not entitled to vote.

### E.    The Opt-Out Election

20.    On September 11, 2020, the Court entered an order approving the proposed disclosure statement and solicitation procedures for the Plan (the "Solicitation Procedures Order") [Docket No. 592]. The Solicitation Procedures Order included as exhibits, among other things, a *Notice of Non-Voting Status to Holders of Interests Deemed to Reject the Plan and of Third Party Release Under the Plan* (the "Impaired Non-Voting Notice") [Docket No. 592, Schedule 5] and an election form for such creditors to opt out of the Third-Party Release (the "Opt-Out Election Form"), annexed to the Impaired Non-Voting Notice.

21.    On October 2, 2020, Lead Plaintiffs filed a motion (the "Opt-Out Motion") [Docket No. 740] for an order authorizing Lead Plaintiffs (or confirming their inherent authority) to opt out of the Third-Party Release on behalf of all Proposed Class members. A hearing on the 7023 Motion is scheduled for the same date and time as the Plan confirmation hearing.

### OBJECTION

### I.    THE PLAN CANNOT BE CONFIRMED BECAUSE THE THIRD-PARTY RELEASE IS ILLEGAL AND FUNDAMENTALLY UNJUST.

#### A.    The *Dow Corning* factors overwhelmingly militate against approval of the Third-Party Release.

22.    The Third-Party Release is improper to the extent it purports to release any direct claims belonging to Lead Plaintiffs and the Proposed Class against the Non-Debtor Defendants or any other Released Party. The inequity of the Third-Party Release is magnified by the fact that Lead Plaintiffs and members of the Proposed Class are not entitled to vote on the Plan, are deemed to reject the Plan, *and are receiving nothing* under the Plan. Most or all members of the Proposed Class likely are strangers to these Chapter 11 Cases and, because the Class Period

ended three and a half years ago, have no inkling that they may have any connection to the Chapter 11 Cases at all.  Yet, the Third-Party Release would strip Lead Plaintiffs and the Proposed Class of their claims against the Non-Debtor Defendants, likely their *only* source of compensation for the losses they incurred as a result of their investment and the misconduct alleged in the Securities Litigation.

23.    The Debtors readily acknowledge in their Omnibus Response that the only way creditors such as Lead Plaintiffs and members of the Proposed Class may salvage their claims against the Non-Debtor Defendants and each Released Party from the ramifications of the Third-Party Release is by affirmatively opting out, regardless of whether they know that failing to do so would release claims they likely do not even know that they have.  Therefore, this opt-out requirement improperly places the burden on defrauded investors – assuming they are even aware of these Chapter 11 Cases – to locate and review the Plan (now in its fourth iteration), study the complicated Third-Party Release, and ascertain that *even though they are receiving nothing under the Plan* and thus are not entitled to vote, they nevertheless must take affirmative steps to preserve their rights against the Released Parties.  That exercise is unduly convoluted even for parties represented by counsel, much less absent members of the Proposed Class.

24.    Particularly because the Class Period ended three and a half years ago, many members of the Proposed Class no longer hold the Debtors' securities and thus are likely unaware of the Plan, the voting deadline, or even the Chapter 11 Cases generally.  They certainly have no reason to expect that the Plan would threaten their rights against non-Debtor third parties.  The Debtors gloss over this stark reality in their Omnibus Response, outlining their meager efforts to serve the Impaired Non-Voting Notice and Opt-Out Election Form on members

of the Proposed Class through nominee brokers.[7]   The Debtors state that they served the Impaired Non-Voting Notice and Opt-Out Election Form on Prime Clerk's "comprehensive proprietary list" of third-party nominees and mailing agents "with instructions to forward the materials" to Proposed Class members.  In light of the Debtors' lackluster noticing process and the burden the opt-out procedure would unjustifiably impose on members of the Proposed Class, the Debtors' bare assertion that they provided Purported Class members with "a meaningful opportunity" to exercise their opt out rights is wholly unavailing.[8]

25.    In any event, even if each and every member of the Proposed Class actually received the Impaired Non-Voting Notice and Opt-Out Election Form, placing the burden of locating and interpreting complex legal documents on individual members of the Proposed Class, *who are receiving nothing under the Plan*, whose claims arise from a Class Period that ended three and a half years ago, and many of whom likely are not even aware that they have claims against the Non-Debtor Defendants that could be impacted by the Third-Party Release, is fundamentally inequitable, unjustifiable, and legally impermissible.

26.    As applied to holders of claims in impaired, non-voting classes, such as Lead Plaintiffs and the Proposed Class, the improper and defective opt-out provision in the Plan and solicitation procedures, and the illusory "consent" supposedly created thereby, transform the Third-Party Release into a *de facto* nonconsensual release.

27.    The Fourth Circuit established the standard for analyzing a non-debtor, third-party release in *Behrman v. National Heritage Foundation*, 663 F.3d 704 (4th Cir. 2011).   The *Behrman* court considered the propriety of a third-party release included in the debtor's plan of reorganization.  *Id*. at 706.  The debtor, National Heritage Foundation ("NHF"), sought to release

---

[7]    Omnibus Response, ¶ 16.

[8]    *Id.*, ¶ 17.

the official committee of unsecured creditors and other parties closely connected with NHF,

including its officers and directors, from claims that accrued on or before the effective date of the

plan. *Id*. at 707.

28.    In analyzing the Bankruptcy Court's decision to confirm the plan with the release

provision, the Fourth Circuit began its analysis from the well-settled principle that non-debtor

releases in a plan of reorganization are a "***unique***" and "***dramatic measure***" that should be

"***granted cautiously and infrequently***." *Id*. at 711 (citations and quotations omitted) (emphasis

added).   The court adopted the analysis established by the Sixth Circuit in *Class Five Nev.*

*Claimants v. Dow Corning Corp*., 280 F.3d 648 (6th Cir. 2002), which set forth a number of

factors to evaluate in discerning whether a non-debtor release should be approved, as follows:

> (i) there is an identity of interests between the debtor and the third
> party, usually an indemnity relationship, such that a suit against the
> non-debtor is, in essence, a suit against the debtor or will deplete
> the assets of the estate; (ii) the non-debtor has contributed
> substantial assets to the reorganization; (iii) the injunction is
> essential to reorganization, namely, the reorganization hinges on
> the debtor being free from indirect suits against parties who would
> have indemnity or contribution claims against the debtor; (iv) the
> impacted class, or classes, has overwhelmingly voted to accept the
> plan; (v) the plan provides a mechanism to pay for all, or
> substantially all, of the class or classes affected by the injunction;
> (vi) the plan provides an opportunity for those claimants who
> choose not to settle to recover in full and; (vii) The bankruptcy
> court made a record of specific factual findings that support its
> conclusions.

*Behrmann*, 663 F.3d at 711-12.   The Third-Party Release does not satisfy *any* of the *Dow*

*Corning* factors.

29.    Despite the Debtors' arguments in the Omnibus Response to the contrary,

application of the six substantive *Dow Corning* factors overwhelmingly militate against approval

of the Third-Party Release of Non-Debtor Defendants and therefore, confirmation of the Plan.

30.      ***Factor I*** – Under the first *Dow Corning* factor, the Court must consider "whether there is an identity of interests – usually an indemnity obligation – between the debtor and the released parties."  A non-debtor release "may be appropriate in such circumstances because a suit against the non-debtor may, in essence, be a suit against the debtor that risks depleting the assets of the estate."  *National Heritage Foundation, Inc. v. Highbourne Foundation,* 760 F.3d 344, 348 (4th Cir. 2014) (citation omitted).  The Debtors argue generally that there is an identity of interests between themselves and the Released Parties because the Debtors are required to indemnify certain Released Parties under various corporate organizational documents and other agreements.[9]  Even if that generalized assertion applied to the Non-Debtor Defendants or the Securities Litigation, an identity of interests arising from the Debtors' obligation to indemnify the Non-Debtor Defendants by itself would be insufficient to justify the Third-Party Release. *See In re Quincy Medical Center, Inc.,* 2011 WL 5592907, at *3 (Bankr. D. Mass. Nov. 16, 2011) ("While there appears to be an identity of interests between and among the debtors and their directors and officers arising from the debtors' obligation to indemnify them . . . such an identity of interests by itself is insufficient to justify releases.") (citing *In re Washington Mutual, Inc.,* 442 B.R. 314, 349-50 (Bankr. D. Del. 2011)).

31.      Notwithstanding the Debtors' conclusory assertions about indemnification, this factor weighs against approving the Third-Party Release with respect to the Securities Litigation for three reasons.  First, any indemnification claims by the Non-Debtor Defendants in connection with the Securities Litigation are, just as the Class Claims of Lead Plaintiffs and the Proposed Class, subordinated pursuant to section 510(b) and not entitled to any distribution under the Plan. Second, any such indemnification claims are also potentially subject to disallowance under

---

[9]    Omnibus Response, ¶ 21.

section 502(e)(1)(B) of the Bankruptcy Code.  Third, the Debtors are assuming their D&O

Liability Insurance Policies through the Plan.  As a result, the claims asserted against the Non-

Debtor Defendants in the Securities Litigation will not – indeed, *cannot* – affect the Debtors'

estates at all.[10]  Thus, this factor clearly weighs against approving the Third-Party Release.

32.    ***Factor II*** – Under the second *Dow Corning* factor, the Court must consider

whether the Non-Debtor Defendants made a **substantial contribution of assets** to the Debtors'

**reorganization efforts**.  This factor weighs against approving the Third-Party Release of the

Non-Debtor Defendants, who have contributed absolutely nothing to the estate or the Debtors'

reorganization (now orderly liquidation) efforts.  The Debtors contend that the expenditure of

significant time analyzing and negotiating issues presented by the Debtors' capital structure,

claims, the COVID-19 pandemic, material barriers to a global resolution, and negotiating the

terms of the Plan qualifies as a substantial contribution warranting approval of the Third Party

Release.[11]  However, the Non-Debtor Defendants were not involved in any of these efforts.

33.    While admitting that the Non-Debtor Defendants are "far-removed parties related

to the Released Parties that have made the most significant contributions[,]" the Debtors

nevertheless argue that the Third-Party Release of the Non-Debtor Defendants ensures that "they

will not be indirectly attacked after the fact for the role they played in the Debtors' Restructuring

and by maximizing the Debtors' fresh start[.]"[12]  However, the Debtors fail to mention that the

Non-Debtor Defendants *played no role* in the Chapter 11 Cases because they were no longer

employed by the Debtors on the Petition Date.  In addition, there is no more "fresh start" for the

---

[10]    As of the Plan Effective Date, the Debtors "shall be deemed to have assumed all of the D&O Liability Insurance Policies (including, if applicable, any 'tail policy'" pursuant to section 365(a) of the Bankruptcy Code.  *See* Plan, Art. IV.O.

[11]    Omnibus Response, ¶ 22.

[12]    Omnibus Response, ¶ 23.

Debtors, as they have sold substantially all their assets and pivoted to a liquidation.  Accordingly, this factor weighs heavily against approving the Third-Party Release with respect to the Non-Debtor Defendants.

34.    Even if the Non-Debtor Defendants were still employed by the Debtors or otherwise somehow played a role in the Debtors' abandoned efforts to reorganize, the substantial contribution requirement necessitates that corporate directors and officers do more than just perform their job duties; they must actually provide a ***financial contribution*** to the Debtors' reorganization.  *See, e.g., In re National Heritage Foundation, Inc.,* 478 B.R. 216, 229 (Bankr. E.D. Va. 2012) (finding that the performance by directors and officers of duties consistent with their preexisting fiduciary duties and job responsibilities, without having made any financial contribution, is insufficient to demonstrate a substantial contribution warranting approval of third-party release); *In re SL Liquidating, Inc.,* 428 B.R. 799, 804 (Bankr. S.D. Ohio 2010) (concluding that directors and officers did not make a substantial contribution when their "described efforts . . . [were] consistent with their preexisting fiduciary duties and job responsibilities.").

35.    The Non-Debtor Defendants, as *former* directors and officers, could not possibly have aided in the Debtors' prior reorganization efforts, the formulation of the Plan, or the liquidation process.  Nor have the Debtors identified any financial contribution provided by the Non-Debtor Defendants in exchange for the Third-Party Release.  Thus, this factor weighs against approving the Third-Party Release of the Non-Debtor Defendants.

36.    ***Factor III*** – Under the third *Dow Corning* factor, the Court must consider whether the Debtors have demonstrated that the Third-Party Release of the Non-Debtor Defendants is "essential to reorganization," such that the reorganization hinges on the Non-

Debtor Defendants being relieved of direct claims against them.  The Third-Party Release is not part of any reorganization effort by the Debtors because the Plan is now a liquidating plan.  *See In re Railworks,* 345 B.R. 529, 536 (Bankr. D. Md. 2006) (a bankruptcy court may release the liabilities of non-debtors only "in certain circumstances," and where the injunction "*is essential to a workable reorganization*") (citation omitted) (emphasis added).  Therefore, because the Plan no longer involves any reorganization effort, the Third-Party Release cannot be essential, which it never was in the first place.  *In re Neogenix Oncology,* 508 B.R. 345, 359 (Bankr. D. Md. 2014) ("***The Plan is a liquidating plan; the Debtor is not reorganizing.***  All of the Debtor's assets have been sold (other than litigation claims) and ***the Plan will not affect the operation of those assets or any reorganization effort.  Thus, the [third-party] Release Provision is not essential to the Debtor's reorganization.***") (emphasis added).

37.    Furthermore, a suit against the Non-Debtor Defendants would have no effect on the Debtors given the Debtors' assumption of the D&O Liability Insurance Policies and the fact that the Plan contains a severability clause.  The Plan expressly provides that, should the court determine that "*any term or provision* of the Plan" is invalid, void, or unenforceable, the remainder of the Plan remains in effect.  *See* Plan, Art. VII.J. (emphasis added).  As the Fourth Circuit recognized in *Highbourne*, the presence of a severability clause "suggests that [a] plan would remain viable absent the release provision."  760 F.3d at 349.

38.    In light of the fact that (a) the Plan is a liquidating plan, (b) the Debtors are assuming the D&O Liability Insurance Policies, (c) the Plan contains a severability clause, and (d) there is no indication that the Debtors could not confirm and consummate the Plan without gratuitously releasing the claims asserted against the Non-Debtor Defendants in the Securities

Litigation, this factor weighs against approving the Third-Party Release of the Non-Debtor Defendants.

39.    **_Factor IV_** – Under the fourth _Dow Corning_ factor, the Court must determine that each class affected by the Third-Party Release "overwhelmingly voted in favor of the Plan." The Debtors cannot satisfy this factor with respect to Class 8, because _Class 8 is deemed to reject the Plan_. The Debtors nevertheless contend that the Third-Party Release is supported by the Debtors' creditors, and that members of the Proposed Class were provided with an opportunity to exercise their opt out rights because the Debtors claim to have sent them a form that, under the circumstances, they had no reason to know they should read.[13] This assertion is a red herring. Class 8 did not "overwhelmingly vote[] in favor of the Plan" because Class 8 did not vote at all. Class 8 was deemed, as a whole, to reject the Plan. Therefore, this factor weighs against approving the Third-Party Release of the Non-Debtor Defendants and confirmation of the Plan.

40.    **_Factor V_** – Under the fifth _Dow Corning_ factor, the Court must determine whether the Plan provides a mechanism to consider and pay all or substantially all of the class or classes affected by the non-debtor release. As the Fourth Circuit made clear in _Highbourne_, "**_the absence of such a mechanism can weigh against the validity of a non-debtor release, especially when the result is that the impacted class's claims are extinguished entirely_**." _Id._ at 351 (emphasis added). That controlling precedent squarely applies here. Class 8 is receiving nothing under the Plan, potentially leaving Lead Plaintiffs and the Proposed Class with just one potential source of recovery in the Securities Litigation: their claims against the Non-Debtor Defendants.[14] In its current form, the Third-Party Release threatens to strip Lead Plaintiffs and

---

[13]    _See_ Omnibus Response, ¶ 25.

[14]    As discussed below, Lead Plaintiffs also assert that the Class Claims against the Debtors should be preserved to the extent of available insurance coverage, if any.

the Proposed Class of those claims for no cognizable reason and with no compensation.  Clearly, this factor weighs against approving the Third-Party Release of the Non-Debtor Defendants.

41.    ***Factor VI*** – Under the final applicable *Dow Corning* factor, the Court must determine whether the Plan provides an opportunity for those who chose not to settle to recover in full.  Stated differently, ***the Plan must "provide an opportunity for non-consenting creditors to recover in full."***  *In re City of Detroit*, 524 B.R. 147, 175 (Bankr. E.D. Mich. 2014).  Through the Third-Party Release, the Plan does the exact opposite, depriving Lead Plaintiffs and the Proposed Class of any opportunity to recover at all.  This factor weighs against approving the Third-Party Release of the Non-Debtor Defendants.

42.    All the relevant *Dow Corning* factors weigh heavily against approval of the Third-Party Release of the Non-Debtor Defendants.  Given the Fourth Circuit's directive that non-debtor releases should be "granted cautiously and infrequently," *see Behrmann*, 663 F.3d at 711, the Third-Party Release of the Non-Debtor Defendants is inappropriate.  As a result, the Plan cannot be confirmed unless the claims asserted against the Non-Debtor Defendants in the Securities Litigation are excluded from the effect of the Third-Party Release.  The illusory and engineered consent that the Debtors claim is belied by the total absence of any of the *Dow Corning* factors to support such a gratuitous release.

**B.    The "opt-out" mechanism in the Third-Party Release is inappropriate as applied to members of the Proposed Class.**

43.    The Opt-Out Election Notice is nothing more than an artifice for the Debtors to pretend that members of the Proposed Class have consented to the Third-Party Release simply because they did not return a form that, even if they received it (which is questionable at best), they had no reason to know would affect them at all.  Indeed, the mere existence of this artificial

and engineered "consent" mechanism demonstrates the Debtors' acknowledgement of their

failure to come anywhere close to satisfying the *Dow Corning* factors.

44.    Inverting the means of manifesting consent demonstrates beyond any reasonable

dispute that the opt-out mechanism is nothing more than a trap for the unwary:  If the Third-

Party Release instead required affected creditors to opt *in* (i.e., to mail the Debtors a form

affirmatively indicating their consent to the release), no reasonable, fully informed member of

the Proposed Class would ever do so, because no reasonable, fully informed investor would ever

deliberately forfeit valuable claims against the solvent, insured Non-Debtor Defendants in

exchange for absolutely nothing.  *See In re Chassix Holdings, Inc*., 533 B.R. 64, 78 (Bankr.

S.D.N.Y. 2015).  The *Chassix* court observed that:

> The purpose of the "opt-out" and "deemed consent" voting rules that the
> Debtors proposed was to aid the parties in compiling a broader set of third
> party releases than might be obtained if a different, "affirmative consent"
> approach were adopted. The proposed procedures would have done so by
> ***deeming "consent" to exist in situations where no affirmative consent
> had actually been manifested. Finding "consent" in these circumstances
> is to some extent a legal fiction. We know from experience that many
> creditors and interest holders who receive disclosure statements and
> solicitation materials simply will not respond to them, either because
> they elect not to read them at all or for other reasons***. . . . The point is
> that inattentiveness, inaction and mistake are a known and expected part of
> the voting process.

*Id.* at 78 (emphasis added)*; see also In re SunEdison, Inc*., 576 B.R. 453, 460 (Bankr. S.D.N.Y.

2017); *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374-mew (Bankr.

S.D.N.Y.), Transcript of Hearing Held Feb. 14, 2019 (the "Aegean Transcript").[15]

45.    The *Aegean Marine* court criticized the impropriety of a similar effort to use an

opt-out mechanism to fabricate "judicial deemed consent" to a third-party release by, among

others, holders of securities fraud claims:

---

[15]    The relevant pages of the Aegean Transcript are annexed hereto as **Exhibit A**.

This is all about consent and what consent means, right? So you're basically urging me to say that you need me to manufacture consent for you because we know, we know in every one of these cases, there are people who are going to get this big package and they're not going to open it, or even if they open it, they're not going to understand it, and they're not going to respond. We know that. *So all that this opt-out approach does is it seeks to manufacture judicial deemed consent without an actual thought process on behalf of the person whose consent is being sought.*

As I said in *Chassix*, there are times in the law when policies put that burden on people. The law supports class actions. It supports it for the purpose of judicial efficiency. And so it puts on people the burden of opting out, otherwise, they're included. *There is no such policy in favor of releases. In fact, the policy is the opposite.* What I'm told [in] Metromedia is that they ought to be rare. . . .

*If we're going to seek consent, it ought to be real consent*, and it should be on an opt-in basis, not an opt-out basis.

Aegean Transcript at 28:1-29:6 (emphasis added).  The *SunEdison* court similarly observed that

The Debtors' argument that the Non-Voting Releasors' silence should be deemed their consent to the Release is not persuasive because the Debtors have not identified the source of their duty to speak. The Debtors do not contend that an ongoing course of conduct with their creditors gave rise to a duty to speak. . . .

Instead, the Debtors essentially contend that the warning in the Disclosure Statement and the ballots regarding the potential effect of silence gave rise to a duty to speak, and the Non-Voting Releasors' failure to object to or reject the Plan should be treated as their deemed consent to the Release. Indeed, this appears to be the unspoken rationale of the authorities cited by the Debtors. *The Debtors have failed, however, to show that the Non-Voting Releasors' silence was misleading or that it signified their consent to the Release. There are other plausible inferences that support the opposite inference. For example, the meager recoveries (here, less than 3% for the unsecured creditors) may explain their inaction without regard to the Release.*

*SunEdison*, 576 B.R. at 460-61 (emphasis added).

46.    The circumstances here are even more egregious.  In *SunEdison,* unsecured creditors were at least receiving *something* under the plan, yet the court noted that their miniscule recovery (not their magnanimous desire to grant a gratuitous third-party release) was a plausible

explanation for the fact that they did not vote. In *Chassix,* unsecured creditors faced the possibility of losing their distributions if their class did not accept the plan – but if their class did accept the plan, they stood to receive meaningful distributions.

47.     By contrast, Lead Plaintiffs and the Proposed Class are receiving nothing under the Plan, and thus are *not even entitled to vote*.  The opt-out mechanism is designed solely to engineer deemed "consent" that no rational, fully informed Proposed Class member would ever voluntarily give.  Members of the Proposed Class – to the extent they are even aware of the Chapter 11 Cases or the Plan at all – have little reason to do anything with respect to the Plan, much less find, review, and decipher a convoluted Third-Party Release, an exercise requiring sophisticated bankruptcy counsel to fully understand.  The proposed opt-out mechanism is simply a means of manufacturing illusory "consent" to a release that would amount to the "Court-endorsed trap for the careless or inattentive creditor" the *Chassix* court decried.  533 B.R. at 79.  "If . . . a Bankruptcy Court should be wary of imposing third party releases on creditors, then a Bankruptcy Court should be equally wary of approving voting procedures that effectively would impose those same releases on creditors who have not affirmatively manifested their consent to them."  *Id.*

**C.     The Debtors have not provided Proposed Class members with notice of the impact of the Third-Party Release and Opt-Out Election Form.**

48.      It is axiomatic that a court cannot alter the rights of parties who have not been given due process in the form of adequate notice and a fair opportunity to object.  *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15 (1950).  In *Mullane*, the Supreme Court held that:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

> present their objections . . . . The notice must be of such nature as
> reasonably to convey the required information . . . and it must
> afford a reasonable time for those interested to make their
> appearance . . . .

339 U.S. at 314 (internal citations omitted).

49.    Even if the opt-out mechanism in the Third-Party Release were appropriate, which it is not, the Third-Party Release nevertheless could not be approved because the Debtors failed to provide adequate notice of the Third-Party Release or the Opt-Out Election Form to all Proposed Class members.  The Debtors sent the Impaired Non-Voting Notice and Opt-Out Election Form to a number of nominee brokers and mailing agents with a request to pass these documents along to Proposed Class members.  *See* Docket No. 720.  However, in the absence of a court order directing the nominees and mailing agents to forward the Impaired Non-Voting Notice and Opt-Out Election Form to members of the Proposed Class, the Debtors' request had no more force than a mere suggestion.  That obviously is not a sufficient means of effectuating notice on prior securities purchasers.

**D.    The Impaired Non-Voting Notice and Opt-Out Election Form contained insufficient information for any Proposed Class members who did receive them to understand the scope and consequences of the Third-Party Release.**

50.    Irrespective of the extent to which the Impaired Non-Voting Notice and Opt-Out Election Form may have been served, the documents themselves made no mention whatsoever of the Securities Litigation, the Proposed Class, the Class Period, or the fact that the Third-Party Release is intended to release Proposed Class members' claims against the Non-Debtor Defendants in the Securities Litigation.

51.    Instead, the Impaired Non-Voting Notice and Opt-Out Election Form completely obfuscate the nature and extent of the claims the Debtors seek to release through the Third-Party Release, requiring Proposed Class members – who are receiving nothing under the Plan and are

not entitled to vote – not only read a notice from the Debtors, but also locate and review the Plan

and other complex documents *that were not served on members of the Proposed Class*.  This

convoluted procedure is the diametrical opposite of the means "such as one desirous of actually

informing the [Class] might reasonably adopt to accomplish it."  *See Mullane,* 339 U.S. at 315.

The notion that a Proposed Class member who has failed to undertake such a tortuous process

has somehow "consented" to granting the draconian Third-Party Release is utterly absurd.

> **E.      Proposed Class members are not knowingly or voluntarily granting the
> Third-Party Release.**

52.      As a general matter, releases of claims arising under federal laws must be granted

knowingly and voluntarily.  *See, e.g., Citibank Global Markets, Inc. v. Rodriguez Santana*, 573

F.3d 17, 23 n.6 (1st Cir. 2009); *cf. Romero v. Allstate Ins. Co*., 52 F.Supp.3d 715, 726 (3d Cir.

2014) (in the context of releases of claims arising under federal employment law, "[t]he essential

question is 'whether in the totality of the circumstances, the individual's waiver of his right can

be characterized as 'knowing and voluntary'") (citation omitted).  Because the claims and causes

of action in the Securities Litigation arise under federal statutory law, any release of those claims

must be knowing and voluntary – circumstances that are impossible to infer from inaction and

the artificial "consent" mechanism manufactured by the Debtors.  Quite the opposite, it defies

common sense to infer that Proposed Class members, who are receiving no recovery from the

Debtors under the Plan, would ever knowingly and voluntarily "consent" to release their valuable

claims against the Non-Debtor Defendants in exchange for absolutely nothing.

> **F.      The Court does not have jurisdiction or constitutional adjudicatory authority
> to approve the Third-Party Release on a non-consensual basis.**

53.      The Court "cannot simply presume it has jurisdiction in a bankruptcy case to

permanently enjoin third-party . . . actions against non-debtors."  *Gillman v. Continental Airlines*

*(In re Continental Airlines),* 203 F.3d 203, 214, n. 12 (3d Cir. 2000).  Because the opt-out

mechanism in the Third-Party Release is merely a façade, the Third-Party Release is effectively nonconsensual.  Lead Plaintiffs respectfully submit that the Court does not have jurisdiction or constitutional adjudicatory authority to release or enjoin claims of non-Debtors against other non-Debtors without voluntary and knowing consent, and thus should not confirm the Plan.

54.    Bankruptcy courts have core jurisdiction over four specific types of matters: "(1) cases under [the Bankruptcy Code], (2) proceeding[s] arising under [the Bankruptcy Code], (3) proceedings arising in a case under [the Bankruptcy Code], and (4) proceedings related to a case under [the Bankruptcy Code]." *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.),* 372 F.3d 154, 162 (3d Cir. 2004) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1334(a)-(b).

55.    A proceeding solely between non-debtor parties based on non-bankruptcy law, such as the Securities Litigation, can never fall within a bankruptcy court's "arising under" jurisdiction.  Rather, such proceedings can only lie within a Bankruptcy Court's "related to" jurisdiction, and then only "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted); *see also In re Combustion Eng'g, Inc.,* 391 F.3d 190, 226 (3d Cir. 2004).

56.    There are two situations in which Bankruptcy Courts can have "related to" jurisdiction to release claims of non-debtors against other non-debtors.  Such jurisdiction can exist where either (a) the lawsuit between non-debtors would trigger an automatic indemnification obligation on the part of the debtor, *see In re Federal-Mogul Global, Inc.,* 300 F.3d 368, 382 (3d Cir. 2002), or (b) the released non-debtor is making an essential financial

contribution to facilitate the debtor's reorganization (a very high bar, *see Combustion Eng'g*, 391 F.3d at 228).

57.    Notwithstanding the generalized phrasing of the *Pacor* test, more than just a tenuous connection to a debtor's estate is necessary for an action between non-debtor third parties to fall within the Court's "related to" jurisdiction.  *See Combustion Eng'g*, 391 F.3d at 226.  Rather, for "related to" jurisdiction to exist under the *Pacor* test, an action between third parties must automatically impact the estate without the need for a separate action (such as a lawsuit for indemnification or contribution) to impose liability on the debtor.  *See id.*

58.    Neither jurisdictional predicate exists here.  The Debtors have no post-confirmation indemnification obligations that could impact their estates in any way because the Non-Debtor Defendants are *former* officers and directors, and the Debtors are liquidating. Moreover, neither of the Non-Debtor Defendants are making any financial contribution to facilitate the Debtors' liquidation.

59.    Bankruptcy Courts' constitutional adjudicatory authority is specific and limited, and their subject-matter jurisdiction is statutorily defined and confined to the boundaries of that definition.  *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1945 (2015) (observing that "bankruptcy courts possess no free-floating authority to decide claims traditionally heard by Article III courts"); *Stern v. Marshall*, 564 U.S. 462 (2011); 28 U.S.C. § 157(a).  Rather, bankruptcy courts may only enter final judgments on non-core matters with the consent of the affected parties.  *Wellness*, 135 S. Ct. at 1949.  Lead Plaintiffs and the Proposed Class have not consented to the summary adjudication by this Court of their direct claims against the Non-Debtor Defendants in the Securities Litigation.  Those claims do not arise under the Bankruptcy Code, arise in or in any way relate to the Chapter 11 Cases, or have any connection whatsoever

to the claims administration process. As a result, this Court lacks jurisdiction and constitutional adjudicatory authority to approve a Third-Party Release that would effectuate a *de facto* adjudication or dismissal with prejudice of the claims of Lead Plaintiffs and the Proposed Class against the Non-Debtor Defendants in the Securities Litigation. *See Wellness*, 135 S. Ct. at 1945; *Stern*, 564 U.S. at 499 ("Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims reconciliation process."). Thus, the Plan cannot be confirmed with the Third-Party Release in its current form.

## II.    THE PLAN DOES NOT PROVIDE FOR THE PRESERVATION OF EVIDENCE POTENTIALLY RELEVANT TO THE SECURITIES LITIGATION AFTER THE EFFECTIVE DATE OF THE PLAN.

60.    The Plan contemplates the complete liquidation of the Debtors' estates and the creation of a liquidating trust. The Bankruptcy Code provides that a debtor is required to maintain and preserve its assets (including its books and records), unless otherwise authorized by order of the Bankruptcy Court after notice and an opportunity to be heard. *See* 11 U.S.C. §§ 363(b)(1) and 554(a); *see also* Fed. R. Bankr. P. 6004 and 6007(a). In addition, Ascena was (and remains, subject to the automatic stay) a defendant in the Securities Litigation prior to the Petition Date, and thus is subject to the evidence preservation requirements of the Private Securities Litigation Reform Act (the "PSLRA") 15 U.S.C. § 77u-4(b)(3)(C).

61.    The Plan, however, does not expressly provide for the preservation of any of the Debtors' books, records, or other evidence potentially relevant to the Securities Litigation after confirmation and the effective date of the Plan. Failure to preserve evidence so that it is available for discovery after the expiration of the PSLRA discovery stay would be severely prejudicial to Lead Plaintiffs and the Proposed Class – the very reason the PSLRA discovery stay

and the document preservation requirement exists.  Accordingly, the Plan cannot be confirmed unless the Plan or confirmation order expressly provides for the preservation of books, records, and other evidence potentially relevant to the Securities Litigation until the final resolution thereof.

### III.    THE PLAN DOES NOT PRESERVE THE CLAIMS OF LEAD PLAINTIFFS AND THE PROPOSED CLASS AGAINST THE DEBTORS TO THE EXTENT OF AVAILABLE INSURANCE.

62.    As of the effective date of the Plan, the Debtors "shall be deemed to have assumed all of the D&O Liability Insurance Policies (including, if applicable, any 'tail policy')" pursuant to section 365(a) of the Bankruptcy Code.  *See* Plan, Art. IV.O. However, despite the Debtors' assumption of the D&O Liability Insurance Policies, the Plan does not preserve the claims of Lead Plaintiffs and the Proposed Class against the Debtors to the extent of available insurance, if any.  Although Lead Plaintiffs and the Class are not entitled to any distribution from the Debtors' estates under the Plan because their claims are statutorily subordinated to general unsecured claims, there is no principled reason not to preserve their claims to the extent of available insurance under the D&O Liability Insurance Policies.  The failure to do so benefits only the Debtors' insurers at the expense of Lead Plaintiffs and the Proposed Class, with no corresponding benefit to the estate or any class of creditors.  The Plan should not be confirmed unless it is amended to preserve the claims of Lead Plaintiffs and the Proposed Class against the Debtors, solely to the extent of available insurance.

### RESERVATION OF RIGHTS

63.    This Supplemental Objection is based on the operative version of the Plan [Docket No. 1403] as of the date hereof.  To the extent (a) the Plan is further amended between the filing of this Supplemental Objection and the confirmation hearing and/or (b) Lead Plaintiffs

learn additional relevant information through discovery or otherwise, Lead Plaintiffs reserve the right to augment their Supplemental Objection and/or raise additional objections to the Plan, as may be further amended, at or prior to the confirmation hearing.

64.     Lead Plaintiffs reserve all rights, claims, causes of action, defenses, arguments, and counterarguments in connection with the Securities Litigation.  Nothing herein is intended to or shall be deemed to waive, alter, release, or otherwise impact any such rights, claims, causes of action, defenses, arguments, or counterarguments.

## **<u>CONCLUSION</u>**

65.     For the reasons set forth above, the Court should not confirm the Plan unless the issues raised herein are appropriately addressed.

*[ signature page follows ]*

**WHEREFORE**, Lead Plaintiffs respectfully request that the Court decline to confirm the

Plan unless the issues raised herein are adequately remedied.

Dated: February 4, 2021

Respectfully submitted,
/s/ Ronald A. Page, Jr.
Ronald A. Page, Jr. (VA 71343)
**RONALD PAGE, PLC**
P.O. Box 73087
N. Chesterfield, Virginia 23235
Telephone:    (804) 562-8704
Facsimile:    (804) 482-2427
Email:        rpage@rpagelaw.com

- and -

Michael S. Etkin (admitted *pro hac vice*)
Andrew Behlmann (admitted *pro hac vice*)
John P. Schneider (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone:    (973) 597-2500
Facsimile:    (973) 597-2333
Email:        metkin@lowenstein.com
Email:        abehlmann@lowenstein.com
Email:        jschneider@lowenstein.com

*Bankruptcy Counsel to the Lead Plaintiffs and
the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 4, 2021, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I shall also cause a copy of the foregoing to be served by email on the Core 2002 List, in the form attached hereto as **<u>Exhibit B</u>**, where an email address is indicated, and to be mailed by U.S. First Class Mail to the recipients where only a mailing address is indicated.

By    <u>/s/ Ronald A. Page, Jr.</u>
Counsel

## EXHIBIT A

Pages from Transcript of Hearing Held Feb. 14, 2019
In re Aegean Marine Petroleum Network Inc.
Case No. 18-13374-mew (Bankr. S.D.N.Y.)



Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 18-13374-mew

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   AEGEAN MARINE PETROLEUM NETWORK INC.,

8

9         Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                  United States Bankruptcy Court

13                  One Bowling Green

14                  New York, NY  10004

15

16                  February 14, 2019

17                  10:08 AM

18

19

20

21   B E F O R E :

22   HON MICHAEL E. WILES

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  MATTHEW

1   HEARING RE: Approval of disclosure Statement

2   Objections Filed

3

4   Application authorizing the employment and retention of

5   Moelis & Company LLC as its investment banker and financial

6   advisor for the Debtor effective nunc pro tunc to the

7   petition date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 28

1          THE COURT:  This is all about consent and what

2     consent means, right?  So you're basically urging me to say

3     that you need me to manufacture consent for you because we

4     know, we know in every one of these cases, there are people

5     who are going to get this big package and they're not going

6     to open it, or even if they open it, they're not going to

7     understand it, and they're not going to respond.  We know

8     that.  So all that this opt-out approach does is it seeks to

9     manufacture judicial deemed consent without an actual

10    thought process on behalf of the person whose consent is

11    being sought.

12          As I said in Chassix, there are times in the law

13    when policies put that burden on people.  The law supports

14    class actions.  It supports it for the purpose of judicial

15    efficiency.  And so it puts on people the burden of opting

16    out, otherwise, they're included.  There is no such policy

17    in favor of releases.  In fact, the policy is the opposite.

18    What I'm told me Metromedia is that they ought to be rare.

19    They are anything but rare.  I have not had a single Chapter

20    11 case in which people have not sought third-party

21    releases.  They're sought in every single case.

22          And to me, using an opt-out approach is not

23    consistent with what Metromedia tells me to do.  I know what

24    I said in Chassix.  I've been doing this job an extra almost

25    four years now, and I'm more firmly convinced.  I have never

 1    allowed an opt-out form.  I won't say that I can never be

 2    convinced that there are circumstances that require it, but

 3    nothing that you've said here convinces me that it's

 4    appropriate.  If we're going to seek consent, it ought to be

 5    real consent, and it should be on an opt-in basis, not an

 6    opt-out basis.

 7             MR. WINGER:  If I may respond to a few points,

 8    Your Honor.  The opt-out/opt-in issue applies to different

 9    stakeholders who frankly have a different set of facts

10    depending on where they're sitting.  So what Your Honor

11    described, I believe, was focused on folks that are entitled

12    to vote.  They get a massive solicitation package, and they

13    just throw it away.  That is one category of folks whose

14    consent would be deemed in the absence of taking an

15    affirmative step.

16             THE COURT:  Let me just say in plenty of cases, I

17    have approved voting in favor of the plan as a consent to

18    the releases.  I'm not taking that away from you.

19             MR. WINGER:  Correct.  So --

20             THE COURT:  I'm talking about people who fail to

21    vote or who vote no.

22             MR. WINGER:  So I believe we have what I'll call

23    four or five categories where consent is the opt-out versus

24    opt-in is relevant.  Obviously, we have parties that vote to

25    accept that is consistent with Your Honor's rulings in other

Exhibit B

*In re: Retail Group, Inc., et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO COLLIN COUNTY TAX ASSESSOR/COLLECTOR | ABERNATHY, ROEDER, BOYD & HULLETT, P.C. | ATTN: PAUL M. LOPEZ, LARRY R. BOYD, EMILY M. HAHN | 1700 REDBUD BLVD, STE. 300 | | MCKINNEY | TX | 75069 | | 214-544-4000 | 214-544-4040 | PLOPEZ@ABERNATHY-LAW.COM BANKRUPTCY@ABERNATHY-LAW.COM EHAHN@ABERNATHY-LAW.COM |
| TOP 50 CREDITOR | ACCENTURE LLP | ATTN: WILLIAM A HUESKE | 800 NORTH GLEBE ROAD | SUITE 700 | ARLINGTON | VA | 22203 | | 703-947-1232 | | JULIE.SWEET@ACCENTURE.COM WILL.HUESKE@ACCENTURE.COM |
| COUNSEL TO SP BOSSIER, L.L.C., AS SUCCESSOR-IN-INTEREST TO SP BOSSIER, L.L.C., EASTGATE ASSOCIATES, LLC, STIRLING LAFAYETTE, L.L.C., PREMIER CENTRE, L.L.C., RIVER CHASE SHOPPING CENTER, L.L.C., AS SUCCESSOR-IN-INTEREST TO S.M. SOUTH, L.L.C., TC CROSSING, L.L.C., AS SUCCESSOR-IN-INTEREST TO KIMCO HATTIESBURG L.P., MACARTHUR VILLAGE SPE, L.L.C., HAMMOND SQUARE, L.L.C., AS SUCCESSOR-IN-INTEREST TO PALACE PROPERTIES, L.L.C., AND FREMAUX TOWN CENTER SPE, L.L.C., AS SUCCESSOR-IN-INTEREST TO SLIDELL DEVELOPMENT COMPANY, L.L.C. | ADAMS AND REESE LLP | ATTN: JUSTIN R GLENN | 701 POYDRAS STREET | SUITE 4500 | NEW ORLEANS | LA | 70139 | | 504-581-3234 | 504-566-0210 | JUSTIN.GLENN@ARLAW.COM |
| ADP | ADP | ATTN: DAVID SMITH AND ANN HAMMENECKER | | | | | | | | | David.M.Smith@ADP.com Ann.Hammenecker@ADP.com |
| TOP 50 CREDITOR | AJG INC | ATTN: J. PATRICK GALLAGHER JR. | 2850 GOLF ROAD | | ROLLING MEADOWS | IL | 60008 | | 630-773-3800 | 630-285-4000 | |
| COUNSEL TO ALDINE INDEPENDENT SCHOOL DISTRICT | ALDINE INDEPENDENT SCHOOL DISTRICT | ATTN: PAMELA H. WALTERS | 2520 W.W. THORNE DRIVE | | HOUSTON | TX | 77073 | | 281-985-6319 | 281-985-6321 | BNKATTY@ALDINEISD.ORG |
| DIP TERM LOAN AGENT | ALTER DOMUS | ATTN: PRESIDENT OR GENERAL COUNSEL | 225 W. WASHINGTON ST. | | CHICAGO | IL | 60606 | | +352 48 18 28 1 | +352 48 18 63 | HENDRIK.VANDERZANDT@ALTERDOMUS.COM LEGAL@ALTERDOMUS.COM |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | AMANDA MEO | ATTN: GREGG SCHAVITZ | SHAVITZ LAW GROUP, P.A. | 951 YAMATO ROAD, SUITE 285 | BOCA RATON | FL | 33431 | | | | |
| COUNSEL TO LRC MENTOR INVESTORS, LLC | AMER CUNNINGHAM CO., L.P.A | ATTN: RICHARD P. SCHROETER JR. | ONE CASCADE PLAZA, SUITE 1510 | | AKRON | OH | 44308 | | 330-762-2411 | 330-762-9918 | RSCHROETER@AMER-LAW.COM |
| TOP 50 CREDITOR | ANANTA SPORTSWEAR LIMITED | ATTN: AMIN KHAN | 2071, N. COLLINS BLVD. | STE 201 | RICHARDSON | TX | 75080 | | 972-759 0732 | 972-692-8826 | AMIN@BIMPEX.COM SAJED@ANANTA.COM.BD |
| DEBTORS | ASCENA RETAIL GROUP, INC. | ATTN: PRESIDENT OR GENERAL COUNSEL | 933 MACARTHUR BOULEVARD | | MAHWAH | NJ | 07430 | | | | MICHAEL.VEITENHEIMER@ASCENARETAIL.COM ASCENA@PROVINCEFIRM.COM |
| COUNSEL TO RETAILMENOT, INC. | ASHBY & GEDDES, P.A. | ATTN: GREGORY A. TAYLOR, ESQ., STACY L. NEWMAN, ESQ. | 500 DELAWARE AVENUE, 8TH FLOOR | P.O. BOX 1150 | WILMINGTON | DE | 19899-1150 | | 302-654-1888 | 302-654-2067 | GTAYLOR@ASHBYGEDDES.COM SNEWMAN@ASHBYGEDDES.COM |
| TOP 50 CREDITOR | ASMARA INTERNATIONAL LIMITED | ATTN: VENKY NAGAN | UNIT 8B, TONG YUEN FACTORY BUILDING | 505 CASTLE PEAK ROAD | LAI CHI KOK, KOWLOON | | | HONG KONG | +852-27442255 | +852-27442244 | CONTACT@ASMARAGROUP.COM |
| COUNSEL TO BEAR VALLEY PARTNERS, LP | BAIRD MANDALAS BROCKSTEDT, LLC | ATTN: STEPHEN W. SPENCE | 1413 SAVANNAH ROAD | SUITE 1 | LEWES | DE | 19958 | | 302-645-2262 | 302-644-0306 | SWS@BMBDE.COM |
| COUNSEL TO JRA HHF VENTURE LLC AND HART TC I-III LLC | BAKER DONELSON BEARMAN, CALDWELL & BERKOWITZ, PC | ATTN: J. DAVID FOLDS | 901 K STREET, NW | SUITE 900 | WASHINGTON | DC | 20001 | | 202-508-3441 | 202-220-2241 | JFOLDS@BAKERDONELSON.COM |
| COUNSEL TO G&I IX CAMP CREEK PROPERTY LLC AND NP/I&G EAST CHASE PROPERTY OWNER LLC | BAKER DONELSON BEARMAN, CALDWELL & BERKOWITZ, PC | ATTN: J. DAVID FOLDS | 901 K STREET, NW | SUITE 900 | WASHINGTON | DC | 20001 | | 202-508-3441 | 202-220-2241 | JFOLDS@BAKERDONELSON.COM |
| COUNSEL TO THE SCHEDULE A LANDLORDS | BALLARD SPAHR LLP | ATTN: DUSTIN P. BRANCH, ESQ. | 2029 CENTURY PARK EAST | SUITE 800 | LOS ANGELES | CA | 90067-2909 | | 424-204-4354 | 424-204-4350 | BRANCHD@BALLARDSPAHR.COM |
| COUNSEL TO THE SCHEDULE A LANDLORDS | BALLARD SPAHR LLP | ATTN: LESLIE C. HEILMAN, ESQ., LAUREL D. ROGLEN, ESQ. | 919 N. MARKET STREET | 11TH FLOOR | WILMINGTON | DE | 19801-3034 | | 302-252-4465 | 302-252-4466 | HEILMANL@BALLARDSPAHR.COM ROGLENL@BALLARDSPAHR.COM |
| COUNSEL TO DLC MANAGEMENT CORP., HORIZON GROUP PROPERTIES, INC., INLAND COMMERCIAL REAL ESTATE SERVICES LLC, NATIONAL REALTY & DEVELOPMENT CORPORATION, PYRAMID MANAGEMENT GROUP, LLC, RIVERCREST REALTY ASSOCIATES, LLC, RPT REALTY, L.P. AND SITE CENTERS CORP | BARCLAY DAMON LLP | ATTN: KEVIN M. NEWMAN | BARCLAY DAMON TOWER | 125 EAST JEFFERSON STREET | SYRACUSE | NY | 13202 | | 315-413-7115 | 315-703-7349 | KNEWMAN@BARCLAYDAMON.COM |
| COUNSEL TO WESTFIELD, LLC AND BROOKS SHOPPING CENTERS, LLC | BARCLAY DAMON LLP | ATTN: NICLAS A. FERLAND, ILAN MARKUS | 545 LONG WHARF DRIVE | 9TH FLOOR | NEW HAVEN | CT | 06511 | | 203-672-2667 | 203-654-6274 | IMARKUS@BARCLAYDAMON.COM NFERLAND@BARCLAYDAMON.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO DLC MANAGEMENT CORP., HORIZON GROUP PROPERTIES, INC., INLAND COMMERCIAL REAL ESTATE SERVICES LLC, NATIONAL REALTY & DEVELOPMENT CORPORATION, PYRAMID MANAGEMENT GROUP, LLC, RIVERCREST REALTY ASSOCIATES, LLC, RPT REALTY, L.P., SITE CENTERS CORP, WESTFIELD, LLC AND BROOKS SHOPPING CENTERS, LLC | BARCLAY DAMON LLP | ATTN: SCOTT L. FLEISCHER | 1270 AVENUE OF THE AMERICAS | SUITE 501 | NEW YORK | NY | 10020 | | 212-784-5810 | 212-784-5799 | SFLEISCHER@BARCLAYDAMON.COM |
| COUNSEL TO JOHN GALLIN & SON | BARTON LLP | ATTN: ERIC W. SLEEPER | 711 THIRD AVENUE | 14TH FLOOR | NEW YORK | NY | 10017 | | 212-687-6262 | 212-687-3667 | ESLEEPER@BARTONESQ.COM |
| COUNSEL TO PINE STREET FLATS, LLC | BASS, BERRY & SIMS PLC | ATTN: PAUL G. JENNINGS | 150 THIRD AVENUE SOUTH | SUITE 2800 | NASHVILLE | TN | 37201 | | 615-742-6267 | 615-742-2767 | PJENNINGS@BASSBERRY.COM |
| COUNSEL TO ASH TREE SQUARE, LLC | BAYARD, PA | ATTN: EVAN T MILLER, SCOTT D JONES | 600 N KING STREET | SUITE 400 | WILMINGTON | DE | 19801 | | 302-655-5000 | 302-658-6395 | EMILLER@BAYARDLAW.COM SJONES@BAYARDLAW.COM |
| COUNSEL TO PPG SHADOW REAL ESTATE LLC AND PREP HILLSIDE REAL ESTATE LLC | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | ATTN: KEVIN M. CAPUZZI JOHN C. GENTILE | 1313 N. MARKET STREET | SUITE 1201 | WILMINGTON | DE | 19801 | | 302-442-7010 | 302-442-7012 | KCAPUZZI@BENESCHLAW.COM JGENTILE@BENESCHLAW.COM |
| TOP 50 CREDITOR | BOSTON PROPERTIES LIMITED PARTNERSHIP | ATTN: DOUGLAS T. LINDE | 800 BOYLSTON STREET AT THE PRUDENTIAL CENTER | | BOSTON | MA | 02199-8103 | | 617-236-3300 | 617-536-5087 | |
| COUNSEL TO BROOKFIELD PROPERTIES RETAIL, INC. AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS | BROOKFIELD PROPERTIES RETAIL, INC. | ATTN: KRISTEN N. PATE AND JULIE (MINNICK) BOWDEN | 350 N. ORLEANS STREET | SUITE 300 | CHICAGO | IL | 60654-1607 | | 312-960-2940; 312-213-9545 | 312-442-6374 | BK@BROOKFIELDPROPERTIESRETAIL.COM JULIE.BOWDEN@BROOKFIELDPROPERTIESRETAIL.COM |
| COUNSEL FOR SAP INDUSTRIES, INC. | BROWN & CONNERY, LLP | ATTN: DONALD K. LUDMAN, ESQ. | 6 NORTH BROAD STREET | SUITE 100 | WOODBURY | NJ | 08096 | | 856-812-8900 | 856-853-9933 | DLUDMAN@BROWNCONNERY.COM |
| COUNSEL TO ORACLE AMERICA, INC. | BUCHALTER, PC | ATTN: SHAWN M. CHRISTIANSON, ESQ. | 55 SECOND STREET | 17TH FLOOR | SAN FRANCISCO | CA | 94105-3493 | | 415-227-0900 | 415-227-0770 | SCHRISTIANSON@BUCHALTER.COM |
| COUNSEL TO KENDALL VILLAGE ASSOCIATES, LTD. | BUCHANAN INGERSOLL & ROONEY PC | ATTN: MARY F. CALOWAY | 919 N. MARKET STREET | SUITE 990 | WILMINGTON | DE | 19801 | | 302-552-4209 | 302-552-4295 | MARY.CALOWAY@BIPC.COM |
| COUNSEL TO COMENITY BANK | BURR & FORMAN LLP | ATTN: J. CORY FALGOWSKI | 1201 N. MARKET STREET, SUITE 1407 | | WILMINGTON | DE | 19801 | | 302-830-2312 | 302-397-2566 | JFALGOWSKI@BURR.COM |
| COUNSEL TO COMENITY BANK | BURR & FORMAN LLP | ATTN: J. ELLSWORTH SUMMERS, JR. | 50 NORTH LAURA STREET, SUITE 3000 | | JACKSONVILLE | FL | 32202 | | 904-724-7203 | 904-232-7201 | ESUMMERS@BURR.COM |
| COUNSEL TO COMENITY BANK | BURR & FORMAN LLP | ATTN: JAMES H. HAITHCOCK, III | 420 N. 20TH STREET, 3400 | | BIRMINGHAM | AL | 35203 | | 205-458-5277 | 205-244-5674 | JHAITHCOCK@BURR.COM |
| TOP 50 CREDITOR | BUSANA APPAREL PTE LTD | ATTN: MR. MANIWANEN | AXA TOWER 41ST & 43RD FLOOR | JALAN PROF. DR. SATRIO KAV. 18 KUNINGAN CITY | KUNINGAN, SETIABUDI | | JAKARTA 12940 | INDONESIA | +6221-522-9344 | +6221-3005-6052 | |
| COUNSEL TO GREAT EAST MALL, INC. DBA GREAT EAST PLAZA, KENNEDY MALL, LTD. DBA KENNEDY MALL, THE MARION PLAZA, INC. DBA EASTWOOD MALL, GOVERNOR'S SQUARE COMPANY DBA GOVERNOR'S SQUARE MALL, HUNTINGTON MALL COMPANY DBA HUNTINGTON MALL, OHIO VALLEY MALL COMPANY DBA OHIO VALLEY MALL, THE CAFARO NORTHWEST PARTNERSHIP DBA SOUTH HILL MALL, CAFARO-PEACHCREEK JOINT VENTURE PARTNERSHIP DBA MILLCREEK MALL, MEADOWBROOK MALL COMPANY DBA MEADOWBROOK MALL, KENTUCKY OAKS MALL COMPANY DBA KENTUCKY OAKS MALL, AND SPOTSYLVANIA MALL COMPANY DBA SPOTSYLVANIA TOWNE CENTRE | CAFARO MANAGEMENT COMPANY | ATTN: LINDSEY M. HARRISON MADGAR, RICHARD T. DAVIS | 5577 YOUNGSTOWN-WARREN RD. | | NILES | OH | 44446 | | 330-747-2661 | 330-743-2902 | LMADGAR@CAFAROCOMPANY.COM |
| COUNSEL TO JANE R. MOE | CANFIELD WELLS, LLP | ATTN: ROBERT A. CANFIELD, ESQ. | 4124 E. PARHAM ROAD | | RICHMOND | VA | 23228 | | 804-673-6600 | 804-673-6604 | BOB@CWKLLP.COM |
| TOP 50 CREDITOR | CBL & ASSOCIATES, INC. | ATTN: STEPHEN D. LEBOVITZ | CBL CENTER, SUITE 500 | 2030 HAMILTON PLACE BLVD. | CHATTANOOGA | TN | 37421 | | 432-855-0001 | | |
| CHATHAM COUNTY TAX COMMISSIONER | CHATHAM COUNTY TAX COMMISSIONER | ATTN: THERESA C. HARRELSON | P.O. BOX 8324 | | SAVANNAH | GA | 31412-8324 | | 912-652-7109 | 912-652-7101 | |
| TOP 50 CREDITOR | CHOI & SHIN'S CO.,LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | 61 BUKCHON-RO, JONGNO-GU | | SEOUL | | 110260 | SOUTH KOREA | +82-232947200 | | |
| COUNSEL TO PSLP LLC, A NEW JERSEY LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO PALMER SQUARE | CLARK HILL PLC | ATTN: ALEXANDER R. GREEN | 1001 PENNSYLVANIA AVENUE, NW | SUITE 1300 SOUTH | WASHINGTON | DC | 20004 | | 202-552-2373 | 202-640-6691 | AGREEN@CLARKHILL.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO FAIRLANE 28, LLC, VORH ASSOCIATES, LLC, SOUTHLAND MALL ANNEX, LLC, VESTAR RW TEMPE MARKETPLACE, LLC, VESTAR DRM OPCO, LLC, VESTAR LPTC, LLC, VESTAR QCM, LLC, GREEN OAK OWNER 1, LLC, BALDWIN COMMONS, LLC, VESTAR ORCHARD TOWN CENTER, LLC, CPT CREEKSIDE TOWN CENTER, LLC, CPT SHOPS AT ROSSMOOR LLC, BRVC, LLC, AND CE BOULEVARD PHASE I, LLC | CLARK HILL PLC | ATTN: DAVID M. BLAU, ESQ. | 151 S. OLD WOODWARD AVE. | STE. 200 | BIRMINGHAM | MI | 48009 | | 248-988-1817 | 248-988-2336 | DBLAU@CLARKHILL.COM |
| COUNSEL TO FULLBEAUTY BRANDS OPERATIONS, LLC | CLEARY GOTTLIEB STEEN & HAMILTON, LLP | ATTN: LISA M. SCHWEITZER, ESQ. | ONE LIBERTY PLAZA | | NEW YORK | NY | 10006 | | 212-225-2629 | 212-225-3999 | LSCHWEITZER@CGSH.COM |
| COUNSEL TO SIL-WAY LLC | COATS ROSE, P.C. | ATTN: NANCY H. HAMREN | 9 GREENWAY PLAZA, SUITE 1000 | | HOUSTON | TX | 77046 | | 713-653-7362 | 713-651-0220 | NHAMREN@COATSROSE.COM |
| COUNSEL TO AKAMAI TECHNOLOGIES, INC. | COHNE KONGHORN, P.C. | ATTN: GEORGE B. HOFMANN | 111 EAST BROADWAY | 11TH FLOOR | SALT LAKE CITY | UT | 84111 | | 801-363-4300 | 801-363-4378 | GHOFMANN@CK.LAW |
| COUNSEL TO COLONNADE II LP, DELCO PLAZA I, L.P AND CFC PHASE II, LLC | COLE SCHOTZ P.C. | ATTN: ANDREW L. COLE | 300 E. LOMBARD STREET | SUITE 1450 | BALTIMORE | MD | 21202 | | 410-528-2980 | 410-528-9408 | ACOLE@COLESCHOTZ.COM |
| COUNSEL TO DEBTORS | COOLEY LLP | ATTN: CULLEN D. SPECKHART, OLYA ANTLE | 1299 PENNSYLVANIA AVENUE, NW, SUITE 700 | | WASHINGTON | DC | 20004-2400 | | 202-842-7800 | 202-842-7899 | CSPECKHART@COOLEY.COM |
| COUNSEL TO DEBTORS | COOLEY LLP | ATTN: JAY INDYKE | 55 HUDSON YARDS | | NEW YORK | NY | 10001-2157 | | 212-479-6000 | 212-479-6275 | JINDYKE@COOLEY.COM OANTLE@COOLEY.COM |
| COUNSEL TO THE COUNTY OF LOUDOUN, VIRGINIA | COUNTY ATTORNEY | ATTN: STEVEN F. JACKSON, LEO P. ROGERS | ONE HARRISON STREET, S.E., 5TH FLOOR | P.O. BOX 7000 | LEESBURG | VA | 20177-7000 | | 703-777-0549 | 703-771-5025 | STEVE.JACKSON@LOUDOUN.GOV |
| TOP 50 CREDITOR | CRYSTAL ELEGANCE INDUSTRIAL LIMITED | ATTN: LAM ANTHONY | 71 HOW MING STREET | | KWUN TONG, KOWLOON | | | HONG KONG | | | INFO@CRYSTALGROUP.COM |
| COUNSEL TO FREEPORT PREMIUM LLC, SHULPORT LLC, FREEPORT RETAIL, LLC AND PENLAND FREEPORT LLC | CULLEN AND DYKMAN, LLP | ATTN: MICHELLE MCMAHON | 44 WALL ST. | | NEW YORK | NY | 10282 | | 215-510-2296 | | MMCMAHON@CULLENLLP.COM |
| COUNSEL TO HAGAN PROPERTIES, INC. | DENTONS BINGHAM GREENEBAUM LLP | ATTN: JAMES IRVING, ESQ | 3500 PNC TOWER | 01 SOUTH FIFTH STREET | LOUISVILLE | KY | 40202 | | 502-649-3199 | | JAMES.IRVING@DENTONS.COM |
| COUNSEL TO CR MOUNT PLEASANT, LLC | DLA PIPER LLP | ATTN: JENNIFER M. KAPPEL | ONE FOUNTAIN SQUARE | 11911 FREEDOM DRIVE, SUITE 300 | RESTON | VA | 20190 | | 703-773-4266 | 703-773-5266 | JENNIFER.KAPPEL@DLAPIPER.COM |
| COUNSEL TO CR MOUNT PLEASANT, LLC | DLA PIPER LLP | ATTN: RICHARD M. KREMEN, VIRGINIA R. CALLAHAN | 6225 SMITH AVENUE | | BALTIMORE | MD | 21209 | | 410-580-3000 | 410-580-3001 | RICHARD.KREMEN@DLAPIPER.COM VIRGINIA.CALLAHAN@DLAPIPER.COM |
| COUNSEL TO WESTFIELD, LLC AND BROOKS SHOPPING CENTERS, LLC | ECKERT SEAMANS CHERIN & MELLOTT, LLC | ATTN: CHRISTOPHER L. PERKINS | 919 EAST MAIN STREET | SUITE 1300 | RICHMOND | VA | 23219 | | 804-788-9636 | 804-698-2950 | CPERKINS@ECKERTSEAMANS.COM |
| COUNSE TO ALSHAYA TRADING CO. W.L.L. | ECKERT SEAMANS CHERIN & MELLOTT, LLC | ATTN: CHRISTOPHER L. PERKINS | 919 EAST MAIN STREET, SUITE 1300 | | RICHMOND | VA | 23219 | | 804-788-9636 | 804-698-2950 | CPERKINS@ECKERTSEAMANS.COM |
| COUNSEL TO PLD USLV ALESSANDRO DC, LP (F/K/A IPT ALESSANDRO DC, LP) | FAEGRE DRINKER BIDDLE & REATH LLP | ATTN: KYLE R. HOSMER | 1144 15TH STREET, SUITE 3400 | | DENVER | CO | 80202 | | 303-607-3500 | 303-607-3600 | KYLE.HOSMER@FAEGREDRINKER.COM |
| COUNSEL TO CORD MEYER DEVELOPMENT LLC | FARRELL FRITZ, P.C. | ATTN: PATRICK COLLINS, VERONIQUE A. URBAN | 400 RXR PLAZA | | UNIONDALE | NY | 11556 | | 516-227-0700 | 516-227-0777 | PCOLLINS@FARRELLFRITZ.COM VURBAN@FARRELLFRITZ.COM |
| COUNSEL TO KYUNG SEUNG CO., LTD. | FOX ROTHSCHILD LLP | ATTN: DIANA LYN CURTIS MCGRAW | 1030 15TH STREET, N.W. | SUITE 380 EAST | WASHINGTON | DC | 20005 | | 202-461-3100 | | DMCGRAW@FOXROTHSCHILD.COM |
| COUNSEL TO KYUNG SEUNG CO., LTD. | FOX ROTHSCHILD LLP | ATTN: ROBERT M. FISHMAN, ESQ, MARK L. RADTKE, ESQ, CHRISTINA M. SANFELIPPO, ESQ | 321 N CLARK STREET | STE. 1600 | CHICAGO | IL | 60654 | | 312-517-9200 | | RFISHMAN@FOXROTHSCHILD.COM MRADTKE@FOXROTHSCHILD.COM CSANFELIPPO@FOXROTHSCHILD.COM |
| COUNSEL TO EXPERIAN MARKETING SOLUTIONS, LLC | FRANKGECKER LLP | ATTN: JOSEPH D. FRANK, KAREN V. NEWBURY | 1327 W. WASHINGTON BLVD | SUITE 5G-H | CHICAGO | IL | 60607 | | 312-276-1400 | 312-276-0035 | JFRANK@FGLLP.COM KNEWBURY@FGLLP.COM |
| COUNSEL TO LRC MENTOR INVESTORS, LLC | FRANKLIN & PROKOPIK, P.C. | ATTN: REBECCA DANNENBERG, AARON J. CHEATHAM | 2325 DULLES CORNER BLVD., SUITE 1150 | | HERNDON | VA | 20171 | | 703-793-1800 | 703-793-0298 | RDANNENBERG@FANDPNET.COM ACHEATHAM@FANDPNET.COM |
| COUNSEL TO THE REALTY ASSOCIATES FUND X, L.P. | FRIEDLANDER MISLER, PLLC | ATTN: THOMAS F. MURPHY, ESQ. | 5335 WISCONSIN AVENUE, N.W. | SUITE 600 | WASHINGTON | DC | 20015 | | 202-872-0800 | 202-857-8343 | TMURPHY@DCLAWFIRM.COM |
| COUNSEL TO LAKEWOOD ASSOCIATES, LLC AND BELLA TERRA ASSOCIATES, LLC | FRIEDMAN LAW GROUP, P.C. | ATTN: J. BENNETT FRIEDMAN | 1901 AVENUE OF THE STARS | SUITE 1000 | LOS ANGELES | CA | 90067 | | 310-552-8210 | 310-733-5442 | JFRIEDMAN@FLG-LAW.COM |
| COUNSEL TO WASHINGTON PRIME GROUP INC. | FROST BROWN TODD LLC | ATTN: RONALD E. GOLD, A.J. WEBB, ERIN SEVERINI AND KENDAL HARDISON | 3300 GREAT AMERICAN TOWER | 301 EAST FOURTH STREET | CINCINNATI | OH | 45202 | | 513-651-6800 | 513-651-6981 | RGOLD@FBTLAW.COM AWEBB@FBTLAW.COM ESEVERINI@FBTLAW.COM KHARDISON@FBTLAW.COM |
| TOP 50 CREDITOR | GAURAV INTERNATIONAL | ATTN: ANJU SACHDEVA | 198, UDYOG VIHAR PHASE 1 | UDYOG VIHAR, SECTOR 20 | GURUGRAM, HARYANA | | 122001 | INDIA | +91 124 480 3900 | +91 124 2439710 | GINTL@RICHAGROUP.COM |
| COUNSEL TO MARPLE XYZ ASSOCIATES, L.P. | GLASSER AND GLASSER, P.L.C. | ATTN: ROBYN D. PEPIN | CROWN CENTER, SUITE 600 | 580 EAST MAIN STREET | NORFOLK | VA | 23510 | | 757-625-6787 | 757-625-5959 | RPEPIN@GLASSERLAW.COM |
| COUNSEL FOR UNION STATION VENTURE II LLC | GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP | ATTN: J. TED DONOVAN, ESQ. | 1501 BROADWAY, 22ND FLOOR | | NEW YORK | NY | 10036 | | 212-221-5700 | 212-221-6532 | TDONOVAN@GWFGLAW.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TERM AGENT | GOLDMAN SACHS BANK USA | ATTN: ANISHA MALHOTRA | 200 WEST STREET | | NEW YORK | NY | 10282-2198 | | | | GSD.LINK@GS.COM AADHARSH.CHANDRA@GS.COM KRISTINA.BARTON@GS.COM KRISTEN.MCDUFFY@GS.COM GS-SBDAGENCY-BORROWERNOTICES@GS.COM |
| TERM AGENT | GOLDMAN SACHS BANK USA | ATTN: SBD OPERATIONS | C/O GOLDMAN, SACHS & CO. | 30 HUDSON STREET, 36TH FLOOR | JERSEY CITY | NJ | 07302 | | | | GSD.LINK@GS.COM AADHARSH.CHANDRA@GS.COM KRISTINA.BARTON@GS.COM KRISTEN.MCDUFFY@GS.COM GS-SBDAGENCY-BORROWERNOTICES@GS.COM |
| COUNSEL TO METLIFE LANDLORDS | GOODWIN PROCTER LLP | ATTN: GREGORY W. FOX, ESQ, STACY DASARO, ESQ. | THE NEW YORK TIMES BUILDING | 620 EIGHTH AVENUE | NEW YORK | NY | 10018 | | 212-813-8800 | 212-355-3333 | GFOX@GOODWINLAW.COM |
| COUNSEL TO REEP-RTL DTC VA LLC | GOODWIN PROCTER LLP | ATTN: GREGORY W. FOX, ESQ, STACY DASARO, ESQ. | THE NEW YORK TIMES BUILDING | 620 EIGHTH AVENUE | NEW YORK | NY | 10018 | | 212-813-8800 | 212-355-3333 | SDASARO@GOODWINLAW.COM SDASARO@GOODWINLAW.COM |
| COUNSEL TO W/S/M HINGHAM PROPERTIES LLC, ET AL. | GOULSTON & STORRS PC | ATTN: VANESSA P. MOODY, ESQ. | 400 ATLANTIC AVENUE | | BOSTON | MA | 02110-3333 | | 617-482-1776 | | VMOODY@GOULSTONSTORRS.COM |
| COUNSEL TO SB360 CAPITAL PARTNERS, LLC, INVESCO ADVISORS, INC., RCPI LANDMARK PROPERTIES, L.L.C. | GREENBERG TRAURIG, LLP | ATTN: THOMAS J. MCKEE, JR. | 1750 TYSONS BOULEVARD | SUITE 1000 | MCLEAN | VA | 22102 | | 703-749-1300 | 703-749-1301 | MCKEET@GTLAW.COM |
| COUNSEL TO ZLOTNICK & KRAFT-D.C., LLC | GREENSTEIN DELORME & LUCHS, P.C. | ATTN: GWYNNE L. BOOTH | 801 17TH STREET, N.W. | SUITE 1000 | WASHINGTON | DC | 20006 | | 202-452-1400 | 202-452-1410 | GLB@GDLLAW.COM |
| COUNSEL TO AMERICAN NATIONAL INSURANCE COMPANY | GREER, HERZ & ADAMS, LLP | ATTN: FREDERICK BLACK, TARA B. ANNWEILER, MARC D. YOUNG | ONE MOODY PLAZA | 18TH FLOOR | GALVESTON | TX | 77550 | | 409-797-3200 | 409-766-6424 | TANNWEILER@GREERHERZ.COM |
| TOP 50 CREDITOR | GUANGDONG SINGWEAR GARMENTS CO LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | XIANGANG INDUSTRIAL PARK | SIMAPU TOWN, CHAONAN DISTRICT GUANGDONG PROVINCE | SHANTOU CITY | | | CHINA | +86-0754-82201270 | +86-754-87715720 | |
| COUNSEL TO IRON MOUNTAIN INFORMATION MANAGEMENT, INC. | HACKETT FEINBERG P.C. | ATTN: FRANK F. MCGINN | 155 FEDERAL STREET, 9TH FLOOR | | BOSTON | MA | 02110 | | 617-422-0200 | 617-422-0383 | FFM@BOSTONBUSINESSLAW.COM |
| TOP 50 CREDITOR | HANGZHOU LINGXIU KNITTING CO LTD | ATTN: JARED LU | 418 HENGFU ROAD | HENGCUN TOWN TONGLU COUNTY | ZHEJIANG | | | CHINA | +86-571-64673088 | | JARED_LU@LINXIU.COM |
| COUNSEL TO GAZIT HORIZONS (MARKETPLACE) LLC | HERRICK, FEINSTEIN LLP | ATTN: STEPHEN B. SELBST | TWO PARK AVENUE | | NEW YORK | NY | 10016 | | 212-592-1400 | 212-592-1500 | SSELBST@HERRICK.COM |
| COUNSEL TO NOD BROOK OWNER, LLC | HINCKLEY, ALLEN & SNYDER LLP | ATTN: JENNIFER V. DORAN, ESQ. | 28 STATE STREET | | BOSTON | MA | 02109 | | 617-345-9000 | 617-345-9020 | JDORAN@HINCKLEYALLEN.COM |
| TOP 50 CREDITOR | HIP SING CHINA INDUSTRIAL LIMITED | ATTN: ADA LAU | UNIT B5, 6/F BLK 2, CAMELPAINT BLDG | 62 HOI YUEN ROAD | KWUN TONG, KOWLOON | | | HONG KONG | +852-23905128 | +852-23915128 | |
| COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS | HIRSCHLER FLEISCHER, P.C. | ATTN: ROBERT WESTERMANN, LAWRENCE KATZ, DAVID SWAN & BRITNEY B FALLABELLA | THE EDGEWORTH BUILDING | 2100 EAST CARY STREET | RICHMOND | VA | 23223 | | 804-771-9500 | 804-644-0957 | RWESTERMANN@HIRSCHLERLAW.COM LKATZ@HIRSCHLERLAW.COM DSWAN@HIRSCHLERLAW.COM BFALABELLA@HIRSCHLERLAW.COM |
| COUNSEL TO DIP TERM LOAN AGENT | HOLLAND & KNIGHT | ATTN: JOSHUA SPENCER | 150 NORTH RIVERSIDE PLAZA, SUITE 2700 | | CHICAGO | IL | 60606 | | 312-715-5709 | | JOSHUA.SPENCER@HKLAW.COM |
| COUNSEL TO PLAZA LAS AMERICAS, INC. | HOLLAND & KNIGHT LLP | ATTN: JOAQUIN J. ALEMANY AND JOSE A. CASAL | 701 BRICKELL AVENUE | SUITE 3300 | MIAMI | FL | 33131 | | 305-789-7763 | 305-789-7799 | JOAQUIN.ALEMANY@HKLAW.COM JOSE.CASAL@HKLAW.COM |
| COUNSEL TO PLAZA LAS AMERICAS, INC. | HOLLAND & KNIGHT LLP | ATTN: RICHARD E. LEAR | 800 17TH STREET N.W., SUITE 1100 | | WASHINGTON | DC | 20006 | | 202-457-7049 | 202-955-5564 | RICHARD.LEAR@HKLAW.COM |
| COUNSEL TO JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | HUNTON ANDREWS KURTH LLP | ATTN: TYLER BROWN, JUSTIN PAGET, JENNIFER WUEBKER | RIVERFRONT PLAZA, EAST TOWER | 951 EAST BYRD STREET | RICHMOND | VA | 23219 | | 804-788-8200 | 804-788-8218 | TPBROWN@HUNTONAK.COM JPAGET@HUNTONAK.COM JWUEBKER@HUNTONAK.COM |
| TOP 50 CREDITOR | IBM CORPORATION | ATTN: PRESIDENT OR GENERAL COUNSEL | 1 NEW ORCHARD ROAD | | ARMONK | NY | 10504-1722 | | 914-499-1900 | 914-765-4190 | |
| COUNSEL TO FOUR STORIES, LLC | ICE MILLER LLP | ATTN: LOUIS T. DELUCIA, ALYSON M. FIEDLER | 1500 BROADWAY | SUITE 2900 | NEW YORK | NY | 10036 | | 212-835-6315 | | LOUIS.DELUCIA@ICEMILLER.COM ALYSON.FIEDLER@ICEMILLER.COM |
| COUNSEL TO IMPERIAL COUNTY TREASURER-TAX COLLECTOR | IMPERIAL COUNTY TREASURER-TAX COLLECTOR | ATTN: FLORA OROPEZA | 940 WEST MAIN STREET | SUITE 106 | EL CENTRO | CA | 92243 | | | | |
| IRS INSOLVENCY SECTION | INTERNAL REVENUE SERVICE | ATTN: CENTRALIZED INSOLVENCY OPERATION | P.O. BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | 800-973-0424 | 855-235-6787 | |
| INTERNAL REVENUE SERVICE | INTERNAL REVENUE SERVICE | ATTN: LINDA LORELLO | 400 N. 8TH STREET | P.O. BOX 76 | RICHMOND | VA | 23219 | | 804-916-8065 | 855-652-9060 | LINDA.LORELLO@IRS.GOV |
| TOP 50 CREDITOR | INTERNATIONAL TRADING SERVICES LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | VICTORIA LANE INDUSTRIAL PARK | 7620 VICTORIA CT | BROWNSVILLE | TX | 78521 | | 956-831-2740 | | |
| COUNSEL TO C&B REALTY #3, LLC, COLUMBUS PARK CROSSING, LLC, S.A. DEVELOPMENT COMPANY, L.P., FORUM LONE STAR, L.P., AVR CPC Associates, LLC | JASPAN SCHLESINGER LLP | ATTN: STEVEN R SCHLESINGER, ESQ. | 300 GARDEN CITY PLAZA | 5TH FLOOR | GARDEN CITY | NY | 11530 | | 516-746-8000 | 516-393-8282 | SSCHLESINGER@JASPANLLP.COM |
| COUNSEL TO FRONTIER DEVELOPMENT, LLC D/B/A FRONTIER LYNCHBURG, LLC | JENSEN BAGNATO, P.C. | ATTN: JEFFREY M. CARBINO, ESQ | 1500 WALNUT STREET, SUITE 1510 | | PHILADELPHIA | PA | 19102 | | 215-546-4700 | 215-546-7440 | JEFFREY@JENSENBAGNATOLAW.COM JEFFREYCARBINO@GMAIL.COM JORDAN@JENSENBAGNATOLAW.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOP 50 CREDITOR | JIANGSU GUOTAI GUOSHENG CO LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | 7-22/F GUOTAI NEW CENTURY PLAZA | NO.125 MIDDLE RENMIN RD | ZHANGJIAGAN G JIANGSU | | 215600 | CHINA | +0512-58988898 | +0512-58686837 | HUASHENG@GTHS.CN |
| TOP 50 CREDITOR | JOHN GALLIN & SON, INC. | ATTN: CHRISTOPHER GALLIN | 102 MADISON AVENUE | 9TH FLOOR | NEW YORK | NY | 10016 | | 212-252-8900 | 212-252-8910 | CHRISG@GALLIN.COM |
| TOP 50 CREDITOR | JONES LANG LASALLE AMERICAS, INC. | ATTN: ALAN TSE | 200 EAST RANDOLPH DRIVE | | CHICAGO | IL | 60601 | | 312-228-2808 | | ALAN.TSE@JLL.COM |
| ABL AGENT | JPMORGAN CHASE BANK | ATTN: DONNA DIFORIO, ASCENA RETAIL GROUP, INC. CREDIT RISK MANAGER | 4 NEW YORK PLAZA, 17TH FLOOR | MAIL CODE: NY1-E061 | NEW YORK | NY | 10004 | | | 212-623-7309 | DONNA.DIFORIO@JPMORGAN.COM |
| COUNSEL TO KAPLIN STEWART MELOFF REITER & STEIN, P.C. | KAPLIN STEWART MELOFF REITER & STEIN, P.C. | ATTN: WILLIAM J LEVANT | 910 HARVARD DRIVE | PO BOX 3037 | BLUE BELL | PA | 19422 | | 610-941-2474 | 610-684-2020 | WLEVANT@KAPLAW.COM |
| COUNSEL TO BENDERSON DEVELOPMENT COMPANY, LLC, BROOKFIELD PROPERTIES RETAIL, INC., CORO NORTH POINT, LLC, HINES REIT, JONES LANG LASALLE AMERICAS, INC., QIC PROPERTIES, INC., REGENCY CENTERS, L.P., SHOPCORE PROPERTIES, LP, TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA AND TURNBERRY ASSOCIATES | KELLEY DRYE & WARREN LLP | ATTN: CAMERON R. ARGETSINGER | 3050 K STREET, N.W. | SUITE 400 | WASHINGTON | DC | 20007 | | 202-342-8649 | 202-342-8451 | CARGETSINGER@KELLEYDRYE.COM |
| COUNSEL TO BENDERSON DEVELOPMENT COMPANY, LLC, BROOKFIELD PROPERTIES RETAIL, INC., CORO NORTH POINT, LLC, HINES REIT, JONES LANG LASALLE AMERICAS, INC., QIC PROPERTIES, INC., REGENCY CENTERS, L.P., SHOPCORE PROPERTIES, LP, TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA AND TURNBERRY ASSOCIATES | KELLEY DRYE & WARREN LLP | ATTN: ROBERT L. LEHANE AND JENNIFER D. RAVIELE | 101 PARK AVENUE | | NEW YORK | NY | 10178 | | 212-808-7800 | 212-808-7897 | KDWBANKRUPTCYDEPARTMENT@KELLEYDRYE.COM RLEHANE@KELLEYDRYE.COM JRAVIELE@KELLEYDRYE.COM |
| COUNSEL TO GOLDMAN SACHS BANK USA, AS TERM LOAN AGENT | KEPLEY BROSCIOUS & BIGGS, PLC | ATTN: WILLIAM A. BROSCIOUS, ESQUIRE | 2211 PUMP ROAD | | RICHMOND | VA | 23233 | | 804-741-0400 | 804-741-7165 | WBROSCIOUS@KBBPLC.COM |
| COUNSEL TO THE NON-RSA TERM LENDER GROUP | KING & SPALDING LLP | ATTN: ARTHUR J. STEINBERG, MICHAEL COLLINS RUPE, PAUL A. STRAUS, MICHAEL R. HANDLER | 1185 AVENUE OF THE AMERICAS | 34TH FLOOR | NEW YORK | NY | 10036 | | 212-556-2100 | | ASTEINBERG@KSLAW.COM MRUPE@KSLAW.COM PSTRAUS@KSLAW.COM MHANDLER@KSLAW.COM |
| COUNSEL TO THE NON-RSA TERM LENDER GROUP | KING & SPALDING LLP | ATTN: ROBERT W. GRAY | 1185 AVENUE OF THE AMERICAS | 34TH FLOOR | NEW YORK | NY | 10036 | | 212-556-2100 | | BGRAY@KSLAW.COM |
| COUNSEL TO DEBTORS | KIRKLAND & ELLIS LLP | ATTN: EDWARD O. SASSOWER, STEVEN N. SERAJEDDINI | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | 212-446-4800 | 212-446-4900 | EDWARD.SASSOWER@KIRKLAND.COM STEVEN.SERAJEDDINI@KIRKLAND.COM |
| COUNSEL TO DEBTORS | KIRKLAND & ELLIS LLP | ATTN: JOHN R. LUZE | 300 NORTH LASALLE | | CHICAGO | IL | 60654 | | 312-862-2000 | 312-862-2200 | JOHN.LUZE@KIRKLAND.COM |
| COUNSEL TO ADR 1713 WALNUT, LLC | KLEHR HARRISON HARVEY BRANZBURG LLP | ATTN: CORINNE SAMLER BRENNAN, ESQ | 1835 MARKET STREET, SUITE 1400 | | PHILADELPHIA | PA | 19103 | | 215-569-3393 | 215-568-6603 | CBRENNAN@KLEHR.COM |
| COUNSEL TO 850 THIRD AVENUE OWNER LLC AND AM 150 E 42 REALTY LLC AND 150 E 42 REALTY LLC | KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP | ATTN: TRACY L. KLESTADT, KATHLEEN M. AIELLO | 200 WEST 41ST STREET | | NEW YORK | NY | 10036-7203 | | 212-972-3000 | | TKLESTADT@KLESTADT.COM KAIELLO@KLESTADT.COM |
| COUNSEL TO PREIT SERVICES, LLC, AS AGENT FOR PR PRINCE GEORGES PLAZA, LLC, PR SPRINGFIELD DELCO LIMITED PARTNERSHIP AND WG PARK, L.P. | KURTZMAN STEADY, LLC | ATTN: JEFFREY KURTZMAN | 401 S. 2ND STREET, SUITE 200 | | PHILADELPHIA | PA | 19147 | | 215-839-1222 | | KURTZMAN@KURTZMANSTEADY.COM |
| COUNSEL TO BLUESTAR ALLIANCE LLC & JUSTICE BRAND HOLDINGS LLC | KUTAK ROCK LLP | ATTN: PETER J. BARRETT, LAURA L. KISTLER | 901 EAST BYRD STREET, SUITE 1000 | | RICHMOND | VA | 23219-4071 | | 804-644-1700 | 804-783-6192 | peter.barrett@kutakrock.com laura.kistler@kutakrock.com |
| TOP 50 CREDITOR | KYUNG SEUNG  CO. LTD. | ATTN: J. J. PARK | 408 SAMSEOUNG-RO | GYEONGSEUNG BUILDING GANGNAM-GU | SEOUL | | | KOREA | +82-2-550-1414 | +82-2-566-6867 | |
| TOP 50 CREDITOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS | LAKONTRA INTERNATIONAL MERCHANDISING CORP | ATTN: PRESIDENT OR GENERAL COUNSEL | NO.186 SEC. 4 NANKINGE RD. | | TAIPEI | | | TAIWAN | | | |
| COUNSEL TO TERM AGENT, GOLDMAN SACHS BANK USA | LATHAM & WATKINS | ATTN: GREG ROBINS, JUAN OLIVARES, JEFFREY SENAC | 355 SOUTH GRAND AVENUE, SUITE 100 | | LOS ANGELES | CA | 90071-1560 | | 213-485-1234 | 213-891-8763 | GREG.ROBINS@LW.COM JUAN.OLIVARES@LW.COM JEFFREY.SENAC@LW.COM |
| COUNSEL TO TERM AGENT, GOLDMAN SACHS BANK USA | LATHAM & WATKINS | ATTN: PETER KNIGHT | 330 NORTH WABASH AVENUE, SUITE 2800 | | CHICAGO | IL | 60611 | | 312-876-7700 | 312-993-9767 | PETER.KNIGHT@LW.COM |
| COUNSEL TO PHONG PHU INTERNATIONAL JSC | LAW OFFICE OF GILBERT A. LAZARUS, PLLC | ATTN: GILBERT A. LAZARUS, ESQ. | 92-12 68TH AVENUE | | FOREST HILLS | NY | 11375 | | 917-417-3795 | | GILLAZARUS@GMAIL.COM |
| TOP 50 CREDITOR | LEE & CO. | ATTN: AYDEN LEE | 1278 INDIANA ST | SUITE 101 | SAN FRANCISCO | CA | 94107 | | 415-475-9029 | | AYDENLEE@SUY.CO.KR |
| COUNSEL TO KARLE INTERNATIONAL PRIVATE LIMITED AND POONG IN TRADING CO., LTD. | LEECH TISHMAN FUSCALDO & LAMPL, LLC | ATTN: PATRICK W. CAROTHERS, ESQ. | 525 WILLIAM PENN PLACE | 28TH FLOOR | PITTSBURGH | PA | 15219 | | 412-304-0155 | 412-227-5551 | PCAROTHERS@LEECHTISHMAN.COM |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | LI & FUNG LIMITED | ATTN: PRESIDENT OR GENERAL COUNSEL | 888 CHEUNG SHA WAN ROAD | | KOWLOON | | | HONG KONG | | | |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO PAN PACIFIC CO., LTD., UBASE INTERNATIONAL, INC. AND SNOGEN GREEN CO. LTD | LIMNEXUS LLP | ATTN: JAMES K. DONALDSON, ESQ. | 1050 CONNECTICUT AVE. NW, SUITE 500 | | WASHINGTON | DC | 20036 | | 213-955-9500 | 213-955-9511 | JED.DONALDSON@LIMNEXUS.COM |
| COUNSEL TO PAN PACIFIC CO., LTD., UBASE INTERNATIONAL, INC. AND SNOGEN GREEN CO. LTD | LIMNEXUS LLP | ATTN: SUNG JIN HWANG & JAMES E. TILL | 707 WILSHIRE BOULEVARD, SUITE 4600 | | LOS ANGELES | CA | 90017 | | 213-955-9500 | 213-955-9511 | SUNGJIN.HWANG@LIMNEXUS.COM JAMES.TILL@LIMNEXUS.COM |
| COUNSEL TO DALLAS COUNTY | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATTN: Elizabeth Weller | 2777 N. STEMMONS FREEWAY | SUITE 1000 | DALLAS | TX | 75207 | | 214-880-0089 | 469-221-5003 | DALLAS.BANKRUPTCY@PUBLICANS.COM |
| COUNSEL TO CYPRESS-FAIRBANKS ISD, JEFFERSON COUNTY, FORT BEND COUNTY, ANGELINA COUNTY, MONTGOMERY COUNTY, HARRIS COUNTY, GALVESTON COUNTY, FORT BEND CO WCID # 02 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATTN: JOHN P. DILLMAN | PO BOX 3064 | | HOUSTON | TX | 77253-3064 | | 713-844-3400 | 713-844-3503 | HOUSTON_BANKRUPTCY@PUBLICANS.COM |
| COUNSEL TO THE LEAD PLAINTIFFS AND THE PROPOSED CLASS | LOWENSTEIN SANDLER LLP | ATTN: MICHAEL S. ETKIN, ANDREW BEHLMANN, JOHN P. SCHNEIDER | ONE LOWENSTEIN DRIVE | | ROSELAND | NJ | 07068 | | 973-597-2500 | 973-597-2333 | METKIN@LOWENSTEIN.COM ABEHLMANN@LOWENSTEIN.COM JSCHNEIDER@LOWENSTEIN.COM |
| COUNSEL TO LANDLORD AND CREDITOR COMMONS AT ISSAQUAH, INC., A FLORIDA CORPORATION | MADISON MARQUETTE | ATTN: STEVE EMERY | 1809 7TH AVENUE, SUITE 1409 | | SEATTLE | WA | 98101 | | 206-479-8913 | | STEVE.EMERY@MADISON.MARQUETTE.COM |
| COUNSEL TO BEY LEA JOINT VENTURE | MAGRUDER COOK KOUTSOUFTIKIS & PALANZI | ATTN: LEON KOUTSOUFTIKIS | 1889 PRESTON WHITE DRIVE, SUITE 200 | | RESTON | VA | 20191 | | 571-313-1503 | 571-313-8967 | LKOUTS@MAGRUDERPC.COM |
| COUNSEL TO KEN BURTON, JR., MANATEE COUNTY TAX COLLECTOR | MANATEE COUNTY TAX COLLECTOR | ATTN: JENNIFER FRANCIS | 1001 3RD AVE W | SUITE 240 | BRADENTON | FL | 34205-7863 | | 941-741-4832 | 941-708-4934 | LEGAL@TAXCOLLECTOR.COM |
| COUNSEL TO THE MASSACHUSETTS DEPARTMENT OF REVENUE | MASSACHUSETTS DEPARTMENT OF REVENUE LITIGATION BUREAU | ATTN: CELINE E. DE LA FOSCADE-CONDON | 100 CAMBRIDGE STREET | P. O. BOX 9565 | BOSTON | MA | 02114 | | 617-626-3854 | | DELAFOSCAC@DOR.STATE.MA.US |
| COUNSEL TO CLAIMANTS, TAX APPRAISAL DISTRICT OF BELL COUNTY, BOWIE CENTRAL APPRAISAL DISTRICT, THE COUNTY OF BRAZOS, TEXAS, THE COUNTY OF DENTON, TEXAS, THE COUNTY OF GUADALUPE, TEXAS, THE COUNTY OF HAYS, TEXAS, CITY OF WACO AND/OR WACO INDEPENDENT SCHOOL DISTRICT, MIDLAND CENTRAL APPRAISAL DISTRICT, CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, AND THE COUNTY OF WILLIAMSON, TEXAS | MCCREARY, VESELKA, BRAGG & ALLEN, P.C. | ATTN: TARA LEDAY | P.O. BOX 1269 | | ROUND ROCK | TX | 78680 | | 512-323-3200 | 512-323-3205 | TLEDAY@MVBALAW.COM |
| COUNSEL TO THE LOCAL TEXAS TAXING AUTHORITIES | MCDONALD, SUTTON & DUVAL, PLC | ATTN: KEVIN A. LAKE | 5516 FALMOUTH STREET | SUITE 108 | RICHMOND | VA | 23230 | | 804-643-0302 | 804-788-4427 | KLAKE@MCDONALDSUTTON.COM |
| COUNSEL TO THE NON-RSA TERM LENDER GROUP | MCGUIREWOODS LLP | ATTN: DOUGLAS M. FOLEY, SARAH B. BOEHM | GATEWAY PLAZA | 800 EAST CANAL STREET | RICHMOND | VA | 23219 | | 804-775-1000 | | DFOLEY@MCGUIREWOODS.COM SBOEHM@MCGUIREWOODS.COM |
| TOP 50 CREDITOR | MEENU CREATION LLP | ATTN: PRESIDENT OR GENERAL COUNSEL | A-33. SECTOR - 64 NOIDA DISTT | | GAUTAM BUDH NAGAR | | UP-201301 | INDIA | 91-120-4080200 | 91-120-4080200 | ED@MEENUCREATION.COM |
| COUNSEL TO PRINCE GEORGE'S COUNTY, MARYLAND, AND CHARLES COUNTY, MARYLAND | MEYERS, RODBELL & ROSENBAUM, P.A. | ATTN: NICOLE C. KENWORTHY | 6801 KENILWORTH AVENUE | SUITE 400 | RIVERDALE | MD | 20737-1385 | | 301-699-5800 | | |
| TOP 50 CREDITOR | MGF SOURCING | ATTN: JAMES SCHWARTZ | 4200 REGENT STREET | SUITE 205 | COLUMBUS | OH | 43219 | | 614-904-3269 | 614-415-7242 | |
| COUNSEL TO 149 5TH AVE. CORP. | MICHAEL WILSON PLC | ATTN: MICHAEL G. WILSON | 12733 STORROW RD. | | HENRICO | VA | 23233 | | 804-614-8301 | | MIKE@MGWILSONLAW.COM |
| COUNSEL TO THE AD HOC GROUP OF TERM LOAN LENDERS | MILBANK LLP | ATTN: DENNIS F. DUNNE, EVAN R. FLECK AND ABIGAIL L. DEBOLD | 55 HUDSON YARDS | | NEW YORK | NY | 10001 | | 212-530-5000 | 212-530-5219 | DDUNNE@MILBANK.COM EFLECK@MILBANK.COM ADEBOLD@MILBANK.COM |
| COUNSEL TO PREMIER BRANDS JUSTICE LLC | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN, ESQ., BARRY M. KAZAN, ESQ. | 600 THIRD AVENUE, 25TH FLOOR | | NEW YORK | NY | 10016 | | 212-696-4848; 917-992-5970 | 212-696-1231 | GOTTESMAN@MINTZANDGOLD.COM KAZAN@MINTZANDGOLD.COM |
| COUNSEL TO SUN LIFE ASSURANCE COMPANY OF CANADA | MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP | ATTN: PAUL W. CAREY | 100 FRONT STREET | | WORCESTER | MA | 01608 | | 508-791-8500 | 508-791-8502 | PCAREY@MIRICKOCONNELL.COM |
| COUNSEL TO ACXIOM LLC | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. | ATTN: STAN D. SMITH | 425 WEST CAPITOL AVENUE | SUITE 1800 | LITTLE ROCK | AR | 72201-3525 | | 501-688-8830 | | SSMITH@MWLAW.COM |
| TOP 50 CREDITOR | MODINDIA EXIM PRIVATE LTD | ATTN: GAGAN GULATI | B-57 OKHLA INDUSTRIAL AREA, PHASE-I | | NEW DELHI | | 110020 | INDIA | | | INFO@MODELAMAEXPORTS.COM |
| TOP 50 CREDITOR | MOLAX TRADING LIMITED | ATTN: PRESIDENT OR GENERAL COUNSEL | 75-95, SEOSOMUN-DONG | 8RD FLOOR, YOUONE BUILDING CHUNG-KU | SEOUL | | 100-110 | KOREA | 02-773-3601 | 02-757-2044 | ADMIN@MOLAXTRADING.COM |
| COUNSEL TO ABL AGENT | MORGAN LEWIS & BOCKIUS LLP | ATTN: MATTHEW F. FURLONG, JULIA FROST-DAVIES, CHRISTOPHER L. CARTER | ONE FEDERAL STREET | | BOSTON | MA | 02110-1726 | | 617-341-7700 | 617-341-7701 | MATTHEW.FURLONG@MORGANLEWIS.COM JULIA.FROST-DAVIES@MORGANLEWIS.COM CHRISTOPHER.CARTER@MORGANLEWIS.COM |
| COUNSEL TO JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | MORGAN, LEWIS & BOCKIUS LLP | ATTN: JULIA FROST-DAVIES, CHRISTOPHER L. CARTER | ONE FEDERAL STREET | | BOSTON | MA | 02110 | | 617-341-7700 | 617-341-7701 | JULIA.FROST-DAVIES@MORGANLEWIS.COM CHRISTOPHER.CARTER@MORGANLEWIS.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL FOR NORTH RIVERSIDE PLAZA LIMITED PARTNERSHIP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP | ATTN: CURTIS S. MILLER, MATTHEW O. TALMO | 1201 N. MARKET STREET, 16TH FLOOR | P.O. Box 1347 | WILMINGTON | DE | 19899 | | 302-658-9200 | 302-658-3989 | CMILLER@MNAT.COM MTALMO@MNAT.COM |
| TOP 50 CREDITOR | MTL SOURCING DMCC | ATTN: PRESIDENT OR GENERAL COUNSEL | HDS BUSINESS CENTRE | JUMAIRA LAKE TOWERS | DUBAI | | | UNITED ARAB EMIRATES | | | |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | ATTN: KAREN CORDRY | 1850 M ST., NW, 12TH FLOOR | | WASHINGTON | DC | 20036 | | 202-326-6025 | | KCORDRY@NAAG.ORG |
| COUNSEL TO M&J WILKOW PROPERTIES, LLC, CH SHOPPES, LLC, US MJW EAST GATE VI, LLC, PZ MIRACLE GL LLC, SOUTHLANDS TC LLC, AND M&J - BIG WATERFRONT TOWN CENTER I, LLC | NEAL, GERBER & EISENBERG LLP | ATTN: ROBERT RADASEVICH, THOMAS C. WOLFORD | TWO NORTH LASALLE STREET, SUITE 1700 | | CHICAGO | IL | 60602-3801 | | 312-269-8000 | | RRADASEVICH@NGE.COM TWOLFORD@NGE.COM |
| COUNSEL TO BELLEVUE SQUARE, LLC AND BELLEVUE SQUARE MERCHANTS' ASSOCIATION | NOLD MUCHINSKY PLLC | ATTN: BRIAN M. MUCHINKSY, ESQ. AND BRENT J. HARDY, ESQ. | 10500 NE 8TH STREET | SUITE 930 | BELLEVUE | WA | 98004 | | 425-289-5555 | 888-371-4133 | BMUCHINSKY@NOLDMUCHLAW.COM BHARDY@NOLDMUCHLAW.COM |
| COUNSEL TO BK EASTON OFFICE, LLC | ODIN, FELDMAN&PITTLEMAN, PC | ATTN: BRADLEY D. JONES, ESQ. | 1775 WIEHLE AVENUE | SUITE 400 | RESTON | VA | 20190 | | 703-218-2176 | 703-218-2160 | BRAD.JONES@OFPLAW.COM |
| OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA | ATTN: MARK R. HERRING | ATTORNEY GENERAL'S OFFICE | 202 NORTH NINTH STREET | RICHMOND | VA | 23219 | | 804-786-2071 | 804-786-1991 | SERVICE@OAG.STATE.VA.US |
| OFFICE OF THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF VIRGINIA | OFFICE OF THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF VIRGINIA | ATTN: JUDY A. ROBBINS | 701 E. BROAD STREET, STE. 4304 | | RICHMOND | VA | 23219 | | 804-771-2310 | | USAVAE.USATTYS@USDOJ.GOV SHANNON.PECORARO@USDOJ.GOV |
| UNITED STATES TRUSTEE EASTERN DISTRICT OF VIRGINIA | OFFICE OF THE UNITED STATES TRUSTEE | ATTN: KATHRYN MONTGOMERY AND JOHN P. FITZGERALD III | 701 E. BROAD STREET, STE. 4304 | | RICHMOND | VA | 23219 | | 804-771-2310 | 804-771-2330 | USTPREGION04.RH.ECF@USDOJ.GOV |
| COUNSEL TO SAUL HOLDINGS LIMITED PARTNERSHIP AND THRUWAY SHOPPING CENTER LLC | OFFIT KURMAN, P.A. | ATTN: STEPHEN A. METZ, ESQ. | 4800 MONTGOMERY LANE | 9TH FLOOR | BETHESDA | MD | 20814 | | 240-507-1723 | 240-507-1735 | SMETZ@OFFITKURMAN.COM |
| COUNSEL TO OKLAHOMA COUNTY TREASURER | OKLAHOMA COUNTY TREASURER | ATTN: TAMMY JONES | 320 ROBERT S. KERR | ROOM 307 | OKLAHOMA CITY | OK | 73102 | | 405-713-1324 | | TAMMY.JONES@OKLAHOMACOUNTY.ORG |
| TOP 50 CREDITOR | ORACLE AMERICA INC | ATTN: DORIAN DALEY | REDWOOD SHORES ORACLE CORPORATION | 500 ORACLE PARKWAY | REDWOOD SHORES | CA | 94065 | | 650-506-7000 | 650-633-1813 | |
| TOP 50 CREDITOR | ORIENT CRAFT | ATTN: SUDHIR DHINGRA | PLOT NO. 80P SECTOR-34 | NEAR HERO HONDA CHOWK | GURGAON | | 122001 | INDIA | +0124-4511300 | +0124-4511330 | SUDHIR.DHINGRA@ORIENTCRAFT.COM |
| COUNSEL TO NORTHWAY OUTLETS, LLC & LAKE GEORGE NORTHWAY, LLC | OTTERBOURG P.C. | ATTN: ANDREW M. KRAMER, ESQUIRE, JOSHUA T. KLEIN, ESQUIRE | 230 PARK AVENUE | | NEW YORK | NY | 10169 | | 212-905-3630 | 212-682-6104 | AKRAMER@OTTERBOURG.COM |
| COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS | PACHULSKI STANG ZIEHL & JONES LLP | ATTN: ROBERT FEINSTEIN, BRADFORD SANDLER, SHIRLEY CHO, CIA MACKLE, S GOLDEN | 780 THIRD AVE 34TH FLOOR | | NEW YORK | NY | 10017-2024 | | 212-561-7700 | 212-561-7777 | RFEINSTEIN@PSZJLAW.COM BSANDLER@PSZJLAW.COM SCHO@PSZJLAW.COM CMACKLE@PSZJLAW.COM SGOLDEN@PSZJLAW.COM |
| COUNSEL TO BOHANNON DEVELOPMENT COMPANY | PAHL & MCCAY | ATTN: CATHERINE SCHLOMANN ROBERTSON | 225 WEST SANTA CLARA STREET | SUITE 1500 | SAN JOSE | CA | 95113 | | 408-286-5100 | 408-286-5722 | CROBERTSON@PAHL-MCCAY.COM |
| TOP 50 CREDITOR | PAN PACIFIC CO LTD | ATTN: SUK-WON LIM | (08380) 12 | DIGITAL-RO 31-GIL GURO-GU | SEOUL, GURO-DONG | | 197-21 | KOREA | +82-2-3494-9000 | +82-2-830-1011 | PANPACIFIC@PANPACIFIC.CO.KR |
| PENSION BENEFIT GUARANTY CORPORATION | PENSION BENEFIT GUARANTY CORPORATION | OFFICE OF THE CHIEF COUNSEL | 1200 K STREET, NW | | WASHINGTON | DC | 20005-4026 | | | 202-326-4113 | |
| COUNSEL TO MERCEDES INDEPENDENT SCHOOL DISTRICT CITY OF MERCEDES | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP | ATTN: HIRAM GUTIERREZ | 2805 FOUNTAIN PLAZA BLVD. | SUITE B | EDINBURG | TX | 78539 | | 956-631-4026 | 956-289-1023 | EDINBURGBANKRUPTCY@PBFCM.COM |
| COUNSEL TO BRAZORIA COUNTY TAX OFFICE, ET AL | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP | ATTN: OWEN M. SONIK, MELISSA E. VALDEZ | 1235 NORTH LOOP WEST, SUITE 600 | | HOUSTON | TX | 77008 | | 713-862-1860 | 713-862-1429 | OSONIK@PBFCM.COM MVALDEZ@PBFCM.COM |
| COUNSEL TO LUBBOCK CENTRAL APPRAISAL DISTRICT MIDLAND COUNTY | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P. | ATTN: LAURA J. MONROE | P.O. BOX 817 | | LUBBOCK | TX | 79408 | | 806-744-5091 | 806-744-9953 | LMBKR@PBFCM.COM |
| TOP 50 CREDITOR | POONGIN TRADING CO.LTD | ATTN: PAUL PARK | 18F~20F ACE HIGH TECH CITY | B/D 2 DONG, GYEONGIN-RO YEONGDEUNGPO-GU | SEOUL | | 755 | KOREA | +82-2-549-8313 | +82-2-549-8310 | |
| CLAIMS AGENT | PRIME CLERK, LLC | ATTN: DAVID MALO | 60 EAST 42ND STREET | SUITE 1400 | NEW YORK | NY | 10165 | | 212-257-5450 | 646-328-2851 | ASCENATEAM@PRIMECLERK.COM SERVICEQA@PRIMECLERK.COM |
| COUNSEL TO GAURAV INTERNATIONAL | PRYOR CASHMAN LLP | ATTN: CONRAD CHIU | 7 TIMES SQUARE | | NEW YORK | NY | 10036-6569 | | 212-421-4100 | | CCHIU@PRYORCASHMAN.COM |
| TOP 50 CREDITOR | PT. ERATEX HONG KONG LTD | ATTN: MR. MANIWANEN | SPAZIO BUILDING 3RD FLOOR UNIT.319-321 | GRAHA FESTIVAL KAV.3 – GRAHA FAMILY JL. MAYJEND YONO SOEWOYO | SURABAYA | | 60226 | INDONESIA | +62-31-99001101 | +62-31-99001115 | |
| COUNSEL TO FULLBEAUTY BRANDS OPERATIONS, LLC | REDMON, PEYTON & BRASWELL, LLP | ATTN: ROBERT M. MARINO, ESQ. | 510 KING STREET | SUITE 301 | ALEXANDRIA | VA | 22314-3143 | | 703-879-2676 | 703-684-5109 | RMMARINO@RPB-LAW.COM |
| COUNSEL TO SUNDANCE SQUARE PARTNERS, L.P. | REED SMITH LLP | ATTN: JUSTIN SIZEMORE | RIVERFRONT PLAZA – WEST TOWER | 901 EAST BYRD STREET, SUITE 1700 | RICHMOND | VA | 23219 | | 804-344-3493 | | JSIZEMORE@REEDSMITH.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO SUNDANCE SQUARE PARTNERS, L.P. | REED SMITH LLP | ATTN: OMAR J. ALANIZ, MICHAEL P. COOLEY AND DEVAN J. DAL COL | 2850 N. HARWOOD, SUITE 1500 | | DALLAS | TX | 75201 | | 469-680-4200 | 469-680-4299 | OALANIZ@REEDSMITH.COM MPCOOLEY@REEDSMITH.COM DDALCOL@REEDSMITH.COM |
| TOP 50 CREDITOR | RICHA GLOBAL EXPORTS PVT LTD | ATTN: VIRENDER UPPAL | 219, UDYOG VIHAR PHASE-I GURGAON | | HARYANA | | 122001 | INDIA | +91-124-4314000 | | INFO@RICHAGLOBAL.COM |
| COUNSEL TO THE LEAD PLAINTIFFS AND THE PROPOSED CLASS, NORTH RIVERSIDE PLAZA LIMITED PARTNERSHIP, SP BOSSIER, LLC | RONALD PAGE, PLC | ATTN: RONALD A. PAGE, JR. | P.O. BOX 73087 | | NORTH CHESTERFIELD | VA | 23235 | | 804-562-8704 | 804-482-2427 | RPAGE@RPAGELAW.COM |
| COUNSEL TO CPBP-VII ASSOCIATES, L.P. | S&D LAW | ATTN: STEVEN W. KELLY, ESQ. | 1290 BROADWAY | SUITE 1650 | DENVER | CO | 80203 | | | | |
| COUNSEL TO WILSON GARDENS HAVANA, LLC | S&D LAW | ATTN: STEVEN W. KELLY, ESQ. | 1290 BROADWAY, SUITE 1650 | | DENVER | CO | 80203 | | | | |
| TOP 50 CREDITOR | SAE A TRADING CO. LTD | ATTN: WOONG-KI KIM | SAE-A BLDG. | 429 YEONGDONG-DAERO GANGNAM-GU | SEOUL | | | KOREA | +82 2 6252 7000 | +82-2-6252-7005 | |
| COUNSEL TO SAS INSITIUTE INC. | SAS INSITIUTE INC. | ATTN: H HOWARD BROWNE, KAREN DAY | 100 SAS CAMPUS DRIVE | | CARY | NC | 27513 | | 919-531-7748 | 919-677-4444 | HOWARD.BROWNE@SAS.COM KAREN.DAY@SAS.COM |
| COUNSEL TO RIVERDALE CENTER OWNER, IV, L.C. | SCALLEY READING BATES HANSEN & RASMUSSEN, P.C. | ATTN: DARWIN H. BINGHAM | 15 WEST SOUTH TEMPLE, SUITE 600 | | SALT LAKE CITY | UT | 84101 | | 801-531-7870 | 801-326-4669 | dbingham@scalleyreading.net |
| COUNSEL TO A. BONADUCE INC., D/B/A EBS BUILDERS | SCARINCI & HOLLENBECK, LLC | ATTN: JOEL R. GLUCKSMAN, ESQ. | 1100 VALLEY BROOK AVENUE | P.O. BOX 790 | LYNDHURST | NJ | 07071-0790 | | 201-896-4100 | | JGLUCKSMAN@SH-LAW.COM |
| COUNSEL TO BLUESTAR ALLIANCE LLC & JUSTICE BRAND HOLDINGS LLC | SCHULTE ROTH & ZABEL LLP | ATTN: KRISTINE MANOUKIAN, DANIEL ESINER, KELLY KNIGHT | 919 THIRD AVENUE | | NEW YORK | NY | 10022 | | 212-756-2000 | 212-593-5955 | KRISTINE.MANOUKIAN@SRZ.COM DANIEL.EISNER@SRZ.COM KELLY.KNIGHT@SRZ.COM |
| US SECRETARY OF TREASURY | SECRETARY OF TREASURY | ATTN: LEGAL DEPARTMENT | 1500 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20220 | | 202-622-2000 | 202-622-6464202-622-6415 | |
| SECURITIES AND EXCHANGE COMMISSION HEADQUARTERS | SECURITIES AND EXCHANGE COMMISSION | ATTN: GENERAL COUNSEL | 100 F ST., NE | | WASHINGTON | DC | 20549 | | 202-551-6061 | 202-772-9180 | SECBANKRUPTCY@SEC.GOV |
| SECURITIES AND EXCHANGE COMMISSION PHILADELPHIA DIVISION | SECURITIES AND EXCHANGE COMMISSION | ATTN: SHARON BINGER REGIONAL DIRECTOR | ONE PENN CENTER | 1617 JFK BLVD., SUITE 520 | PHILADELPHIA | PA | 19103 | | 215-597-3100 | | PHILADELPHIA@SEC.GOV |
| COUNSEL TO ARBORETUM MARKET INVESTMENT GROUP, INC. AND THE COMMONS AT WILLOWBROOK, INC. | SETTLEPOU | ATTN: WILL G. BASSHAM, ESQ. | 3333 LEE PARKWAY | 8TH FLOOR | DALLAS | TX | 75219 | | 214-560-1705 | 214-526-4145 | WBASSHAM@SETTLEPOU.COM |
| COUNSEL TO 151 EAST 84TH OWNERS LLC | SHAPIRO SHER GUINOT & SANDLER | ATTN:  SCOTT W. FOLEY, ESQUIRE, JOEL I. SHER, ESQUIRE | 250 W. PRATT STREET, SUITE 2000 | | BALTIMORE | MD | 21201 | | 410-385-4234; 410-385-4277 | 410-539-7611 | SWF@SHAPIROSHER.COM JIS@SHAPIROSHER.COM |
| TOP 50 CREDITOR AND COUNSEL | SIMON PROPERTY GROUP, INC. | ATTN: DAVID SIMON AND RONALD M. TUCKER | 225 WEST WASHINGTON STREET | | INDIANAPOLIS | IN | 46204 | | 317-263-2346 | 317-636-1600; 317-263-7901 | RTUCKER@SIMON.COM |
| COUNSEL TO RED DEVELOPMENT, LLC | SINGER & LEVICK, P.C. | ATTN: MICHELLE E. SHRIRO | 16200 ADDISON ROAD | SUITE 140 | ADDISON | TX | 75001 | | 972-380-5533 | 972-380-5748 | MSHRIRO@SINGERLEVICK.COM |
| COUNSEL TO PAOLI SHOPPING CENTER LIMITED PARTNERSHIP | SIRLIN LESSER & BENSON, P.C. | ATTN: DANA S. PLON | 123 SOUTH BROAD STREET, SUITE 2100 | | PHILADELPHIA | PA | 19109 | | 215-864-9700 | | DPLON@SIRLINLAW.COM |
| COUNSEL TO BERKLEY INSURANCE COMPANY AND BERKLEY REGIONAL INSURANCE COMPANY | SMITH, CURRIE & HANCOCK LLP | ATTN: SHANNON J. BRIGLIA | 1950 OLD GALLOWS ROAD, SUITE 750 | | TYSONS | VA | 22182 | | 703-506-1990 | 703-506-1140 | SJBRIGLIA@SMITHCURRIE.COM |
| TOP 50 CREDITOR, OFFICIAL COMMITTEE OF UNSECURED CREDITORS | SNOGEN GREEN CO.,LTD | ATTN: JUNGKU HONG | 13F GANGNAM BUILDING; 396, SEOCHO-DAERO, SEOCHO-GU | | SEOUL | | 06619 | KOREA | +02-6496-6400 | +02-6496-6501 | |
| COUNSEL TO SODEXO OPERATIONS, LLC | SODEXO, INC. | ATTN: ANTOINETTE YOUNG, ESQ. | 9801 WASHINGTONIAN BLVD, 12TH FLOOR | | GAITHERSBURG | MD | 20878 | | 301-987-4521 | 301-830-6103 | ANTOINETTE.YOUNG@SODEXO.COM |
| TOP 50 CREDITOR | SOLVE IT CO., LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | 3/F 556 CHEONHO-DAERO | | GWANGJIN-GU SEOUL | | 143847 | SOUTH KOREA | +82-24536868 | | |
| TOP 50 CREDITOR | SOUTH ASIA KNITTING FTY LTD (NEW) | ATTN: PRESIDENT OR GENERAL COUNSEL | 17/F, SOUTH ASIA BUILDING | 108 HOW MING STREET KWUN TONG | KOWLOON | | | HONG KONG | 852-2345-0261 | 852-2343-3666 | LEOYEUNG@SOUTHASIAGROUP.COM |
| COUNSEL TO RIVERWALK MARKETPLACE (NEW ORLEANS), LLC AND THE SHOPS AT SUMMERLIN NORTH, LP | SPECTOR & COX, PLLC | ATTN: HOWARD MARC SPECTOR, SARAH M. COX | 12770 COIT ROAD | SUITE 1100 | DALLAS | TX | 75251 | | 214-365-5377; 214-310-1321 | 214-237-3380 | HSPECTOR@SPECTORCOX.COM SARAH@SPECTORCOX.COM |
| COUNSEL TO 156 FIFTH AVENUE CORP | SPOTTS FAIN PC | ATTN: ROBERT H. CHAPPELL III, NEIL E. MCCULLAGH AND KARL A. MOSES, JR | 411 EAST FRANKLIN STREET, SUITE 600 | | RICHMOND | VA | 23219 | | 804-697-2000 | 804-697-2100 | RCHAPPELL@SPOTTSFAIN.COM NMCCULLAGH@SPOTTSFAIN.COM KMOSES@SPOTTSFAIN.COM |
| COUNSEL TO LCFRE SUGAR LAND TOWN SQUARE, LLC | SPROUSE LAW FIRM | ATTN: MARVIN E. SPROUSE III | 901 MOPAC EXPRESSWAY SOUTH | BUILDING 1, SUITE 300 | AUSTIN | TX | 78746 | | 512-658-1915 | | MSPROUSE@SPROUSEPLLC.COM |
| COUNSEL TO TAINAN ENTERPRISES CO., LTD. | SQUIRE PATTON BOGGS (US) LLP | ATTN: NORMAN N. KINEL | 1211 AVENUE OF THE AMERICAS | 26TH FLOOR | NEW YORK | NY | 10136 | | 212-872-9800 | 212-872-9815 | NORMAN.KINEL@SQUIREPB.COM |
| COUNSEL TO GATEWAY AFTON RIDGE, INC. AND TMT BEAR CREEK SHOPPING CENTER, INC. | SSL LAW FIRM LLP | ATTN: IVO KELLER, ESQ., BRENT D. MEYER, ESQ. | 505 MONTGOMERY STREET | SUITE 620 | SAN FRANCISCO | CA | 94111 | | 415-814-6400 | 415-814-6401 | IVO@SSLLAWFIRM.COM BMEYER@SSLLAWFIRM.COM |
| COUNSEL TO LEVIN MANAGEMENT CORPORATION | STARK & STARK, P.C. | ATTN: THOMAS S. ONDER & JOSEPH H. LEMKIN | P.O. BOX 5315 | | PRINCETON | NJ | 08543 | | 609-219-7458; 609-896-0629 | 609-791-7022; 609-896-0629 | TONDER@STARK-STARK.COM JLEMKIN@STARK-STARK.COM |
| STATE OF ALABAMA ATTORNEY GENERAL | STATE OF ALABAMA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | P.O. BOX 300152 | | MONTGOMERY | AL | 36130-0152 | | 334-242-7300 | 334-242-2433 | |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE OF ALBERTA ATTORNEY GENERAL | STATE OF ALBERTA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | BOWKER BUILDING 2ND FLOOR - 9833 109 STREET NW | | EDMONTON | AB | T5K 2E8 | CANADA | | | |
| STATE OF ARIZONA ATTORNEY GENERAL | STATE OF ARIZONA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004-2926 | | 602-542-5025 | 602-542-4085 | AGINFO@AZAG.GOV |
| STATE OF ARKANSAS ATTORNEY GENERAL | STATE OF ARKANSAS ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 323 CENTER ST. | SUITE 200 | LITTLE ROCK | AR | 72201-2610 | | 501-682-2007 | 501-682-8084 | |
| STATE OF CALIFORNIA ATTORNEY GENERAL | STATE OF CALIFORNIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | P.O. BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | 916-445-9555 | 916-323-5341 | BANKRUPTCY@COAG.GOV |
| STATE OF COLORADO ATTORNEY GENERAL | STATE OF COLORADO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | RALPH L. CARR COLORADO JUDICIAL CENTER | 1300 BROADWAY, 10TH FLOOR | DENVER | CO | 80203 | | 720-508-6000 | 720-508-6030 | |
| STATE OF CONNECTICUT ATTORNEY GENERAL | STATE OF CONNECTICUT ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 55 ELM ST. | | HARTFORD | CT | 06106 | | 860-808-5318 | 860-808-5387 | ATTORNEY.GENERAL@CT.GOV |
| STATE OF DELAWARE ATTORNEY GENERAL | STATE OF DELAWARE ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | CARVEL STATE OFFICE BLDG. | 820 N. FRENCH ST. | WILMINGTON | DE | 19801 | | 302-577-8338 | 302-577-6630 | ATTORNEY.GENERAL@STATE.DE.US |
| STATE OF FLORIDA ATTORNEY GENERAL | STATE OF FLORIDA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | THE CAPITOL, PL 01 | | TALLAHASSEE | FL | 32399-1050 | | 850-414-3300 | 850-488-4872 | |
| STATE OF GEORGIA ATTORNEY GENERAL | STATE OF GEORGIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 40 CAPITAL SQUARE, SW | | ATLANTA | GA | 30334-1300 | | 404-656-3300 | 404-657-8733 | |
| STATE OF HAWAII ATTORNEY GENERAL | STATE OF HAWAII ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 425 QUEEN ST. | | HONOLULU | HI | 96813 | | 808-586-1500 | 808-586-1239 | HAWAIIAG@HAWAII.GOV |
| STATE OF IDAHO ATTORNEY GENERAL | STATE OF IDAHO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 700 W. JEFFERSON STREET | P.O. BOX 83720 | BOISE | ID | 83720-1000 | | 208-334-2400 | 208-854-8071 | |
| STATE OF ILLINOIS ATTORNEY GENERAL | STATE OF ILLINOIS ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 100 WEST RANDOLPH STREET | | CHICAGO | IL | 60601 | | 312-814-3000 | | WEBMASTER@ATG.STATE.IL.US |
| STATE OF INDIANA ATTORNEY GENERAL | STATE OF INDIANA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | INDIANA GOVERNMENT CENTER SOUTH | 302 W. WASHINGTON ST., 5TH FLOOR | INDIANAPOLIS | IN | 46204 | | 317-232-6201 | 317-232-7979 | INFO@ATG.IN.GOV |
| STATE OF IOWA ATTORNEY GENERAL | STATE OF IOWA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1305 E. WALNUT STREET | | DES MOINES | IA | 50319 | | 515-281-5164 | 515-281-4209 | WEBTEAM@AG.IOWA.GOV |
| STATE OF KANSAS ATTORNEY GENERAL | STATE OF KANSAS ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 120 SW 10TH AVE., 2ND FLOOR | | TOPEKA | KS | 66612-1597 | | 785-296-2215 | 785-296-6296 | |
| STATE OF KENTUCKY ATTORNEY GENERAL | STATE OF KENTUCKY ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 700 CAPITOL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | 502-696-5300 | 502-564-2894 | |
| STATE OF LOUISIANA ATTORNEY GENERAL | STATE OF LOUISIANA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | P.O. BOX 94095 | | BATON ROUGE | LA | 70804-4095 | | 225-326-6000 | 225-326-6499 | CONSUMERINFO@AG.STATE.LA.US |
| STATE OF MAINE ATTORNEY GENERAL | STATE OF MAINE ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333-0000 | | 207-626-8800 | | CONSUMER.MEDIATION@MAINE.GOV |
| STATE OF MANITOBA MINISTER OF JUSTICE | STATE OF MANITOBA MINISTER OF JUSTICE | ATTN: SEAN BOYD, CROWN COUNSEL | LEGAL SERVICES BRANCH | 730-405 BROADWAY | WINNIPEG | MB | R3C 3L6 | CANADA | | | |
| STATE OF MARYLAND ATTORNEY GENERAL | STATE OF MARYLAND ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202-2202 | | 410-576-6300 | | OAG@OAG.STATE.MD.US |
| STATE OF MASSACHUSETTS ATTORNEY GENERAL | STATE OF MASSACHUSETTS ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | ONE ASHBURTON PLACE | | BOSTON | MA | 02108-1698 | | 617-727-2200 | | AGO@STATE.MA.US |
| STATE OF MICHIGAN ATTORNEY GENERAL | STATE OF MICHIGAN ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | G. MENNEN WILLIAMS BUILDING, 7TH FLOOR | 525 W. OTTAWA ST. P.O. BOX 30212 | LANSING | MI | 48909-0212 | | 517-373-1110 | 517-373-3042 | MIAG@MICHIGAN.GOV |
| STATE OF MINNESOTA ATTORNEY GENERAL | STATE OF MINNESOTA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1400 BREMER TOWER | 445 MINNESOTA STREET | ST. PAUL | MN | 55101-2131 | | 651-296-3353 | | |
| STATE OF MISSISSIPPI ATTORNEY GENERAL | STATE OF MISSISSIPPI ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | WALTER SILLERS BUILDING | 550 HIGH STREET, SUITE 1200 P.O. BOX 220 | JACKSON | MS | 39201 | | 601-359-3680 | | |
| STATE OF MISSOURI ATTORNEY GENERAL | STATE OF MISSOURI ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | SUPREME COURT BUILDING | 207 W. HIGH ST. | JEFFERSON CITY | MO | 65102 | | 573-751-3321 | 573-751-0774 | ATTORNEY.GENERAL@AGO.MO.GOV |
| STATE OF MONTANA ATTORNEY GENERAL | STATE OF MONTANA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 215 N SANDERS, THIRD FLOOR | PO BOX 201401 | HELENA | MT | 59620-1401 | | 406-444-2026 | 406-444-3549 | CONTACTDOJ@MT.GOV |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| STATE OF NEBRASKA ATTORNEY GENERAL | STATE OF NEBRASKA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 2115 STATE CAPITOL | 2ND FL, RM 2115 | LINCOLN | NE | 68509-8920 | | 402-471-2683 | 402-471-3297 | AGO.INFO.HELP@NEBRASKA.GOV |
| STATE OF NEVADA ATTORNEY GENERAL | STATE OF NEVADA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 100 NORTH CARSON STREET | | CARSON CITY | NV | 89701 | | 775-684-1100 | 775-684-1108 | AGINFO@AG.NV.GOV |
| STATE OF NEW BRUNSWICK ATTORNEY GENERAL | STATE OF NEW BRUNSWICK ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | CHANCERY PLACE FLR 2 | P. O. BOX 6000 | FREDERICTON | NB | E3B 5H1 | CANADA | | | |
| STATE OF NEW HAMPSHIRE ATTORNEY GENERAL | STATE OF NEW HAMPSHIRE ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 33 CAPITOL ST. | | CONCORD | NH | 03301-0000 | | 603-271-3658 | 603-271-2110 | ATTORNEYGENERAL@DOJ.NH.GOV |
| STATE OF NEW JERSEY ATTORNEY GENERAL | STATE OF NEW JERSEY ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | RJ HUGHES JUSTICE COMPLEX | 25 MARKET STREET P.O. BOX 080 | TRENTON | NJ | 08625-0080 | | 609-292-4925 | 609-292-3508 | ASKCONSUMERAFFAIRS@LPS.STATE.NJ.US |
| STATE OF NEW MEXICO ATTORNEY GENERAL | STATE OF NEW MEXICO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | P.O. DRAWER 1508 | | SANTA FE | NM | 87504-1508 | | 505-827-6000 | 505-827-5826 | |
| STATE OF NEW YORK ATTORNEY GENERAL | STATE OF NEW YORK ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | THE CAPITOL | | ALBANY | NY | 12224-0341 | | 518-776-2000 | 866-413-1069 | |
| STATE OF NORTH CAROLINA ATTORNEY GENERAL | STATE OF NORTH CAROLINA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 9001 MAIL SERVICE CENTER | | RALEIGH | NC | 27699-9001 | | 919-716-6400 | 919-716-6750 | |
| STATE OF NORTH DAKOTA ATTORNEY GENERAL | STATE OF NORTH DAKOTA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | STATE CAPITOL | 600 E BOULEVARD AVE DEPT 125 | BISMARCK | ND | 58505-0040 | | 701-328-2210 | 701-328-2226 | NDAG@ND.GOV |
| STATE OF NOVA SCOTIA ATTORNEY GENERAL | STATE OF NOVA SCOTIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1690 HOLLIS ST | | HALIFAX | NS | B3J 2L6 | CANADA | | | |
| STATE OF OHIO ATTORNEY GENERAL | STATE OF OHIO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 30 E. BROAD ST., 14TH FLOOR | | COLUMBUS | OH | 43215 | | 800-282-0515 | | |
| STATE OF OKLAHOMA ATTORNEY GENERAL | STATE OF OKLAHOMA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 313 NE 21ST STREET | | OKLAHOMA CITY | OK | 73105 | | 405-521-3921 | 405-521-6246 | |
| STATE OF ONTARIO ATTORNEY GENERAL | STATE OF ONTARIO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | MCMURTRY-SCOTT BUILDING | 720 BAY ST | TORONTO | ON | M7A 2S9 | CANADA | | | |
| STATE OF OREGON ATTORNEY GENERAL | STATE OF OREGON ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1162 COURT STREET NE | | SALEM | OR | 97301 | | 503-378-4400 | 503-378-4017 | CONSUMER.HOTLINE@DOJ.STATE.OR.US |
| STATE OF PENNSYLVANIA ATTORNEY GENERAL | STATE OF PENNSYLVANIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | STRAWBERRY SQUARE | 16TH FLOOR | HARRISBURG | PA | 17120 | | 717-787-3391 | 717-787-8242 | |
| STATE OF PUERTO RICO ATTORNEY GENERAL | STATE OF PUERTO RICO ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | APARTADO 9020192 | | SAN JUAN | PR | 00902-0192 | | 787-721-2900 | 787-729-2059 | |
| STATE OF RHODE ISLAND ATTORNEY GENERAL | STATE OF RHODE ISLAND ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 150 SOUTH MAIN STREET | | PROVIDENCE | RI | 02903-0000 | | 401-274-4400 | | |
| STATE OF SASKATCHEWAN ATTORNEY GENERAL | STATE OF SASKATCHEWAN ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1874 SCARTH STREET | 9TH FLOOR | REGINA | SK | S4P 4B3 | CANADA | 306-798-4163 | | LINDA.CHRISTENSEN@GOV.SK.CA |
| STATE OF SOUTH CAROLINA ATTORNEY GENERAL | STATE OF SOUTH CAROLINA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | P.O. BOX 11549 | | COLUMBIA | SC | 29211-1549 | | 803-734-3970 | | |
| STATE OF SOUTH DAKOTA ATTORNEY GENERAL | STATE OF SOUTH DAKOTA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1302 EAST HIGHWAY 14 | SUITE 1 | PIERRE | SD | 57501-8501 | | 605-773-3215 | 605-773-4106 | CONSUMERHELP@STATE.SD.US |
| STATE OF TENNESSEE ATTORNEY GENERAL | STATE OF TENNESSEE ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT, LAURA L. MCCLOUD | P.O. BOX 20207 | | NASHVILLE | TN | 37202-0207 | | 615-741-3491; 615-532-8933 | 615-741-3334 | CONSUMER.AFFAIRS@TN.GOV LAURALEA.MCCLOUD@AG.TN.GOV |
| STATE OF TEXAS ATTORNEY GENERAL, COUNSEL TO THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, REVENUE ACCOUNTING DIVISION | STATE OF TEXAS ATTORNEY GENERAL, BANKRUPTCY & COLLECTIONS DIVISION MC 008 | ATTN: BANKRUPTCY DEPT, COURTNEY J. HULL, ASSISTANT ATTORNEY GENERAL, JASON B. BINFORD, ABIGAIL RYAN | CAPITOL STATION | P.O. BOX 12548 | AUSTIN | TX | 78711-2548 | | 512-475-4868, 512-475-4862, 512-463-2173 | 512-475-2994, 512-936-1409 | PUBLIC.INFORMATION@OAG.STATE.TX.US COURTNEY.HULL@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV ABIGAIL.RYAN@OAG.TEXAS.GOV |
| STATE OF UTAH ATTORNEY GENERAL | STATE OF UTAH ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | PO BOX 142320 | | SALT LAKE CITY | UT | 84114-2320 | | 801-538-9600 | 801-538-1121 | UAG@UTAH.GOV |
| STATE OF VERMONT ATTORNEY GENERAL | STATE OF VERMONT ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 109 STATE ST. | | MONTPELIER | VT | 05609-1001 | | 802-828-3171 | 802-304-1014 | AGO.INFO@VERMONT.GOV |
| STATE OF VIRGINIA ATTORNEY GENERAL | STATE OF VIRGINIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 900 EAST MAIN STREET | | RICHMOND | VA | 23219 | | 804-786-2071 | 804-225-4378 | |
| STATE OF WASHINGTON ATTORNEY GENERAL | STATE OF WASHINGTON ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 1125 WASHINGTON ST. SE | P.O. BOX 40100 | OLYMPIA | WA | 98504-0100 | | 360-753-6200 | | |
| STATE OF WEST VIRGINIA ATTORNEY GENERAL | STATE OF WEST VIRGINIA ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | STATE CAPITOL BLDG 1 ROOM E 26 | | CHARLESTON | WV | 25305 | | 304-558-2021 | 304-558-0140 | CONSUMER@WVAGO.GOV |
| STATE OF WISCONSIN ATTORNEY GENERAL | STATE OF WISCONSIN ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | WISCONSIN DEPARTMENT OF JUSTICE | STATE CAPITOL, ROOM 114 EAST P. O. BOX 7857 | MADISON | WI | 53707-7857 | | 608-266-1221 | 608-267-2223 | |
| STATE OF WYOMING ATTORNEY GENERAL | STATE OF WYOMING ATTORNEY GENERAL | ATTN: BANKRUPTCY DEPT | 123 CAPITOL BUILDING | 200 W. 24TH STREET | CHEYENNE | WY | 82002 | | 307-777-7841 | 307-777-6869 | |
| COUNSEL TO 850 THIRD AVENUE OWNER LLC AND AM 150 E 42 REALTY LLC AND 150 E 42 REALTY LLC AND VULCAN PROPERTIES, INC. | STINSON LLP | ATTN: DARRELL CLARK, MICHAEL E. TUCCI, TRACEY M. OHM | 1775 PENNSYLVANIA AVENUE, NW | SUITE 800 | WASHINGTON | DC | 20006-4605 | | 202-785-9100; 202-728-3008 | 202-572-9948 | DARRELL.CLARK@STINSON.COM MICHAEL.TUCCI@STINSON.COM TRACEY.OHM@STINSON.COM |
| COUNSEL TO BBK EASTON OFFICE, LLC | STUTZMAN, BROMBERG, ESSERMAN & PLIFKA | ATTN: PETER C. D'APICE, CLIFF I. TAYLOR, KAITLYN FLETCHER | 2323 BRYAN STREET | SUITE 2200 | DALLAS | TX | 75201 | | 214-969-4900 | 214-969-4999 | DAPICE@SBEP-LAW.COM TAYLOR@SBEP-LAW.COM FLETCHER@SBEP-LAW.COM |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO CHRISTINE CLARK AND OTHER SIMILARLY SITUATED INDIVIDUALS | SULLIVAN LAW GROUP, APC | ATTN: WILLIAM B. SULLIVAN, ERIC K. YAECKEL, RYAN T. KUHN AND ANDREA TORRES-FIGUEROA | 2330 THIRD AVENUE | | SAN DIEGO | CA | 92101 | | 619-702-6760 | 619-702-6761 | HELEN@SULLIVANLAWGROUPAPC.COM YAECKEL@SULLIVANLAWGROUPAPC.COM ATORRES@SULLIVANLAWGROUPAPC.COM RYAN@SULLIVANLAWGROUPAPC.COM |
| COUNSEL TO DENIMATRIX LLC AND AXIS NA LLC | SULMEYERKUPETZ, PC | ATTN: VICTOR A. SAHN | 333 SOUTH GRAND AVENUE | SUITE 3400 | LOS ANGELES | CA | 90071 | | 213-626-2311 | 213-629-4520 | VSAHN@SULMEYERLAW.COM |
| COUNSEL TO SYWEST DEVELOPMENT LLC, AUTHORIZED AGENT FOR SY HOWE ARDEN LLC | SYWEST DEVELOPMENT LLC | ATTN: RUSS YOUNG, ESQUIRE | 150 PELICAN WAY | | SAN RAFAEL | CA | 94901 | | 415-448-8551 | | RUSS_YOUNG@SYWEST.COM |
| TOP 50 CREDITOR | TAINAN ENTERPRISES CO. LTD | ATTN: CHING-HON YANG | 5-1, SECTION 1 HANGZHOU SOUTH ROAD | ZHONGZHENG DISTRICT | TAIPEI CITY | | 100 | TAIWAN | +886 2 2391 6421 | +886 2 2397 1413 | |
| TOP 50 CREDITOR | TANGER PROPERTIES, LP | ATTN: SHELLY ATKINSON | 3200 NORTHLINE AVENUE SUITE 360 | | GREENSBORO | NC | 27408 | | 336-292-3010 | 336-852-2096 | SHELLY.ATKINSON@TANGEROUTLETS.COM |
| COUNSEL TO WASHINGTON PRIME GROUP INC. | TAVENNER & BERAN, PLC | ATTN: LYNN L. TAVENNER, PAULA S. BERAN, DAVID N. TABAKIN | 20 NORTH EIGHTH STREET | 2ND FLOOR | RICHMOND | VA | 23219 | | 804-783-8300 | 804-783-0178 | LTAVENNER@TB-LAWFIRM.COM PBERAN@TB-LAWFIRM.COM DTABAKIN@TB-LAWFIRM.COM |
| COUNSEL TO JBG/WOODBRIDGE RETAIL, LLC, AND HIGH POINTE COMMONS HOLDING, LP | TENENBAUM & SAAS, P.C. | ATTN: BRADSHAW ROST, ESQ. | 4504 WALSH STREET | SUITE 200 | CHEVY CHASE | MD | 20815 | | 301-961-5300 | | BROST@TSPCLAW.COM |
| TOP 50 CREDITOR | TEX WORLD PTE LTD | ATTN: PRESIDENT OR GENERAL COUNSEL | 610, ATL CORPORATE PARK | SAKI VIHAR ROAD, POWAI | MUMBAI | MAHA RASHT RA | 400072 | INDIA | +91-22-42293542 | | INFO@TEXWORLD.CO |
| TOP 50 CREDITOR | THE FORBES COMPANY | ATTN: PRESIDENT OR GENERAL COUNSEL | 100 GALLERIA OFFICENTRE, SUITE 427 | | SOUTHFIELD | MI | 48034 | | 248-827-4600 | | NFORBES@THEFORBESCOMPANY.COM |
| TOP 50 CREDITOR | THE MACERICH COMPANY | ATTN: ANN C. MENARD | 401 WILSHIRE BOULEVARD, SUITE 700 | | SANTA MONICA | CA | 90401 | | 310-394-6000; 424-229-3575 | 310-395-2791 | ANN.MENARD@MACERICH.COM |
| TOP 50 CREDITOR AND COUNSEL, OFFICIAL COMMITTEE OF UNSECURED CREDITORS | THE TAUBMAN COMPANY | ATTN: CHRIS HEAPHY AND ANDREW S. CONWAY | 200 EAST LONG LAKE ROAD | SUITE 300 | BLOOMFIELD HILLS | MI | 48304-2324 | | 248-258-6800; 248-258-7427 | | CHEAPHY@TAUBMAN.COM RHURREN@TAUBMAN.COM ACONWAY@TAUBMAN.COM |
| COUNSEL TO LIONEL SAVADOVE | THE TERRY LAW FIRM, PLLC | ATTN: ROY M. TERRY, JR., ESQ. | 2711 BUFORD ROAD, STE. 170 | | NORTH CHESTERFIELD | VA | 23235 | | 804-370-2866 | | ROY@THETERRYLAWFIRMPLLC.COM |
| COUNSEL TO CORPUS CHRISTI RETAIL VENTURE LP, OKC OUTLETS I LLC, IMI HUNTSVILLE LLC, PEORIA NEW MALL LLC, IMI MSW LLC, SRE BOARDWALK LLC, IMI MIRACLE MILE LLC, SRE MUSTANG LLC, RIVER RIDGE MALL JV LLC, SRE ONTARIO LLC, TMP SRE I LLC | THOMPSON HINE LLP | ATTN: LOUIS F. SOLIMINE, ESQ. | 312 WALNUT STREET | SUITE 1400 | CINCINNATI | OH | 45202-4029 | | 513-352-6700 | 513-241-4771 | LOUIS.SOLIMINE@THOMPSONHINE.COM |
| COUNSEL TO OVATIVE GROUP, LLC | THOMPSON MCMULLAN, P.C. | ATTN: DAVID R. RUBY, ESQUIRE | 100 SHOCKOE SLIP, THIRD FLOOR | | RICHMOND | VA | 23219 | | 804-698-6220 | 804-780-1813 | DRUBY@T-MLAW.COM |
| TOP 50 CREDITOR | TISHMAN SPEYER PROPERTIES | ATTN: MICHAEL B. BENNER | ROCKEFELLER CENTER, 45 ROCKEFELLER PLAZA | | NEW YORK | NY | 10111 | | 212-715-0300 | 212-319-1745 | NY@TISHMANSPEYER.COM |
| COUNSEL TO DONAHUE SCHRIBER REALTY GROUP AND RSS CENTER, LLC | TRAINOR FAIRBROOK | ATTN: JENNIFER L. PRUSKI | POST OFFICE BOX 255824 | | SACRAMENTO | CA | 95865 | | 916-929-7000 | 916-929-7111 | JPRUSKI@TRAINORFAIRBROOK.COM |
| TOP 50 CREDITOR | UBASE INTERNATIONAL INC | ATTN: YONG HOE KIM | 345, TTUKSEOM-RO | SEONGDONG-GU | SEOUL (SEONGSU-DONG) | | 04780 | KOREA | +82 2-420-0001 | +82 2-421-8787 | CONTACTUS@UBASEINTERNATIONAL.COM |
| COUNSEL TO LANDLORD AND CREDITOR COMMONS AT ISSAQUAH, INC., A FLORIDA CORPORATION | VALINOTI, SPECTER & DITO, LLP | ATTN: JEFFREY A. DITO, ESQ. | 555 MONTGOMERY STREET, SUITE 605 | | SAN FRANCISCO | CA | 94111 | | 415-986-1338 | 650-745-1126 | JDITO@VALINOTI-DITO.COM |
| VIRGINIA DEPARTMENT OF TAXATION | VIRGINIA DEPARTMENT OF TAXATION | ATTN: OFFICE OF CUSTOMER SERVICES | P.O. BOX 1115 | | RICHMOND | VA | 23218-1115 | | | | |
| COUNSEL TO ORACLE AMERICA, INC. | VOGEL & CROMWELL, LLC | ATTN: CHRISTIAN K. VOGEL | 513 FOREST AVE | SUITE 205 | RICHMOND | VA | 23229 | | 804-728-1574 | 804-728-1625 | KVOGEL@VOGELANDCROMWELL.COM |
| TOP 50 CREDITOR, OFFICIAL COMMITTEE OF UNSECURED CREDITORS | WASHINGTON PRIME GROUP, INC. | ATTN: ROBERT P. DEMCHAK, ESQ. | 180 EAST BROAD STREET | | COLUMBUS | OH | 43215 | | 614-621-9000 | | WPGINFO@WASHINGTONPRIME.COM |
| COUNSEL TO GOOGLE LLC | WATT, TIEDER, HOFFAR & FITZGERALD, LLP | ATTN: MARGUERITE LEE DEVOLL, Jennifer L. Kneeland | 1765 GREENSBORO STATION PLACE, SUITE 1000 | | MCLEAN | VA | 22102 | | 703-749-1026 ; 703-749-1046 | 703-893-8029 | JKNEELAND@WATTTIEDER.COM MDEVOLL@WATTTIEDER.COM |
| WELLS FARGO VENDOR FINANCIAL SERVICES LLC FKA GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS C/O A RICOH USA PROGRAM F/D/B/A IKON FINANCIAL SERVICES | WELLS FARGO VENDOR FINANCIAL SERVICES, LLC | ATTN: BANKRUPTCY ADMINISTRATION | P.O. BOX 13708 | | MACON | GA | 31208-3708 | | 800-480-6513 | | |
| COUNSEL TO AUSTIN CORNER ASSOCIATES INC. | WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP | ATTN: THOMAS A DRAGHI, ESQ., MICKEE M. HENNESSY, ESQ. | 1201 RXR PLAZA | | UNIONDALE | NY | 11556 | | 516-622-9200 | 516-622-9212 | TDRAGHI@WESTERMANLLP.COM MHENNESSY@WESTERMANLLP.COM |
| TOP 50 CREDITOR | WESTFIELD CORPORATION, INC. | ATTN: PETER SCHWARTZ | 2049 CENTURY PARK EAST, 40TH FLOOR | | CENTURY CITY | CA | 90067 | | 310-478-4456 | 310-478-1267 | |

In re: Retail Group, Inc., *et al.*
Core/2002 Service List
Case No. 20-33113 (KRH)

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| COUNSEL TO THE AD HOC GROUP OF TERM LOAN LENDERS | WHITEFORD, TAYLOR & PRESTON, L.L.P. | ATTN: COREY S. BOOKER, VERNON E. INGE, JR. AND CHRISTOPHER A. JONES | TWO JAMES CENTER | 1021 E. CARY STREET, SUITE 1700 | RICHMOND | VA | 23219 | | 804-977-3300 | 804-977-3299 | CBOOKER@WTPLAW.COM VINGE@WTPLAW.COM CJONES@WTPLAW.COM |
| COUNSEL TO WEKIVA SQUARE, LLC | WILES & WILES, LLP | ATTN: JOHN J. WILES, ESQ. | 800 KENNESAW AVENUE, SUITE 400 | | MARIETTA | GA | 30060-7946 | | 770-426-4619 | 770-426-4846 | BANKRUPTCY@EVICT.NET |
| COUNSEL TO CROSS COUNTRY PLAZA, LLC, PR AVALON PHASE I OWNER, LLC AND CORO NORTH POINT, LLC | WILES & WILES, LLP | ATTN: VICTOR W. NEWMARK | 800 KENNESAW AVENUE | SUITE 400 | MARIETTA | GA | 30060-7946 | | 770-426-4619 | 770-426-4846 | BANKRUPTCY@EVICT.NET |
| COUNSEL TO KIMCO REALTY CORPORATION, HAGAN PROPERTIES, INC., WENDY L. HUFFORD, THE TAUBMAN COMPANY, LLC, VARIOUS LANDLORDS, ARBORETUM MARKET INVESTMENT GROUP, INC., THE COMMONS AT WILLOWBROOK, INC., NORTHWAY OUTLETS, LLC, LAKE GEORGE NORTHWAY, LLC AND SYWEST DEVELOPMENT LLC, AUTHORIZED AGENT FOR SY HOWE ARDEN LLC | WILLIAMS MULLEN | ATTN: AUGUSTUS C. EPPS, JR., MICHAEL D. MUELLER, JENNIFER M. MCLEMORE, BENNETT T. W. EASTHAM | 200 SOUTH 10TH STREET | SUITE 1600 | RICHMOND | VA | 23219-3095 | | 804-420-6000 | 804-420-6507 | AEPPS@WILLIAMSMULLEN.COM MMUELLER@WILLIAMSMULLEN.COM JMCLEMORE@WILLIAMSMULLEN.COM BEASTHAM@WILLIAMSMULLEN.COM |
| COUNSEL TO EASTVIEW MALL, LLC, GREECE RIDGE, LLC, THE MARKETPLACE | WILMORITE MANAGEMENT GROUP LLC | ATTN: JUDITH LABOMBARDA | 1265 SCOTTSVILLE ROAD | | ROCHESTER | NY | 14624 | | 585-464-9400 | 585-464-8419 | JLABOMBARDA@WILMORITE.COM |
| COUNSEL TO LAKEWOOD ASSOCIATES, LLC AND BELLA TERRA ASSOCIATES, LLC | WOODS ROGERS PLC | ATTN: MICHAEL E. HASTINGS, JON HOLLIS | 901 EAST BYRD STREET | SUITE 1550 | RICHMOND | VA | 23219 | | 804-956-2049 | 540-322-3417 | MHASTINGS@WOODSROGERS.COM JHOLLIS@WOODSROGERS.COM |
| COUNSEL TO PREMIER BRANDS JUSTICE LLC | WOODS ROGERS PLC | ATTN: MICHAEL E. HASTINGS, JON HOLLIS | 901 EAST BYRD STREET, SUITE 1550 | | RICHMOND | VA | 23219 | | 804-956-2049 | 540-322-3417 | MHASTINGS@WOODSROGERS.COM JHOLLIS@WOODSROGERS.COM |
| COUNSEL TO CHAMPION RETAIL SERVICES, INC. | WOODS ROGERS PLC | ATTN: MICHAEL E. HASTINGS, JON HOLLIS, JUSTIN E. SIMMONS | 901 EAST BYRD STREET, SUITE 1550 | | RICHMOND | VA | 23219 | | | | mhastings@woodsrogers.com jhollis@woodsrogers.com jsimmons@woodsrogers.com |
| COUNSEL TO METLIFE LANDLORDS | WRIGHT, CONSTABLE & SKEEN, LLP | ATTN: THOMAS J. MORAN, ESQ. | WEST SHORE III CENTER | 301 CONCOURSE BOULEVARD, SUITE 120 | GLEN ALLEN | VA | 23059 | | 804-362-9434 | 804-441-9250 | TMORAN@WCSLAW.COM |
| COUNSEL TO REEP-RTL DTC VA LLC | WRIGHT, CONSTABLE & SKEEN, LLP | ATTN: THOMAS J. MORAN, ESQ. | WEST SHORE III CENTER | 301 CONCOURSE BOULEVARD, SUITE 120 | GLEN ALLEN | VA | 23059 | | 804-362-9434 | 804-441-9250 | TMORAN@WCSLAW.COM |
| TOP 50 CREDITOR | WS TRADING LIMITED | ATTN: PRESIDENT OR GENERAL COUNSEL | 50 TRADESTON STREET | | GLASGOW, SCOTLAND | | G5 8BH | UNITED KINGDOM | | | |
| COUNSEL TO NARE BUTTERFIELD, LLC | ZABEL LAW, LLC | ATTN: NICOLE J. FERDOWS, ESQ. | 55 WEST MONROE STREET | SUITE 3330 | CHICAGO | IL | 60603 | | 312-201-9800 | 312-201-1436 | NFERDOWS@ZABELLAW.COM |
| COUNSEL TO LEVIN MANAGEMENT CORPORATION, BRAZORIA COUNTY TAX OFFICE AND CERTAIN OTHER TEXAS TAXING AUTHORITIES, UNION STATION VENTURE II LLC | ZEMANIAN LAW GROUP | ATTN: PAUL A. DRISCOLL | 223 EAST CITY HALL AVENUE | SUITE 201 | NORFOLK | VA | 23510 | | 757-622-0090 | 757-622-0096 | PAUL@ZEMANIANLAW.COM |