**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:       (202) 842-7800
Facsimile:       (202) 842-7899

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (INCORRECT PRIORITY CLAIMS, INCORRECT DEBTOR AND AMOUNT CLAIMS,
## INCORRECT AMOUNT AND PRIORITY CLAIMS, AND
## INCORRECT DEBTOR, AMOUNT AND PRIORITY CLAIMS)

> **PARTIES RECEIVING THIS OBJECTION SHOULD
> REVIEW SCHEDULES 1–4 TO THE PROPOSED ORDER TO
> DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

244685163 v2

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),

respectfully state as follows in support of this omnibus objection to claims (this "Objection").[2]

## Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") modifying the portion of each proof of claim identified on **Schedules 1–**

**4** to **Exhibit A** (collectively, the "Disputed Claims") in the column titled "Modified Claims" only

to the extent set forth therein and summarized as follows:

- Modifying the portion of each claim identified on **Schedule 1** to **Exhibit A** (the "Incorrect Priority Claims") because the Debtors have determined that such claims assert an incorrect priority status based on the Debtors' books and records;

- Modifying the portion of each claim identified on **Schedule 2** to **Exhibit A** (the "Incorrect Debtor and Amount Claims") because the Debtors have determined that such claims were filed against the incorrect Debtor entity in the incorrect amount based on the Debtors' books and records;

- Modifying the portion of each claim identified on **Schedule 3** to **Exhibit A** (the "Incorrect Amount and Priority Claims") because the Debtors have determined that such claims were filed in the incorrect amount and assert an incorrect priority status based on the Debtors' books and records; and

- Modifying the portion of the claim identified on **Schedule 4** to **Exhibit A** (the "Incorrect Debtor, Amount, and Priority Claim") because the Debtors have determined that such claim was filed against the incorrect Debtor, in the incorrect amount, and asserts an incorrect priority status based on the Debtors' books and records.

2.    In support of this Objection, the Debtors submit the *Declaration of Rob Esposito in*

*Support of the Debtors' Seventeenth Omnibus Objection to Claims (Incorrect Priority Claims,*

*Incorrect Debtor and Amount Claims, Incorrect Amount and Priority Claims, and Incorrect*

*Debtor, Amount, and Priority Claims)* (the "Esposito Declaration"), attached hereto as **Exhibit B**.

---

[2]    A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of Carrie W. Teffner, Interim Executive Chair of Ascena Retail Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

This Objection complies in all respects with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 3003 and 3007, and Local Bankruptcy Rule 3007-1.

### Background

6.      On July 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

244685163 v2

7.      On August 3, 2020, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 164].

8.      On August 27, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 453] (the "Bar Date Order") establishing September 30, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Claims Bar Date"),[3] as the final date and time for all persons and entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file proofs of claim in these chapter 11 cases (collectively, "Proofs of Claim," and each, a "Proof of Claim"). The Claims Bar Date generally applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims entitled to priority under section 503(b)(9) of the Bankruptcy Code.[4] Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.      On July 24, 2020, the Court entered an order [Docket No. 69] authorizing the retention of Prime Clerk LLC as claims and noticing agent (the "Claims Agent"). As such, Prime

---

[3]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m., prevailing Eastern time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

[4]    The Bar Date Order also established January 19, 2021, at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file Proofs of Claim in these chapter 11 cases.

244685163 v2

Clerk is to, among other things, receive, maintain, docket, and otherwise administer Proofs of

Claim filed in the Debtors' chapter 11 cases.

10.    On August 27, 2020, the Debtors filed their schedules of assets and liabilities

(the "Schedules") and statements of financial affairs (the "Statements" and, together with the

Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos.

6–8, 467–468].

11.    In the ordinary course of business, the Debtors maintain books and records

(the "Books and Records") that reflect, among other things, the nature and amount of the liabilities

owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed

their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition

Date.  To date, approximately 6,180 Proofs of Claim asserting more than $1,709,800,000 in

aggregated amounts have been filed, including a number of Proofs of Claim for administrative

expense and priority claims.  The Debtors, together with their advisors, have been engaging in a

systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile

them against the Debtors' Books and Records.  Because of the number of claims in these cases,

the Debtors sought and were granted approval to file omnibus objections to certain claims in

accordance with the procedures set forth in the *Order Approving Omnibus Claims Objection*

*Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 1387] (the

"Objection Procedures").

## Basis for Objection

12.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on

different parties at different stages of the claims-objection process.  As explained by the United

States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima*

*facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of

his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is

always on the claimant.  *Id.*  Bankruptcy Rule 3007(d) permits a debtor to join objections to more

than one claim in an omnibus objection if such objections are based on enumerated non-substantive

grounds.  *See* FED. R. BANKR. P. 3007(d)(1).

### A.  Incorrect Priority Claims

13.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11

cases, the Debtors have identified thirteen (13) Incorrect Priority Claims listed on **Schedule 1**

annexed to **Exhibit A**, in the aggregate claimed amount of $6,832,820.96.  The Debtors object to

these claims.  Based on their review, the Debtors have determined that the Incorrect Priority

Claims, as filed, do not accurately reflect correct priority status for such claims according to their

Books and Records.  Instead, the Debtors believe that the asserted priority of such claims should

be modified from the priority identified in the column titled "Asserted Claims" to the priority

identified in the column titled "Modified Claims" in the table provided in **Schedule 1** to **Exhibit A**.

14.     The Debtors assert that the priority status reflected in the "Modified Claims" column is consistent with the Debtors' Books and Records and/or with the information provided by the claimants.  Failure to modify the Incorrect Priority Claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  Accordingly, the Debtors request that the Court enter the Order, modifying the Incorrect Priority Claims identified on **Schedule 1** to **Exhibit A**.

### B. Incorrect Debtor and Amount Claims

15.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified two (2) Incorrect Debtor and Amount Claims and listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $9,249,123.64.  The Debtors object to these claims.  Based on their review, the Debtors have determined that each of the Incorrect Debtor and Amount Claims, as filed, do not accurately reflect which Debtor entity may be liable for the underlying claim, and do not accurately reflect amounts owed by the Debtors according to their Books and Records.  Instead, the Debtors believe that the Debtor entity against which the Proof of Claim is asserted should be modified from the Debtor identified in the column titled "Asserted Claims" to the Debtor(s) identified in the column titled "Modified Claims" in the table provided in **Schedule 2** to **Exhibit A**.  The Debtors further believe that the asserted amount of such claims should be modified from the amounts identified in the column titled "Asserted Claims" to the amounts identified in the column titled "Modified Claims" in the table provided in **Schedule 2** to **Exhibit A** because the asserted amount is incorrect according to their Books and Records.

244685163 v2

16.     The Debtors assert that the Debtor entities and amounts reflected in the "Modified Claims" column is consistent with the Debtors' Books and Records and/or with the information provided by the claimants.  Failure to modify such Incorrect Debtor and Amount Claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  Accordingly, the Debtors request that the Court enter the Order, modifying the Incorrect Debtor and Amount Claims identified on **Schedule 2** to **Exhibit A**.

### C.  Incorrect Amount and Priority Claims

17.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified four (4) Incorrect Amount and Priority Claims listed on **Schedule 3** annexed to **Exhibit A**, in the aggregate claimed amount of $11,257,142.15.  The Debtors object to these claims.  Based on their review, the Debtors have determined that each of the Incorrect Amount and Priority Claims, as filed, do not accurately reflect correct priority status for such claims and do not accurately reflect amounts owed by the Debtors according to their Books and Records.  Instead, the Debtors believe that the asserted priority of such claims should be modified from the priority identified in the column titled "Asserted Claims" to the priority identified in the column titled "Modified Claims" in the table provided in **Schedule 3** to **Exhibit A**.  The Debtors further believe that the asserted amount of such claims should be modified from the amounts identified in the column titled "Asserted Claims" to the amounts identified in the column titled "Modified Claims" in the table provided in **Schedule 3** to **Exhibit A** because the asserted amount is incorrect and/or a portion of such claims have been satisfied in the ordinary course of business.

18.     The Debtors assert that the priority status and amounts reflected in the "Modified

Claims" column is consistent with the Debtors' Books and Records and/or with the information

provided by the claimants.  Failure to modify such Incorrect Amount and Priority Claims could

result in the relevant claimants receiving a better recovery than other similarly situated creditors,

even though such recovery is not warranted.  Accordingly, the Debtors request that the Court enter

the Order, modifying the Incorrect Amount and Priority Claims identified on **Schedule 3** to

**Exhibit A**.

### D.  Incorrect Debtor, Amount, and Priority Claim

19.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11

cases, the Debtors have identified one (1) Incorrect Debtor, Amount, and Priority Claim listed on

**Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of $387,592.00.  The Debtors

object to this claim.  Based on their review, the Debtors have determined that the Incorrect Debtor,

Amount, and Priority Claim, as filed, does not accurately reflect which Debtor entity may be liable

for the underlying claim, does not accurately reflect amounts owed by the Debtors, and does not

accurately reflect the correct priority status for such Proof of Claim according to their Books and

Records.  Instead, the Debtors believe that the Debtor entity against which the Proof of Claim is

asserted should be modified from the Debtor identified in the column titled "Asserted Claims" to

the Debtor(s) identified in the column titled "Modified Claims" in the table provided on **Schedule**

**4** annexed to **Exhibit A**.  The Debtors also believe that the asserted amount of such claim should

be modified from the amounts identified in the column titled "Asserted Claims" to the amounts

identified in the column titled "Modified Claims" in the table provided in **Schedule 4** to **Exhibit**

**A** because the asserted amount is incorrect and/or a portion of such claim has been satisfied in the

ordinary course of business.  The Debtors further believe that the asserted priority of such claim

244685163 v2

should be modified from the priority identified in the column titled "Asserted Claims" to the priority identified in the column titled "Modified Claims" in the table provided in **Schedule 4** to **Exhibit A**.

20.     The Debtors assert that the Debtor entity, priority status, and amounts reflected in the "Modified Claims" column is consistent with the Debtors' Books and Records and/or with the information provided by the claimant.  Failure to modify the Incorrect Debtor, Amount, and Priority Claim could result in the claimant receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  Accordingly, the Debtors request that the Court enter the Order, modifying the Incorrect Debtor, Amount, and Priority Claim identified on **Schedule 4** to **Exhibit A**.

## **Separate Contested Matters**

21.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Debtors are unable to resolve the response, the objection by the Debtor to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## **Reservation of Rights**

22.     Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion;

244685163 v2

(e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's right to subsequently dispute such claim.

23.      The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on **Schedules 1–4** annexed to **Exhibit A**, on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided* that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

244685163 v2

## **Statement of Compliance with Local Bankruptcy Rule 3007-1**

24.     Counsel for the Debtors has reviewed the requirements of Local Bankruptcy Rule 3007-1 and certifies that this Objection substantially complies with such Local Bankruptcy Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Bankruptcy Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## **Notice**

25.     The Debtors will provide notice of this Objection via first class mail, facsimile or email (where available) to the Service List in accordance with the Notice Procedures as set forth in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* [Docket No. 79] and the Objection Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

244685163 v2

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 22, 2021

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                steven.serajeddini@kirkland.com

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          john.luze@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

*/s/ Cullen D. Speckhart*
_____
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899
Email:          cspeckhart@cooley.com
                oantle@cooley.com

244685163 v2

**Exhibit A**

**Proposed Order**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (INCORRECT PRIORITY CLAIMS, INCORRECT DEBTOR AND AMOUNT CLAIMS, INCORRECT AMOUNT AND PRIORITY CLAIMS, AND INCORRECT DEBTOR, AMOUNT AND PRIORITY CLAIMS)

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), modifying the Proofs of Claim set forth on **Schedules 1–4** attached hereto, all as more fully set forth in the Objection; and upon the Esposito Declaration; and this Court having jurisdiction over this matter pursuant to

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

1

28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The Incorrect Priority Claims set forth on the attached **Schedule 1** are hereby modified as to the priority status as identified in the column titled "Modified Claims" in **Schedule 1** to this Order.

3.      The Incorrect Debtor and Amount Claims set forth on the attached **Schedule 2** are hereby modified as to the Debtor entity and amount as identified in the column titled "Modified Claims" in **Schedule 2** to this Order.

4.      The Incorrect Amount and Priority Claims set forth on the attached **Schedule 3** are hereby modified as to the amount and priority status as identified in the column titled "Modified Claims" in **Schedule 3** to this Order.

244685163 v2

5.    The Incorrect Debtor, Amount, and Priority Claim set forth on the attached **Schedule 4** is hereby modified as to the Debtor entity, amount, and priority status as identified in the column titled "Modified Claims" in **Schedule 4** to this Order.

6.    The Debtors' objection to the Disputed Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7.    Nothing in this Order shall affect the Debtors' right to object to the Modified Claims or any other Proofs of Claim at a future date.

8.    The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

9.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and

3

the Debtors and all other parties in interest expressly reserve their rights to contest the extent,

validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this

Order should not be construed as an admission as to the validity, priority, or amount of any

particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently

dispute such claim.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Objection.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia                              _____
                                                United States Bankruptcy Judge

4

WE ASK FOR THIS:

|  | /s/ *Cullen D. Speckhart* |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COOLEY LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Cullen D. Speckhart (VSB 79096) |
| Edward O. Sassower, P.C. | Olya Antle (VSB 83153) |
| Steven N. Serajeddini, P.C. (admitted *pro hac vice*) | 1299 Pennsylvania Avenue, NW, Suite 700 |
| 601 Lexington Avenue | Washington, DC 20004-2400 |
| New York, New York 10022 | Telephone:      (202) 842-7800 |
| Telephone:      (212) 446-4800 | Facsimile:      (202) 842-7899 |
| Facsimile:      (212) 446-4900 |  |
| -and- |  |
| John R. Luze (admitted *pro hac vice*) |  |
| 300 North LaSalle |  |
| Chicago, Illinois 60654 |  |
| Telephone:      (312) 862-2000 |  |
| Facsimile:      (312) 862-2200 |  |

*Co-Counsel to the Debtors and Debtors in Possession*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ *Cullen D. Speckhart*

244685163 v2

## Schedule 1

### Incorrect Priority Claims

244685163 v2

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 1 - Incorrect Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | APPAREL MANUFACTURING PARTNERS INC. JAE JOON JUNG 561 7TH AVE. FL.4 NEW YORK, NY 10018 | 2930 | Lane Bryant Purchasing Corp. | Secured | $492,159.12* | Lane Bryant Purchasing Corp. | Secured | $0.00 |
| | | | | | | Lane Bryant Purchasing Corp. | Unsecured | $492,159.12* |
| | | | | | | | Subtotal | $492,159.12* |
| | Reason: Claimant failed to provide prima facie evidence to support the asserted secured claim classification. Claim for goods manufactured and sold should be reclassified to general unsecured. | | | | | | | |
| 2 | EDINBURG SRGV, LLC 149 COLONIAL ROAD MANCHESTER, CT 06042 | 1659 | Lane Bryant, Inc. | Priority | $4,216.36 | Lane Bryant, Inc. | Priority | $0.00 |
| | | | Lane Bryant, Inc. | Unsecured | $30,372.48 | Lane Bryant, Inc. | Unsecured | $34,588.84 |
| | | | | Subtotal | $34,588.84 | | Subtotal | $34,588.84 |
| | Reason: Claim for lease rejection damages, taxes and/or penalties is not entitled to priority status under section 507(a)(8) of the bankruptcy code. | | | | | | | |
| 3 | FOUND DESIGN STUDIO LIMITED 2 WHITE POST LANE, FLAT 505 LONDON, E9 5SZ UNITED KINGDOM | 5476 | Ascena Retail Group, Inc. | Administrative | $650.00 | Ascena Retail Group, Inc. | Administrative | $0.00 |
| | | | | | | Ascena Retail Group, Inc. | Unsecured | $650.00 |
| | | | | | | | Subtotal | $650.00 |
| | Reason: The Claimant asserts administrative priority for pre-petition services which should be reclassified to general unsecured. | | | | | | | |
| 4 | ICONICFOCUS, LLC PO BOX 335 GREENVALE, NY 11548 | 5215 | Ascena Retail Group, Inc. | Administrative | $11,586.73 | Ascena Retail Group, Inc. | Administrative | $0.00 |
| | | | | | | Ascena Retail Group, Inc. | Unsecured | $11,586.73 |
| | | | | | | | Subtotal | $11,586.73 |
| | Reason: The Claimant asserts administrative priority classification for pre-petition services which should be reclassified to general unsecured. | | | | | | | |
| 5 | JOHN GALLIN AND SON, INC. C/O BARTON LLP ERIC SLEEPER, ESQ. 711 THIRD AVENUE, 14TH FLOOR NEW YORK, NY 10017 | 3770 | AnnTaylor Retail, Inc. | Secured | $3,798,923.19 | AnnTaylor Retail, Inc. | Secured | $0.00 |
| | | | | | | AnnTaylor Retail, Inc. | Unsecured | $3,798,923.19 |
| | | | | | | | Subtotal | $3,798,923.19 |
| | Reason: The claimant does not provide prima facie evidence to support a secured claim against the Debtors'. The claimant's mechanics lien is asserted against the owner of a building in which the Debtors lease space. | | | | | | | |
| 6 | KRISTIN MANGAS 3367 LEIGHTON RD COLUMBUS, OH 43221 | 5229 | Ascena Retail Group, Inc. | Administrative | $1,250.00 | Ascena Retail Group, Inc. | Administrative | $0.00 |
| | | | | | | Ascena Retail Group, Inc. | Unsecured | $1,250.00 |
| | | | | | | | Subtotal | $1,250.00 |
| | Reason: The Claimant asserts administrative priority classification for pre-petition services which should be reclassified to general unsecured. | | | | | | | |

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 1 - Incorrect Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 7 | LAUREL B. CORP D/B/A THE MAGNET AGENCY | 269 | Lane Bryant, Inc. | Priority | $4,592.50 | Lane Bryant, Inc. | Priority | $0.00 |
| | 270 LAFAYETE ST. SUITE 901 | | Lane Bryant, Inc. | Unsecured | $806.94 | Lane Bryant, Inc. | Unsecured | $5,399.44 |
| | NEW YORK, NY 10012 | | | Subtotal | $5,399.44 | | Subtotal | $5,399.44 |
| | Reason: Claim for services is not entitled to priority status under sections 507(a)(4) and 507(a)(8) of the bankruptcy code. | | | | | | | |
| 8 | LEE & CO. LS BLDG, YEOKSAM-RO 461 | 1699 | Lane Bryant Purchasing Corp. | 503(b)(9) | $239,359.64 | Lane Bryant Purchasing Corp. | 503(b)(9) | $0.00 |
| | SEOUL, 06195 KOREA, REPUBLIC OF | | Lane Bryant Purchasing Corp. | Unsecured | $169,804.60 | Lane Bryant Purchasing Corp. | Unsecured | $409,164.24 |
| | | | | Subtotal | $409,164.24 | | Subtotal | $409,164.24 |
| | Reason: Invoice numbers 162365, 162366, 162367, 162368, 162369, 162370, 162371, 162372, 162374, 162376, 162377, and 162379, in the aggregate amount of $239,359.64, are for goods received prior to the 503(b)(9) period. | | | | | | | |
| 9 | MILLER, KIMBERLY 9747 DEWEY CIRCLE | 6045 | Ascena Retail Group, Inc. | 503(b)(9) | $42.32 | Ascena Retail Group, Inc. | 503(b)(9) | $0.00 |
| | FRANKFORT, IL 60423 | | | | | Ascena Retail Group, Inc. | Unsecured | $42.32 |
| | | | | | | | Subtotal | $42.32 |
| | Reason: Claim for an unredeemable gift card does not constitute goods under section 503(b)(9) of the bankruptcy code. | | | | | | | |
| 10 | PEARL GLOBAL (HK) LIMITED ATTN: RONALD S. BEACHER | 707 | Lane Bryant Purchasing Corp. | 503(b)(9) | $233,583.41 | Lane Bryant Purchasing Corp. | 503(b)(9) | $0.00 |
| | PRYOR CASHMAN LLP 7 TIMES SQUARE | | Lane Bryant Purchasing Corp. | Unsecured | $408,207.94 | Lane Bryant Purchasing Corp. | Unsecured | $641,791.35 |
| | NEW YORK, NY 10036 | | | Subtotal | $641,791.35 | | Subtotal | $641,791.35 |
| | Reason: The goods represented in the invoices asserted as 503(b)(9) were received prior to the 503(b)(9) period and therefore not entitled for priority status under section 503(b)(9) of the bankruptcy code. | | | | | | | |
| 11 | ROBOWSKI, CASEY JO 10613 LA GRANGE ROAD | 1353 | Lane Bryant, Inc. | Priority | $2,600.00 | Lane Bryant, Inc. | Priority | $0.00 |
| | LOUISVILLE, KY 40223 | | | | | Lane Bryant, Inc. | Unsecured | $2,600.00 |
| | | | | | | | Subtotal | $2,600.00 |
| | Reason: Claim for styling services does not qualify for priority status under section 507(a)(4) of the bankruptcy code. | | | | | | | |
| 12 | SOUTH ASIA KNITTING FACTORY LTD. | 3393 | AnnTaylor, Inc. | 503(b)(9) | $212,620.61 | AnnTaylor, Inc. | 503(b)(9) | $145,744.36 |
| | 17/F, SOUTH ASIA BUILDING, 108 HOW MING | | AnnTaylor, Inc. | Unsecured | $1,212,445.12 | AnnTaylor, Inc. | Unsecured | $1,279,321.37 |
| | STREET, KWUN TONG KOWLOON, HONG KONG | | | Subtotal | $1,425,065.73 | | Subtotal | $1,425,065.73 |
| | Reason: Invoice numbers 2020/01264, 2020/01267, 2020/01337, and 2020/01338, in the aggregate amount of $66,886.25, represent goods received prior to 503(b)(9) period. | | | | | | | |

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 1 - Incorrect Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 13 | WOMEN MANAGEMENT 55 HUDSON YARDS, 3RD FL. NEW YORK, NY 10001 | 5451 | AnnTaylor, Inc. | Administrative | $9,600.00 | AnnTaylor, Inc. | Administrative | $0.00 |
| | | | | | | AnnTaylor, Inc. | Unsecured | $9,600.00 |
| | | | | | | | Subtotal | $9,600.00 |

Reason: The Claimant asserts administrative priority classification for pre-petition services which should be reclassified to general unsecured.

| | | TOTAL | | | $ 6,832,820.96* | TOTAL | | $ 6,832,820.96* |

## <u>Schedule 2</u>

**Incorrect Debtor and Amount Claims**

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 2 - Incorrect Debtor and Amount Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | LEE & CO. LS BLDG, YEOKSAM-RO 461 SEOUL, 06195 KOREA, REPUBLIC OF | 1700 | Tween Brands Service Co. | 503(b)(9) | $830,295.28 | Lane Bryant Purchasing Corp. | 503(b)(9) | $43,038.13 |
| | | | Tween Brands Service Co. | Unsecured | $404,465.41 | Tween Brands Service Co. | 503(b)(9) | $653,832.23 |
| | | | | Subtotal | $1,234,760.69 | Tween Brands Service Co. | Unsecured | $229,982.87 |
| | | | | | | | Subtotal | $926,853.23 |

Reason: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records.

Invoice numbers 156253, 156350, 158662, 158674, 158683, 158702, 158918, 158919, 158921, 158922, 158923, 158924, 158925, 158926, 158927, 160629, 160630, 160631, 160633, 160635, 160637, 160639, 160642, 160648, 160857, 160859, 160860, 161332, 161333, 161334, 161893, 161894, 161895, 161896, 161900, 161901, 161903, 161904, 161906, 162052, 162053, 162054, and 162055, in the aggregate amount of $315,876.77, are duplicative of the invoices asserted on the Claimant's proof of claim number 1698.

Invoice numbers 161807, 161810, 161907, 161909, 161911, 161913, 161928, 161931, 161932, 161935, 161937, 161938, 161940, 161944, 162365, 162366, 162367, 162368, 162369, 162370, 162371, 162372, 162374, 162376, 162377, and 162379, in the aggregate amount of $409,164.24, are duplicative of the invoices asserted on the Claimant's proof of claim number 1699.

| 2 | MGF SOURCING US, LLC 4200 REGENT STREET SUITE 205 COLUMBUS, OH 43219 | 468 | Ascena Retail Group, Inc. | 503(b)(9) | $257,664.76 | Catherines Stores Corporation | 503(b)(9) | $2,651.72 |
| | | | Ascena Retail Group, Inc. | Unsecured | $7,756,698.19 | Lane Bryant Purchasing Corp. | 503(b)(9) | $120,781.78 |
| | | | | Subtotal | $8,014,362.95 | Catherines Stores Corporation | Unsecured | $339,813.69 |
| | | | | | | Lane Bryant Purchasing Corp. | Unsecured | $6,613,529.46 |
| | | | | | | | Subtotal | $7,076,776.65 |

Reason:  Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records.

Post-petition invoice numbers CIV0400499, CIV0400877, CIV0400876, CIV0400875, LBRIN-INT-100365868, LBRIN-INT-100365876, LBRIN-INT-100373806, LBRIN-INT-100373813, LBRIN-INT-100381772, LBRIN-INT-100381775, LBRIN-INT-100381796, LBRIN-INT-100381802, LBRIN-INT-100381803, LBRIN-INT-100387593, and LBRIN-INT-100393376, in the aggregate amount of $809,655.46, were paid on ACH numbers 5506379 (dated 9/10/2020), 5506449 (10/8/2020), 5506467 (dated 10/15/2020), 5506513 (dated 10/29/2020), 5506532 (dated 11/5/2020), 5506620 (dated 12/3/2020) and 5506640 (dated 12/10/2020).

Invoice numbers CIV0385089, CIV0387122, CIV0388580, CIV0388853, CIV0390310, CIV0390559, CIV0392038, CIV0392024, CIV0392019, CIV0392992, CIV0394548, CIV0394612, CIV0394621, CIV0394876, LBRIN-INT-100381706 and, LBRIN-INT-100381707, asserted in the aggregate amount of $440,437.71, exist in the Debtors' books and records in the amount of $331,969.51.

No liability exists on account of invoice numbers FTI04000012127, FTI04000012128, FTI04000012125, FTI04000012126, FTI04000012818, in the aggregated amount of $10,421.50, as they related to fabric liabilities on canceled orders.

Various invoices, including Regina RM invoices, in the aggregate amount of $9,041.14 do not exist on the Debtors' books and records.

| | TOTAL | | | | $ 9,249,123.64 | TOTAL | | $ 8,003,629.88 |

## **Schedule 3**

### **Incorrect Amount and Priority Claims**

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 3 - Incorrect Amount and Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | BUSANA APPAREL PTE. LTD. MR. SANJAY GOYAL GRAND BUILDING 17TH PHILLIPS STREET, #05-01 , 048695 SINGAPORE | 3382 | AnnTaylor, Inc. | 503(b)(9) | $570,691.91 | AnnTaylor, Inc. | 503(b)(9) | $426,617.30 |
| | | | AnnTaylor, Inc. | Unsecured | $889,995.77 | AnnTaylor, Inc. | Unsecured | $934,822.09 |
| | | | | Subtotal | $1,460,687.68 | | Subtotal | $1,361,439.39 |

Reason: Invoice numbers 2645/BAPL/I/2020, 2646/BAPL/I/2020, 2647/BAPL/I/2020, 2648/BAPL/I/2020, 2649/BAPL/I/2020, and 2709/BAPL/I/2020, asserted as 503(b)(9) in the aggregate amount of $144,074.30, represent goods received prior to the 503(b)(9) period.

Invoice numbers 1912/BAPL/I/2020, 1913/BAPL/I/2020, 1914/BAPL/I/2020, 1915/BAPL/I/2020, 2580/BAPL/I/2020, 2581/BAPL/I/2020, 2589/BAPL/I/2020, 2630/BAPL/I/2020, and 2631/BAPL/I/2020, in the aggregate amount of $12,527.73, are the responsibility of the non-debtor entity Ann Canada, Inc.

The claimant asserts various invoices totaling $86,720.56 for which the Debtor has no record of such liability.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | CHOI & SHIN'S CO., LTD 61, BUKCHON-RO, JONGNO-GU SEOUL, 03052 KOREA, REPUBLIC OF | 2905 | AnnTaylor, Inc. | 503(b)(9) | $295,924.88 | AnnTaylor, Inc. | 503(b)(9) | $122,966.92 |
| | | | AnnTaylor, Inc. | Unsecured | $1,440,122.75 | AnnTaylor, Inc. | Unsecured | $1,605,056.00 |
| | | | | Subtotal | $1,736,047.63 | | Subtotal | $1,728,022.92 |

Reason: Invoices CSVN-ANN-2052101, CSVN-ANN-2052102, CSVN-ANN-2052103, CSVN-ANN-2052104, CSVN-ANN-2052105, CSVN-ANN-2052106, CSVN-ANN-2052107, CSVN-ANN-2052108, and CSVN-ANN-2051404 asserted in the aggregate amount of $171,438.56 were delivered outside of the 503(b)(9) period.

Invoices CSVN-ANN-206401, CSVN-ANN-206402, CSVN-ANN-206403, CSVN-ANN-207301, and CSVN-ANN-207302 asserted in the aggregate amount of $1,519.40 relate to post-petition invoices which will be handled in the normal course of business.

Invoices HDI2002068, HDI2002069, CSVN-ANN-2020501, CSVN-ANN-2020502, CSVN-ANN-2020503, CSVN-ANN-2051401, CSVN-ANN-2051901 and CSVN-ANN-2051902, in the aggregate amount of $6,505.31, represents liability of the non-debtor entity Ann Canada, Inc.

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 3 - Incorrect Amount and Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 3 | CLOVER GROUP INTERNATIONAL LIMITED | 3046 | Lane Bryant Purchasing Corp. | 503(b)(9) | $500,948.80 | Lane Bryant Purchasing Corp. | 503(b)(9) | $500,948.80 |
| | ROY IAN DELBYCK LAW OFFICES OF ROY IAN DELBYCK | | Lane Bryant Purchasing Corp. | Unsecured | $4,832,578.42 | Lane Bryant Purchasing Corp. | Unsecured | $46,025.63 |
| | ROOM 929 STAR HOUSE TSIMSHATSUI, KOWLOON,  Hong Kong | | | Subtotal | $5,333,527.22 | | Subtotal | $546,974.43 |

Reason: Invoices 601726, 601749, 601750, 601724, 601725, 602110, 608079, 601733, 601734, 601735, 601736, 601737, 601738, 601739, 601743, 601744, 601745, 601746, 601747, 601748, 602121, 602122, 607858, 607859, 607860, 607861, 607862, 607991, 608006, 608007, 608008, 608014 & 608078, In the aggregate amount of $650,663.75, represent post-petition goods which will be handled in the normal course of business.

Invoices 910026713, 910026714, 910026715, 910026716, 910026717, 910026718, 910026719, 910026720, 910026721, 910026722, 910026723, 910026724, 910026725, 910026726, 910026727, 910026728, 910026906, 910026907, 910026908, 910026909, 910026910, 910026911, 910026912, 910026729, 910026730, 910026731, 910026743, 910026795, 910026796, 910026797, 910026803, 910026804, 910026805, 910026806, 910026807, 910026565, 910026566, 910026567, 910026568, 910026569, 910026570, 910026808, 910026809, 910026810, 910026811, 910026812, 910026813, 910026815, 910026816, 910026817, 910026818, 910026819, 910026863, 910026864, 910026865, 910026853, 910026854, 910026855, 910026856, 910026857, 910026858, 910026859, 910026860, 910026861, 910026862, 910026958, 910026959, 910026960, 910026961, 910026962, 910026963, 910026964, 910026965, 910027194, 910027197, 910027277, 910027278, 910027083, 910027084, 910027085, 910027086, 910027087, 910027088, 910027089, 910027090, 910027091, 910027092, 910027093, 910027094, 910027095, 910027096, 910027120, 910027121, 910027186, 910027192, 600524, 600528, 600529, 601741, 600643, 600644, 600645, 600646, 600630, 600635, 600642, 599101, 599102, 601527, 601528, 601531, 601526, 601532, 606511, 606512, 606090, 606091, 606092 & 606093 in the aggregate amount of $4,135,889.04 were paid by wire numbers 7166, 7178, 7194, 7216, 7231 7245, 7267, 7287, 7312 & 7340 dated 09/24/2020, 10/01/2020, 10/08/2020, 10/15/2020, 10/22/2020, 10/29/2020, 11/05/2020, 11/12/2020, 11/19/2020 and 12/03/2020, respectively.

Invoice numbers 161243 and 160856, in the aggregate amount of $46,025.63, assert goods received prior to the 503(b)(9) period.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | PT. ERATEX (HONG KONG) LIMITED UNIT E11/F, EFFORT INDUSTRIAL BUILIDNG 2-8 | 3430 | AnnTaylor, Inc. | 503(b)(9) | $226,881.47 | AnnTaylor, Inc. | 503(b)(9) | $43,719.07 |
| | KUNG YIP STREET | | AnnTaylor, Inc. | Unsecured | $2,499,998.15 | AnnTaylor, Inc. | Unsecured | $2,644,592.53 |
| | KWAI CHUNG, NT HONG KONG | | | Subtotal | $2,726,879.62 | | Subtotal | $2,688,311.60 |

Reason: Invoice numbers 565/1452/20/HK, 569/1502/20/HK, 573/1751/20/HK, 579/1555/20/HK, 607/1323/20/HK and 609/1607/20/HK, in the aggregate amount of $183,162.40, represent goods received prior to the 503(b)(9) period.

Invoice numbers 361/1581/20/HK, 397/1488/20/HK, 398/1494/20/HK, 399/1502/20/HK, 400/1503/20/HK, 401/1509/20/HK, 402/1627/20/HK, 403/1628/20/HK, 404/1635/20/HK, 405/1636/20/HK, 406/1489/20/HK, 559/1684/20/HK, 560/1705/20/HK, 581/1617/20/HK, 584/1767/20/HK, 647/1769/20/HK, and 664/1746/20/HK, in the aggregate amount of $24,526.79, represent liability of the non-debtor entity Ann Canada, Inc.

Various invoice liability totaling $14,041.27 does not exist in the Debtors' books and records.

| | TOTAL | $ 11,257,142.15 | TOTAL | $ 6,324,748.34 |
|---|---|---|---|---|

## Schedule 4

**Incorrect Debtor, Amount, and Priority Claim**

Retail Group, Inc. 20-33113 (KRH)
Seventeenth Omnibus Claims Objection
Schedule 4 - Incorrect Debtor, Amount, and Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | DENIMATRIX, LLC DENIMATRIX-NEW 70 WEST 40TH STREET, 11TH FLOOR NEW YORK, NY 10018 | 2109 | Ascena Retail Group, Inc. | 503(b)(9) | $300,737.00 | AnnTaylor, Inc. | 503(b)(9) | $69,414.62 |
| | | | Ascena Retail Group, Inc. | Administrative | $86,855.00 | Lane Bryant Purchasing Corp. | 503(b)(9) | $70,184.06 |
| | | | | Subtotal | $387,592.00 | Lane Bryant Purchasing Corp. | Administrative | $0.00 |
| | | | | | | Lane Bryant Purchasing Corp. | Unsecured | $86,855.18 |
| | | | | | | | Subtotal | $226,453.86 |

Reason: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records.

Post-petition invoice numbers DENIA3736, DENIA3737, DENIA3738 and DENIA3741, in the aggregate amount of $161,138.21, were paid via ACH number 5506363 dated 9/2/2020.

Invoice numbers DENIA3629 and DENIA3630, in the aggregate amount of $86,855.18, are not entitled to administrative priority status as the goods provided on those invoices were received prior to the 503(b)(9) period.

| TOTAL | $ 387,592.00 | TOTAL | $ 226,453.86 |
|---|---|---|---|

## Exhibit B

**Esposito Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

-and-

John R. Luze (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF ROB ESPOSITO
## IN SUPPORT OF THE DEBTORS' SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (INCORRECT PRIORITY CLAIMS, INCORRECT DEBTOR AND AMOUNT CLAIMS,
## INCORRECT AMOUNT AND PRIORITY CLAIMS, AND
## INCORRECT DEBTOR, AMOUNT AND PRIORITY CLAIMS)

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC (together with

employees of its affiliates, all of which are wholly-owned by its parent company and employees,

its wholly owned subsidiaries, and independent contractors, "A&M"), a restructuring advisory

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
       claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of Debtor Ascena Retail Group,
       Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur
       Boulevard, Mahwah, New Jersey 07430.

244685163 v2

services firm with numerous offices throughout the country and restructuring advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I submit this declaration (the "Declaration") in support of the relief requested in the *Debtors' Seventeenth Omnibus Objection to Claims (Incorrect Priority Claims, Incorrect Debtor and Amount Claims, Incorrect Amount and Priority Claims, and Incorrect Debtor, Amount, and Priority Claims)* (the "Objection").[2]

2.      In my current position with A&M as an advisor to the Debtors, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records. Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date. Except as otherwise stated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' advisors, including my team at A&M, or employees of the Debtors. I have read the Objection filed contemporaneously herewith and to the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

3.      Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these chapter 11 cases.

4.      The Debtors have identified thirteen (13) Incorrect Priority Claims listed on **Schedule 1** annexed to **Exhibit A**, in the aggregate claimed amount of $6,832,820.96. To the best

---

[2]    Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

244685163 v2

of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, each of the Incorrect Priority Claims, as filed, do not accurately reflect the correct priority status for each Proof of Claim according to the Debtors' Books and Records. After carefully reviewing the Incorrect Priority Claims in good faith, utilizing due diligence by appropriate personnel, I believe that each of the Incorrect Priority Claims should be modified to reflect the amounts identified in the "Modified Claims" column of **Schedule 1** to **Exhibit A**. Failure to modify the Incorrect Priority Claims could result in the relevant claimants receiving either a better recovery than other similarly situated creditors, even though such recovery is not warranted. As such, I believe that the modification of the Incorrect Priority Claims on the terms set forth in the Objection is appropriate.

5.      The Debtors have also identified two (2) Incorrect Debtor and Amount Claims and listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $9,249,123.64. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, each of the Incorrect Debtor and Amount Claims, as filed, do not accurately reflect which Debtor entity may be liable for the underlying Claim, and do not accurately reflect amounts owed by the Debtors according to their Books and Records. After carefully reviewing the Incorrect Debtor and Amount Claims in good faith, utilizing due diligence by appropriate personnel, I believe that each of the Incorrect Debtor and Amount Claims should be modified to reflect the Debtor entity and amount identified in the "Modified Claims" column of **Schedule 2** to **Exhibit A**. Failure to modify the Incorrect Debtor and Amount Claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. As such, I believe that the modification of the Incorrect Debtor and Amount Claims on the terms set forth in the Objection is appropriate.

3

244685163 v2

6.      The Debtors have further identified four (4) Incorrect Amount and Priority Claims

listed on **Schedule 3** annexed to **Exhibit A**, in the aggregate claimed amount of $11,257,142.15.

To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain

after reasonable inquiry, each of the Incorrect Amount and Priority Claims, as filed, do not

accurately reflect the correct priority status for such Proof of Claim and do not accurately reflect

amounts owed by the Debtors according to their Books and Records.  After carefully reviewing

the Incorrect Amount and Priority Claims in good faith, utilizing due diligence by appropriate

personnel, I believe that each of the Incorrect Amount and Priority Claims should be modified to

reflect the priority status and amount identified in the "Modified Claims" column of **Schedule 3**

to **Exhibit A**.  Failure to modify the Incorrect Amount and Priority Claims could result in the

relevant claimants receiving either a better recovery than other similarly situated creditors, even

though such recovery is not warranted.  As such, I believe that the modification of the Incorrect

Amount and Priority Claims on the terms set forth in the Objection is appropriate.

7.      Lastly, the Debtors have identified one (1) Incorrect Debtor, Amount, and Priority

Claim listed on **Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of

$387,592.00.  To the best of my knowledge, information, and belief, and insofar as I have been

able to ascertain after reasonable inquiry, the Incorrect Debtor, Amount, and Priority Claim, as

filed, does not accurately reflect which Debtor entity may be liable for the underlying Claim, does

not accurately reflect the correct priority status for such Proof of Claim, and does not accurately

reflect amounts owed by the Debtors according to their Books and Records.  After carefully

reviewing the Incorrect Debtor, Amount, and Priority Claim in good faith, utilizing due diligence

by appropriate personnel, I believe that the Incorrect Debtor, Amount, and Priority Claim should

be modified to reflect the Debtor entity, priority status, and amount identified in the "Modified

Claims" column of **Schedule 4** to **Exhibit A**.  Failure to modify the Incorrect Debtor, Amount, and Priority Claim could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  As such, I believe that the modification of the Incorrect Debtor, Amount, and Priority Claim on the terms set forth in the Objection is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  February 22, 2021                    _/s/ Rob Esposito_____
                                             Rob Esposito
                                             Senior Director
                                             Alvarez & Marsal North America, LLC

244685163 v2