**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## THE PLAN ADMINISTRATOR'S NINETEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (EQUITY INTEREST CLAIMS, AMENDED CLAIMS, LATE-FILED CLAIMS, EXACT
## DUPLICATE CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)

> **PARTIES RECEIVING THIS OBJECTION SHOULD
> REVIEW SCHEDULES 1–5 TO THE PROPOSED ORDER TO
> DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Jackson Square Advisors LLC, in its capacity as the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession (collectively, the "Debtors"), respectfully states as follows in support of this omnibus objection to claims (the "Objection"):[2]

---

[1]    A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]    A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of Carrie W. Teffner, Interim Executive Chair of Ascena Retail Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") disallowing and expunging the portion of each Proof of Claim (as defined

herein) identified on **Schedules 1–5** to **Exhibit A** (collectively, the "Disputed Claims") only to the

extent set forth therein and summarized as follows:

- Disallowing and expunging each Proof of Claim identified on **Schedule 1** to **Exhibit A** because the Debtors have determined that such claims were filed solely on account of purported equity interests in the Debtors (the "Equity Interest Claims");

- Disallowing and expunging each Proof of Claim identified on **Schedule 2** to **Exhibit A** in the column titled "Claims To Be Disallowed" because the Debtors have determined that such claims have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities (the "Amended Claims");

- Disallowing and expunging each Proof of Claim identified on **Schedule 3** to **Exhibit A** because the Debtors have determined that such claims were not actually received by the applicable Claims Bar Date (as defined herein) (the "Late-Filed Claims");

- Disallowing and expunging each proof of claim identified on **Schedule 4** to **Exhibit A** in the column titled "Claims To Be Disallowed" because each proof of claim is an exact duplicate of another proof of claim filed by the same claimant in respect of the same liabilities (the "Exact Duplicate Claims"); and

- Disallowing and expunging each Proof of Claim identified on **Schedule 5** to **Exhibit A** because each claimant failed to provide a basis for the claim or supporting documentation that would allow the Debtors to ascertain the validity of the Proof of Claim (the "Insufficient Documentation Claims").

2.      In support of this Objection, the Debtors submit the *Declaration of Rob Esposito in*

*Support of the Plan Administrator's Nineteenth Omnibus Objection to Claims (Equity Interest*

*Claims, Amended Claims, Late-Filed Claims, Exact Duplicate Claims, and Insufficient*

*Documentation Claims)* (the "Esposito Declaration"), attached hereto as **Exhibit B**.  This

Objection complies in all respects with Rule 3007-1 of the Local Rules of the United States

Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the Eastern District of Virginia

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference from the United States District Court for the Eastern District of*

*Virginia*, dated August 15, 1984.  The Debtors confirm their consent, pursuant to Rule 7008 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by

the Court in connection with this Objection to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of

the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 3003

and 3007, and Local Bankruptcy Rule 3007-1.

**Background**

6.      On July 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

business and managing their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has

been made in these chapter 11 cases.  These chapter 11 cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

7.      On August 3, 2020, the United States Trustee for the Eastern District of Virginia

(the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 164].

8.      On August 27, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 453] (the "<u>Bar Date Order</u>") establishing September 30, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Claims Bar Date</u>"),[3] as the final date and time for all persons and entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file proofs of claim in these chapter 11 cases (collectively, "<u>Proofs of Claim</u>," and each a "<u>Proof of Claim</u>").  The Claims Bar Date generally applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims entitled to priority under section 503(b)(9) of the Bankruptcy Code.[4]  Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.      On July 24, 2020, the Court entered an order [Docket No. 69] authorizing the retention of Prime Clerk LLC as claims and noticing agent (the "<u>Claims Agent</u>").  As such, Prime Clerk is to, among other things, receive, maintain, docket, and otherwise administer Proofs of Claim filed in the Debtors' chapter 11 cases.

---

[3]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m., prevailing Eastern time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

[4]    The Bar Date Order also established January 19, 2021, at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file Proofs of Claim in these chapter 11 cases.

10.     On August 27, 2020, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 6–8, 467–468].

11.     On February 24, 2021, the Debtors filed an *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794].  On February 25, 2021, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 1811].

12.     Pursuant to the Plan, Confirmation Order, and Plan Administration Agreement [Docket No. 1790, Ex. H], Jackson Square Advisors LLC was appointed to administer the Plan (the "Plan Administrator") on behalf of the Debtors upon occurrence of the Effective Date of the Plan.  On March 5, 2021, the Debtors filed a Notice of Occurrence of the Plan Effective Date [Docket No. 1845].  Upon occurrence of the Effective Date, the Plan Administrator was appointed as the sole representative of the Debtors.

13.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.  To date, approximately 6,290 Proofs of Claim asserting more than $1,749,000,000 in aggregated amounts have been filed, including a number of Proofs of Claim for administrative expense and priority claims.  The Debtors, together with their advisors, have been engaging in a

systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile

the Proofs of Claim against the Debtors' Books and Records.  Because of the number of claims in

these cases, the Debtors sought and were granted approval to file omnibus objections to certain

claims in accordance with the procedures set forth in the *Order Approving Omnibus Claims*

*Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 1387]

(the "Objection Procedures").

### Basis for Objection

14.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on

different parties at different stages of the claims-objection process.  As explained by the United

States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court
> under 11 U.S.C.A. § 502(a) rests on different parties at different
> times.  Initially, the claimant must allege facts sufficient to support
> the claim.  If the averments in his filed claim meet this standard of
> sufficiency, it is '*prima facie*' valid [citations omitted].  In other
> words, a claim that alleges facts sufficient to support legal liability
> to the claimant satisfies the claimants' initial obligation to go
> forward.  The burden of going forward then shifts to the objector to
> produce evidence sufficient to negate the *prima facie* validity of the
> filed claim. . . .  In practice, the objector must produce evidence
> which, if believed, would refute at least one of the allegations that
> is essential to the claim's legal sufficiency.  If the objector produces
> sufficient evidence to negate one or more of the sworn facts in the
> proof of claim, the burden reverts to the claimant to prove the
> validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima*

*facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of

his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is

always on the claimant.  *Id.*  Bankruptcy Rule 3007(d) permits a debtor to join objections to more

than one claim in an omnibus objection if such objections are based on enumerated non-substantive

grounds. *See* FED. R. BANKR. P. 3007(d)(1).

### A. Equity Interest Claims

15.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11

cases, the Debtors have identified four (4) Equity Interest Claims listed on **Schedule 1** annexed to

**Exhibit A**, in the aggregate claimed amount of $2,935,537.13.  The Debtors object to these claims.

The Debtors have determined that the Equity Interest Claims were filed solely on account of

asserted equity interests held by such parties in the Debtors, *i.e.*, based only on ownership of

common stock of or other equity interest in the Debtors and not on account of any claim against

the Debtors.  Holders of common stock of or other equity interests in the Debtors do not have

"claims" against the Debtors nor their estates. *See, e.g.*, 11 U.S.C. § 501(a) ("An equity security

holder may file a proof of interest.").  Moreover, "any entity that holds an interest in any of the

Debtors, which interest is based exclusively on the ownership of common stock, preferred stock,

membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an

interest" was not require to file a Proof of Claim. *See* Bar Date Order at 6.  The Proofs of Claim

listed on **Schedule 1** were filed by certain holders of common stock asserting claims solely on

account of such equity interests notwithstanding the provision in the Bar Date Order.  The Equity

Interest Claims should be disallowed and expunged from the claims register as a result.  This will

streamline the distribution process and reduce the risk that mere equity holders receive recoveries

on account of their interests.  Therefore, the Debtors request that the Court disallow and expunge

the Equity Interest Claims listed on **Schedule 1** from the claims register.

### B. Amended Claims

16.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified forty (40) Amended Claims listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $3,193,159.97.  The Debtors object to these claims. The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim by the same claimant and on account of the same liability, as reflected in the column labeled "Remaining Claims" (each, a "Remaining Claim").  The Amended Claims remain on the claims register only as a technicality and may be eliminated without affecting such claimants' underlying claims.

17.     Failure to disallow and expunge the Amended Claims could potentially result in these claimants receiving an unwarranted double recovery on both the Amended Claim and the Remaining Claim, to the detriment of other creditors and parties in interest.  Accordingly, the Debtors request entry of an order disallowing and expunging the Amended Claims listed on **Schedule 2** in their entirety.  Such relief will not prejudice these claimants because they will continue to hold their Remaining Claim, subject to the Debtors' rights to object to each of the Remaining Claims on any other grounds that the Debtors discover or elect to pursue.

### C. Late-Filed Claims

18.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified seven (7) Late-Filed Claims listed on **Schedule 3** annexed to **Exhibit A**, in the aggregate claimed amount of $7,141,855.93.  As previously stated, the Bar Date Order established September 30, 2020 at 4:00 p.m. (prevailing Eastern Time) as the Claims Bar Date.  The Claims Agent provided notice of the Bar Date Order in accordance with the procedures outlined therein.  The Debtors object to the Late-Filed Claims listed on **Schedule 3** because such

claims: (a) arose before the Petition Date; (b) were subject to the Claims Bar Date; and (c) were filed after the Claims Bar Date.  Moreover, each claimant asserting a Late-Filed Claim was provided timely notice of the Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Claims Bar Date.  Accordingly, the Debtors seek an order disallowing and expunging each of the Late-Filed Claims identified on **Schedule 3** in their entirety.

### D.  Exact Duplicate Claims

19.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified six (6) Exact Duplicate Claims listed on **Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of $863,636.82.  The Debtors object to these claims. The Exact Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities.  Failure to disallow the Exact Duplicate Claims will result in double recoveries to the claimants on the same obligation or debt.  Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors.  Accordingly, the Debtors seek an order disallowing and expunging each of the Exact Duplicate Claims listed on **Schedule 4** in their entirety.

20.    Any disallowance or expungement of the Exact Duplicate Claims will not affect the Proofs of Claim set forth under the column heading "Remaining Claims," which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to each of the Proofs of Claim on any other grounds that the Debtors discover or elect to pursue.

### E.  Insufficient Documentation Claims

21.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified three (3) Insufficient Documentation Claims listed on **Schedule 5** annexed to **Exhibit A**, in the aggregate claimed amount of $10,000.61.   The Insufficient Documentation Claims fail to provide a basis for the claim or supporting documentation that would allow the Debtors to ascertain the validity of the Proof of Claim.   Failure to disallow the Insufficient Documentation Claims will result in recoveries on Claims that the Debtors cannot verify against the Debtors' Books and Records.   Accordingly, the Debtors seek an order disallowing and expunging each of the Insufficient Documentation Claims identified on **Schedule 5** annexed to **Exhibit A** in their entirety.

### Separate Contested Matters

22.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Debtors are unable to resolve the response, the objection by the Debtor to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

### Reservation of Rights

23.     Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion;

(e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's right to subsequently dispute such claim.

24.    The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on **Schedules 1–5** annexed to **Exhibit A**, on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided* that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

*[Remainder of page intentionally left blank]*

## Statement of Compliance with Local Bankruptcy Rule 3007-1

25.    Counsel to the Plan Administrator has reviewed the requirements of Local Bankruptcy Rule 3007-1 and certifies that this Objection substantially complies with such Local Bankruptcy Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Bankruptcy Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## Notice

26.    The Debtors will provide notice of this Objection via first class mail, facsimile or email (where available) upon the parties identified in paragraph 141 of the Confirmation Order and in accordance with the Objection Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 18, 2021

*/s/ Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:       (202) 842-7800
Facsimile:       (202) 842-7899
Email:           cspeckhart@cooley.com
                 oantle@cooley.com

*Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING THE PLAN ADMINISTRATOR'S NINETEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (EQUITY INTEREST CLAIMS, AMENDED CLAIMS, LATE-FILED CLAIMS, EXACT
## DUPLICATE CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the objection (the "Objection")[2] of Jackson Square Advisors LLC, in its capacity as

the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession

(collectively, the "Debtors"), for entry of an order (this "Order"), disallowing and expunging the

portion of each Proof of Claim set forth on **Schedules 1–5** attached hereto, all as more fully set

forth in the Objection; and upon the Esposito Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the*

*United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that

this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1]   A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

1

this Court having found that venue of this proceeding and the Objection in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Debtors' notice of the Objection and opportunity for

a hearing on the Objection were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Objection and having heard the statements in support

of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having

determined that the legal and factual bases set forth in the Objection and at the Hearing establish

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The Equity Interest Claims set forth on the attached **<u>Schedule 1</u>** are hereby

disallowed and expunged in their entirety.

3.      The Amended Claims set forth on the attached **<u>Schedule 2</u>** are hereby disallowed

and expunged in their entirety; *provided* that this Order will not affect the Proofs of Claim

identified on **<u>Schedule 2</u>** attached hereto in the column titled "Remaining Claims."

4.      The Late-Filed Claims set forth on the attached **<u>Schedule 3</u>** are hereby disallowed

and expunged in their entirety.

5.      The Exact Duplicate Claims set forth on the attached **<u>Schedule 4</u>** are hereby

disallowed and expunged in their entirety; *provided* that this Order will not affect the Proofs of

Claim identified on **<u>Schedule 4</u>** attached hereto in the column titled "Remaining Claims."

6.      The Insufficient Documentation Claims set forth on the attached **<u>Schedule 5</u>** are

hereby disallowed and expunged in their entirety.

7.      The Debtors' objection to the Disputed Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8.      Nothing in this Order shall affect the Debtors' right to object to any of the Remaining Claims or any other Proofs of Claim at a future date.

9.      The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any

particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia       _____
            United States Bankruptcy Judge

WE ASK FOR THIS:

/s/ *Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:        (202) 842-7800
Facsimile:        (202) 842-7899

*Counsel to the Plan Administrator*

<u>**CERTIFICATION OF ENDORSEMENT**</u>
<u>**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**</u>

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                  /s/ *Cullen D. Speckhart*

## Schedule 1

**Equity Interest Claims**

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 1 - Equity Interest Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | DINKIN, GARY T. AND LINDA DOODLEVISION PRODUCTIONS, LLC 32565 B. GOLDEN LANTERN, #1012 DANA POINT, CA 92629 | 1/17/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5466 | $ 565,492.95* |

Reason: Per the Amended Plan of Reorganization, holders of interest in Ascena Retail Group, Inc. (Class 8) shall have such interest cancelled, released and extinguished without any distribution.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 2 | GARY T. DINKIN WAYNE GREENWALD PC 475 PARK AVENUE SOUTH NEW YORK, NY 10016 | 10/8/2020 | 20-33136 (KRH) | Ascena Retail Holdings, Inc. | 4359 | $ 2,370,044.18* |

Reason: Per the Amended Plan of Reorganization, holders of interest in Ascena Retail Group, Inc. (Class 8) shall have such interest cancelled, released and extinguished without any distribution.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 3 | GOTCH, SUSAN J 203 E ARBORDALE RD SYRACUSE, NY 13219 | 1/14/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5305 | Undetermined* |

Reason: Per the Amended Plan of Reorganization, holders of interest in Ascena Retail Group, Inc. (Class 8) shall have such interest cancelled, released and extinguished without any distribution.

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 4 | KING, ROBIN L 840 CEDARWOOD LN PETALUMA, CA 94954 | 1/15/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5404 | Undetermined* |

Reason: Per the Amended Plan of Reorganization, holders of interest in Ascena Retail Group, Inc. (Class 8) shall have such interest cancelled, released and extinguished without any distribution.

| | | | | | TOTAL | $ 2,935,537.13* |
|---|---|---|---|---|---|---|

## **Schedule 2**

**Amended Claims**

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 01/14/21 | Ann, Inc. 20-33122 (KRH) | 5289 | $ 10,955.70* | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 02/18/21 | Ann, Inc. 20-33122 (KRH) | 6204 | $ 32,289.54* |
| 2 | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 01/14/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 5288 | $ 10,955.70* | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 02/18/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 6194 | $ 32,289.54* |
| 3 | BELLEVUE SQUARE MERCHANTS ASSOCATION NOLD MUCHINSKY, PLLC 10500 NE 8TH STREET, SUITE 930 BELLEVUE, WA 98004 | 09/29/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 3120 | $ 19,083.95 | BELLEVUE SQUARE MERCHANTS ASSOCATION NOLD MUCHINSKY PLLC 10500 NE 8TH STREET, SUITE 930 BELLEVUE, WA 98004 | 02/26/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 6235^ | $ 18,128.12 |

^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 4 | BELLEVUE SQUARE, LLC NOLD MUCHINSKY 10500 NE 8TH STREET, SUITE 930 BELLEVUE, WA 98004 | 09/29/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 2931 | $ 601,551.79 | BELLEVUE SQUARE, LLC NOLD MUCHINSKY PLLC 10500 NE 8TH STREET, SUITE 930 BELLEVUE, WA 98004 | 02/26/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 6236 | $ 497,684.17 |
| 5 | BLOOMINGDALE COURT, LLC FROST BROWN TODD LLC RONALD E. GOLD 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 09/23/20 | Tween Brands, Inc. 20-33170 (KRH) | 2080 | $ 81,428.43* | BLOOMINGDALE COURT, LLC RONALD E. GOLD FROST BROWN TODD LLC 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 01/14/21 | Tween Brands, Inc. 20-33170 (KRH) | 5269^ | $ 129,891.77* |

^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 6 | BOONE COUNTY TAX COLLECTOR PO BOX 1152 HARRISON, AR 72602 | 08/12/20 | ASNA Value Fashion LLC 20-33142 (KRH) | 889 | $ 1,454.01 | BOONE COUNTY TAX COLLECTOR PO BOX 1152 HARRISON, AR 72602 | 01/26/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6098 | $ 1,342.58 |
| 7 | CROSS COUNTRY PLAZA, LLC WILES AND WILES, LLP VICTOR W. NEWMARK, ESQ. 800 KENNESAW AVENUE, SUITE 400 MARIETTA, GA 30060 | 09/30/20 | Catherines, Inc. 20-33158 (KRH) | 4016 | $ 32,667.77 | CROSS COUNTRY PLAZA, LLC WILES AND WILES, LLP VICTOR W. NEWMARK, ESQ. 800 KENNESAW AVENUE, SUITE 400 MARIETTA, GA 30060 | 01/19/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 5682^ | $ 26,985.41 |

^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | DALLAS COUNTY ELIZABETH WELLER LINEBARGER GOGGAN BLAIR & SAMPSON, LLP 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 08/13/20 | Lane Bryant, Inc. 20-33154 (KRH) | 736 | $ 18,086.84* | DALLAS COUNTY LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/11/21 | Lane Bryant, Inc. 20-33154 (KRH) | 6181 | $ 1,220.75 |
| 9 | DALLAS COUNTY LINEBARGER GOGGAN BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N STEMMONS FRWY STE 1000 DALLAS, TX 75207 | 08/11/20 | Tween Brands, Inc. 20-33170 (KRH) | 525 | $ 9,005.36* | DALLAS COUNTY LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/12/21 | Tween Brands, Inc. 20-33170 (KRH) | 6184 | $ 9,189.68 |
| 10 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4523 | $ 769.35* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6215 | $ 773.94* |
| 11 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4531 | $ 3,153.53* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6219 | $ 3,153.04* |

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | | | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 12 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4532 | $ 5,607.13* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6216 | $ 5,594.27* |
| 13 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4556 | $ 7,001.95* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6218 | $ 6,988.20* |
| 14 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4558 | $ 12,195.54* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6217 | $ 12,162.31* |
| 15 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Lane Bryant, Inc. 20-33154 (KRH) | 4542 | $ 606.86* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6213 | $ 610.50* |
| 16 | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 10/27/20 | Tween Brands, Inc. 20-33170 (KRH) | 4547 | $ 1,476.96* | DOUGLAS COUNTY TREASURER 100 THIRD ST, STE 120 CASTLE ROCK, CO 80104 | 02/22/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6214 | $ 1,480.84* |
| 17 | DUVAL COUNTY TAX COLLECTOR C/O WENDY L. MUMMAW ASST. GENERAL COUNSEL, OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE 117 W. DUVAL ST., #480 JACKSONVILLE, FL 32202 | 01/04/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 5052 | $ 2,926.74 | DUVAL COUNTY TAX COLLECTOR C/O WENDY L. MUMMAW, ASST GEN COUNSEL OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE 117 W. DUVAL ST. #480 JACKSONVILLE, FL 32202 | 01/29/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 6125 | $ 1,036.47* |
| 18 | FAUST, JR., TEDDY J. PO BOX 1549 BAY MINETTE, AL 36507 | 08/13/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 890 | $ 2,979.68 | FAUST, JR., TEDDY J. PO BOX 1549 BAY MINETTE, AL 36507 | 03/08/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 6284 | $ 0.00 |

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 19 | FORUM LONE STAR, L.P. C/O AVR REALTY COMPANY 1 EXECUTIVE BLVD YONKERS, NY 10701 | 09/25/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 2579 | $ 47,362.00 | FORUM LONE STAR, L.P. C/O JASPAN SCHLESINGER LLP 300 GARDEN CITY PLAZA, 5TH FLOOR GARDEN CITY, NY 11530 | 01/18/21 | Tween Brands, Inc. 20-33170 (KRH) | 5503 | $ 47,362.00 |
| 20 | FORUM LONE STAR, L.P. C/O AVR REALTY COMPANY 1 EXECUTIVE BLVD YONKERS, NY 10701 | 09/25/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 2432 | $ 147,856.38 | FORUM LONE STAR, L.P. C/O JASPAN SCHLESINGER LLP 300 GARDEN CITY PLAZA, 5TH FLOOR GARDEN CITY, NY 11530 | 01/19/21 | Catherines, Inc. 20-33158 (KRH) | 5521^ | $ 147,856.38 |

^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims

| 21 | GRAYSON COUNTY LINEBARGER GOGGAN BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N STEMMONS FRWY STE 1000 DALLAS, TX 75207 | 08/13/20 | Lane Bryant, Inc. 20-33154 (KRH) | 220 | $ 2,565.93* | GRAYSON COUNTY LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/11/21 | Lane Bryant, Inc. 20-33154 (KRH) | 6180 | $ 3,204.57 |
| 22 | KCL PROPERTIES, L.L.C. 3631 CANAL STREET NEW ORLEANS, LA 70119 | 09/17/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 1644 | $ 63,418.20 | KCL PROPERTIES, LLC C/O-IRL R. SILVERSTEIN, ATTORNEY AT LAW 2901 N. CAUSEWAY BLVD. STE. 307 METAIRIE, LA 70002 | 01/08/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 5108^ | $ 12,683.64 |

^ Claim also filed on the Schedule 1 to the Twentieth Omnibus Claims Objection for No Liability Claims (Retail Leases)

| 23 | KCL PROPERTIES, L.L.C. 3631 CANAL STREET NEW ORLEANS, LA 70119 | 09/17/20 | Catherines #5147, Inc. 20-33153 (KRH) | 1646 | $ 63,418.20 | KCL PROPERTIES, LLC C/O- IRL R. SILVERSTEIN, ATTORNEY AT LAW 2901 N. CAUSEWAY BLVD. STE. 307 METAIRIE, LA 70002 | 01/08/21 | Catherines #5147, Inc. 20-33153 (KRH) | 5107^ | $ 12,683.64 |

^ Claim also filed on the Schedule 1 to the Twentieth Omnibus Claims Objection for No Liability Claims (Retail Leases)

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 24 | L.I. PORTFOLIO HOLDINGS, LLC DUSTIN P. BRANCH, ESQ. BALLARD SPAHR LLP 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 09/30/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 3526 | $ 390,122.12 | L.I. PORTFOLIO HOLDINGS, LLC DUSTIN P. BRANCH, ESQ. BALLARD SPAHR LLP 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 01/31/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 6126 | $ 391,622.12 |
| 25 | LAKELINE PLAZA, LLC FROST BROWN TODD LLC RONALD E. GOLD 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 09/23/20 | Tween Brands, Inc. 20-33170 (KRH) | 2047 | $ 71,405.73^ | LAKELINE PLAZA, LLC FROST BROWN TODD LLC RONALD E. GOLD 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 01/14/21 | Tween Brands, Inc. 20-33170 (KRH) | 5270^ | $ 88,964.95* |

^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 26 | LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 09/30/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 3373 | $ 138,625.00* | LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 01/19/21 | Ascena Retail Group, Inc. 20-33113 (KRH) | 5679 | Undetermined* |
| 27 | LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 09/30/20 | AnnTaylor, Inc. 20-33134 (KRH) | 3537 | $ 138,625.00* | LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 01/19/21 | AnnTaylor, Inc. 20-33134 (KRH) | 5638 | $ 69,988.00* |

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | CLAIMS TO BE DISALLOWED | | | | REMAINING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 28 LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 09/30/20 | Lane Bryant Purchasing Corp. 20-33152 (KRH) | 3607 | $ 138,625.00 | LF CENTENNIAL PTE LTD KRAMER LEVIN NAFTALIS & FRANKEL LLP ROBERT T. SCHMIDT 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 01/19/21 | Lane Bryant Purchasing Corp. 20-33152 (KRH) | 5690 | $ 8,482.00* |
| 29 LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 09/30/20 | Tween Brands Service Co. 20-33169 (KRH) | 3521 | $ 138,625.00* | LF CENTENNIAL PTE LTD ROBERT T. SCHMIDT KRAMER LEVIN NAFTALIS & FRANKEL LLP 1177 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 01/19/21 | Tween Brands Service Co. 20-33169 (KRH) | 5567 | $ 60,155.00* |
| 30 LUBBOCK CENTRAL APPRAISAL DISTRICT LAURA J. MONROE P.O BOX 817 LUBBOCK, TX 79408 | 08/10/20 | Lane Bryant, Inc. 20-33154 (KRH) | 616 | $ 4,933.76* | LUBBOCK CENTRAL APPRAISAL DISTRICT LAURA J. MONROE P.O. BOX 817 LUBBOCK, TX 79408 | 02/16/21 | Lane Bryant, Inc. 20-33154 (KRH) | 6190 | $ 4,911.08 |
| 31 LUSTIG, JASON 365 BROADWAY #3 BROOKLYN, NY 11211 | 08/03/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 362 | $ 4,160.00 | LUSTIG, JASON 365 BROADWAY #3 BROOKLYN, NY 11211 | 01/10/21 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 5121^ | $ 4,160.00 |

^ Claim also filed on the Schedule 2 to the Twenty-Second Omnibus Claims Objection for Incorrect Priority Claims

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 32 PARKER CAD LINEBARGER GOGGAN BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N STEMMONS FRWY STE 1000 DALLAS, TX 75207 | 08/11/20 | Tween Brands, Inc. 20-33170 (KRH) | 680 | $ 2,480.49* | PARKER CAD LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/12/21 | Tween Brands, Inc. 20-33170 (KRH) | 6185 | $ 2,449.51 |

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 33 | PFP COLUMBUS II, LLC FROST BROWN TODD LLC RONALD E. GOLD 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 09/24/20 | Tween Brands, Inc. 20-33170 (KRH) | 2495 | $ 121,562.98* | PFP COLUMBUS II, LLC FROST BROWN TODD LLC RONALD E. GOLD 301 EAST FOURTH STREET CINCINNATI, OH 45202 | 01/14/21 | Tween Brands, Inc. 20-33170 (KRH) | 5268^ | $ 149,717.04 |
| | ^ Claim also filed on the Schedule 1 to the Twenty-First Omnibus Claims Objection for Partially Satisfied Claims | | | | | | | | | |
| 34 | RAMCO JACKSONVILLE LLC C/O BARCLAY DAMON LLP ATTN: SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Catherines, Inc. 20-33158 (KRH) | 3484 | $ 12,657.98* | RAMCO JACKSONVILLE LLC C/O BARCLAY DAMON LLP ATTN: KEVIN M NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Catherines, Inc. 20-33158 (KRH) | 5897 | $ 12,657.98* |
| 35 | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN:  SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Catherines #5147, Inc. 20-33153 (KRH) | 3561 | $ 8,211.64* | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Catherines, Inc. 20-33158 (KRH) | 5891^ | $ 8,211.64* |
| | ^ Claim also filed on the Schedule 1 to the Twentieth Omnibus Claims Objection for No Liability Claims (Retail Leases) | | | | | | | | | |
| 36 | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN:  SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Tween Brands, Inc. 20-33170 (KRH) | 3671 | $ 194.06* | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Tween Brands, Inc. 20-33170 (KRH) | 5818 | $ 159.38* |

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 2 - Amended Claims

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | | **REMAINING CLAIMS** | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER / DEBTOR** | **CLAIM #** | **CLAIM AMOUNT** | **NAME** | **DATE FILED** | **CASE NUMBER / DEBTOR** | **CLAIM #** | **CLAIM AMOUNT** |
| 37 STUYVESANT PLAZA, INC. 4 TOWER PLACE ALBANY, NY 12203 | 09/15/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 1604 | $ 774,229.85 | STUYVESANT PLAZA 4 TOWER PLACE SUITE 101 ALBANY, NY 12203 | 09/21/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 1956 | $ 774,229.85 |
| 38 TARRANT COUNTY LINEBARGER GOGGAN BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N STEMMONS FRWY STE 1000 DALLAS, TX 75207 | 07/31/20 | ASNA Value Fashion LLC 20-33142 (KRH) | 116 | $ 6,681.02* | TARRANT COUNTY LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WALKER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/12/21 | ASNA Value Fashion LLC 20-33142 (KRH) | 6186 | $ 484.51 |
| 39 TARRANT COUNTY ELIZABETH WELLER LINEBARGER GOGGAN BLAIR & SAMPSON, LLP 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 08/13/20 | Lane Bryant, Inc. 20-33154 (KRH) | 672 | $ 27,395.46* | TARRANT COUNTY LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP C/O ELIZABETH WELLER 2777 N. STEMMONS FREEWAY SUITE 1000 DALLAS, TX 75207 | 02/11/21 | Lane Bryant, Inc. 20-33154 (KRH) | 6182 | $ 570.48 |
| 40 WALPOLE MALL ASSOCIATES, LLC C/O RPD PROPERTY MANAGEMENT CO., LLC 1901 AVENUE OF THE STARS, STE. 820 LOS ANGELES, CA 90067 | 08/18/20 | Lane Bryant, Inc. 20-33154 (KRH) | 377 | $ 68,096.88 | WALPOLE MALL ASSOCIATES, LLC C/O RPD PROPERTY MANAGEMENT CO., LLC 1801 S LACIENEGA BLVD, SUITE 301 LOS ANGELES, CA 90035 | 01/19/21 | Lane Bryant, Inc. 20-33154 (KRH) | 5624 | $ 57,999.81* |
| | | **Total** | | $ 3,193,159.97* | | | **Total** | | $ 2,639,374.71* |

## **Schedule 3**

**Late-Filed Claims**

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 3 - Late-Filed Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | BEATTY, MELISSA<br>734 HOLDERS SIDING RD<br>JEFFERSON, GA 30549 | 1/6/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5063 | $ 441.26 |
| | Reason: Claim filed after the general bar date of 9/30/2020. | | | | | |
| 2 | CHAMBERLAIN, LYNN<br>303 MIDDLEBURN STREET<br>JOHNSTOWN, OH 43031 | 1/6/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5060^ | $ 4,923.10 |
| | Reason: Claim filed after the general bar date of 9/30/2020.<br><br>^Claim also filed on the Schedule 2 to the Twentieth Omnibus Claims Objection for No Liability Claims | | | | | |
| 3 | DUKE ENERGY INDIANA<br>HAYNSWORTH SINKLER BOYD, PA<br>MARY M. CASKEY, ESQ.<br>PO BOX 11889<br>COLUMBIA, SC 29211-1889 | 11/17/2020 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 4698 | $ 130,120.61 |
| | Reason: Claim filed after the general bar date of 9/30/2020 and attempts to amend a timely filed claim by asserting additional liability and 503(b)(9) Classification. | | | | | |
| 4 | JOHN GALLIN & SON, INC.<br>ERIC SLEEPER, ESQ. C/O BARTON LLP<br>711 THIRD AVENUE, 14TH FLOOR<br>NEW YORK, NY 10017 | 2/26/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6237^ | $ 3,966,956.00 |
| | Reason: Claim filed after the general bar date of 9/30/2020 and attempts to amend a timely filed claim by asserting additional liability.<br><br>^Claim also filed on the Schedule 4 to the Twentieth Omnibus Claims Objection for Substantive Duplicate Claims | | | | | |
| 5 | KNOX, DANIELLE<br>2718 EXCHANGE AVENUE<br>TUSCALOOSA, AL 35401 | 1/6/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5062^ | $ 10,000.00 |
| | Reason: Claim filed after the general bar date of 9/30/2020.<br><br>^Claim also filed on the Schedule 2 to the Twentieth Omnibus Claims Objection for No Liability Claims | | | | | |
| 6 | ORIENT CRAFT LTD.<br>C/O MCGRATH NORTH MULLIN & KRATZ, PC LLO<br>ATTN: MICHAEL EVERSDEN<br>1601 DODGE STREET, SUITE 3700<br>OMAHA, NE 68136 | 1/8/2021 | 20-33134 (KRH) | AnnTaylor, Inc. | 5113 | $ 2,982,249.12 |
| | Reason: Claim filed after the general bar date of 9/30/2020 and attempts to amend an earlier filed claim with additional liability. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 3 - Late-Filed Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | PRETTY SWEATERS LTD.<br>KULIARCHAR TOWER<br>CHAYDANA NATIONAL UNIVERSITY<br>GAZIPUR,  2340<br>BANGLADESH | 11/10/2020 | 20-33134 (KRH) | AnnTaylor, Inc. | 4665^ | $ 47,165.84 |

Reason: Claim filed after the general bar date of 9/30/2020.

^Claim also filed on the Schedule 2 to the Twentieth Omnibus Claims Objection for No Liability Claims

| | | | | | TOTAL | $ 7,141,855.93 |
|---|---|---|---|---|---|---|

## <u>Schedule 4</u>

**Exact Duplicate Claims**

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 4 - Exact Duplicate Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | IR APPAREL AND ACCESSORIES PVT. LTD. PLOT NO. 154L/MN, SEC. -7 IMT MANESAR GURUGRAM, HARYANA, 122050 INDIA | 10/01/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 4261 | $ 66,899.00 | IR APPAREL AND ACCESSORIES PVT. LTD. PLOT NO. 154L/MN, SEC. -7 IMT MANESAR GURUGRAM, HARYANA, 122050 INDIA | 09/29/20 | Ascena Retail Group, Inc. 20-33113 (KRH) | 2902 | $ 66,899.00 |
| 2 | LB CHESTERFIELD, LLC 14039 SHERMAN WAY SUITE 206 VAN NUYS, CA 91405 | 01/18/21 | Lane Bryant, Inc. 20-33154 (KRH) | 5575 | $ 18,614.63 | LB CHESTERFIELD, LLC 14039 SHERMAN WAY, SUITE 206 VAN NUYS, CA 91405 | 01/17/21 | Lane Bryant, Inc. 20-33154 (KRH) | 5502^ | $ 18,614.63 |

^ Claim also filed on the Schedule 1 to the Twentieth Omnibus Claims Objection for No Liability Claims (Retail Leases)

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Lane Bryant, Inc. 20-33154 (KRH) | 5913 | $ 1,902.08* | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Lane Bryant, Inc. 20-33154 (KRH) | 3473 | $ 1,902.08* |
| 4 | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Tween Brands, Inc. 20-33170 (KRH) | 5899 | $ 376.34* | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Tween Brands, Inc. 20-33170 (KRH) | 3552 | $ 376.34* |

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 4 - Exact Duplicate Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 5 | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 01/19/21 | Tween Brands, Inc. 20-33170 (KRH) | 5991 | $ 1,614.92* | RPT REALTY, L.P. C/O BARCLAY DAMON LLP ATTN:  SCOTT L. FLEISCHER 1270 AVENUE OF THE AMERICAS, SUITE 501 NEW YORK, NY 10020 | 09/30/20 | Tween Brands, Inc. 20-33170 (KRH) | 3425 | $ 1,614.92* |
| 6 | STUYVESANT PLAZA 4 TOWER PLACE SUITE 101 ALBANY, NY 12203 | 09/21/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 2816 | $ 774,229.85 | STUYVESANT PLAZA 4 TOWER PLACE SUITE 101 ALBANY, NY 12203 | 09/21/20 | AnnTaylor Retail, Inc. 20-33132 (KRH) | 1956 | $ 774,229.85 |
| | | | Total | | $ 863,636.82* | | | Total | | $ 863,636.82* |

* Indicates claim contains unliquidated and/or undetermined amounts

## **Schedule 5**

**Insufficient Documentation Claims**

Retail Group, Inc. 20-33113 (KRH)
Nineteenth Omnibus Claims Objection
Schedule 5 - Insufficient Documentation Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | HOLT, LYNETTE R & TOD J<br>6540 SARGASSO WAY<br>JUPITER, FL 33458 | 1/15/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5433 | $ 0.61 |
| | Reason: Claimant failed to provide a basis for the claim or supporting documentation which would allow the Debtor to ascertain the validity of the proof of claim. | | | | | |
| 2 | HOOPER, PAULA<br>10210 CHISHOLM TRAIL<br>CHERRY VALLEY, CA 92223-5420 | 1/15/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5416 | Undetermined* |
| | Reason: Claimant failed to provide a basis for the claim or supporting documentation which would allow the Debtor to ascertain the validity of the proof of claim. | | | | | |
| 3 | PAMELA J CARLEO<br>77 GATES AVE<br>VALLEY STREAM, NY 11580-3205 | 1/15/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5379 | $ 10,000.00 |
| | Reason: Claimant failed to provide a basis for the claim or supporting documentation which would allow the Debtor to ascertain the validity of the proof of claim. | | | | | |
| | | | | | TOTAL | $ 10,000.61* |

## **Exhibit B**

### **Esposito Declaration**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF ROB ESPOSITO
## IN SUPPORT OF THE PLAN ADMINISTRATOR'S
## NINETEENTH OMNIBUS OBJECTION TO CLAIMS
## (EQUITY INTEREST CLAIMS, AMENDED CLAIMS, LATE-FILED CLAIMS, EXACT
## DUPLICATE CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC (together with

employees of its affiliates, all of which are wholly-owned by its parent company and employees,

its wholly owned subsidiaries, and independent contractors, "<u>A&M</u>"), a restructuring advisory

services firm with numerous offices throughout the country and restructuring advisor to Jackson

Square Advisors LLC, solely in its capacity as the Plan Administrator of the above-captioned

reorganized debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").   I submit this

declaration (the "<u>Declaration</u>") in support of the relief requested in *The Plan Administrator's*

---

[1]     A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of
the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of
Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service
address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

*Nineteenth Omnibus Objection to Claims (Equity Interest Claims, Amended Claims, Late-Filed Claims, Exact Duplicate Claims, and Insufficient Documentation Claims)* (the "Objection").[2]

2.      In my current position with A&M as an advisor to the Debtors, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records.  Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date. Except as otherwise stated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' advisors, including my team at A&M, or employees of the Debtors.  I have read the Objection filed contemporaneously herewith and to the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

3.      Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases.

4.      The Debtors have identified four (4) Equity Interest Claims listed on **Schedule 1** annexed to **Exhibit A**, in the aggregate claimed amount of $2,935,537.13.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Equity Interest Claims were filed solely on account of asserted equity interests held by such parties in the Debtors, *i.e.*, based only on ownership of common stock of or other equity interest in the Debtors and not on account of "claims" (as that term is defined in section 101(5) of

---

[2]      Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

the Bankruptcy Code) against one or more of the Debtors. As such, I believe that disallowance

and expungement of the Equity Interest Claims on the terms set forth in the Objection and

**Schedule 1** annexed to **Exhibit A** is appropriate.

5.      The Debtors have identified forty (40) Amended Claims listed on **Schedule 2**

annexed to **Exhibit A**, in the aggregate claimed amount of $3,193,159.97. To the best of my

knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable

inquiry, the Amended Claims have each been amended and superseded by a subsequently filed

Proof of Claim by the same claimant and on account of the same liability, as reflected in the column

labeled "Remaining Claims." The Amended Claims remain on the claims register only as a

technicality and may be eliminated without affecting such claimants' underlying claims. Failure

to disallow and expunge the Amended Claims could potentially result in these claimants receiving

an unwarranted double recovery on both the Amended Claim and the Remaining Claim, to the

detriment of other creditors and parties in interest. As such, I believe that disallowance and

expungement of the Amended Claims on the terms set forth in the Objection and **Schedule 2**

annexed to **Exhibit A** is appropriate.

6.      The Debtors have identified seven (7) Late-Filed Claims listed on **Schedule 3**

annexed to **Exhibit A**, in the aggregate claimed amount of $7,141,855.93. To the best of my

knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable

inquiry, each of the Late-Filed Claims were filed on account of purported prepetition claims but

were not timely received by the Claims Agent by the Claims Bar Date. Consequently, the Late-

Filed Claims fail to satisfy the requirements for a proof of claim under the Bar Date Order. As

such, I believe that disallowance and expungement of the Late-Filed Claims on the terms set forth

in the Objection and **Schedule 3** annexed to **Exhibit A** is appropriate.

7.     The Debtors have identified six (6) Exact Duplicate Claims listed on **Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of $863,636.82.   To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Exact Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same liabilities.   Failure to disallow the Exact Duplicate Claims will result in double recoveries to the claimants on the same obligation or debt. Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors.   As such, I believe that disallowance and expungement of the Exact Duplicate Claims on the terms set forth in the Objection and **Schedule 4** annexed to **Exhibit A** to the Objection is appropriate.

8.     Lastly, the Debtors have identified three (3) Insufficient Documentation Claims listed on **Schedule 5** annexed to **Exhibit A**, in the aggregate claimed amount of $10,000.61.   To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, each of the Insufficient Documentation Claims fail to provide a basis for the claim or supporting documentation which would allow the Debtors to ascertain the validity of the Proof of Claim.   Failure to disallow the Insufficient Documentation Claims will result in recoveries on Claims that the Debtors cannot verify against the Debtors' Books and Records.   As such, I believe that disallowance and expungement of the Insufficient Documentation Claims on the terms set forth in the Objection and **Schedule 5** annexed to **Exhibit A** to the Objection is appropriate.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  March 18, 2021                    */s/ Rob Esposito*
_____
                                          Rob Esposito
                                          Senior Director
                                          Alvarez & Marsal North America, LLC