**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:	(202) 842-7800
Facsimile:	(202) 842-7899

*Counsel to the Plan Administrator*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RETAIL GROUP, INC., *et al.*,[1] | Case No. 20-33113 (KRH) |
| Reorganized Debtors. | (Jointly Administered) |

### STIPULATION AND AGREED ORDER BY
### AND BETWEEN THE PLAN ADMINISTRATOR AND
### SIMON PROPERTY GROUP, INC. WITH RESPECT TO
### CERTAIN ADMINISTRATIVE AND SECURED CLAIMS

This stipulation and order (the "Stipulation") is entered into by and between Jackson Square Advisors LLC, in its capacity as the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession (collectively, the "Debtors"), and Simon Property Group, Inc. ("SPG," and together with the Plan Administrator, the "Parties").

WHEREAS, on July 23, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

250283529 v1

Court for the Eastern District of Virginia, Richmond Division (the "Court").  These Chapter 11 cases were jointly administered pursuant to Bankruptcy Rule 1015(b);

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

WHEREAS, on February 25, 2021, the Court entered the order [Docket No. 1811] (the "Confirmation Order") confirming the *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794];

WHEREAS, on March 5, 2021, the Debtors filed a Notice of Occurrence of the Plan Effective Date [Docket No. 1845];

WHEREAS, upon occurrence of the Effective Date, the Plan Administrator was appointed as the sole representative of the Debtors and is charged with, *inter alia*, the sole authority and duty to: (i) file and prosecute objections to all Claims, including Administrative Claims, priority claims, and secured claims, other than General Unsecured Claims; and (ii) settle, compromise, withdraw, litigate to judgment, or otherwise resolve objections to any and all Claims (other than General Unsecured Claims) [Plan Supplement, Docket No. 1790, Ex. H at 2–3];

WHEREAS, upon the occurrence of the Effective Date, the GUC Trust was created and charged with authority to affect all actions necessary to reconcile and resolve the General Unsecured Claims [Plan Supplement, Docket No. 1790, Ex. I at 3];

WHEREAS, SPG timely filed the proofs of claim reflected below in Table 1 asserting, *inter alia*, administrative priority claims against the Debtors in the aggregate amount of 28,892,071.53 (the "SPG Admin Claims"):

## TABLE 1

| Claim No. | Omnibus Claim Objection | Asserted Admin Claim Amount |
|---|---|---|
| 2931 | 7th | 78,270.98 |
| 2351 | 7th | $194,888.55 |
| 2179 | 7th | $120,544.82 |
| 3574 | 7th | $244,899.005 |
| 4761 | 7th | $12,965,508.84 |
| 2090 | 7th | $129,360.74 |
| 4667 | 7th | $158,031.44 |
| 2117 | 7th | $105,203.04 |
| 2057 | 7th | $398,451.16 |
| 2382 | 7th | $115,850.02 |
| 3442 | 7th | $79,704.20 |
| 2588 | 7th | $128,450.48 |
| 3351 | 7th | $252,042.04 |
| 2339 | 7th | $116,028.30 |
| 3864 | 7th | $97,770.50 |
| 3739 | 9th | $35,115.24 |
| 1160 | 9th | $100.00 |
| 2343 | 9th | $24,879.30 |
| 2590 | 9th | $66,000.39 |
| 3810 | 9th | $40,886.72 |
| 2190 | 9th | $62,908.54 |
| 2185 | 9th | $21,994.02 |
| 3545 | 9th | $32,132.61 |
| 3746 | 9th | $35,115.24 |
| 3867 | 9th | $41,871.24 |
| 2052 | 14th | $30,466.29 |
| 2103 | 14th | $53,663.13 |
| 2509 | 14th | $67,990.77 |
| 2512 | 14th | $10,737.70 |
| 3588 | 14th | $4,124.74 |
| 2344 | 14th | $41,773.71 |
| 2511 | 14th | $13,777.40 |

3

| 1926 | 14th | $100.00 |
| 3730 | 14th | $64,657.62 |
| 3745 | 14th | $25,091.81 |
| 3762 | 14th | $68,172.10 |
| 4855 | N/A | $12,965,508.84 |
| **Total:** | | **28,892,071.53** |

WHEREAS, in Claim No. 4855 SPG additionally asserted a secured claim in the amount of $105,183.80 (the "SPG Secured Claim") arising from a mechanic's lien filed against the Debtors' leasehold interest at 644 Smith Haven Mall, Space # 503, Lake Grove, NY 11755;

WHEREAS, on December 11, 2020, the Debtors filed the Seventh Omnibus Objection to Claims [Docket No. 1315] (the "Seventh Omnibus Claims Objection") objecting to, *inter alia*, the administrative portion of Claim Nos. 2931, 2351, 2179, 3574, 4761, 2090, 4667, 2117, 2057, 2382, 3442, 2588, 3351, 2339, and 3864 filed by SPG;

WHEREAS, on December 18, 2020, the Debtors filed the Ninth Omnibus Objection to Claims [Docket No. 1364] (the "Ninth Omnibus Claims Objection") objecting to, *inter alia*, the administrative portion of Claim Nos. 3739, 1160, 2343, 2590, 3810, 2190, 2185, 3545, 3746, and 3867 filed by SPG;

WHEREAS, on January 14, 2021, the Debtors filed the Fourteenth Omnibus Objection to Claims [Docket No. 1477] (the "Fourteenth Omnibus Claims Objection," and together with the Seventh Omnibus Claims Objection and the Ninth Omnibus Claims Objection, the "Objections")[2] objecting to, *inter alia*, the administrative portion of Claim Nos. 2052, 2103, 2509, 2512, 3588, 2344, 2511, 1926, 3730, 3745, and 3762 filed by SPG;

---

[2] Capitalized terms used but not otherwise defined have the meaning ascribed to them in the Objections.

4

250283529 v1

WHEREAS, the Parties have been working together to reconcile the SPG Admin Claims and the SPG Secured Claim;

WHEREAS, the Parties have agreed to resolve the SPG Secured Claim, the Objections to the SPG Admin Claims, and to settle all other administrative claims outstanding on the terms set forth herein.

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL OF THIS COURT, IT IS ORDERED THAT:**

1. The SPG Admin Claims have been fully satisfied.

2. The SPG Secured Claim is allowed in the amount of $34,778.80 and has been fully satisfied.

3. The Claims Agent is authorized and directed to modify the Claims Register in these Chapter 11 cases to reflect the foregoing.

4. Nothing in this Stipulation shall affect the GUC Trust's right to object to the unsecured portion of the SPG proofs of claim listed in Table 1 and nothing in this stipulation shall affect SPG's right to continue to assert the unsecured portion of the SPG proofs of claim listed in Table 1.

5. Except as otherwise provided herein, nothing in this Stipulation, nor any actions taken pursuant hereto, shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Plan Administrator or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Plan

Administrator or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Neither this Stipulation nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

7. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry by the Court.

8. This Stipulation is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

10. The Parties agree that each of them, through their respective counsel, has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes any and all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

12. This Stipulation shall not be modified, altered, amended or supplemented except by a writing executed by the Parties or their authorized representatives.

13. This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

**IT IS SO ORDERED.**

Dated: Jun 2 2021
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered On Docket: Jun 3 2021

7

250283529 v1

**IN WITNESS WHEREOF,** the Parties, by their authorized counsel, executed this Stipulation as of the date written below.

Dated: May 24, 2021

/s/ Cullen D. Speckhart
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: cspeckhart@cooley.com
oantle@cooley.com

*Counsel to the Plan Administrator*

/s/ Ronald Tucker
Ronald Tucker
**Simon Property Group, Inc.**
225 West Washington Street
Indianapolis, IN 46204
Telephone: (317) 263-7841
Email: rtucker@simon.com

*Counsel to Simon Property Group, Inc.*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Cullen D. Speckhart

250283529 v1