**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## THE PLAN ADMINISTRATOR'S TWENTY-SEVENTH
## OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY CLAIMS, LATE-FILED CLAIMS,
## INCORRECT DEBTOR, AMOUNT, AND PRIORITY
## CLAIMS, AND SUBSTANTIVE DUPLICATE CLAIMS)

> **PARTIES RECEIVING THIS OBJECTION SHOULD
> REVIEW SCHEDULES 1–6 TO THE PROPOSED ORDER TO
> DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Jackson Square Advisors LLC, in its capacity as the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), respectfully states as follows in support of this omnibus objection to claims (the "<u>Objection</u>"):[2]

---

[1]    A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]    A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of Carrie W. Teffner, Interim Executive Chair of Ascena Retail Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "<u>First Day Declaration</u>"). Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

252490514 v1

## **Relief Requested**

1.      The Plan Administrator seeks entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Order") disallowing and expunging each Proof of Claim (as defined

herein) identified on **Schedules 1–6** to **Exhibit A** (collectively, the "Disputed Claims") only to the

extent set forth therein and summarized as follows:

- Disallowing and expunging each Proof of Claim identified on **Schedule 1** to **Exhibit A** because the Plan Administrator has determined that, based on the Debtors' Books and Records (as defined below), the Debtors have no liability for such claims (the "No Liability Claims");

- Disallowing and expunging the Proof of Claim identified on **Schedule 2** to **Exhibit A** because the Plan Administrator has determined that such claim was not actually received by the applicable Claims Bar Date (as defined herein) (the "Late-Filed Claim");

- Modifying the portion of each Proof of Claim identified on **Schedule 3** to **Exhibit A** (the "Incorrect Debtor, Amount, and Priority Claims") because the Plan Administrator has determined that such claims were filed against the incorrect Debtor, in the incorrect amount, and assert an incorrect priority status based on the Debtors' Books and Records;

- Modifying the portion of the Proof of Claim identified on **Schedule 4** to **Exhibit A** (the "Incorrect Debtor and Amount Claim") because the Plan Administrator has determined that such claim was filed against the incorrect Debtor entity and asserts an incorrect amount based on the Debtors' Books and Records;

- Modifying the portion of each Proof of Claim identified on **Schedule 5** to **Exhibit A** (the "Incorrect Amount and Priority Claims") because the Plan Administrator has determined that such claims were filed in the incorrect amount and assert an incorrect priority status based on the Debtors' Books and Records;

- Disallowing and expunging the Proof of Claim identified on **Schedule 6** to **Exhibit A** in the column titled "Claims to be Disallowed" because the Plan Administrator has determined that such claim is duplicative of the liability in the claim identified in the column titled "Remaining Claims" (the "Substantive Duplicate Claim").

2.      In support of this Objection, the Plan Administrator submits the *Declaration of Rob*

*Esposito in Support of the Plan Administrator's Twenty-Seventh Omnibus Objection to Claims (No*

*Liability Claims, Late-Filed Claims, Incorrect Debtor, Amount, and Priority Claims, and*

*Substantive Duplicate Claims)* (the "Esposito Declaration") attached hereto as **Exhibit B**.  This

2

Objection complies in all respects with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Bankruptcy Rules</u>").

### Jurisdiction and Venue

3.     The United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.  The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 3003 and 3007, and Local Bankruptcy Rule 3007-1.

### Background

6.     On July 23, 2020 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.     On August 3, 2020, the United States Trustee for the Eastern District of Virginia (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors [Docket No. 164].

8.     On August 27, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and*

*Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 453] (the "<u>Bar Date Order</u>") establishing September 30, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Claims Bar Date</u>"),[3] as the final date and time for all persons and entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file proofs of claim in these chapter 11 cases (collectively, "<u>Proofs of Claim</u>," and each a "<u>Proof of Claim</u>"). The Claims Bar Date generally applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims entitled to priority under section 503(b)(9) of the Bankruptcy Code.[4] Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.    On December 21, 2020, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Incurred from the Petition Date to November 30, 2020, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 1373] (the "<u>Administrative Bar Date Order</u>") establishing January 19, 2021 at 5:00 p.m. (prevailing Eastern Time) (the "<u>Administrative Claims Bar Date</u>") as the final date and time for all entities holding claims against the Debtors that arose

---

[3]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m., prevailing Eastern time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

[4]    The Bar Date Order also established January 19, 2021, at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file Proofs of Claim in these chapter 11 cases.

4

on or after the Petition Date but on or before November 30, 2020 (the "Administrative Claims Record Date") to file administrative Proofs of Claim in these chapter 11 cases.  Notice of the Administrative Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Administrative Bar Date Order.

10.     On July 24, 2020, the Court entered an order [Docket No. 69] authorizing the retention of Prime Clerk LLC as claims and noticing agent (the "Claims Agent").  As such, Prime Clerk is to, among other things, receive, maintain, docket, and otherwise administer Proofs of Claim filed in the Debtors' chapter 11 cases.

11.     On August 27, 2020, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 6–8, 467–468].

12.     On February 24, 2021, the Debtors filed an *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794].  On February 25, 2021, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 1811].

13.     Pursuant to the Plan, Confirmation Order, and Plan Administration Agreement [Docket No. 1790, Ex. H], Jackson Square Advisors LLC was appointed as the Plan Administrator and sole representative of the Debtors upon occurrence of the Effective Date.  On March 5, 2021, the Debtors filed a Notice of Occurrence of the Plan Effective Date [Docket No. 1845].

14.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflected, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.   To date, approximately 6,400 Proofs of Claim asserting more than $1,746,500,000 in aggregated amounts have been filed, including a number of Proofs of Claim for administrative expense and priority claims.   The Plan Administrator and its advisors have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.  Because of the number of claims in these cases, the Debtors sought and were granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 1387] (the "Objection Procedures").

## Basis for Objection

15.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to

252490514 v1

produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*  Bankruptcy Rule 3007(d) permits a debtor to join objections to more than one claim in an omnibus objection if such objections are based on enumerated non-substantive grounds.  *See* FED. R. BANKR. P. 3007(d)(1).

### A.  No Liability Claims

16.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Plan Administrator has identified 21 No Liability Claims listed on **Schedule 1** annexed to **Exhibit A**, in the aggregate claimed amount of $4,625,963.43.  The Plan Administrator objects to these claims, as it has determined that the No Liability Claims do not accurately reflect amounts owed by the Debtors according to their Books and Records.  Instead, the Plan Administrator asserts that the Debtors have no liability for such Proofs of Claim.  Among other reasons, the liabilities asserted in the No Liability Claims have been satisfied in the ordinary course of the Debtors' business.  As a result, the Plan Administrator is seeking entry of the Order disallowing and expunging the No Liability Claims in their entirety, as identified on **Schedule 1** to **Exhibit A**.  Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving undue recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination of the No Liability Claims will enable the Plan Administrator to maintain a more accurate claims register.  Accordingly, the Plan Administrator requests that the

Court enter the Order, disallowing and expunging the No Liability Claims identified on **Schedule 1** to **Exhibit A**.

### B. Late-Filed Claim

17.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Plan Administrator has identified one (1) Late-Filed Claim listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $255,726.72.  The Plan Administrator objects to this claim.  As previously stated, the Administrative Bar Date Order established January 19, 2021 at 5:00 p.m. (prevailing Eastern Time) as the Administrative Claims Bar Date.  The Claims Agent provided notice of the Administrative Bar Date Order in accordance with the procedures outlined therein.  The Plan Administrator objects to the Late-Filed Claim listed on **Schedule 2** because such claim: (a) arose on or after the Petition Date but on or before Administrative Claims Record Date; (b) was subject to the Administrative Claims Bar Date; and (c) was filed after the Administrative Claims Bar Date.  Moreover, the claimant asserting a Late-Filed Claim was provided timely notice of the Administrative Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Administrative Claims Bar Date.  Accordingly, the Plan Administrator seeks an order disallowing and expunging the Late-Filed Claim identified on **Schedule 2** in its entirety.

### C. Incorrect Debtor, Amount, and Priority Claims

18.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Plan Administrator has identified two (2) Incorrect Debtor, Amount, and Priority Claims listed on **Schedule 3** annexed to **Exhibit A**, in the aggregate claimed amount of $372,607.55.  The Plan Administrator objects to these claims.  The Plan Administrator has determined that the Incorrect Debtor, Amount, and Priority Claims, as filed, do not accurately reflect which Debtor

entity may be liable for the underlying claims, do not accurately reflect amounts owed by the Debtors, and do not accurately reflect the correct priority status for such Proofs of Claim according to a review of the Debtors' Books and Records.  Instead, the Plan Administrator believes that the Debtor entities against which the Proofs of Claim are asserted should be modified from the Debtor identified in the column titled "Asserted Claims" to the Debtor(s) identified in the column titled "Modified Claims" in the table provided on **Schedule 3** annexed to **Exhibit A**.  The Plan Administrator also believes that the asserted amount of such claims should be modified from the amounts identified in the column titled "Asserted Claims" to the amounts identified in the column titled "Modified Claims" in the table provided in **Schedule 3** to **Exhibit A** because the asserted amounts are incorrect and/or a portion of such claims have been satisfied in the ordinary course of business.  The Plan Administrator further believes that the asserted priority of such claims should be modified from the priority identified in the column titled "Asserted Claims" to the priority identified in the column titled "Modified Claims" in the table provided in **Schedule 3** to **Exhibit A**.

19.     The Plan Administrator asserts that the Debtor entity, priority status, and amounts reflected in the "Modified Claims" column is consistent with the Debtors' Books and Records and/or with the information provided by the claimant.  Failure to modify the Incorrect Debtor, Amount, and Priority Claims could result in the claimants receiving recovery that is not warranted. Accordingly, the Plan Administrator requests that the Court enter the Order, modifying the Incorrect Debtor, Amount, and Priority Claims identified on **Schedule 3** to **Exhibit A**.

**D.  Incorrect Debtor and Amount Claim**

20.     The Plan Administrator has identified one (1) Incorrect Debtor and Amount Claim listed on **Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of $450,601.75.  The

9

Plan Administrator objects to this claim.  The Plan Administrator has determined that the Incorrect

Debtor and Amount Claim, as filed, does not accurately reflect which Debtor entity may be liable

for the underlying claim, and does not accurately reflect the correct amount owed according to a

review of the Debtors' Books and Records.  Instead, the Plan Administrator believes that the

Debtor entity against which the Proof of Claim is asserted should be modified from the Debtor

identified in the column titled "Asserted Claims" to the Debtor identified in the column titled

"Modified Claims" in the table provided in **Schedule 4** to **Exhibit A**.  The Plan Administrator

further believes that the amount of such claim should be modified from the amount identified in

the column titled "Asserted Claims" to the amount identified in the column titled "Modified

Claims" in the table provided in **Schedule 4** to **Exhibit A** because the asserted amount is incorrect

according to the Debtors' Books and Records.

21.    The Plan Administrator asserts that the Debtor entities and amountreflected in the

"Modified Claims" column is consistent with the Debtors' Books and Records and/or with the

information provided by the claimant.  Failure to modify such Incorrect Debtor and Amount Claim

could result in the relevant claimant receiving recovery that is not warranted.  Accordingly, the

Plan Administrator requests that the Court enter the Order, modifying the Incorrect Debtor and

Amount Claim identified on **Schedule 4** to **Exhibit A**.

**E.  Incorrect Amount and Priority Claims**

22.    The Plan Administrator has identified two (2) Incorrect Amount and Priority

Claims listed on **Schedule 5** annexed to **Exhibit A**, in the aggregate claimed amount of

$4,848,020.28.  The Plan Administrator objects to these Claims.  The Plan Administrator has

determined that each of the Incorrect Amount and Priority Claims, as filed, do not accurately

reflect correct priority status for such Proof of Claim and do not accurately reflect amounts owed

by the Debtors according to a review of the Debtors' Books and Records.   Instead, the Plan

Administrator believes that the asserted priority of such Claims should be modified from the

priority identified in the column titled "Asserted Claims" to the priority identified in the column

titled "Modified Claims" in the table provided in **Schedule 5** to **Exhibit A**.   The Plan Administrator

further believes that the asserted amount of such Claims should be modified from the amounts

identified in the column titled "Asserted Claims" to the amounts identified in the column titled

"Modified Claims" in the table provided in **Schedule 5** to **Exhibit A** because the asserted amount

is incorrect and/or a portion of such Claims have been satisfied in the ordinary course of business.

23.    The Plan Administrator asserts that the priority status and amounts reflected in the

"Modified Claims" column is consistent with the Debtors' Books and Records and/or with the

information provided by the claimants.   Failure to modify such Incorrect Amount and Priority

Claims could result in the relevant claimants receiving recovery that is not warranted.

Accordingly, the Plan Administrator requests that the Court enter the Order, modifying the

Incorrect Amount and Priority Claims identified on **Schedule 5** to **Exhibit A**.

### F.   Substantive Duplicate Claim

24.    The Plan Administrator has identified one (1) Substantive Duplicate Claim listed

on **Schedule 6** annexed to **Exhibit A**, in the aggregate claimed amount of $126,699.60.   The Plan

Administrator objects to this claim.   The Plan Administrator has determined that the Substantive

Duplicate Claim identified on **Schedule 6** to **Exhibit A** in the column titled "Claims to be

Disallowed" duplicate amounts requested in the filed Proofs of Claim identified in the column

titled "Remaining Claims" on **Schedule 6** to **Exhibit A**.   Failure to disallow and expunge the

Substantive Duplicate Claim listed in the "Claims to be Disallowed" column could result in the

relevant claimant receiving multiple recoveries against the Debtors' estates, to the detriment of

11

other similarly situated creditors.  Moreover, elimination of the Substantive Duplicate Claim will enable the Plan Administrator to maintain a more accurate claims register.  Accordingly, the Plan Administrator requests that the Court enter the Order, disallowing and expunging the Substantive Duplicate Claim listed in the "Claims to be Disallowed" column on **Schedule 6** to **Exhibit A**.  This Objection does not affect the Proofs of Claim labeled as "Remaining Claims" identified on **Schedule 6** to **Exhibit A**.  The Plan Administrator does, however, maintain the right to object to any the Proof of Claim identified as a "Remaining Claim" on **Schedule 6** to **Exhibit A** on any applicable grounds.

## Separate Contested Matters

25.    To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## Reservation of Rights

26.    Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority,

12

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Plan Administrator's or any other party in interest's right to subsequently dispute such claim.

27.    The Plan Administrator hereby reserves its right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on **Schedules 1–6** annexed to **Exhibit A**, on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided* that nothing in this Objection shall affect the Plan Administrator's right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

## **Statement of Compliance with Local Bankruptcy Rule 3007-1**

28.    Counsel to the Plan Administrator has reviewed the requirements of Local Bankruptcy Rule 3007-1 and certifies that this Objection substantially complies with such Local Bankruptcy Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Bankruptcy Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

## **Notice**

29.    The Plan Administrator will provide notice of this Objection via first class mail, facsimile or email (where available) upon the parties identified in paragraph 141 of the

252490514 v1

Confirmation Order and in accordance with the Objection Procedures.  The Plan Administrator

submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Order

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated:  June 28, 2021

/s/ Cullen D. Speckhart
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899
Email:          cspeckhart@cooley.com
                oantle@cooley.com

*Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER SUSTAINING THE PLAN ADMINISTRATOR'S TWENTY-SEVENTH
## OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY CLAIMS, LATE-FILED CLAIMS
## INCORRECT DEBTOR, AMOUNT, AND PRIORITY
## CLAIMS, AND SUBSTANTIVE DUPLICATE CLAIMS)

Upon the objection (the "Objection")[2] of Jackson Square Advisors LLC, in its capacity as

the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession

(collectively, the "Debtors"), for entry of an order (this "Order"), disallowing and expunging the

portion of each Proof of Claim set forth on **Schedules 1–6** attached hereto, all as more fully set

forth in the Objection; and upon the Esposito Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the*

*United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that

---

[1]    A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of
the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of
Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service
address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection [Docket
No. _____].

1

this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The No Liability Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety.

3.      The Late-Filed Claim set forth on the attached **Schedule 2** is hereby disallowed and expunged in its entirety.

4.      The Incorrect Debtor, Amount, and Priority Claim set forth on the attached **Schedule 3** is hereby modified as to the Debtor entity, amount, and priority status as identified in the column titled "Modified Claims" in **Schedule 3** to this Order.  All parties' rights are reserved with respect to the Modified Claims, including the GUC Trust's right to object to the unsecured amounts identified on **Schedule 3**.

5.      The Incorrect Debtor and Amount Claim set forth on the attached **Schedule 4** is hereby modified as to the Debtor entities and claim amount  as identified in the column titled "Modified Claims" in **Schedule 4** to this Order.  All parties' rights are reserved with respect to the

2

Modified Claims, including the GUC Trust's right to object to the unsecured amounts identified on **Schedule 4**.

6.      The Incorrect Amount and Priority Claims set forth on the attached **Schedule 5** are hereby modified as to the priority status and amount as identified in the column titled "Modified Claims" in **Schedule 5** to this Order.  All parties' rights are reserved with respect to the Modified Claims, including the GUC Trust's right to object to the unsecured amounts identified on **Schedule 5**.

7.      The Substantive Duplicate Claim identified in the column titled "Claims to be Disallowed" on the attached **Schedule 6** is hereby disallowed and expunged in its entirety; *provided* that this Order will not affect the Proof of Claim identified on **Schedule 6** attached hereto in the column titled "Remaining Claims."

8.      The Plan Administrator's objection to the Disputed Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

9.      Nothing in this Order shall affect the Plan Administrator's right to object to any of the Modified Claims, Remaining Claims, or any other Proofs of Claim at a future date.

10.      The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

11.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or

amount of any particular claim against a Debtor entity; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Plan Administrator's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Plan Administrator or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Plan Administrator and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Plan Administrator's or any other party in interest's rights to subsequently dispute such claim.

12.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia                                    _____
                                                     United States Bankruptcy Judge

4

WE ASK FOR THIS:

/s/ *Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:        (202) 842-7800
Facsimile:        (202) 842-7899

*Counsel to the Plan Administrator*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Cullen D. Speckhart*

5

**<u>Schedule 1</u>**

**No Liability Claims**

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 1 - No Liability Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | EL PASO OUTLET SHOPPES CMBS, LLC C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5684 | $ 227.72* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | FARYL ROBIN LLC 200 PARK AVENUE, S. #1117 NEW YORK, NY 10003 | 1/15/2021 | 20-33152 (KRH) | Lane Bryant Purchasing Corp. | 5362 | $ 1,085,004.95 |

Reason: Invoices 13393, 13394, 13395, 13396, 13397, 13398, 13399, 13400, 13401, 13402, 13403, 13404, 13405, 13508, 13509, 13510, 13511, 13512, 13513, 13514 and 13515, asserted in the aggregate amount of $872,564.95 have been paid via ACH numbers 5506788, 5506847, 5506885, 5506936 and 5507044 dated 01/27/2021, 02/28/2021, 03/15/2021, 04/05/2021 and 05/10/2021, respectively.

The Debtors have no record of invoices 13940, 13941, 13942, 13943, 13944, 13945, 13947, 13948 and 14104, asserted in the aggregate amount of $212,440.

| | | | | | | |
|---|---|---|---|---|---|---|
| 3 | HIP SING CHINA INDUSTRIAL LIMITED ATTN: SHALREN WEI UNIT B-5, 6/F BLOCK 2, CAMEL PAINT BLDG 62 HOI YUEN ROAD, KWUN TONG KOWLOON, HONG KONG | 1/22/2021 | 20-33169 (KRH) | Tween Brands Service Co. | 6047 | $ 355,092.14 |

Reason: No liability exists on the Debtors' books and records. The claimant asserts liability related to cancelled purchase orders for which the Debtor is not contractually obligated to pay.

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | KOBIE MARKETING, INC. ATTN: CHIEF FINANCIAL OFFICER 100 2ND AVENUE SOUTH SUITE 1000 ST. PETERSBURG, FL 33701 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5680 | $ 82,284.00 |

Reason: No liability exists on the Debtor's books and records. Invoice number 2020-12071 was paid, as originally presented, in the amount of $63,686.80, on payment number 6675090 dated 1/16/2021.

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | KOBIE MARKETING, INC. ATTN: CHIEF FINANCIAL OFFICER 100 2ND AVE SOUT SUITE 1000 ST. PETERSBURG, FL 33701 | 4/2/2021 | 20-33158 (KRH) | Catherines, Inc. | 6364 | $ 178,114.62 |

Reason: No liability exists on the Debtor's books and records. Invoice number 2020-12071 was paid, as originally presented, in the amount of $63,686.80, on payment number 6675090 dated 1/16/2021 Invoice numbers 2021-01065, 2021-03050, 2021-03051 and 2021-02054, in the aggregate amount of $160,277.42, should be disallowed as the Debtor paid the program sunset fees with invoice number 2020-12071.

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 1 - No Liability Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 6 | KOBIE MARKETING, INC.<br>ATTN: CHIEF FINANCIAL OFFICER<br>100 2ND AVE SOUTH SUITE 1000<br>ST.PETERSBURG, FL 33701 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5960 | $ 50,964.00 |
| | Reason: No liability exists on the Debtor's books and records. | | | | | |
| 7 | KOBIE MARKETING, INC.<br>ATTN: CHIEF FINANCIAL OFFICER<br>100 2ND AVE SOUT<br>SUITE 1000<br>ST. PETERSBURG, FL 33701 | 4/2/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 6366 | $ 127,024.00 |
| | Reason: No liability exists on the Debtor's books and records. | | | | | |
| 8 | MERIT TAT INTERNATIONAL LTD.<br>FLAT G-H, 5/F TUNG KIN FTY BLDG.<br>200-202 TSAT TSE MUI RD. | 2/24/2021 | 20-33169 (KRH) | Tween Brands Service Co. | 6230^ | $ 255,726.72 |
| | Reason: No liability exists on the Debtor's books and records.  The claimant asserts liability related to cancelled purchase orders for which the Debtor is not liable.  In addition, the Master Services Agreement between claimant and Debtor was rejected pursuant to the Plan.<br><br>^Claim also filed on the Schedule 2 to the Twenty-Seventh Omnibus Claims Objection for Late-Filed Claims. | | | | | |
| 9 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 5834 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 10 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 6329 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 11 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE<br>SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33122 (KRH) | Ann, Inc. | 5813 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 1 - No Liability Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 12 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33122 (KRH) | Ann, Inc. | 6325 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 13 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 5841 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 14 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6332 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 15 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5842 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 16 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 6330 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 17 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5854 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 18 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33158 (KRH) | Catherines, Inc. | 6331 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 1 - No Liability Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 19 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5853 | $ 232,747.56 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 20 | RETAILMENOT, INC.<br>ATTN: SARAH CRISPI<br>301 CONGRESS AVENUE, SUITE 700<br>AUSTIN, TX 78701 | 3/25/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 6324 | $ 137,529.46 |
| | Reason: No liability exists on the Debtors' books and records. The claimant's invoices are paid through a third party, which has been paid in full through the Effective Date of the Plan. | | | | | |
| 21 | TAKBO LIMITED<br>EGL TOWER 83 HUNG TO ROAD<br>ROOM A 22 FLOOR<br>KWUN TONG KOWLOON,<br>HONG KONG | 1/19/2021 | 20-33169 (KRH) | Tween Brands Service Co. | 5783 | $ 269,863.16 |
| | Reason: No liability exists on the Debtor's books and records.  The claimant asserts liability related to cancelled purchase orders for which the Debtor is not liable.  In addition, the Master Services Agreement between claimant and Debtor was rejected pursuant to the Plan. | | | | | |
| | | | | TOTAL | | $ 4,625,963.43* |

**<u>Schedule 2</u>**

**Late-Filed Claims**

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 2 - Late-Filed Claim

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | MERIT TAT INTERNATIONAL LTD. FLAT G-H, 5/F TUNG KIN FTY BLDG. 200-202 TSAT TSE MUI RD. | 2/24/2021 | 20-33169 (KRH) | Tween Brands Service Co. | 6230^ | $ 255,726.72 |

Reason: Claim filed after the Administrative Claims Bar Date of January 19, 2021.

^Claim also filed on the Schedule 1 to the Twenty-Seventh Omnibus Claims Objection for No Liability Claims.

| | | TOTAL | $ 255,726.72 |
|---|---|---|---|

## Schedule 3

**Incorrect Debtor, Amount, and Priority Claims**

Retail Group, Inc. 20-33115 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 3 - Incorrect Debtor, Amount, and Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | AGAPE MECHANICAL HVAC, LLC 21486 HUMBOLDT COURT LAKEVILLE, MN 55044 | 5410 | Ascena Retail Group, Inc. | Administrative | $61,428.81 | Ascena Retail Group, Inc. | Administrative | $0.00 |
| | | | | | | AnnTaylor Retail, Inc. | Unsecured | $15,443.62 |
| | | | | | | Catherines #5124, Inc. | Unsecured | $537.67 |
| | | | | | | Catherines #5147, Inc. | Unsecured | $2,750.32 |
| | | | | | | Catherines, Inc. | Unsecured | $3,741.45 |
| | | | | | | Lane Bryant #6243, Inc. | Unsecured | $1,963.51 |
| | | | | | | Lane Bryant, Inc. | Unsecured | $16,434.11 |
| | | | | | | Tween Brands, Inc. | Unsecured | $15,245.82 |
| | | | | | | Subtotal | | $56,116.50 |

Reason: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records.

Invoices 81947, 82550, 81652, 82045, 82100, 83316, 83161 and 83159 in the total asserted amount of $5,312.31 were not reflected in the Debtor's books and records.

The liability asserted in the Proof of Claim represents pre-petition liability which should be reclassified to general unsecured.

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| 2 | SPLASH NEW YORK, INC. ATTN: DOMENICK PROPATI 4 BRYANT PARK, STE 503 NEW YORK, NY 10018 | 160 | Ascena Retail Group, Inc. | 503(b)(9) | $51,342.00 | Lane Bryant, Inc. | 503(b)(9) | $0.00 |
| | | | Ascena Retail Group, Inc. | Unsecured | $259,836.74 | Catherines Stores Corporation | Unsecured | $42,825.00 |
| | | | Subtotal | | $311,178.74 | Catherines, Inc. | Unsecured | $7,200.00 |
| | | | | | | Lane Bryant, Inc. | Unsecured | $221,710.89 |
| | | | | | | Subtotal | | $271,735.89 |

Reason: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtor's books and records.

Post-petition invoice number 00402NYC and 00403NYC asserted as 503(b)(9) in the aggregate amount of $39,442.85 were paid via ACH with payment number 7794949 dated on 9/4/2020.

The remaining asserted 503(b)(9) amount of $11,899.15 represents digital marketing images and does not qualify as "goods" under section 503(b)(9) of the Bankruptcy Code.

| | | | TOTAL | | $ 372,607.55 | TOTAL | | $ 327,852.39 |

## <u>Schedule 4</u>

**Incorrect Debtor and Amount Claims**

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 4 - Incorrect Debtor and Amount Claim

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | DATA PRINT TECHNOLOGIES INC. 42 N PINE CIRCLE BELLEAIR, FL 33756 | 1987 | Ascena Retail Group, Inc. | 503(b)(9) | $117,314.85 | AnnTaylor Retail, Inc. | 503(b)(9) | $30,628.30 |
| | | | Ascena Retail Group, Inc. | Unsecured | $333,286.90 | Ascena Retail Group, Inc. | 503(b)(9) | $889.65 |
| | | | | Subtotal | $450,601.75 | Lane Bryant Purchasing Corp. | 503(b)(9) | $54,658.10 |
| | | | | | | Tween Brands, Inc. | 503(b)(9) | $27,944.90 |
| | | | | | | AnnTaylor, Inc. | Unsecured | $152,619.50 |
| | | | | | | Ascena Retail Group, Inc. | Unsecured | $132,556.40 |
| | | | | | | Lane Bryant, Inc. | Unsecured | $44.95 |
| | | | | | | | Subtotal | $399,341.80 |

Reason: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtor's books and records.

Invoice numbers 46167, 45929, 45930, 46050, 46051, 46052, 46054, 46055, 46056, 46057 and 46167, in the aggregate amount of $51,259.95, do not exist in the Debtors' books and records.

| TOTAL | $ 450,601.75 | TOTAL | $ 399,341.80 |
|---|---|---|---|

## <u>Schedule 5</u>

**Incorrect Amount and Priority Claims**

252490514 v1

Retail Group, Inc. 20-33113 (KRH)
Twenty-Seventh Omnibus Claims Objection
Schedule 5 - Incorrect Amount and Priority Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | ORIENT CRAFT LTD. C/O MCGRATH NORTH MULLIN & KRATZ, PC LLO ATTN: MICHAEL EVERSDEN 1601 DODGE STREET, SUITE 3700 OMAHA, NE 68102 | 4718 | AnnTaylor, Inc. | 503(b)(9) | $159,572.53 | AnnTaylor, Inc. | 503(b)(9) | $78,178.13 |
| | | | AnnTaylor, Inc. | Unsecured | $2,785,460.97 | AnnTaylor, Inc. | Unsecured | $2,804,800.79 |
| | | | | Subtotal | $2,945,033.50 | | Subtotal | $2,882,978.92 |

Reason: Post-petition invoice numbers 126OKW, 127OKW, 530OCK, 531OCK, 532OCK, 423OCK, 424OCK, 425OCK, 534OCK, 536OCK, 398OCK, 535OCK, 537OCK, and 538OCK, asserted as 503(b)(9) in the aggregate amount of $31,785.56, were paid on wire number 200003015 dated 10/3/2020.

Invoice numbers 2530OCGANN1920, 2730OCGANN1920, and 2731OCGANN1920, asserted as 503(b)(9) in the aggregate amount of $49,608.84, were delivered prior to the 503(b)(9) period and exist in the Debtor's books and records in the aggregate amount of $39,218.91.

Invoice numbers 546OCGACN1920, 2551OCGACN1920, 2565OCGACN1920, 2646OCGACN1920, 3112OCKACN1920, 05OCKACN2021, 2651OCGACN1920, 3175OCKACN2021, 3185OCKACN2021, 3196OCKACN1920, 3191OCKACN1920, and 3180OCKACN1920, asserted as general unsecured in the aggregate amount of $19,879.09, are the liability of the non-debtor Ann Canada, Inc.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | SNOGEN GREEN CO., LTD. LIMNEXUS LLP ATTN: JED DONALDSON, ESQ. 707 WILSHIRE BOULEVARD, SUITE 4600 LOS ANGELES, CA 90017 | 1370 | Tween Brands Service Co. | 503(b)(9) | $10,204.36 | Tween Brands Service Co. | 503(b)(9) | $4,848.80 |
| | | | Tween Brands Service Co. | Unsecured | $1,892,782.42 | Tween Brands Service Co. | Unsecured | $965,241.89 |
| | | | | Subtotal | $1,902,986.78 | | Subtotal | $970,090.69 |

Reason: Invoice numbers 163959 and 163961, asserted as 503(b)(9) and in the aggregate amount of $4,392.36, represent goods received prior to the 503(b)(9) period.

Post-petition invoice number 164432, asserted as 503(b)(9) and in the amount of $963.20, was paid on wire number 4976 date 9/17/2020.

No liability exists on the Debtor's books and records on account of various canceled purchase orders totaling $358,805.32.

The Debtors' paid the claimant $514,774.16 (on or about 11/4/2020) and $58,353.41 (first week of January 2021) on account of a Trade Agreement executed by Debtor and Claimant.

| | | | TOTAL | | $ 4,848,020.28 | TOTAL | | $ 3,853,069.61 |

## **Schedule 6**

**Substantive Duplicate Claims**

Retail Group, Inc. 20-33113 (KRH)

Twenty-Seventh Omnibus Claims Objection

Schedule 6 - Substantive Duplicate Claim

| | | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | |
| NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 TAKBO LIMITED (FOB) ROOM A 22/F EGL TOWER 83 HUNG TO ROAD KWUN TONG KOWLOON, HONG KONG | 01/19/21 | Tween Brands Service Co. 20-33169 (KRH) | 5549 | $ 126,699.60 | TAKBO LIMITED ROOM B 35 FLOOR, EGL TOWER, 83 HUNG TO ROAD, KWUN TONG KOWLOON, HONG KONG | 08/18/20 | Tween Brands Service Co. 20-33169 (KRH) | 778 | $ 126,699.60 |

Reason: Claimant asserts administrative classification for prepetition liability which duplicates the general unsecured liability asserted in the Remaining Claim.

| | | | | Total | | $ 126,699.60 | | Total | | $ 126,699.60 |

## **Exhibit B**

## **Esposito Declaration**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF ROB ESPOSITO**
**IN SUPPORT OF THE PLAN ADMINISTRATOR'S**
**TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY CLAIMS, LATE-FILED CLAIMS,**
**INCORRECT DEBTOR, AMOUNT, AND PRIORITY**
**CLAIMS, AND SUBSTANTIVE DUPLICATE CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC (together with

employees of its affiliates, all of which are wholly-owned by its parent company and employees,

its wholly owned subsidiaries, and independent contractors, "A&M"), a restructuring advisory

services firm with numerous offices throughout the country and restructuring advisor to Jackson

Square Advisors LLC, solely in its capacity as the Plan Administrator of the above-captioned

reorganized debtors and debtors-in-possession (collectively, the "Debtors").   I submit this

---

[1]   A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of
the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.   The location of
Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service
address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

1

declaration (the "Declaration") in support of the relief requested in *The Plan Administrator's Twenty-Seventh Omnibus Objection to Claims (No Liability Claims, Late-Filed Claims, Incorrect Debtor, Amount, and Priority Claims, and Substantive Duplicate Claims)* (the "Objection").[2]

2.      In my current position with A&M as an advisor to the Plan Administrator, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records.  Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date.  Except as otherwise stated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' and Plan Administrator's advisors, including my team at A&M, or employees of the Debtors.  I have read the Objection filed contemporaneously herewith and to the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Plan Administrator.

3.      Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases.

4.      The Plan Administrator has identified 21 No Liability Claims listed on **Schedule 1** annexed to **Exhibit A**, in the aggregate claimed amount of $4,625,963.43.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the No Liability Claims do not accurately reflect amounts owed by the Debtors according to their Books and Records.  Among other reasons, the liabilities asserted in the No Liability

---

[2]     Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

252490514 v1

Claims have been satisfied in the ordinary course of the Debtors' business. Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving undue recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the No Liability Claims will enable the Plan Administrator to maintain a more accurate claims register. As such, I believe that disallowance and expungement of the No Liability Claims on the terms set forth in the Objection and **Schedule 1** annexed to **Exhibit A** is appropriate.

5.      The Plan Administrator has identified one (1) Late-Filed Claim listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $255,726.72. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, each of the Late-Filed Claim was filed on account of a purported claim arising between the Petition Date and the Administrative Claims Record Date but was not timely received by the Claims Agent by the Administrative Claims Bar Date. Consequently, the Late-Filed Claim fails to satisfy the requirements for an administrative proof of claim under the Administrative Bar Date Order. As such, I believe that disallowance and expungement of the Late-Filed Claim on the terms set forth in the Objection and **Schedule 2** annexed to **Exhibit A** is appropriate.

6.      The Plan Administrator has identified two (2) Incorrect Debtor, Amount, and Priority Claims listed on **Schedule 3** annexed to **Exhibit A**, in the aggregate claimed amount of $372,607.55. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Incorrect Debtor, Amount, and Priority Claims, as filed, do not accurately reflect which Debtor entity may be liable for the underlying claims, do not accurately reflect the correct priority status for such Proofs of Claim, and does not accurately reflect amounts owed by the Debtors according to their Books and Records. After carefully

3

reviewing the Incorrect Debtor, Amount, and Priority Claims in good faith, utilizing due diligence by appropriate personnel I believe that the Incorrect Debtor, Amount, and Priority Claims should be modified to reflect the Debtor entity, priority status, and amount identified in the "Modified Claims" column of **Schedule 3** to **Exhibit A**.  Failure to modify the Incorrect Debtor, Amount, and Priority Claims could result in the relevant claimants receiving recovery that is not warranted.  As such, I believe that the modification of the Incorrect Debtor, Amount, and Priority Claims on the terms set forth in the Objection and **Schedule 3** annexed to **Exhibit A** is appropriate.

7.      The Plan Administrator has identified one (1) Incorrect Debtor and Amount Claim listed on **Schedule 4** annexed to **Exhibit A**, in the aggregate claimed amount of $450,601.75.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Incorrect Debtor and Amount Claim, as filed, does not accurately reflect which Debtor entities may be liable for the underlying claim, and does not accurately reflect amounts owed by the Debtors according to their Books and Records.  After carefully reviewing the Incorrect Debtor and Amount Claim in good faith, utilizing due diligence by appropriate personnel, I believe that the Incorrect Debtor and Amount Claim should be modified to reflect the Debtor entity and amount identified in the "Modified Claims" column of **Schedule 4** to **Exhibit A**.  Failure to modify the Incorrect Debtor and Amount Claim could result in the relevant claimant receiving recovery that is not warranted.  As such, I believe that the modification of the Incorrect Debtor and Amount Claim on the terms set forth in the Objection and **Schedule 4** annexed to **Exhibit A** is appropriate.

8.      The Plan Administrator has identified two (2) Incorrect Amount and Priority Claims listed on **Schedule 5** annexed to **Exhibit A**, in the aggregate claimed amount of $4,848,020.28.  To the best of my knowledge, information, and belief, and insofar as I have been

4

able to ascertain after reasonable inquiry, each of the Incorrect Amount and Priority Claims, as filed, do not accurately reflect the correct priority status for such Proof of Claim and do not accurately reflect amounts owed by the Debtors according to their Books and Records.  After carefully reviewing the Incorrect Amount and Priority Claims in good faith, utilizing due diligence by appropriate personnel, I believe that each of the Incorrect Amount and Priority Claims should be modified to reflect the priority status and amount identified in the "Modified Claims" column of **Schedule 5** to **Exhibit A**.  Failure to modify the Incorrect Amount and Priority Claims could result in the relevant claimants receiving recovery that is not warranted.  As such, I believe that the modification of the Incorrect Amount and Priority Claims on the terms set forth in the Objection and **Schedule 5** annexed to **Exhibit A** is appropriate.

9.      The Plan Administrator has identified one (1) Substantive Duplicate Claim listed on **Schedule 6** annexed to **Exhibit A**, in the aggregate claimed amount of $126,699.60.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Substantive Duplicate Claim identified in the column titled "Claims to be Disallowed" duplicate amounts requested in the filed Proof of Claim identified in the column titled "Remaining Claims" on **Schedule 6** to **Exhibit A**.  Failure to disallow and expunge the Substantive Duplicate Claim listed in the "Claims to be Disallowed" column could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination of the Substantive Duplicate Claim will enable the Plan Administrator to maintain a more accurate claims register.  As such, I believe that disallowance and expungement of the Substantive Duplicate Claim on the terms set forth in the Objection and **Schedule 6** annexed to **Exhibit A** is appropriate.

252490514 v1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  June 28, 2021                    _/s/ Rob Esposito_
                                          Rob Esposito
                                          Senior Director
                                          Alvarez & Marsal North America, LLC

6