**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## THE PLAN ADMINISTRATOR'S THIRTY-FIRST
## OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY LEASE CLAIMS AND
## PARTIALLY SATISFIED LEASE CLAIMS)

> **PARTIES RECEIVING THIS OBJECTION SHOULD
> REVIEW SCHEDULES 1–2 TO THE PROPOSED ORDER TO
> DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Jackson Square Advisors LLC, in its capacity as the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession (collectively, the "Debtors"), respectfully states as follows in support of this omnibus objection to claims (the "Objection"):[2]

---

[1]  A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]  A detailed description of the Debtors, their business, and the facts and circumstances supporting these chapter 11 cases is set forth in the *Declaration of Carrie W. Teffner, Interim Executive Chair of Ascena Retail Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

1

## Relief Requested

1.     The Plan Administrator seeks entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Order") disallowing, expunging, and/or modifying the portion of each

Proof of Claim (as defined herein), as applicable, identified on **Schedules 1–2** to **Exhibit A**

(collectively, the "Disputed Claims") only to the extent set forth therein and summarized as

follows:

- Disallowing and expunging each Proof of Claim identified on **Schedule 1** to **Exhibit A** arising from certain of the Debtors' non-residential real property leases because the Plan Administrator has determined that, based on the Debtors' Books and Records (as defined herein), the Debtors have no liability for such claims (the "No Liability Lease Claims"); and

- Disallowing, expunging, and modifying the portion of each Proof of Claim identified on **Schedule 2** to **Exhibit A** arising from certain of the Debtors' non-residential real property leases in the column titled "Modified Claims" to the extent that such portion (the "Administrative Portion") constitutes an administrative expense claim for postpetition lease charges that have either been previously satisfied or for which the Debtors have no liability because such charges relate to executory contracts that the Debtors assumed and assigned (the "Partially Satisfied Lease Claims").[3]

2.     In support of this Objection, the Plan Administrator submits the *Declaration of Rob

Esposito in Support of the Plan Administrator's Thirty-First Omnibus Objection to Claims (No

Liability Lease Claims and Partially Satisfied Lease Claims)* (the "Esposito Declaration") attached

hereto as **Exhibit B**.  This Objection complies in all respects with Rule 3007-1 of the Local Rules

of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy

Rules").

---

[3]     For the avoidance of doubt, pursuant to this Objection, the Plan Administrator solely objects to the Administrative Portion of each Partially Satisfied Lease Claim identified on **Schedule 2** to **Exhibit A** and seeks to leave the remaining portion of such Partially Satisfied Lease Claims unaffected, with all parties' rights reserved.

2

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.  The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 3003 and 3007, and Local Bankruptcy Rule 3007-1.

## Background

6.      On July 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On August 3, 2020, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 164].

8.      On August 27, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 453] (the "Bar Date Order")

253950457 v1

establishing September 30, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Claims Bar Date"),[4] as the final date and time for all persons and entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file proofs of claim in these chapter 11 cases (collectively, "Proofs of Claim," and each a "Proof of Claim"). The Claims Bar Date generally applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and claims entitled to priority under section 503(b)(9) of the Bankruptcy Code.[5] Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.      On July 24, 2020, the Court entered an order [Docket No. 69] authorizing the retention of Prime Clerk LLC as claims and noticing agent (the "Claims Agent"). As such, Prime Clerk is to, among other things, receive, maintain, docket, and otherwise administer Proofs of Claim filed in the Debtors' chapter 11 cases.

10.     On August 27, 2020, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 6–8, 467–468].

---

[4]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m., prevailing Eastern time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

[5]    The Bar Date Order also established January 19, 2021, at 4:00 p.m. (prevailing Eastern Time) as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date to file Proofs of Claim in these chapter 11 cases.

253950457 v1

11.    On February 24, 2021, the Debtors filed an *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794].  On February 25, 2021, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 1811].

12.    Pursuant to the Plan, Confirmation Order, and Plan Administration Agreement [Docket No. 1790, Ex. H], Jackson Square Advisors LLC was appointed as the Plan Administrator and sole representative of the Debtors upon occurrence of the Effective Date.  On March 5, 2021, the Debtors filed a Notice of Occurrence of the Plan Effective Date [Docket No. 1845].

13.    In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflected, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.  To date, approximately 6,450 Proofs of Claim asserting more than $1,750,260,000 in aggregated amounts have been filed, including a number of Proofs of Claim for administrative expense and priority claims.  The Plan Administrator and its advisors have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.  Because of the number of claims in these cases, the Debtors sought and were granted approval to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 1387] (the "Objection Procedures").

**Basis for Objection**

14.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*  Bankruptcy Rule 3007(d) permits a debtor to join objections to more than one claim in an omnibus objection if such objections are based on enumerated non-substantive grounds.  *See* FED. R. BANKR. P. 3007(d)(1).

**A. No Liability Lease Claims**

15.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Plan Administrator has identified 50 No Liability Lease Claims listed on **Schedule 1** annexed to **Exhibit A**, in the aggregate claimed amount of $1,136,594.59.  The Plan Administrator

objects to these claims.  The Plan Administrator has determined that the No Liability Lease Claims do not accurately reflect amounts owed by the Debtors according to their Books and Records. Instead, the Plan Administrator asserts that the Debtors have no liability for such Proofs of Claim. The administrative liabilities asserted in the No Liability Lease Claims are (1) for postpetition lease charges that have been satisfied in the ordinary course of the Debtors' business through the applicable rejection date for each of the underlying leases; (2) are for postpetition lease charges pursuant to leases that have been assumed and assigned to Premium Brands Opco LLC; or (3) are made on account of leases with Maurices Incorporated, a non-Debtor entity.  As a result, the Plan Administrator is seeking entry of the Order disallowing and expunging the No Liability Lease Claims in their entirety, as identified on **Schedule 1** to **Exhibit A**.  Failure to disallow and expunge the No Liability Lease Claims could result in the applicable claimants receiving undue recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination of the No Liability Lease Claims will enable the Plan Administrator to maintain a more accurate claims register.  Accordingly, the Plan Administrator requests that the Court enter the Order, disallowing and expunging the No Liability Lease Claims identified on **Schedule 1** to **Exhibit A**.

### B. Partially Satisfied Lease Claims

16.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Plan Administrator has identified 24 Partially Satisfied Lease Claims listed on **Schedule 2** annexed to **Exhibit A**, in the aggregate claimed amount of $8,350,089.51.  The Plan Administrator objects solely to the Administrative Portion of the Partially Satisfied Lease Claims in the aggregate claimed amount of $455,572.14.  The Plan Administrator has determined that the Administrative Portion of each such Claim has either been previously satisfied during these chapter

11 cases or relates to executory contracts that the Debtors assumed and assigned.  Failure to reduce the Partially Satisfied Lease Claims by the amount of the respective Administrative Portion of such Claims could result in each relevant claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of other similarly situated creditors.  Accordingly, the Plan Administrator requests that the Court enter the Order reducing the amount of each Partially Satisfied Lease Claim as indicated by the amounts identified in the "Modified Claims" column on **Schedule 2** to **Exhibit A**.

17.    Any disallowance or expungement of the Administrative Portion of the Partially Satisfied Lease Claims will not affect the unsecured portion of the Proofs of Claim set forth under the column heading "Modified Claims," which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to each of the Proofs of Claim or Modified Claims on any other grounds that the Plan Administrator discovers or elects to pursue.

## Separate Contested Matters

18.    To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## Reservation of Rights

19.    Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code

253950457 v1

Case 20-33113-KRH    Doc 2333    Filed 07/27/21    Entered 07/27/21 19:03:07    Desc Main
Document    Page 9 of 37

or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Plan Administrator's or any other party in interest's right to subsequently dispute such claim.

20.    The Plan Administrator hereby reserves its right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on **Schedules 1–2** annexed to **Exhibit A**, on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided* that nothing in this Objection shall affect the Plan Administrator's right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

## Statement of Compliance with Local Bankruptcy Rule 3007-1

21.    Counsel to the Plan Administrator has reviewed the requirements of Local Bankruptcy Rule 3007-1 and certifies that this Objection substantially complies with such Local Bankruptcy Rule.  To the extent that the Objection does not comply in all respects with the

253950457 v1

requirements of Local Bankruptcy Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

## **Notice**

22.    The Plan Administrator will provide notice of this Objection via first class mail, facsimile or email (where available) upon the parties identified in paragraph 141 of the Confirmation Order and in accordance with the Objection Procedures.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 27, 2021

_/s/ Cullen D. Speckhart_
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:        (202) 842-7800
Facsimile:        (202) 842-7899
Email:            cspeckhart@cooley.com
                  oantle@cooley.com

_Counsel to the Plan Administrator_

10

253950457 v1

## Exhibit A

**Proposed Order**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:      (202) 842-7800
Facsimile:      (202) 842-7899

*Counsel to the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER SUSTAINING THE PLAN ADMINISTRATOR'S THIRTY-FIRST
OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY LEASE CLAIMS AND
PARTIALLY SATISFIED LEASE CLAIMS)**

Upon the objection (the "Objection")[2] of Jackson Square Advisors LLC, in its capacity as

the Plan Administrator of the above-captioned reorganized debtors and debtors-in-possession

(collectively, the "Debtors"), for entry of an order (this "Order"), disallowing and expunging the

portion of each Proof of Claim set forth on **Schedules 1–2** attached hereto, all as more fully set

forth in the Objection; and upon the Esposito Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the*

*United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that

---

[1]    A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of
the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena.  The location of
Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service
address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection [Docket
No. _____].

1

this Court may enter a final order consistent with Article III of the United States Constitution; and

this Court having found that venue of this proceeding and the Objection in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Plan Administrator's notice of the Objection and

opportunity for a hearing on the Objection were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Objection; and this Court having

determined that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The No Liability Lease Claims set forth on the attached **Schedule 1** are hereby

disallowed and expunged in their entirety.

3.      The Administrative Portion of each of the Partially Satisfied Lease Claims set forth

on the attached **Schedule 2** is hereby disallowed and expunged; *provided* that this Order will not

affect the unsecured amounts identified on **Schedule 2** attached hereto in the column titled

"Modified Claims." All parties' rights are reserved with respect to the Modified Claims, including

the Plan Administrator's right to file a further objection and seek disallowance thereof and the

GUC Trust's right to object to the unsecured amounts identified on **Schedule 2**.

4.      The Plan Administrator's objection to the Disputed Claims addressed in the

Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This

Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending

appeal by any claimant subject to this Order shall only apply to the contested matter that involves

253950457 v1

such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

5.      Nothing in this Order shall affect the Plan Administrator's right to object to any of the Modified Claims or any other Proofs of Claim at a future date.

6.      The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Plan Administrator's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Plan Administrator or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Plan Administrator and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Plan Administrator's or any other party in interest's rights to subsequently dispute such claim.

8.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia                              _____
                                                United States Bankruptcy Judge

4

WE ASK FOR THIS:

/s/ *Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:        (202) 842-7800
Facsimile:        (202) 842-7899

*Counsel to the Plan Administrator*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Cullen D. Speckhart*

5

## __Schedule 1__

**No Liability Lease Claims**

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 2/18/2021 | 20-33122 (KRH) | Ann, Inc. | 6204 | $ 32,289.54* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | 156 FIFTH AVENUE CORP. C/O SPOTTS FAIN PC 411 E. FRANKLIN ST., STE. 600 RICHMOND, VA 23219 | 2/18/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6194 | $ 32,289.54* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 3 | 171 EAST 84TH OWNERS LLC C/O PATRICK MILNER GARAGE MANAGEMENT COMPANY 770 LEXINGTON AVE, 11TH FLOOR NEW YORK, NY 10065 | 3/12/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6281 | $ 46,475.41 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | 171 EAST 84TH OWNERS, LLC C/O CHAPMAN CONSULTING LLC 770 LEXINGTON AVENUE 11TH FLOOR NEW YORK, NY 10065 | 1/19/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 5840 | $ 36,501.00 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | ARCP MT ABILENE TX, LLC C/O KUTAK ROCK LLP ATTN: LISA M. PETERS, ESQ. 1650 FARNAM STREET OMAHA, NE 68102 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5641 | $ 474.14 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 | ARCP MT BOWLING GREEN KY, LLC C/O KUTAK ROCK LLP ATTN: LISA M. PETERS 1650 FARNAM STREET OMAHA, NE 68102 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5674 | $ 187.06 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

* Indicates claim contains unliquidated and/or undetermined amounts

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | ARCP MT LAWTON OK, LLC<br>C/O KUTAK ROCK LLP<br>ATTN: LISA M. PETERS, ESQ.<br>1650 FARNAM STREET<br>OMAHA, NE 68102 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5615 | $ 200.53 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 8 | ARCP MT MONROE LA, LLC<br>C/O KUTAK ROCK LLP<br>ATTN: LISA M. PETERS<br>1650 FARNAM STREET<br>OMAHA, NE 68102 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5604 | $ 246.42 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 9 | BELDEN PARK DELAWARE, LLC<br>C/O ROBERT L. STARK ENTERPRISES, INC.<br>629 EUCLID AVE, SUITE 1300<br>CLEVELAND, OH 44114 | 1/18/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5474 | $ 14,055.56 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 10 | BRANDON SHOPPING CENTER PARTNERS LTD.<br>C/O BARCLAY DAMON, LLP<br>ATTN: NICLAS A. FERLAND, ESQ.<br>545 LONG WHARF DRIVE, 9TH FLOOR<br>NEW HAVEN, CT 06511 | 1/14/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5314 | $ 880.79 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 11 | BRE THRONE GARNER TOWNE SQUARE LP<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FLOOR<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5675 | $ 185.91 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 12 | CAMDEN VILLAGE LLC<br>C/O LA PIETRA AND NERLAND<br>GREGORY NERLAND<br>ONE KAISER PLAZA, SUITE 1015<br>OAKLAND, CA 94612 | 1/15/2021 | 20-33136 (KRH) | Ascena Retail Holdings, Inc. | 5399 | $ 11,779.19 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 13 | CAPITAL AUGUSTA PROPERTIES LLC GOULSTON & STORRS PC C/O VANESSA P. MOODY 400 ATLANTIC AVENUE BOSTON, MA 02110 | 1/18/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5635 | $ 4,631.35 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 14 | CENTERTON SQUARE OWNERS, LLC C/O MICHAEL S. AMATO, ESQ. RUSKIN MOSCOU FALTISCHEK, P.C. 1425 RXR PLAZA UNIONDALE, NY 11556-1425 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5643 | $ 17,733.97 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 15 | COLE MT RAPID CITY SD(I), LLC C/O KUTAK ROCK LLP ATTN: LISA M PETERS, ESQ. 1650 FARNAM STREET OMAHA, NE 68102 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5601 | $ 300.44 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 16 | COLISEUM SHOPPES LP JOHN R. HUMPHREY TAFT STETTINIUS & HOLLISTER LLP ONE INDIANA SQUARE SUITE 3500 INDIANAPOLIS, IN 46204 | 1/13/2021 | 20-33158 (KRH) | Catherines, Inc. | 5251 | $ 3,600.19 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 17 | CPT CREEKSIDE TOWN CENTER, LLC CLARK HILL PLC C/O DAVID M. BLAU, ESQ. 151 S. OLD WOODWARD AVE., STE. 200 BIRMINGHAM, MI 48009 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5779 | $ 10,683.02 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | CPT PEACHTREE FORUM I, LLC C/O DAVID B. KITCHENS, ESQUIRE KITCHENS KELLEY GAYNES P.C. GLENRIDGE HIGHLANDS ONE, SUITE 800 5555 GLENRIDGE CONNECTOR ATLANTA, GA 30342 | 3/23/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6312 | $ 3,894.89 |

Reason: No liability exists on the Debtors' books and records. The liability relates to executory contracts which were assumed and assigned to Premium Brands Opco LLC.

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 19 | CTC GILBERT PHASE 1, L.L.C.<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FLOOR<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5753 | $ 7,817.14 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 20 | DEVIL'S LAKE ROAD, LLC<br>LOUIS F. SOLIMINE - THOMPSON HINE LLP<br>312 WALNUT STREET-14TH FLOOR<br>CINCINNATI, OH 45202 | 1/18/2021 | 20-33144 (KRH) | Lane Bryant #6243, Inc. | 5578 | $ 7,010.22 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 21 | EKLECCO NEWCO LLC<br>C/O BARCLAY DAMON LLP<br>ATTN:  KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/15/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5369 | $ 484.35* |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 22 | EKLECCO NEWCO LLC<br>C/O BARCLAY DAMON LLP<br>ATTN:  KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/15/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5372 | $ 9.90* |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 23 | ENVISION USA (STL), LLC<br>C/O CKE PROPERTIES<br>1480 WOODSTONE DR., SUITE 215<br>ST.CHARLES, MO 63304 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5756 | $ 1,071.47 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 24 | FAIRLANE 28, LLC<br>C/O DAVID M. BLAU, ESQ.<br>CLARK HILL PLC<br>151 S. OLD WOODWARD AVE., STE. 200<br>BIRMINGHAM, MI 48009 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5883 | $ 6,375.90 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 25 | FOX VALLEY MALL, LLC<br>BALLARD SPAHR LLP<br>C/O DUSTIN P. BRANCH, ESQ.<br>2029 CENTURY PARK EAST, SUITE 1400<br>LOS ANGELES, CA 90067-2915 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5901 | $ 26.06 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 26 | FR FLORIDA, INC.<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FL<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5833 | $ 479.14 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 27 | FR RIVERPOINT, LLC<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FL.<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5725 | $ 1.07 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 28 | GALLERIA MALL INVESTORS, LP<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FLOOR<br>WILMINGTON, DE 19801 | 2/19/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6205 | $ 990.71 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 29 | GARDEN CITY OWNER LLC<br>C/O VANESSA P. MOODY<br>GOULSTON & STORRS PC<br>400 ATLANTIC AVENUE<br>BOSTON, MA 02110 | 3/8/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6269 | $ 10,220.36 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 30 | GOVERNOR PLAZA ASSOCIATES<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>C/O BALLARD SPAHR LLP<br>919 N. MARKET STREET, 11TH FLOOR<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5863 | $ 4.71 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 31 | GREENWOOD PLACE COMMONS, LP<br>JOHN R. HUMPHREY<br>TAFT STETTINIUS & HOLLISTER LLP<br>ONE INDIANA SQUARE<br>SUITE 3500<br>INDIANAPOLIS, IN 46204 | 1/13/2021 | 20-33158 (KRH) | Catherines, Inc. | 5248 | $ 2,764.23 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 32 | HVTC, LLC<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH FLOOR<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5912 | $ 5,190.12 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 33 | IREIT FLOWOOD DOGWOOD, L.L.C.<br>C/O BARCLAY DAMON LLP<br>ATTN: KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/13/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5244 | $ 703.15* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 34 | IREIT WEST VALLEY CITY LAKE PARK, L.L.C.<br>C/O BARCLAY DAMON LLP<br>ATTN: KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/13/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5252 | $ 554.37* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 35 | MN-CRYSTAL CENTER-QRX, LLC<br>C/O BARCLAY DAMON LLP<br>ATTN: KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/13/2021 | 20-33158 (KRH) | Catherines, Inc. | 5240 | $ 220.42* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 36 | OLD ORCHARD URBAN LIMITED PARTNERSHIP C/O BARCLAY DAMON, LLP ATTN: NICLAS A. FERLAND, ESQ. 545 LONG WHARF DRIVE, 9TH FLOOR NEW HAVEN, CT 06511 | 1/14/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5326 | $ 1,367.71 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 37 | PSLP LLC, A NEW JERSEY LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO PALMER SQUARE LIMITED PARTN CLARK HILL PLC C/O NELSON O. ROPKE 500 WOODWARD AVENUE SUITE 3500 DETROIT, MI 48226 | 4/1/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6353 | $ 1,744.04 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 38 | PYRAMID WALDEN COMPANY, LP C/O BARCLAY DAMON LLP ATTN: KEVIN M. NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 1/15/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5390 | $ 379.73* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 39 | RAMCO JACKSONVILLE LLC C/O BARCLAY DAMON LLP ATTN: KEVIN M NEWMAN BARCLAY DAMON TOWER 125 EAST JEFFERSON STREET SYRACUSE, NY 13202 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5897 | $ 12,657.98* |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | | | | | | |
|---|---|---|---|---|---|---|
| 40 | RLP DEVELOPMENT COMPANY 514 EAST VANDALIA EDWARDSVILLE, IL 62025 | 2/12/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 6188 | $ 13,854.18 |

Reason: No liability exists on the Debtors' books and records on account of a Maurices Incorporated lease.  Maurices Incorporated is not a legal entity in this bankruptcy case.

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 41 | SALMON RUN SHOPPING CENTER, L.L.C.<br>C/O BARCLAY DAMON LLP<br>ATTN: KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/15/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5368 | $ 362.32* |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 42 | SANGERTOWN SQUARE, L.L.C.<br>C/O BARCLAY DAMON LLP<br>ATTN: KEVIN M. NEWMAN<br>BARCLAY DAMON TOWER<br>125 EAST JEFFERSON STREET<br>SYRACUSE, NY 13202 | 1/15/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5391 | $ 1,050.29* |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 43 | SP PORTERS VALE, LLC<br>C/O BALLARD SPAHR LLP<br>ATTN: LESLIE C. HEILMAN, ESQ.<br>919 N. MARKET STREET, 11TH F<br>WILMINGTON, DE 19801 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5613 | $ 222.31 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 44 | STUYVESANT PLAZA<br>4 TOWER PLACE<br>SUITE 101<br>ALBANY, NY 12203 | 9/21/2020 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 1956 | $ 774,229.85 |
| | Reason: No liability exists on the Debtors' books and records. The lease associated with this claim was assumed and assigned to Premium Brands Opco LLC. | | | | | |
| 45 | TOWNE CENTER VENTURE, L.L.P.<br>2001 KIRBY DRIVE, SUITE 610<br>HOUSTON, TX 77019 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5782 | $ 1,885.06 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 46 | WPI - GRAND PLAZA SAN MARCOS, LLC<br>UAP - GRAND PLAZA, LLC<br>C/O NEWMARK MERRILL COMPANIES, INC.<br>ATTN: CATRINA BRANNON<br>427 COLLEGE BOULEVARD, SUITE K<br>OCEANSIDE, CA 92057 | 4/2/2021 | 20-33115 (KRH) | Charming Shoppes, Inc. | 6361 | $ 6,813.01 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 1 - No Liability (Lease) Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 47 | WPI - GRAND PLAZA SAN MARCOS, LLC<br>UAP - GRAND PLAZA, LLC<br>C/O NEWMARK MERRILL COMPANIES, INC.<br>ATTN: CATRINA BRANNON<br>427 COLLEGE BOULEVARD, SUITE K<br>OCEANSIDE, CA 92057 | 4/2/2021 | 20-33115 (KRH) | Charming Shoppes, Inc. | 6362 | $ 6,813.01 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 48 | WPI - GRAND PLAZA SAN MARCOS, LLC<br>UAP - GRAND PLAZA, LLC<br>C/O NEWMARK MERRILL COMPANIES, INC.<br>ATTN: CATRINA BRANNON<br>427 COLLEGE BOULEVARD, SUITE K<br>OCEANSIDE, CA 92057 | 4/2/2021 | 20-33144 (KRH) | Lane Bryant #6243, Inc. | 6359 | $ 6,813.01 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 49 | WPI - GRAND PLAZA SAN MARCOS, LLC<br>UAP - GRAND PLAZA, LLC<br>C/O NEWMARK MERRILL COMPANIES, INC.<br>ATTN: CATRINA BRANNON<br>427 COLLEGE BOULEVARD, SUITE K<br>OCEANSIDE, CA 92057 | 4/2/2021 | 20-33144 (KRH) | Lane Bryant #6243, Inc. | 6365 | $ 6,813.01 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| 50 | WRIT 1140, LLC<br>C/O WASHREIT<br>1775 EYE STREET NW, SUITE 1000<br>WASHINGTON, DC 20006 | 3/24/2021 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 6323 | $ 41,256.81 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | |
| | | | | | TOTAL | $ 1,136,594.59* |

## **Schedule 2**

**Partially Satisfied Lease Claims**

Retail Group, Inc. 20-331 13 (KRH)

### Thirty-First Omnibus Claims Objection
### Schedule 2 - Partially Satisfied Claims

| | NAME | CLAIM# | ASSERTED CLAIMS DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED CLAIMS DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 330 MADISON ASSOCIATES, LLC C/O JONES LANG LASALLE AMERICAS, INC. 330 MADISON AVENUE 2ND FLOOR MANAGEMENT OFFICE ATTENTION: GENERAL MANAGER NEW YORK, NY 10017 | 6198 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $182,291.75 $2,331,257.18 $2,513,548.93 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $0.00 $2,331,257.18 $2,331,257.18 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | ASH TREE SQUARE, LLC C/O MANCO ABBOTT P.O BOX 9440 FRESNO, CA 93792-9440 | 3077 | Lane Bryant, Inc. Lane Bryant, Inc. | Administrative Unsecured Subtotal | $460.68 $224,227.10 $224,687.78 | Lane Bryant, Inc. Lane Bryant, Inc. | Administrative Unsecured Subtotal | $0.00 $224,227.10 $224,227.10 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | BELLEVUE SQUARE, LLC NOLD MUCHINSKY PLLC 10500 NE 8TH STREET, SUITE 930 BELLEVUE, WA 98004 | 6236 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $783.00 $496,901.17 $497,684.17 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $0.00 $496,901.17 $496,901.17 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | BFW/HOWELL ASSOCIATES, LLC 570 DELAWARE AVE BUFFALO, NY 14202 | 943 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $6,459.96 $143,984.69 $150,444.65 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $0.00 $143,984.69 $143,984.69 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 5 | CRAIG REALTY GROUP-TULARE, LLC CRAIG REALTY GROUP; ATTN: T. SWAN 4100 MACARTHUR BLVD., STE. 100 NEWPORT BEACH, CA 92660 | 2557 | Lane Bryant #6243, Inc. Lane Bryant #6243, Inc. | Administrative Unsecured Subtotal | $71,512.96 $100,175.38 $171,688.34 | Lane Bryant #6243, Inc. Lane Bryant #6243, Inc. | Administrative Unsecured Subtotal | $0.00 $100,175.38 $100,175.38 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 6 | CRAIG REALTY GROUP-TULARE, LLC ATTN: T. SWAN 4100 MACARTHUR BLVD., STE. 100 NEWPORT BEACH, CA 92660 | 2730 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $67,057.07 $27,814.36 $94,871.43 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $0.00 $27,814.36 $27,814.36 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 2 - Partially Satisfied Claims

| | | | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 7 | DULLES 28 RETAIL CENTRE GROUP L.L.C. LERNER CORPORATION 2000 TOWER OAKS BLVD., 8TH FLOOR ROCKVILLE, MD 20852 | 228 | Tween Brands, Inc. | Administrative | $2,535.85 | Tween Brands, Inc. | Administrative | $0.00 |
| | | | Tween Brands, Inc. | Unsecured | $81,517.82 | Tween Brands, Inc. | Unsecured | $81,517.82 |
| | | | | Subtotal | $84,053.67 | | Subtotal | $81,517.82 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 8 | DULLES TOWN CENTER MALL L.L.C. LERNER CORPORATION 2000 TOWER OAKS BLVD., 8TH FLOOR ROCKVILLE, MD 20852 REEP-RTL DTC VA LLC AS TRANSFEREE OF DULLES TOWN CENTER MALL L.L.C. ATTN: ALAN RUBENSTEIN DULLES TOWN CENTER C/O REAL ESTATE 51 MADISON AVENUE, 9TH FL NEW YORK, NY 10010-1603 | 747 | Tween Brands, Inc. | Administrative | $7,406.83 | Tween Brands, Inc. | Administrative | $0.00 |
| | | | Tween Brands, Inc. | Unsecured | $305,213.37 | Tween Brands, Inc. | Unsecured | $305,213.37 |
| | | | | Subtotal | $312,620.20 | | Subtotal | $305,213.37 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 9 | FORUM LONE STAR, L.P. C/O JASPAN SCHLESINGER LLP 300 GARDEN CITY PLAZA, 5TH FLOOR GARDEN CITY, NY 11530 | 5503 | Tween Brands, Inc. | Administrative | $6,898.84 | Tween Brands, Inc. | Administrative | $0.00 |
| | | | Tween Brands, Inc. | Unsecured | $40,463.16 | Tween Brands, Inc. | Unsecured | $40,463.16 |
| | | | | Subtotal | $47,362.00 | | Subtotal | $40,463.16 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 10 | HAMMOND SQUARE, L.L.C ATTN: JUSTIN R. GLENN ADAMS AND REESE LLP 701 POYDRAS STREET, SUITE 4500 NEW ORLEANS, LA 70139 | 3343 | Tween Brands, Inc. | Administrative | $12,545.01 | Tween Brands, Inc. | Administrative | $0.00 |
| | | | Tween Brands, Inc. | Unsecured | $20,863.83 | Tween Brands, Inc. | Unsecured | $20,863.83 |
| | | | | Subtotal | $33,408.84 | | Subtotal | $20,863.83 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |

Retail Group, Inc. 20-33113 (KRH)

Thirty-First Omnibus Claims Objection

Schedule 2 - Partially Satisfied Claims

| | NAME | CLAIM# | ASSERTED CLAIMS | | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 11 | HG GALLERIA, LLC SIMON PROPERTY GROUP - BANKRUPTCY 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 46204 | 2156 | Tween Brands, Inc. | Administrative | $31,276.40 | Tween Brands, Inc. | Administrative | $0.00 |
| | | | Tween Brands, Inc. | Unsecured | $1,087,284.18 | Tween Brands, Inc. | Unsecured | $1,087,284.18 |
| | | | | Subtotal | $1,118,560.58 | | Subtotal | $1,087,284.18 |
| | Reason: All administrative asserted liabilities for post-petition charges have been (1) paid through the date of the lease rejection for those leases ordered rejected or (2) no liability exists on the Debtor's books and records as the liability relates to executory contracts which were assumed and assigned to Premium Brands Opco LLC. | | | | | | | |
| 12 | HIGHLAND COMMONS ASSOCIATES, LLC 570 DELAWARE AVE BUFFALO, NY 14202 | 1317 | Lane Bryant, Inc. | Administrative | $5,492.11 | Lane Bryant, Inc. | Administrative | $0.00 |
| | | | Lane Bryant, Inc. | Unsecured | $220,141.79 | Lane Bryant, Inc. | Unsecured | $220,141.79 |
| | | | | Subtotal | $225,633.90 | | Subtotal | $220,141.79 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 13 | KRE COLONIE OWNER LLC BALLARD SPAHR LLP ATTN: DUSTIN P. BRANCH 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 6240 | Lane Bryant, Inc. | Administrative | $6,189.99 | Lane Bryant, Inc. | Administrative | $0.00 |
| | | | Lane Bryant, Inc. | Unsecured | $11,351.35 | Lane Bryant, Inc. | Unsecured | $11,351.35 |
| | | | | Subtotal | $17,541.34 | | Subtotal | $11,351.35 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 14 | L.I. PORTFOLIO HOLDINGS, LLC DUSTIN P. BRANCH, ESQ. BALLARD SPAHR LLP 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 6126 | AnnTaylor Retail, Inc. | Administrative | $10,451.51 | AnnTaylor Retail, Inc. | Administrative | $0.00 |
| | | | AnnTaylor Retail, Inc. | Unsecured | $381,170.61 | AnnTaylor Retail, Inc. | Unsecured | $381,170.61 |
| | | | | Subtotal | $391,622.12 | | Subtotal | $381,170.61 |
| | Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 15 | LINCOLN PLAZA CENTER, L.P. SIMON PROPERTY GROUP - BANKRUPTCY 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 46204 | 2585 | AnnTaylor Retail, Inc. | Administrative | $4,191.49 | AnnTaylor Retail, Inc. | Administrative | $0.00 |
| | | | AnnTaylor Retail, Inc. | Unsecured | $125,163.86 | AnnTaylor Retail, Inc. | Unsecured | $125,163.86 |
| | | | | Subtotal | $129,355.35 | | Subtotal | $125,163.86 |
| | Reason: All administrative asserted liabilities for post-petition charges have been (1) paid through the date of the lease rejection for those leases ordered rejected or (2) no liability exists on the Debtor's books and records as the liability relates to executory contracts which were assumed and assigned to Premium Brands Opco LLC. | | | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 2 - Partially Satisfied Claims

| | | | | ASSERTED CLAIMS | | MODIFIED CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 16 | MALL AT MONTGOMERY, L.P. SIMON PROPERTY GROUP - BANKRUPTCY 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 46204 | 2568 | AnnTaylor Retail, Inc. | Administrative | $10,826.40 | AnnTaylor Retail, Inc. | Administrative | $0.00 |
| | | | AnnTaylor Retail, Inc. | Unsecured | $379,504.11 | AnnTaylor Retail, Inc. | Unsecured | $379,504.11 |
| | | | | Subtotal | $390,330.51 | | Subtotal | $379,504.11 |

Reason: All administrative asserted liabilities for post-petition charges have been (1) paid through the date of the lease rejection for those leases ordered rejected or (2) no liability exists on the Debtor's books and records as the liability relates to executory contracts which were assumed and assigned to Premium Brands Opco LLC.

| 17 | MEMORIAL CITY MALL, LP C/O DUSTIN P. BRANCH, ESQ. BALLARD SPAHR LLP 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 5519 | Tween Brands, Inc. | Administrative | $3,577.44 | Tween Brands, Inc. | Administrative | $0.00 |
|---|---|---|---|---|---|---|---|---|
| | | | Tween Brands, Inc. | Unsecured | $392,225.46 | Tween Brands, Inc. | Unsecured | $392,225.46 |
| | | | | Subtotal | $395,802.90 | | Subtotal | $392,225.46 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| 18 | PIER PARK, LLC SIMON PROPERTY GROUP ATTN: BANKRUPTCY 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 46204 | 3310 | Tween Brands, Inc. | Administrative | $1,743.89 | Tween Brands, Inc. | Administrative | $0.00 |
|---|---|---|---|---|---|---|---|---|
| | | | Tween Brands, Inc. | Unsecured | $85,871.14 | Tween Brands, Inc. | Unsecured | $85,871.14 |
| | | | | Subtotal | $87,615.03 | | Subtotal | $85,871.14 |

Reason: All administrative asserted liabilities for post-petition charges have been (1) paid through the date of the lease rejection for those leases ordered rejected or (2) no liability exists on the Debtor's books and records as the liability relates to executory contracts which were assumed and assigned to Premium Brands Opco LLC.

| 19 | PREP HILLSIDE REAL ESTATE LLC MEAGAN D. WEBB DIRECTOR OF LEGAL SERVICES 5905 E. GALBRAITH RD. SUITE 1000 CINCINNATI, OH 45236 | 5300 | Tween Brands, Inc. | Administrative | $224.95 | Tween Brands, Inc. | Administrative | $0.00 |
|---|---|---|---|---|---|---|---|---|
| | | | Tween Brands, Inc. | Unsecured | $108,014.14 | Tween Brands, Inc. | Unsecured | $108,014.14 |
| | | | | Subtotal | $108,239.09 | | Subtotal | $108,014.14 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

| 20 | TRAHWEN, LLC 570 DELAWARE AVE BUFFALO, NY 14202 | 1365 | Catherines, Inc. | Administrative | $10,226.84 | Catherines, Inc. | Administrative | $0.00 |
|---|---|---|---|---|---|---|---|---|
| | | | Catherines, Inc. | Unsecured | $39,760.24 | Catherines, Inc. | Unsecured | $39,760.24 |
| | | | | Subtotal | $49,987.08 | | Subtotal | $39,760.24 |

Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection.

Retail Group, Inc. 20-33113 (KRH)
Thirty-First Omnibus Claims Objection
Schedule 2 - Partially Satisfied Claims

| NAME | CLAIM# | ASSERTED CLAIMS DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED CLAIMS DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|
| 21 TWC CHANDLER, LLC BALLARD SPAHR LLP DUSTIN P. BRANCH, ESQ. 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 5544 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $2,321.78 $517,201.92 $519,523.70 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $0.00 $517,201.92 $517,201.92 |
| Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 22 WEINGARTEN NOSTAT, INC. C/O WEINGARTEN REALTY INVESTORS ATTN: LITIGATION DIVISION 2600 CITADEL PLAZA DR., SUITE 125 HOUSTON, TX 77008 | 4860 | Lane Bryant, Inc. Lane Bryant, Inc. | Administrative Unsecured Subtotal | $427.06 $199,035.58 $199,462.64 | Lane Bryant, Inc. Lane Bryant, Inc. | Administrative Unsecured Subtotal | $0.00 $199,035.58 $199,035.58 |
| Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 23 WG TAVERN SQUARE VENTURE LLC C/O GROSS, ROMANICK, DEAN & DESIMONE, PC 3975 UNIVERSITY DRIVE, SUITE 410 FAIRFAX, VA 22030-2520 | 4436 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $8,703.33 $499,264.47 $507,967.80 | AnnTaylor Retail, Inc. AnnTaylor Retail, Inc. | Administrative Unsecured Subtotal | $0.00 $499,264.47 $499,264.47 |
| Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| 24 YTC MALL OWNER, LLC BALLARD SPAHR LLP DUSTIN P. BRANCH, ESQ. 2029 CENTURY PARK EAST, SUITE 1400 LOS ANGELES, CA 90067-2915 | 5484 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $1,967.00 $76,110.46 $78,077.46 | Tween Brands, Inc. Tween Brands, Inc. | Administrative Unsecured Subtotal | $0.00 $76,110.46 $76,110.46 |
| Reason: All administrative asserted liabilities for post-petition lease charges have been paid through the date of the lease rejection. | | | | | | | |
| | | TOTAL | | $ 8,350,089.51 | TOTAL | | $ 7,894,517.37 |

## **Exhibit B**

**Esposito Declaration**

**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 842-7800
Facsimile:     (202) 842-7899

*Counsel to the Plan Administrator*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROB ESPOSITO
IN SUPPORT OF THE PLAN ADMINISTRATOR'S
THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY LEASE CLAIMS AND
PARTIALLY SATISFIED LEASE CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC (together with

employees of its affiliates, all of which are wholly-owned by its parent company and employees,

its wholly owned subsidiaries, and independent contractors, "A&M"), a restructuring advisory

services firm with numerous offices throughout the country and restructuring advisor to Jackson

Square Advisors LLC, solely in its capacity as the Plan Administrator of the above-captioned

reorganized debtors and debtors-in-possession (collectively, the "Debtors"). I submit this

declaration (the "Declaration") in support of the relief requested in *The Plan Administrator's*

---

[1]    A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of
the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of
Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service
address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

1

*Thirty-First Omnibus Objection to Claims (No Liability Lease Claims and Partially Satisfied Lease Claims)* (the "Objection").[2]

2.      In my current position with A&M as an advisor to the Plan Administrator, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records.  Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date.  Except as otherwise stated herein, all facts set forth herein are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' and Plan Administrator's advisors, including my team at A&M, or employees of the Debtors.  I have read the Objection filed contemporaneously herewith and to the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Plan Administrator.

3.      Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases.

4.      The Plan Administrator has identified 50 No Liability Lease Claims listed on **Schedule 1** to **Exhibit A**, in the aggregate claimed amount of $1,136,594.59.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the No Liability Lease Claims do not accurately reflect amounts owed by the Debtors according to their Books and Records.  The administrative liabilities asserted in the No Liability Lease Claims are (1) for postpetition lease charges that have been satisfied in the ordinary course

---

[2]    Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

2

of the Debtors' business through the applicable rejection date for each of the underlying leases; (2) are for postpetition lease charges pursuant to leases that have been assumed and assigned to Premium Brands Opco LLC; or (3) are made on account of leases with Maurices Incorporated, a non-Debtor entity.  Failure to disallow and expunge the No Liability Lease Claims could result in the applicable claimants receiving undue recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination of the No Liability Lease Claims will enable the Plan Administrator to maintain a more accurate claims register.  As such, I believe that disallowance and expungement of the No Liability Lease Claims on the terms set forth in the Objection and **Schedule 1** annexed to **Exhibit A** is appropriate.

5.    The Plan Administrator has identified 24 Partially Satisfied Lease Claims listed on **Schedule 2** to **Exhibit A**, in the aggregate claimed amount of $8,350,089.51.  The Administrative Portion of the Partially Satisfied Lease Claims, to which the Plan Administrator objects, is in the aggregate claimed amount of $455,572.14.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Administrative Portion of each of the Partially Satisfied Lease Claims has been previously satisfied in these chapter 11 cases or relates to executory contracts that the Debtors assumed and assigned.  Failure to modify the Partially Satisfied Lease Claims by disallowing and expunging each of their respective Administrative Portions could result in each relevant claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors' estates.  As such, I believe that disallowance and expungement of the Administrative Portion of each of the Partially Satisfied Lease Claims as

3

indicated by the amounts identified in the "Modified Claims" column on **Schedule 2** annexed to

**Exhibit A** and on the terms set forth in the Objection is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.

Dated:  July 27, 2021                    */s/ Rob Esposito*
                                         Rob Esposito
                                         Senior Director
                                         Alvarez & Marsal North America, LLC

4

253950457 v1