| | |
|---|---|
| Robert J. Feinstein, Esq. (admitted *pro hac vice*) | Robert S. Westermann (VSB No. 43294) |
| Bradford J. Sandler, Esq. (admitted *pro hac vice*) | Brittany B. Falabella (VSB No. 80131) |
| Shirley S. Cho, Esq. (admitted *pro hac vice*) | HIRSCHLER FLEISCHER, P.C. |
| Michael R. Seidl, Esq. (admitted *pro hac vice*) | The Edgeworth Building |
| PACHULSKI STANG ZIEHL & JONES LLP | 2100 East Cary Street |
| 780 Third Avenue, 34th Floor | Richmond, Virginia 23223 |
| New York, NY 10017-2024 | P.O. Box 500 |
| Telephone: (212) 561-7700 | Richmond, Virginia 23218-0500 |
| Facsimile: (212) 561-7777 | Telephone: (804) 771-9500 |
| Email: rfeinstein@pszjlaw.com | Facsimile: (804) 644-0957 |
|            bsandler@pszjlaw.com | Email: rwestermann@hirschlerlaw.com |
|            scho@pszjlaw.com |            bfalabella@hirschlerlaw.com |
|            mseidl@pszjlaw.com | |

*Counsel for the Ascena GUC Trust*     *Local Counsel for the Ascena GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **RETAIL GROUP, INC., et al.,** | : | Case No. 20-33113 (KRH) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING**
**GENERAL UNSECURED CLAIMS OF PAN PACIFIC CO., LTD.**

This Stipulation and Agreed Order (the "Stipulation") is made and entered into by and between (a) META Advisors LLC, in its capacity as trustee (the "GUC Trustee") of the Ascena GUC Trust (the "GUC Trust") in the above-captioned cases and (b) Pan Pacific Co., Ltd. ("Claimant," and together with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

**RECITALS**

**WHEREAS**, on July 23, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

**WHEREAS**, on August 27, 2020, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 453] (the "Bar Date Order") establishing September 30, 2020, at 4:00 p.m. (prevailing Eastern Time) (the "Claims Bar Date")[2] as the final date and time for all non-governmental persons and entities holding Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date to file Claims in these chapter 11 cases (collectively, "Proofs of Claim," and each a "Proof of Claim").

**WHEREAS**, on February 24, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794]. On February 25, 2021, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 1811]. The Plan became effective by its terms on March 5,

---

[2] Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 4:00 p.m., prevailing Eastern time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

2021 (the "Effective Date").  *See Notice of Occurrence of the Plan Effective Date* [Docket No. 1845].

**WHEREAS**, pursuant to the Plan, the Confirmation Order, and the GUC Trust Agreement [Docket No. 1790, Ex. I], the GUC Trustee was appointed on behalf of the GUC Trust upon occurrence of the Effective Date of the Plan.

**WHEREAS**, the Plan permits the GUC Trustee to compromise and settle general unsecured claims without further order of the Court.  *See, inter alia,* Plan VII.B.

**WHEREAS**, on September 15, 2020, Claimant filed Proof of Claim No. 1589 ("Claim 1589") against AnnTaylor, Inc. asserting (i) a non-priority, general unsecured claim in the amount of $965,732.42, and (ii) a § 503(b)(9) priority claim in the amount of $121,437.70.

**WHEREAS,** on October 29, 2020, Claimant filed Proof of Claim No. 4565 ("Claim 4565") amending Claim 1589 against Ann, Inc. asserting (i) a non-priority, general unsecured claim in the amount of $965,732.42, and (ii) a § 503(b)(9) priority claim in the amount of $121,437.40.

**WHEREAS**, on May 28, 2021, Claimant entered into a stipulation and agreed order with the Plan Administrator [Docket 2192] concerning Claim 4565, reducing only the § 503(b)(9) portion of Claim 4565 to $119,942.24, and Claim 1589 has been expunged and withdrawn.

**WHEREAS**, on September 15, 2020, Claimant filed Proof of Claim No. 1590 ("Claim 1590") against Tween Brands Service Co. asserting a non-priority, general unsecured claim in the amount of $4,896,453.37.

**WHEREAS**, on September 15, 2020, Claimant filed Proof of Claim No. 1591 ("Claim 1591") against Catherines Stores Corporation asserting a non-priority, general unsecured claim in the amount of $829,506.74.

**WHEREAS**, on September 15, 2020, Claimant filed Proof of Claim No. 1592 ("Claim 1592") against Lane Bryant Purchasing Corp. asserting a non-priority, general unsecured claim in the amount of $ 2,363,361.94.

**WHEREAS**, after review and reconciliation of Claim 1590, Claim 1591, Claim 1592, and Claim 4565, the Parties have reached agreement on the amount of the non-priority, general unsecured portions of Claims 1590, 1591, 1592, and 4565 as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS HEREBY ORDERED THAT:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth herein.

2. Claim No. 1590 is hereby modified and allowed as a non-priority, general unsecured claim in the amount of $2,102,614.30.

3. No further action is required from the Claimant so that payment may be processed on the allowed non-priority, general unsecured portion of Claim 1590 in the amount of $2,102,614.30, including, without limitation, any filing with the Bankruptcy Court, the Clerk of the Court, or with the Claims Agent as to any amendments or modifications of Claim 1590 (except as may be otherwise required in the GUC Trust with respect to tax reporting as set forth in the Plan).

4. Claim No. 1591 is hereby modified and allowed as a non-priority, general unsecured claim in the amount of $444,117.34.

5. No further action is required from the Claimant so that payment may be processed on the allowed non-priority, general unsecured portion of Claim 1591 in the amount of $444,117.34, including, without limitation, any filing with the Bankruptcy Court, the Clerk of the Court, or with the

Claims Agent as to any amendments or modifications of Claim 1591 (except as may be otherwise required in the GUC Trust with respect to tax reporting as set forth in the Plan).

6.  Claim No. 1592 is hereby allowed as a non-priority, general unsecured claim in the amount of $1,027,698.25.

7.  No further action is required from the Claimant so that payment may be processed on the allowed non-priority, general unsecured portion of Claim 1592 in the amount of $1,027,698.25, including, without limitation, any filing with the Bankruptcy Court, the Clerk of the Court, or with the Claims Agent as to any amendments or modifications of Claim 1592 (except as may be otherwise required in the GUC Trust with respect to tax reporting as set forth in the Plan).

8.  The asserted non-priority, general unsecured portion of Claim 4565 is hereby modified and allowed as a non-priority, general unsecured claim in the amount asserted at $427,419.84. Nothing in this Stipulation is intended, or shall be deemed to, affect, prejudice, waive, or otherwise impair the Claimant's rights, claims, or defenses concerning the § 503(b)(9) priority portion of Claim 4565 and any rights, claims, or defenses that may exist between the Claimant and the Plan Administrator.

9.  No further action is required from the Claimant so that payment may be processed on the allowed non-priority, general unsecured portion of Claim 4565 in the amount of $427,419.84, including, without limitation, any filing with the Bankruptcy Court, the Clerk of the Court, or with the Claims Agent as to any amendments or modifications of Claim 4565 (except as may be otherwise required in the GUC Trust with respect to tax reporting as set forth in the Plan).

10. All other general unsecured claims asserted by Claimant have been satisfied and are waived/deemed withdrawn.

11. Each of the Parties to this Stipulation represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

12. The respective attorneys for and, as applicable, the other representatives of the Claimant and the GUC Trust, represent and warrant that the Claimant and the GUC Trustee have full knowledge of, and have consented to, this Stipulation and that the respective attorneys for, or other representatives of, the Claimant and the GUC Trust have full authority to execute this Stipulation on behalf of the Claimant and the GUC Trust.

13. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and enforce this Stipulation, or (b) to seek damages or injunctive relief in connection with the enforcement of this Stipulation.

14. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

15. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

16. This Stipulation contains the entire agreement by and between the GUC Trust and the Claimant with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

Dated: _____, 2021.
Richmond, Virginia

Aug 20 2021

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Aug 23 2021

DOCS_LA:338643.1 05473/003

We ask for this:

/s/ *Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hirschlerlaw.com
bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       scho@pszjlaw.com
       mseidl@pszjlaw.com

*Lead Counsel for the Ascena GUC Trust*

/s/ *James Donaldson* (by Brittany B. Falabella with permission based on August 12, 2021 email).

James K. Donaldson (VSB No. 80307)
LimNexus LLP
1050 Connecticut Ave. NW, Ste. 500
Washington, DC 20036
Main:  +1.202.772.1077
Email: jed.donaldson@limnexus.com

*Counsel for Claimant, Pan Pacific Co., Ltd.*

## CERTIFICATION OF ENDORSEMENT UNDER
## LOCAL BANKRUPTCY RULE 9022-1(C)

    I hereby certify that the foregoing proposed order has been endorsed by and/or served on all necessary parties.

                                              */s/ Robert S. Westermann*
                                                       Counsel

DOCS_LA:338643.1 05473/003