**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

*Counsel to the Plan Administrator*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RETAIL GROUP, INC., *et al.*,[1] | ) | Case No. 20-33113 (FJS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER SUSTAINING THE PLAN ADMINISTRATOR'S FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY CLAIMS)

Upon the objection (the "Objection")[2] of Jackson Square Advisors LLC, in its capacity as the Plan Administrator of the above-captioned reorganized debtors (collectively, the "Debtors"), for entry of an order (this "Order"), disallowing and expunging each Proof of Claim set forth on **Schedule 1** attached hereto, all as more fully set forth in the Objection; and upon the Esposito Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that this Court may enter a final order consistent

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection [Docket No. 2531].

1

with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The No Liability Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety.

3. The Plan Administrator's objection to the Disputed Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

4. Nothing in this Order shall affect the Plan Administrator's right to object to any of the Proofs of Claim at a future date.

5. The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Plan Administrator's or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Plan Administrator's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Plan Administrator or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Plan Administrator and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Plan Administrator's or any other party in interest's rights to subsequently dispute such claim.

7. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Mar 10 2022
Norfolk, Virginia

/s/ Frank J Santoro
United States Bankruptcy Judge

Entered On Docket:Mar 10 2022

WE ASK FOR THIS:

/s/ *Cullen D. Speckhart*
**COOLEY LLP**
Cullen D. Speckhart (VSB 79096)
Olya Antle (VSB 83153)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

*Counsel to the Plan Administrator*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Cullen D. Speckhart*

## Schedule 1

**No Liability Claims**

Retail Group, Inc. 20-33113 (KRH)
Forty-Second Omnibus Claims Objection
Schedule 1 - No Liability Claims

|   | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | DUKE ENERGY CAROLINAS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 34025 dated 11/17/2021. | 1/19/2021 | 20-33134 (KRH) | AnnTaylor, Inc. | 5621 | $ 2,074.00 |
| 2 | DUKE ENERGY CAROLINAS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 6024797 dated 11/17/2021. | 1/19/2021 | 20-33155 (KRH) | Catherines Stores Corporation | 5642 | $ 213.87 |
| 3 | DUKE ENERGY CAROLINAS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 6024797 dated 11/17/2021. | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5618 | $ 2,291.26 |
| 4 | DUKE ENERGY CAROLINAS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 50059181 dated 11/17/2021. | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5699 | $ 1,686.62 |
| 5 | DUKE ENERGY FLORIDA, LLC<br>HAYNSWORTH SINKLER BOYD, PA<br>C/O MARY M. CASKEY, ESQ.<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 7061292 dated 11/17/2021. | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5653 | $ 2,001.70 |
| 6 | DUKE ENERGY FLORIDA, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201<br><br>Reason: This claim was satisfied in full via check number 50059179 dated 11/17/2021. | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5646 | $ 1,190.07 |

Retail Group, Inc. 20-33113 (KRH)
Forty-Second Omnibus Claims Objection
Schedule 1 - No Liability Claims

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | DUKE ENERGY KENTUCKY<br>MARY CASKEY<br>1201 MAIN STREET<br>SUITE 2200<br>COLUMBIA, SC 29201 | 9/30/2020 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 3604 | $ 1,646.94 |
| | Reason: This claim was satisfied in full via check number 34020 dated 11/17/2021. | | | | | |
| 8 | DUKE ENERGY OHIO<br>MARY CASKEY<br>1201 MAIN STREET, SUITE 2200<br>COLUMBIA, SC 29201 | 9/30/2020 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 3777 | $ 10,115.62 |
| | Reason: This claim was satisfied in full via check number 34021 dated 11/17/2021. | | | | | |
| 9 | DUKE ENERGY PROGRESS, LLC<br>C/O MARY M CASKEY, ESQ<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201 | 1/19/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 5651 | $ 857.69 |
| | Reason: This claim was satisfied in full via check number 34027 dated 11/17/2021. | | | | | |
| 10 | DUKE ENERGY PROGRESS, LLC<br>HAYNSWORTH SINKLER BOYD, PA<br>C/O C. ELIZABETH WESTON, ESQ.<br>1201 MAIN STREET, SUITE 2200<br>COLUMBIA, SC 29201 | 4/1/2021 | 20-33132 (KRH) | AnnTaylor Retail, Inc. | 6351 | $ 399.36 |
| | Reason: This claim was satisfied in full via check number 34028 dated 11/17/2021. | | | | | |
| 11 | DUKE ENERGY PROGRESS, LLC<br>HAYNSWORTH SINKLE BOYD, PA<br>C/O MARY M CASKEY, ESQ<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201 | 1/19/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 5693 | $ 1,270.33 |
| | Reason: This claim was satisfied in full via check number 7061305 dated 11/17/2021. | | | | | |
| 12 | DUKE ENERGY PROGRESS, LLC<br>HAYNSWORTH SINKLER BOYD, PA<br>C/O C. ELIZABETH WESTON, ESQ.<br>1201 MAIN STREET, SUITE 2200<br>COLUMBIA, SC 29201 | 4/1/2021 | 20-33154 (KRH) | Lane Bryant, Inc. | 6352 | $ 437.32 |
| | Reason: This claim was satisfied in full via check number 7061306 dated 11/17/2021. | | | | | |

Retail Group, Inc. 20-33113 (KRH)
Forty-Second Omnibus Claims Objection
Schedule 1 - No Liability Claims

|   | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 13 | DUKE ENERGY PROGRESS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5688 | $ 2,400.01 |
| | Reason: This claim was satisfied in full via check number 6024796 dated 11/17/2021. | | | | | |
| 14 | DUKE ENERGY PROGRESS, LLC<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201 | 1/19/2021 | 20-33170 (KRH) | Tween Brands, Inc. | 5707 | $ 6,950.71 |
| | Reason: This claim was satisfied in full via check number 50059180 dated 11/17/2021. | | | | | |
| 15 | EXPRESS ELECTRIC, LLC<br>C/O DECKER VONAU, LLC<br>620 E. BROAD ST., STE 200<br>COLUMBUS, OH 43215 | 9/15/2020 | 20-33113 (KRH) | Ascena Retail Group, Inc. | 1732 | $ 17,350.00 |
| | Reason: No liability exists on the Debtor's books and records as the claim was settled and satisfied pursuant to an agreement between the Debtors and the Claimant. | | | | | |
| 16 | PIEDMONT NATURAL GAS COMPANY, INC.<br>C/O MARY M. CASKEY, ESQ.<br>HAYNSWORTH SINKLER BOYD, PA<br>1201 MAIN STREET, UNIT 2200<br>COLUMBIA, SC 29201 | 1/19/2021 | 20-33158 (KRH) | Catherines, Inc. | 5636 | $ 180.82 |
| | Reason: This claim was satisfied in full via check number 6024795 dated 11/17/2021. | | | | | |
| 17 | ROSENTHAL & ROSENTHAL, INC<br>ATTN: ANTHONY DITIRRO<br>1370 BROADWAY,3RD FLOOR<br>NEW YORK, NY 10018 | 9/26/2020 | 20-33134 (KRH)<br>20-33152 (KRH)<br>20-33169 (KRH) | AnnTaylor, Inc.<br>Lane Bryant Purchasing Corp.<br>Tween Brands Service Co. | 2202 | $ 35,700.00 |
| | Reason: Previously allowed invoice numbers 1000402598401, 1000402598402, 1000402598779 and 1000402598780, totaling $35,700, were satisfied by way of the claimant's draw down of the letter of credit. | | | | | |
| | | | | | TOTAL | $ 86,766.32 |