Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Counsel for the Ascena GUC Trust*

Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **RETAIL GROUP, INC., et al.,** | : | **Case No. 20-33113 (FJS)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

## NOTICE OF MOTION AND NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on March 16, 2026, the Ascena GUC Trustee (the "Trustee") filed the following (the "Motion") with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Court"): *Motion of the Ascena GUC Trustee for Entry of an Order Further Extending the Claims Objection Deadline.*

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained at no charge at https://cases.kroll.com/ascena/ or for a fee at https://ecf.vaeb.uscourts.gov.

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Motion carefully and discuss it with your attorney, if you have one in the chapter 11 cases. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that on July 24, 2020, the Court entered the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Doc. No. 79] (the "Case Management Order"),[2] which approved certain notice, case management and administrative procedures attached as Exhibit 1 to the Case Management Order (the "Case Management Procedures"). The Case Management Procedures, among other things, prescribe the manner in which Objections must be filed and served and set forth when certain hearings will be conducted. A copy of the Case Management Order may be obtained at no charge at https://cases.primeclerk.com/ascena or for a fee at https://ecf.vaeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then, by **March 31, 2026** (the "Response Deadline"), you or your attorney must:

[X] File with the Court, either electronically or at the address shown below, a written response to the Motion pursuant to Rule 9013-1(H) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia and the Case Management Procedures. If you mail your written response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Response Deadline.

**If a response is not properly and timely filed and served, the Court may deem any opposition waived, treat the Motion as conceded and enter appropriate orders granting the requested relief without further notice or hearing.**

Clerk of the Court
United States Bankruptcy Court
600 Granby Street, 4th Floor
Norfolk, Virginia 23510

In accordance with the Case Management Procedures, you must also serve a copy of your written response on the Trustee so that the response is received on or before the Response Deadline.

---

2 Capitalized Terms used but note defined herein shall have the meaning ascribed to such terms in the Case Management Order.

| | |
|---|---|
| X | Attend the hearing before the Honorable Frank J. Santoro, United States Bankruptcy Judge, United State Bankruptcy Court, 600 Granby Street, 4th Floor, Norfolk, Virginia 23510, at **11:00 a.m. (Eastern Time) on April 7, 2026** (the "**Hearing**"). |

Parties who wish to attend the hearing but do not intend on participating in the Hearing (listen-only), are not required to register in advance and may attend the hearing by using the following listen-only ZOOM line:

Dial: 646-828-7666
Meeting ID: 160 120 7325

*There is no participant ID. Press the # key when prompted to bypass the Participant ID.*

**PLEASE TAKE FURTHER NOTICE** that you should consult the Case Management Procedures before filing any written response to the Motion.

Dated: March 16, 2026
Richmond, Virginia

*/s/ Brittany B. Falabella*

Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Lead Counsel for the Ascena GUC Trust*

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Counsel for the Ascena GUC Trust*

Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **RETAIL GROUP, INC., et al.,** | : | **Case No. 20-33113 (FJS)** |
| **Debtor.**[1] | : | **(Jointly Administered)** |

**MOTION OF THE ASCENA GUC TRUSTEE FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE**

The Ascena GUC Trustee (the "Trustee"), respectfully represents as follows in support of this motion (the "Motion"):[2]

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. This proceeding is core pursuant to 28 U.S.C.

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan (as defined below).

§ 157(b) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On July 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On February 24, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Plan") [Docket No. 1794]. On February 25, 2021, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan (Technical Modifications) of Mahwah Bergen Retail Group, Inc. (f/k/a Ascena Retail Group, Inc.) and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 1811]. The Plan became effective by its terms on March 5, 2021 (the "Effective Date"). See *Notice of Occurrence of the Plan Effective Date* [Docket No. 1845].

4. On January 13, 2022, the Eastern District of Virginia District Court vacated the Confirmation Order and remanded the case back to the Bankruptcy Court [Docket Nos. 2548 and 2549].

5. On March 3, 2022, the Bankruptcy Court entered the *Revised Order (a) Modifying and Confirming the Amended Chapter 11 Plan Consistent with the District Court's Memorandum Opinion, (b) Ratifying Actions Taken in Reliance on the Order Dated February 25, 2021, and (c) Granting Related Relief* (the "Reconfirmation Order") [Docket No. 2611], approving and reconfirming the Plan effective as of the Effective Date.

6. Pursuant to the Plan, the Confirmation Order, the Reconfirmation Order, and the GUC Trust Agreement [Docket No. 1790, Ex. I], the Trustee was appointed as trustee on behalf of the GUC Trust upon occurrence of the Effective Date of the Plan. Pursuant to the Plan, the GUC Trust is vested with the sole authority to reconcile, resolve, and object to Class 5 General Unsecured Claims. *See* Plan at Art. VII.B.

7. Pursuant to the Plan, the "Claims Objection Bar Date," or the deadline for objecting to General Unsecured Claims, is the later of (i) 180 days after the Effective Date and (ii) such other date as may be specifically fixed by order of the Bankruptcy Court (the "Claims Objection Deadline").

8. The Court has granted eleven prior motions seeking to extend the Claims Objection Deadline, the most recent of which is through and including March 26, 2026 (the "Current Claims Objection Deadline")[3]. The Court granted the eleventh extension motion on November 24, 2025 [Docket No. 3115].

**Relief Requested**

9. By this Motion, pursuant to the Plan, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105 of the Bankruptcy Code, the Trustee respectfully requests entry of an order, substantially in the form of order attached hereto as **Exhibit A** (the "Proposed Order"), further extending the Current Claims Objection Deadline for an additional 120 days to the later of (i) July 24, 2026, and (ii) 30 days after the date that a proof of claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

**Basis for Relief**

10. Since the Effective Date, the Trustee and its professionals have been diligently working to reconcile General Unsecured Claims, which are voluminous. There are over 6,400 claims filed in these cases, the large majority of which assert all or a portion as General Unsecured Claims. The Trustee estimates that the asserted General Unsecured Claims pool as filed exceeded $1 billion. To date, the Trustee has filed fifteen omnibus objections to address duplicate/multi-debtor claims, amended/superseded claims, late-filed claims, claims with no or little substantiation, unliquidated and partially unliquidated claims, claims that are not general unsecured claims, and claims that should be reduced. Further, the Trustee has reviewed,

---

[3] *See* Docket Nos. 2374, 2588, 2793, 2874, 2913, 2980, 3017, 3062, 3068, and 3087.

reconciled, and matched hundreds of filed or scheduled claims that are on account of contracts or leases that have been assumed and therefore do not hold a valid claim against the GUC Trust; with respect to those claims, the Trustee has filed and served notices of satisfaction in an abundance of caution to counterparties. Finally, the Trustee has reconciled and stipulated to relief with multiple claimants as noted on the Court's docket or by agreement with claimants.

11. The GUC Trust has made significant progress in resolving claim disputes and has completed its solicitation of W9 forms. On October 29, 2025, the GUC Trust filed and served a notice of disallowance of claims for failure to provide required tax identification information on affected claimants, listing 1,149 claimants [Docket No. 3096] (the "Notice"). Moreover, the GUC Trust's *Fifteenth Omnibus Objection to Claims* [Docket No. 3123] remains open and subject to a March 27, 2026, response date. Subject to a motion to approve distributions and the termination of the GUC Trust, which is to be filed, the GUC Trust believes that it has filed all necessary claims objections and expects to make distributions during the second quarter of 2026; however, the GUC Trust may identify additional claims requiring reconciliation or objection. Accordingly, the Plan preserves the Court's ability to extend the Claims Objection Deadline as necessary while distributions remain pending.

12. Bankruptcy Rule 9006(b)(1) and section 105 of the Bankruptcy Code establish the statutory and procedural predicates for any such extension. Specifically, Bankruptcy Rule 9006(b)(1) permits a bankruptcy court, in its discretion and subject to certain exceptions not [3] relevant here, to enlarge any period of time within which an act is required for good cause shown. *See* Fed. R. Bankr. P. 9006(b)(1). Section 105 of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case. *See* 11 U.S.C. § 105.

13. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused." 10 COLLIER ON BANKRUPTCY ¶ 9006.06[2] (Alan

N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2016); *see Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) ("'Cause shown' is a liberal standard investing the bankruptcy judge with considerable flexibility.").

14. Cause exists to grant a further extension of the Current Claims Objection Deadline for an additional 120 days. The GUC Trust has made good progress on claims reconciliation and, as noted above, believes this process is substantially complete. This is the Trustee's twelfth request for an extension of the Claims Objection Deadline. Although the Trustee believes that claims reconciliation is complete, as noted above, there remains outstanding one pending claim objection and the possibility of identifying further claims for objection. In an abundance of caution, the Trustee requires an extension of time to object to claims in the event that, prior to distribution, additional claims that require objections are discovered.

15. The Trustee submits that the extension requested herein is (a) reasonable and necessary under the circumstances of these complex chapter 11 cases, (b) well within the range of extensions granted in comparable chapter 11 cases within this District, and (c) will not prejudice creditors. On the contrary, failing to grant the requested extension could result in certain creditors being overpaid for Claims that otherwise should be reduced or disallowed, thereby diluting creditor recoveries on Allowed Claims. In addition, the Trustee believes that it is more cost-effective to continue the current Claims Objection Deadline co-terminus with the final distribution in these cases. Accordingly, the Trustee submits that the relief requested herein inures to the benefit of creditors and parties in interest and should be granted. The Trustee further requests that the Proposed Order be entered without prejudice to their right to seek any further extensions of the Claims Objection Deadline.

16. Courts in this district and other districts around the country routinely grant similar requests to extend the claims objection deadline. *See, e.g., In re Toys "R" Us, Inc.*, Case No. 17- 34665 (Bankr. E.D. Va. Jul. 1, 2019); *In re The Gymboree Corporation*, Case No. 17-32986 (Bankr. E.D. Va. Mar. 29, 2018); *In re Penn Virginia Corporation,* Case No. 16-32395 (Bankr. E.D. Va. Mar. 2, 2017); *In re Patriot Coal Corporation,* Case No. 15-32450 (Bankr. E.D. Va.

Apr. 22, 2016); *In re Global Home Prods. LLC*, Case No. 06-10340 (Bankr. D. Del. May 23, 2008); *In re 360networks (USA), Inc.,* Case No. 01-13721 (Bankr. S.D.N.Y. Apr. 9, 2003).

**Notice**

17. Notice of this Motion will be provided in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 79] ("Case Management Procedures"). The Trustee believes that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter the Proposed Order; and (ii) grant such other and further relief to the Trustee as the Court may deem proper.

Dated: March 16, 2026
Richmond, Virginia

*/s/ Brittany B. Falabella*

Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 100179
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Lead Counsel for the Ascena GUC Trust*

**Exhibit A**

**Proposed Order**

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Counsel for the Ascena GUC Trust*

Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **RETAIL GROUP, INC., et al.,** | : | **Case No. 20-33113 (FJS)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

## ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE

Upon the motion (the "Motion")[2] of the Ascena GUC Trustee (the "Trustee") for an order further extending the Current Claims Objection Deadline for an additional 120 days to the later of (i) July 24, 2026, and (ii) 30 days after the date that a proof of claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Mahwah Bergen Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

and due and proper notice of the Motion having been provided in accordance with the Case Management Procedures; and no other or further notice needing to be provided; and the Court having reviewed the Motion; and good cause having been shown for the requested extension of the Claims Objection Deadline; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED.

2. The Current Claims Objection Deadline is extended for an additional 120 days to the later of (i) July 24, 2026, and (ii) 30 days after the date that a proof of claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim.

3. Nothing in the Motion or this Order shall be deemed or construed as a waiver of the right of the Trustee, nor shall impair the ability of the Trustee, to make additional requests to extend the Current Claims Objection Deadline.

4. The terms of this Order shall be immediately effective and enforceable upon its entry and any applicable stay is waived.

5. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order.

6. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

Dated: ___________________, 2026
Norfolk, Virginia

____________________________________________
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ *Brittany B. Falabella*
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: bfalabella@hirschlerlaw.com

*Local Counsel for the Ascena GUC Trust*

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
Michael R. Seidl, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
scho@pszjlaw.com
mseidl@pszjlaw.com

*Lead Counsel for the Ascena GUC Trust*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Brittany B. Falabella
Brittany B. Falabella (VSB No. 80131)